IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

IN RE:  )
FRED DALE VAN WINKLE,  )
  )  No. 13-11743-j7
 Debtor.  )
  )

**REPLY TO BRIAN VAN WINKLE'S RESPONSE
OPPOSING MOTION TO LIFT STAY**

**Martin, Dugan & Martin**
W. T. Martin, Jr.
509 W. Pierce St.
P.O. Box 2168
Carlsbad, NM 88221-2168
(575) 887-3528
Fax (575) 887-2136
e-mail: martinlaw@zianet.com

COME NOW Belleview Valley Land Co., Inc., John H. Williams and Ellen B. Williams (*hereinafter jointly referred to as "Williams"*) by and through their attorney, W. T. Martin, Jr., of Martin, Dugan & Martin, and for their **Reply to Brian Van Winkle's Response Opposing Motion to Lift Stay** filed by **Brian Van Winkle** (*hereinafter referred to as "Brian"*) state:

1. On August 13, 2010, the Otero County District Court, in Otero County Cause Number CV-2008-76-Div. II, entered a Final Judgment in Williams's favor and against the Debtor, Fred Dale Van Winkle (*hereinafter referred to as "Fred"*). The Final Judgment resulted from Van Winkle's violation of the New Mexico County Subdivision Act and the Otero County Subdivision Ordinance.

2. On August 17, 2010, Williams recorded a **Transcript of Judgment** reflecting the judgment with the County Clerk of Otero County, New Mexico. (*A copy of the* **Transcript of Judgment** *is attached as* **Exhibit "A"** *and is incorporated herein as if fully set forth.*)

    a. The filing of the **Transcript of Judgment** created a judicial lien against any real property in which Fred owned an interest in Otero County, New Mexico.

3. Valid perfected judicial liens, which precede bankruptcy, survive and are enforceable after bankruptcy. (*See,* **11 U.S.C. §§ 506(d)** and **522(c)(2)**. The bankruptcy discharge does not prevent post-petition enforcement of valid liens. The secured creditor may proceed to enforce the lien, as an *in rem* action, and is not barred by the injunctive terms of **11 U.S.C. § 524**. **Chandler Bank of Lyons v. Ray, 804 F.2d 577 (10th Cir.1986)**. Williams's judicial lien is fully secured to the value of the Otero County property. **In re Timbers of**

**Inwood Forest Associates, Inc.**, 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988); **In re Gibbs**, 44 B.R. 475, 477 (D.Minn.1984).]

4. On December 16, 2010, Williams filed suit in Otero County in Cause Number CV-2010-1054 (Counts-District Judge) to foreclosure the judgment lien that had attached against all Fred's real property in Otero County.

    a. The foreclosure action was stayed due to the Debtor, Fred Van Winkle, filed a Chapter 13. [Case No. 11-13861-JR-Chapter 13] The Chapter 13 plan was approved. This Court's Order approved a plan that provided for full payment of the judgment lien.

        i. Ultimately, the Debtor, Van Winkle, was unable to perform under the Chapter 13 Plan and this Court dismissed the Chapter 13.

        ii. The automatic stay imposed by the Chapter 13 was lifted. Williams then proceeded with the foreclosure in Otero County, which led to the Debtor, Fred Van Winkle, filing this Chapter 7.

5. In Paragraph 1 of his ***Response to Motion to Lift Stay***, Brian Van Winkle states his father, the Debtor, gave him the real estate at 382B Riata Rd. over ten (10) years ago. The obvious inference is Brian Van Winkle owns the property. No deed exists conveying the property from the Debtor, Fred Van Winkle, to his son, Brian Van Winkle. This entire issue was litigated in the Debtor's prior Chapter 13 proceeding. The property remained an asset subject to being utilized for satisfaction of debts owed creditors, including the Williams' judgment lien.

    a. Real estate in New Mexico is governed by the statute of frauds. **Rhodes v. Wilkins**, 83 N.M. 782, 498 P.2d 311 (N.M. 1972). In order to be enforceable, a

transfer of real estate must be in writing and recorded in the proper county. **N.M.S.A. § 14-9-1**. There are exceptions where an oral sale of real estate may be enforceable against the grantor. However, vis-à-vis third parties and judgment lien creditors, the statutes are very clear: Only if the prior interest is in writing, may the prior interest take priority over a judgment lien creditor. N.M.S.A. § 14-9-3. Section 14-9-3 provides:

> **No deed, mortgage or other instrument in writing not recorded in accordance with Section 14-9-1 NMSA 1978 shall affect the title or rights to, in any real estate, of any purchaser, mortgagee in good faith or judgment lien creditor, without knowledge of the existence of such unrecorded instruments. Possession alone based on an unrecorded executory real estate contract shall not be construed against any subsequent purchaser, mortgagee in good faith or judgment lien creditor either to impute knowledge of or to impose the duty to inquire about the possession or the provisions of the instruments.**

