# UNITED STATES BANKRUPTY COURT
## DISTRICT OF NEW MEXICO

In re: FRED DALE VAN WINKLE,  )
                                                    )    No. 13–11743–j7
                    Debtor.    )

## STIPULATED FACTS REGARDING VAN WINKLE RESIDENCE IN RUIDOSO, NEW MEXICO

SUBMITTED BY:
**Martin, Dugan & Martin**
W. T. Martin, Jr.
509 W. Pierce St.
P.O. Box 2168
Carlsbad, NM 88221-2168
(575) 887-3528
Fax (575) 887-2136
e-mail: martinlaw@zianet.com

COME NOW **Belleview Valley Land Co., Inc., John H. Williams** and **Ellen B. Williams** (*hereinafter jointly referred in the singular to as "Williams"*) and **Tammy Sprague,** the Personal Representative of the Estate of Fred Van Winkle, deceased, by an through their respective attorneys of record and agree and stipulate to the following facts:

1. The deceased debtor, Fred Van Winkle was a single man.
2. As a single man, on January 2, 2009, he purchased a home in Ruidoso, Lincoln County, New Mexico from Brad Enterprises, Inc. (*A copy of the Deed is attached to hereto as **Exhibit "A"**).
    a. On May 24, 2010, he mortgaged the home to the First National Bank of Ruidoso. (*A copy of the Note is attached to hereto as **Exhibit "B"**)
3. Fred Van Winkle lived in the home as a single man.
4. On May 21, 2013, Fred Van Winkle filed this Chapter 7 Bankruptcy Case.
    a. In his Schedule C, he claimed a New Mexico Statutory homestead exemption on the home.
5. At the time of the filing of the Chapter 7, Fred Van Winkle was a single man. He had no family living in the home with him.
6. Fred Van Winkle became deceased on or about April 29, 2014.
7. At the time of his death, he was a single man and had no family living with him.
8. This Court had previously allowed the lifting of the automatic stay for the purpose of Williams completing the foreclosure of a judgment lien against Fred Van Winkle real property in Otero County, New Mexico.

a. The Special Master's Sale of the foreclosed Otero County property took place on July 8, 2014 at 10:00 o'clock a.m. at the west door of the Otero County Courthouse, in Alamogordo, Otero County, New Mexico.

   b. Subsequent to the sale, the Otero County District Court approved the Special Master's Report on the sale of the Otero County property and granted a deficiency judgment. The Williams judgment lien in Lincoln County remained in place or available to be utilized toward satisfying the deficiency judgment.

9. At approximately the time of the Special Master's Sale, and after Fred Van Winkle's death, Fred Van Winkle's adult son, Brian Van Winkle moved from Otero County, New Mexico to the home in Ruidoso and began residing in the home. Until that time, Brian Van Winkle had not lived in the home.

**APPROVED & STIPULATED TO:**

**Martin, Dugan & Martin**

By_____
  W. T. Martin, Jr.
  509 W. Pierce St.
  P.O. Box 2168
  Carlsbad, NM 88221-2168
  (575) 887-3528
  Fax (575) 887-2136
  e-mail: martinlaw@zianet.com
  Attorney for Belleview & Williams

*Approved via email 9.22.14*
R. Trey Arvizu, III
P.O. Box1479
Las Cruces, NM 88004-1479
(575) 527-8600
Fax (575) 527-1199
Toll Free (866) 740-8600
e-mail: trey@arvizulaw.com
Attorney for Debtor, Fred Dale Van Winkle

GSV File #20080670-MS

## WARRANTY DEED

Brad Enterprises, Inc., a Texas Corporation, for consideration paid, grant(s) to Fred Van Winkle, a widower, whose address is: P.O. Box 1691, Ruidoso, New Mexico 88355, the following described real estate in Lincoln County, New Mexico:

==Apartment 11, Building D, PALISADES CONDOMINIUM PROJECT, PHASE II, Ruidoso, Lincoln County, New Mexico, as shown by the plot plan thereof filed in the office of the County Clerk and Ex-officio Recorder of Lincoln County, New Mexico, August 16, 1973, in Tube No. 490, and as further set forth, established and identified== by those certain Declarations, recorded in Miscellaneous Book 40, pages 967 to 993, both inclusive;

TOGETHER WITH said apartment's undivided interest in the common area and facilities attributable thereto;

SUBJECT TO easements, reservations and restrictions of record;

THE GRANTOR HEREIN is conveying the above described real estate "as is" without any representations as to condition or warranties to any particular purpose or use;

with warranty covenants.

