# UNITED STATES BANKRUPTY COURT
## DISTRICT OF NEW MEXICO

**In re: FRED DALE VAN WINKLE,**   )
                                    )    No. 13–11743–j7
               Debtor.              )

**JUDGMENT LIEN CREDITORS' BRIEF REGARDING VAN WINKLE RESIDENCE HOMESTEAD EXEMPTION ISSUE**

**Martin, Dugan & Martin**
W. T. Martin, Jr.
509 W. Pierce St.
P.O. Box 2168
Carlsbad, NM 88221-2168
(575) 887-3528
Fax (575) 887-2136
e-mail: martinlaw@zianet.com

**COME NOW Belleview Valley Land Co., Inc., John H. Williams** and **Ellen B. Williams** (*hereinafter jointly referred in the singular to as "Williams"*) and submits their brief on the issue of whether the death of Fred Van Winkle, the Chapter 7 debtor terminates the right to claim a homestead exemption on the debtor's former residence in Ruidoso, New Mexico. The parties previously stipulated to the following set of facts:

*Stipulated Facts*:

1. The deceased debtor, Fred Van Winkle was a single man.
2. As a single man, on January 2, 2009, he purchased a home in Ruidoso, Lincoln County, New Mexico from Brad Enterprises, Inc. (*A copy of the Deed was attached to the Stipulated Facts as* **Exhibit "A"**).
    a. On May 24, 2010, he mortgaged the home to the First National Bank of Ruidoso. (*A copy of the Mortgage was attached was attached to the Stipulated Facts as* **Exhibit "B"**)
3. Fred Van Winkle lived in the home as a single man.
4. On May 21, 2013, Fred Van Winkle filed this Chapter 7 Bankruptcy Case.
    a. In his Schedule, he claimed the New Mexico Statutory homestead exemption on the home.
5. At the time of the filing of the Chapter 7, Fred Van Winkle was a single man. He had no family living in the home with him.
6. Fred Van Winkle died on or about April 29, 2014.
7. At the time of his death, he was a single man and had no family living with him.

8. This Court had previously allowed the lifting of the automatic stay for the purpose of Williams completing the foreclosure of a judgment lien against Fred Van Winkle real property in Otero County, New Mexico.

    a. The Special Master's Sale of the foreclosed property took place on July 8, 2014 at 10:00 o'clock a.m. at the west door of the Otero County Courthouse, in Alamogordo, Otero County, New Mexico.

    b. Subsequent to the sale, the Otero County District Court approved the Special Master's Report and granted a deficiency judgment. The Williams judgment lien in Lincoln County remained in place or available to be utilized toward satisfying the deficiency judgment.

9. At approximately the time of the Special Master's Sale, and after Fred Van Winkle's death, Fred Van Winkle's adult son, Brian Van Winkle moved from Otero County, New Mexico to the home in Ruidoso and began residing in the home. Until that time, Brian Van Winkle had not lived in the home.

*Question: Effect of Debtor's Death on Homestead Exemption:*

The question before this Court is whether the Debtor's death affects the ability of his estate to continue to claim the homestead exemption to which he would have otherwise been entitled had he lived.

**The answer is: The death has no effect.**

*Authorities*:

**Fed. R. Bankr. P. 1016** provides that "Death or incompetency of the debtor shall not abate a liquidation case under chapter 7 of the Code. In such event the estate shall be administered and the case concluded in the same manner, so far as possible, as though the death

or incompetency had not occurred." The death of debtor after the filing of petition in bankruptcy does not abate the bankruptcy proceeding. **Benitez v. Anciani**, C.C.A.1 (Puerto Rico) 1942, 127 F.2d 121, petition denied 63 S.Ct. 155, 317 U.S. 597, 87 L.Ed. 488, reconsideration denied 63 S.Ct. 433, 317 U.S. 712, 87 L.Ed. 567, certiorari denied 63 S.Ct. 439, 317 U.S. 699, 87 L.Ed. 559; In re Kirschner, Bkrtcy.E.D.N.Y.1985, 46 B.R. 583.

The **Bankruptcy Procedure Manual § 1016:1 (2013 ed.)** summarizes applicable law on the effect of a debtor's death on the ability to continue a claim of exemption.

> **Since a debtor's death or incompetency does not affect the administration of the Chapter 7 case, the debtor's death or incompetency does not affect the determination of whether certain property is exempt. In re Combs, 166 B.R. 417 (Bankr. N.D. Cal. 1994); In re Chadwick, 113 B.R. 540, 541 (Bankr. W.D. Mo. 1990). "It is hornbook bankruptcy law that a debtor's exemptions are determined as of the time of the filing of his petition." In re Friedman, 38 B.R. 275, 276, Bankr. L. Rep. (CCH) P 69812 (Bankr. E.D. Pa. 1984). "By holding that exemptions are fixed on the date of filing, we focus only on the law and facts as they exist on the date of filing the petition." In re Peterson, 897 F.2d 935, 937, 22 Collier Bankr. Cas. 2d (MB) 1147, Bankr. L. Rep. (CCH) P 73253 (8th Cir. 1990).**

