IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

FRED DALE VAN WINKLE,

    Debtor.                                                                                   No. 13-11743-j7

## BRIEF ON ISSUE OF IMPACT OF DEATH OF THE DEBTOR ON HOMESTEAD EXEMPTION

Tammy Sprague as personal representative of the Estate of Fred Dale Van Winkle ("hereinafter referred to as "Debtor Estate"), through its undersigned attorney, submits this Brief as follows:

## ISSUE

Does the death of the Debtor which occurred on April 28, 2014 (after the filing of this Chapter 7 bankruptcy case) affect his ability to claim impairment of the homestead exemption for purposes of avoiding a judicial lien?

## LEGAL ARGUMENT

The general rule was well established that exemption rights are determined as of the date of the bankruptcy petition in two separate United State Supreme Court cases. *See, Myers v. Matley,* 318 U.S. 622, 626-28 (1943); *White v. Stump,* 266 U.S. 310, 313-14 (1924). In *In re Friedman,* 38 B.R. 275, 276 (Bankr.E.D.Pa. 1984), the court stated, "It is hornbook bankruptcy law that a debtor's exemptions are determined as of the time of the filing of his petition." Further, the court noted that Fed.R.Bankr.P. 1016 provides that in the event of death of a debtor, "the case shall be concluded in the same manner, so far as possible, as though the death…had not occurred." In that case, the court allowed an exemption for a debtor who had passed away post-petition.

1

In this case, Creditor concedes that but for the death of the Debtor, the Debtor would have been entitled to claim his homestead exemption. See Stipulated Facts filed on September 22, 2014 as Docket entry #40, Paragraphs 1-6. Based on "hornbook bankruptcy law," this argument made by Creditor has absolutely no merit. The Debtor Estate therefore respectfully requests that the Court allow the homestead exemption for purposes of determining whether the Creditor's judgment lien can be avoided.

Respectfully Submitted,

Electronically filed
R. "Trey" Arvizu, Esq.
Attorney for Debtor
PO Box 1479
Las Cruces, NM 88004
(575) 527-8600
fax: (575) 527-1199
trey@arvizulaw.com

I CERTIFY that the foregoing was electronically filed with the Court via the CM/ECF system. All attorneys and parties identified with the Court for electronic service on the record in this case were served by electronic service in accordance with the CM/ECF system on this 6th day of October 2014.

Electronically submitted
R. "Trey" Arvizu, III