This is a "notice" recording statute. **Angle v. Slayton, 102 N.M. 521, 697 P.2d 940, 942 (N.M. 1985)**. To prevail over a judgment lien creditor under this type of statute, "an owner of an interest in real property must record before the acquisition of a conflicting interest in the same property." Id. A judgment lien creditor can take subject to prior "instruments" of which he has notice. **N.M.S.A. § 14-9-3**. There is no way for a judgment lien creditor to take subject to a prior "oral" gift that does not have a written "instrument" supporting the transfer. **Cf. Ortiz v. Jacquez, 77 N.M. 155, 420 P.2d 305 (N.M. 1966)** (*holding that, even if oral agreement for purchase of land was enforceable against the*

*vendor, the agreement would not affect the interest of a bona fide purchaser for value without notice of prior oral agreement).*

6. Brian Van Winkle has not indicated he is, or was, a licensed New Mexico contractor. He cannot file a claim of lien and any applicable period of time for filing a claim of lien has passed. Therefore, at the most, he appears to be claiming some sort of quantum meruit theory of recovery.

    a. Assuming Brian Van Winkle did repairs and improvements to the property, those actions were for the benefit of the Debtor, Fred Van Winkle. The work, if it occurred, was not done for Williams' benefit.

    b. Williams, as judgment creditor cannot be charged with having to pay Brian Van Winkle on any theory, including quantum meruit.

7. The motion seeking to have the automatic stay lifted acknowledges that any surplus proceeds from the special master sale will be paid to the Trustee. It is up to the Trustee to determine which creditors are paid. In this way, Brian Van Winkle's claim, if valid, is protected since he is an unsecured creditor.

8. The motion to have the automatic stay lifted should be granted

**Martin, Dugan & Martin**

By_____
W. T. Martin, Jr.
509 W. Pierce St.
P.O. Box 2168
Carlsbad, NM 88221-2168
(575) 887-3528
Fax (575) 887-2136
e-mail: martinlaw@zianet.com
Attorney for Williams

Martin, Dugan & Martin certifies that the foregoing Reply was electronically filed with the Court via the CM/ECF system. All attorneys and parties identified with the Court for electronic service on the record in this case were served by electronic service in accordance with the CM/ECF system on the 8th day of October 2013.

_____
      W. T. Martin, Jr.

REC DATE 8/17/10 REC TIME 1:38:34 PM INSTR# 201007605 CLK HAM
OTERO COUNTY, ROBYN HOLMES COUNTY CLERK PAGE 1 OF 2

# TWELFTH JUDICIAL DISTRICT COURT
# COUNTY OF OTERO
# STATE OF NEW MEXICO

FILED
DISTRICT COURT OF
OTERO COUNTY, N.M.

2010 AUG 17 PM 1:25

JAN PERRY
CLERK ____ BY ____

## TRANSCRIPT OF JUDGMENT

CASE NUMBER: CV-2008-76 DIV. II

NATURE OF ACTION: Counterclaim for Violation of Subdivision Act

JUDGMENT CREDITORS: Belleview Valley Land Co., John Williams and Ellen Bl. Williams

JUDGMENT DEBTOR: FRED VAN WINKLE

### AMOUNT OF JUDGMENT

| DAMAGES | COSTS | TOTAL | RATE OF INTEREST |
|---|---|---|---|
| $234,944.31 plus Attorney Fees to be determined by the Court. | $640.99 | $235,585.30 + costs plus Attorney Fees to be determined by the Court. | 8.75% per annum calculated from July 23, 2010. |

| DATE OF JUDGMENT: | HOW SATISFIED & REMARKS |
|---|---|
| August 13, 2010 | |
| ATTORNEY FOR JUDGMENT CREDITOR: W. T. Martin, Jr. Martin, Dugan & Martin 509 W. Pierce St. P.O. Box 2168 Carlsbad, NM 88221-2168 (575) 887-3528 Fax (575) 887-2136 | |

EXHIBIT A

I, **Jan Perry,** Clerk of the District Court of the Twelfth Judicial District of the State of New Mexico, within and for the County of Otero, do hereby certify the foregoing to be a true transcript of the judgment of said Court, now of record in my office.

**IN WITNESS WHEREOF**, I have hereunto set my hand and Seal of said Court this 17 day of August, 2010.

JAN PERRY
CLERK OF THE DISTRICT COURT

By: _____
Deputy

(SEAL)



REC DATE 8/17/10 REC TIME 1:38:34 PM INSTR#:201007605
OTERO COUNTY, ROBYN HOLMES COUNTY CLERK PAGE 2 OF 2