Witness its hand(s) and seal(s) this 2ND day of January, 2009.

Brad Enterprises, Inc.

by: _____
G. William Fowler, President

STATE OF NEW MEXICO   )
                      ) ss.
COUNTY OF LINCOLN     )

This instrument was acknowledged before me this 2ND day of January, 2009, by G. William Fowler, President of Brad Enterprises, Inc., a Texas Corporation, on behalf of said corporation.

My Commission Expires:

(seal)   OFFICIAL SEAL
         Mike Seelbach
         NOTARY PUBLIC
         STATE OF NEW MEXICO
         My Commission Expires: 6/12/2011

_____
Notary Public

LINCOLN COUNTY-NM
TAMMIE J MADDOX, CLERK
200900018
Book 2009 Page 18
1 of 1
01/02/2009 01:31:30 PM
BY DIANE

Short Form Warranty Deed - New Mexico Statutory Form

EXHIBIT A

# PROMISSORY NOTE

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|
| $31,049.00 | 05-24-2010 | 05-28-2015 | 122295395 | CA / 4V | | TD | |

References in the boxes above are for Lender's use only and do not limit the applicability of this document to any particular loan or item.
Any item above containing "****" has been omitted due to text length limitations.

**Borrower:** Fred D. Van Winkle
PO Box 1691
Ruidoso, NM 88355

**Lender:** First National Bank of Ruidoso
451 Sudderth Drive
Ruidoso, NM 88345

**Principal Amount: $31,049.00**  **Interest Rate: 4.700%**  **Date of Note: May 24, 2010**

PROMISE TO PAY. I ("Borrower") promise to pay to First National Bank of Ruidoso ("Lender"), or order, in lawful money of the United States of America, the principal amount of Thirty-one Thousand Forty-nine & 00/100 Dollars ($31,049.00), together with interest on the unpaid principal balance from May 28, 2010, calculated as described in the "INTEREST CALCULATION METHOD" paragraph using an interest rate of 4.700% per annum, until paid in full. The interest rate may change under the terms and conditions of the "INTEREST AFTER DEFAULT" section.

PAYMENT. I will pay this loan in 60 payments of $581.79 each payment. My first payment is due June 28, 2010, and all subsequent payments are due on the same day of each month after that. My final payment will be due on May 28, 2015, and will be for all principal and all accrued interest not yet paid. Payments include principal and interest. Unless otherwise agreed or required by applicable law, payments will be applied first to any accrued unpaid interest; then to principal; then to any unpaid collection costs; and then to any late charges. I will pay Lender at Lender's address shown above or at such other place as Lender may designate in writing.

INTEREST CALCULATION METHOD. Interest on this Note is computed on a 365/365 simple interest basis; that is, by applying the ratio of the interest rate over the number of days in a year, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding. All interest payable under this Note is computed using this method.

PREPAYMENT; MINIMUM INTEREST CHARGE. I agree that all loan fees and other prepaid finance charges are earned fully as of the date of the loan and will not be refunded to me upon early payment (whether voluntary or as a result of default), except as otherwise required by law. In any event, even upon full prepayment of this Note, I understand that Lender is entitled to a **minimum interest charge of $25.00**. Other than my obligation to pay any minimum interest charge, I may pay without penalty all or a portion of the amount owed earlier than it is due. Early payments will not, unless agreed to by Lender in writing, relieve me of my obligation to continue to make payments under the payment schedule. Rather, early payments will reduce the principal balance due and may result in my making fewer payments. I agree not to send Lender payments marked "paid in full", "without recourse", or similar language. If I send such a payment, Lender may accept it without losing any of Lender's rights under this Note, and I will remain obligated to pay any further amount owed to Lender. All written communications concerning disputed amounts, including any check or other payment instrument that indicates that the payment constitutes "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be mailed or delivered to: First National Bank of Ruidoso, 451 Sudderth Drive, Ruidoso, NM 88345.