The Debtor, Fred Van Winkle, claimed his exemption under New Mexico law. New Mexico's homestead exemption statute, § **42-10-9 N.M.S.A. 1978 Comp.**, provides:

> Each person shall have exempt a homestead in a dwelling house and land occupied by the person or in a dwelling house occupied by the person although the dwelling is on land owned by another, provided that the dwelling is owned, leased or being purchased by the person claiming the exemption. Such a person has a homestead of sixty thousand dollars ($60,000) exempt from attachment, execution or foreclosure by a judgment creditor and from any proceeding of receivers or trustees in insolvency proceedings and from executors or administrators in probate. If the homestead is owned jointly by two persons, each joint owner is entitled to an exemption of sixty thousand dollars ($60,000).

Based on the foregoing case law, Williams concedes the right to an exemption is claimed at the time of the filing of the petition. At the time the Debtor, Fred Van Winkle, filed his Chapter 7 Petition, he met the requirements of § **42-10-9 N.M.S.A. 1978 Comp.**

*The Lien Avoidance should only apply to $60,000.00 of the Value of the Home*:

The home has a first Mortgage in favor of First National Bank of Ruidoso against it.[1] The homestead exemption cannot apply against the first Mortgage. **§42-10-11 N.M.S.A. 1978 Com.** A judicial lien may only be avoided to the extent the lien "… impairs an exemption to which the debtor would have been entitled…" **11 U.S.C. §522(f)(1)(A)**

During the Debtor's prior Chapter 13 bankruptcy (No 13-13861-JR), the Debtor, while operating under a confirmed Plan entered into a contract to sell the home that is subject to the homestead exemption. The price was in the vicinity of approximately $110,000.00 to $120,000.00. The sale never closed. Williams is credibly informed and believes that after a foreclosure of the first mortgage and the recognizing the homestead exemption, there should be sufficient equity in the home to provide partial payment on the judgment lien held by Williams. Obviously, a foreclosure judgment on the real property should order the following sequence of payment from the Special Master's Sale: (i) Payment of first Mortgage; (ii) if sufficient amount bid at Special Master's Sale, then the homestead exemption; and (iii) if additional proceeds are generated at the Special Master's Sale, the judgment lien creditor be paid. Therefore, any Order entered by this Court setting aside the judgment lien should only apply to the $60,000.00 subject to the first Mortgage and not impair the judgment lien as to any other equity that may exist in the home to which the judgment lien creditor is entitled.

---

[1] Williams has purchased the First National Bank promissory note and Mortgage. As of August 6, 2013, the balance owed on the promissory note was $15,034.77. (As copy of the Assignment is attached as Exhibit "A" to this Brief.)

Martin, Dugan & Martin

By_____
W. T. Martin, Jr.
509 W. Pierce St.
P.O. Box 2168
Carlsbad, NM 88221-2168
(575) 887-3528
Fax (575) 887-2136
e-mail: martinlaw@zianet.com
Attorney for Belleview & Williams

## CERTIFICATE OF SERVICE

**I CERTIFY** that the foregoing Brief was electronically filed with the Court by means of the CM/ECF system. All attorneys and parties identified with the Court for electronic service on the record in this case were served by electronic service in accordance with CM/ECF system on this 6th day of October 2014.

_____
W. T. Martin, Jr.

# ASSIGNMENT OF MORTGAGE

FOR RECEIPT OF CONSIDERATION in the amount of **FIFTEEN THOUSAND THIRTY-FOUR & 77/100 DOLLARS ($15,034.77), FIRST NATIONAL BANK**, a national banking organization, with an address of 414 10th St., Alamogordo, New Mexico 88310, Mortgagee and holder of a Mortgage from **FRED DALE VAN WINKLE** dated the 24th day of May, 2010 and recorded on the 28th day of May, 2010 in Book 2010 at Page 3158 of the Records of Lincoln County, New Mexico, assigns the Mortgage, without recourse and without warranties, to **JOHN WILLIAMS**, whose address is c/o W. T. Martin, Jr., Martin, Dugan & Martin, P.O. Box 2168, Carlsbad, New Mexico 88221-2168. The assigned Mortgage secures payment of a promissory note executed the 24th day of May, 2010, in the original principal amount of $31,049.00, by **FRED DALE VAN WINKLE**, as Maker, in favor of the **FIRST NATIONAL BANK**, as Holder. Coincident with assignment of the Mortgage, **FIRST NATIONAL BANK** is negotiating the promissory note, without recourse and without warranties, to **JOHN WILLIAMS**, as Purchaser, Owner and Holder of the promissory note.

For all purposes, **JOHN WILLIAMS** shall hold all rights, entitlements and privileges accorded **FIRST NATIONAL BANK** by the Mortgage and the promissory note executed by **FRED DALE VAN WINKLE**, payment of which, it secures.

FIRST NATIONAL BANK

By _____
Steve Muell
Executive Vice President

{11682.70070 - 00069200}