LATE CHARGE. If a payment is 15 days or more late, I will be charged **5.000% of the regularly scheduled payment.**

INTEREST AFTER DEFAULT. Upon default, including failure to pay upon final maturity, the interest rate on this Note shall be increased to 20.000% per annum. However, in no event will the interest rate exceed the maximum interest rate limitations under applicable law.

DEFAULT. I will be in default under this Note if any of the following happen:

  **Payment Default.** I fail to make any payment when due under this Note.

  **Break Other Promises.** I break any promise made to Lender or fail to perform promptly at the time and strictly in the manner provided in this Note or in any agreement related to this Note, or in any other agreement or loan I have with Lender.

  **Default in Favor of Third Parties.** I or any Grantor defaults under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially affect any of my property or my ability to repay this Note or perform my obligations under this Note or any of the related documents.

  **False Statements.** Any representation or statement made or furnished to Lender by me or on my behalf under this Note or the related documents is false or misleading in any material respect, either now or at the time made or furnished.

  **Death or Insolvency.** Any Borrower dies or becomes insolvent; a receiver is appointed for any part of my property; I make an assignment for the benefit of creditors; or any proceeding is commenced either by me or against me under any bankruptcy or insolvency laws.

  **Taking of the Property.** Any creditor or governmental agency tries to take any of the property or any other of my property in which Lender has a lien. This includes taking of, garnishing of or levying on my accounts with Lender. However, if I dispute in good faith whether the claim on which the taking of the property is based is valid or reasonable, and if I give Lender written notice of the claim and furnish Lender with monies or a surety bond satisfactory to Lender to satisfy the claim, then this default provision will not apply.

  **Defective Collateralization.** This Note or any of the related documents ceases to be in full force and effect (including failure of any collateral document to create a valid and perfected security interest or lien) at any time and for any reason.

  **Collateral Damage or Loss.** Any collateral securing this Note is lost, stolen, substantially damaged or destroyed and the loss, theft, substantial damage or destruction is not covered by insurance.

  **Events Affecting Guarantor.** Any of the preceding events occurs with respect to any guarantor, endorser, surety, or accommodation party of any of the indebtedness or any guarantor, endorser, surety, or accommodation party dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any guaranty of the indebtedness evidenced by this Note.

  **Insecurity.** Lender in good faith believes itself insecure.

LENDER'S RIGHTS. Upon default, Lender may declare the entire unpaid principal balance under this Note and all accrued unpaid interest immediately due, and then I will pay that amount.

ATTORNEYS' FEES; EXPENSES. Lender may hire or pay someone else to help collect this Note if I do not pay. I will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees, expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals. If not prohibited by applicable law, I also will pay any court costs, in addition to all other sums provided by law.

GOVERNING LAW. This Note will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of New Mexico without regard to its conflicts of law provisions. This Note has been accepted by Lender in the State of New Mexico.

CHOICE OF VENUE. If there is a lawsuit, I agree upon Lender's request to submit to the jurisdiction of the courts of Lincoln County, State of New Mexico.

RIGHT OF SETOFF. To the extent permitted by applicable law, Lender reserves a right of setoff in all my accounts with Lender (whether checking, savings, or some other account). This includes all accounts I hold jointly with someone else and all accounts I may open in the future. However, this does not include any IRA or Keogh accounts, or any trust accounts for which setoff would be prohibited by law. I authorize Lender, to the extent permitted by applicable law, to charge or setoff all sums owing on the indebtedness against any and all such accounts.

COLLATERAL. I acknowledge this Note is secured by Real Property located at 704 White Mountain Palisades #11, Ruidoso, NM 88345, legally known as Apartment 11, Building D, PALISADES CONDOMINIUM PROJECT, PHASE II, Ruidoso, Lincoln County, New Mexico, as shown by the plot plan thereof filed in the office of the County Clerk and Ex-officio Recorder of Lincoln County, New Mexico, August 16, 1973, in Tube No. 490, and as further set forth, established and identified by those certain Declarations, recorded in Miscellaneous Book 40, pages 967 to 993, both inclusive; TOGETHER WITH said apartment's undivided interest in the common area and facilities attributable thereto; SUBJECT TO easements, reservations, and restrictions of record; THE GRANTOR HEREIN is conveying the above described real estate "as is" without any representation as to condition or warranties to any particular purpose or use as further described in Real Estate Mortgage dated May 24, 2010.

ARBITRATION. I and Lender agree that all disputes, claims and controversies between us whether individual, joint, or class in nature, arising from this Note or otherwise, including without limitation contract and tort disputes, shall be arbitrated pursuant to the Rules of the American Arbitration Association in effect at the time the claim is filed, upon request of either party. No act to take or dispose of any property securing this Note shall constitute a waiver of this arbitration agreement or be prohibited by this arbitration agreement. This includes, without limitation, obtaining injunctive relief or a temporary restraining order; invoking a power of sale under any deed of trust or mortgage; obtaining a writ of attachment or imposition of a receiver; or exercising any rights relating to personal property, including taking or disposing of such property with or without judicial process pursuant to Article 9 of the Uniform Commercial Code. Any disputes, claims, or controversies concerning the lawfulness or reasonableness of any act, or exercise of any right, concerning any property securing this Note, including any claim to rescind, reform, or otherwise modify any agreement relating to the property securing this Note, shall also be arbitrated, provided however that no arbitrator shall have the right or the power to enjoin or restrain any act of any party. Judgment upon any award rendered by

Exhibit "B"

any arbitrator may be entered in any court having jurisdiction. Nothing in this Note shall preclude any party from seeking equitable relief from a court of competent jurisdiction. The statute of limitations, estoppel, waiver, laches, and similar doctrines which would otherwise be applicable in an action brought by a party shall be applicable in any arbitration proceeding, and the commencement of an arbitration proceeding shall be deemed the commencement of an action for these purposes. The Federal Arbitration Act shall apply to the construction, interpretation, and enforcement of this arbitration provision.

**SUCCESSOR INTERESTS.** The terms of this Note shall be binding upon me, and upon my heirs, personal representatives, successors and assigns, and shall inure to the benefit of Lender and its successors and assigns.

**NOTIFY US OF INACCURATE INFORMATION WE REPORT TO CONSUMER REPORTING AGENCIES.** Please notify us if we report any inaccurate information about your account(s) to a consumer reporting agency. Your written notice describing the specific inaccuracy(ies) should be sent to us at the following address: First National Bank of Ruidoso 451 Sudderth Drive Ruidoso, NM 88345.

**GENERAL PROVISIONS.** If any part of this Note cannot be enforced, this fact will not affect the rest of the Note. Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them. I and any other person who signs, guarantees or endorses this Note, to the extent allowed by law, waive presentment, demand for payment, and notice of dishonor. Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability. All such parties agree that Lender may renew or extend (repeatedly and for any length of time) this loan or release any party or guarantor or collateral; or impair, fail to realize upon or perfect Lender's security interest in the collateral. All such parties also agree that Lender may modify this loan without the consent of or notice to anyone other than the party with whom the modification is made. The obligations under this Note are joint and several. This means that the words "I", "me", and "my" mean each and all of the persons signing below.

PRIOR TO SIGNING THIS NOTE, I READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE. I AGREE TO THE TERMS OF THE NOTE.

I ACKNOWLEDGE RECEIPT OF A COMPLETED COPY OF THIS PROMISSORY NOTE.

**BORROWER:**

X _____  
Fred D. Van Winkle

---

LASER PRO Lending, Ver. 5.48.10.001 Copr. Harland Financial Solutions, Inc. 1997, 2010. All Rights Reserved. - NM Y:\CFI\LPL\D20.FC TR-3314

First National Bank, hereby grants, assigns and transfers to John Williams, all it's rights, title and interest, Without Recourse, Warranties or Guarantees; in this Promissory Note, dated May 24, 2010, from Fred D. Van Winkle

DATE: August 6, 2013

FIRST NATIONAL BANK

_____  
Steve Muell, Executive Vice President