UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: FRED DALE VAN WINKLE, No. 7-13-11743 JR

Debtor.

## ORDER REGARDING MOTION TO AVOID JUDICIAL LIEN
## AND SETTING SCHEDULING CONFERENCE

THIS MATTER is before the Court on the Motion to Avoid Judicial Lien ("Motion") filed by the Debtor, Fred Dale Van Winkle, by and through his attorney of record, R. "Trey" Arvizu. *See* Docket No. 23. The Debtor, who died post-petition after the Motion was filed, seeks to avoid a judicial lien held by Belleview Valley Land Co., Inc., John Williams, and Ellen B. Williams (together, "Belleview/Williams") against certain real property in which the Debtor claimed a homestead exemption. At a preliminary hearing on the Motion, Belleview/Williams argued that the Debtor's homestead exemption did not survive his death, and the Court directed the parties to file simultaneous briefs on this issue on stipulated facts. *See* Order Resulting from Preliminary Hearing on Motion to Avoid Lien of Belleview Land Company, John H. Williams, and Ellen [B.] Williams - Docket No. 42. Belleview/Williams now concede that the Debtor's post-petition death does not affect the validity of the Debtor's claimed homestead exemption. *See* Judgment Lien Creditors' Brief Regarding Van Winkle Residence Homestead Exemption Issue ("Belleview/Williams' Brief") – Docket No. 41. Belleview/Williams also asserted that the value of the real property is great enough that their judicial lien may not fully impair the Debtor's homestead exemption. *Id.*

The Court agrees that the homestead exemption to which the Debtor was entitled as of the date of the filing of his voluntary bankruptcy petition remains effective notwithstanding the Debtor's post-petition death. *See Armstrong v. Peterson (In re Peterson),* 897 F.2d 935 (8th Cir.

1990)(homestead exemption did not lapse upon the debtor's death while his bankruptcy case remained pending).  But the extent to which the judicial lien impairs the Debtor's homestead exemption requires additional evidence.   The Court will, therefore, allow the Debtor's homestead exemption for purposes of determining whether the Belleview/Williams' lien can be avoided and set a status conference on the Motion.

## DISCUSSION[1]

Fred Dale Van Winkle filed a voluntary petition for bankruptcy on May 21, 2013.  He claimed a homestead exemption under the New Mexico homestead exemption statute in property located in Ruidoso, New Mexico (the "Homestead Property").  He lived alone in the Homestead Property when he filed his bankruptcy petition.   Belleview/Williams have a judgment lien against the Homestead Property.   Mr. Van Winkle died post-petition, on or about April 29, 2014.  His adult son now lives in the Homestead Property.

Exemption rights are fixed as of the date of the filing of a debtor's bankruptcy petition. *See Mansell v. Carroll,* 379 F.2d 682, 684 (10th Cir. 1967)("Exemption rights are determinable as of the time of the bankruptcy filing."); *Peterson,* 897 F.2d at 937 ("'It is hornbook bankruptcy law that a debtor's exemptions are determined as of the time of the filing of his petition.'")(quoting *In re Friedman,* 38 B.R. 275, 276 (Bankr.E.D.Pa. 1984)); *In re Hodes,* 235 B.R. 104, 107 (Bankr.D.Kan. 1999), *aff'd,* 287 B.R. 561 (D.Kan. 2002), *aff'd,* 402 F.3d 1005 (10th Cir. 2005)(acknowledging that "[t]he general rule is that exemptions are determined as of the date of the filing of the bankruptcy petition.")(citing *Mansell v. Carroll,* 379 F.2d at 684)(remaining citation omitted)).   If a debtor dies after the petition date, "the estate shall be administered and the case concluded in the same manner, so far as possible, as though the death .

---

[1] The parties stipulated to the facts set forth in the Court's discussion. *See* Stipulated Facts Regarding Van Winkle Residence in Ruidoso, New Mexico – Docket No. 40.

2

. . had not occurred." Fed.R.Bankr.P. 1016. Because Bankruptcy Rule 1016 provides that a bankruptcy case should continue its normal course as much as possible after a debtor dies, and because exemption rights are determined as of the petition date, a homestead exemption properly claimed on the petition date survives the debtor's post-petition death. *See Peterson,* 897 F.2d at 939 (concluding that the debtor's homestead exemption was "fixed and vested on the date of filing" such that the debtor's death eight months later was "irrelevant for determining his right to a homestead exemption."). "[O]nly the facts existing on the date of filing are relevant to determining whether a debtor qualifies for a claimed exemption." *Peterson,* 897 F.2d at 937.

It is undisputed in this case that the Debtor lived in the Homestead Property as of the petition date and claimed an exemption in the Homestead Property under the New Mexico homestead exemption statute. The New Mexico homestead exemption statute provides each person with a sixty-thousand dollar exemption in a dwelling house and land occupied by that person. N.M.S.A. 1978 § 42-10-9 (Cum. Supp. 2012). The stipulated facts establish that the Debtor met the requirements of N.M.S.A. 1978 § 42-10-9 on the date he filed his bankruptcy petition. The Debtor's heirs receive the benefit of the Debtor's properly claimed homestead exemption. *See Peterson,* 897 F.2d at 935 (debtor's homestead exemption survived the debtor's post-petition death and could be distributed to the debtor's heirs); *In re Combs,* 166 B.R. 417 (Bankr.N.D.Cal. 1994)(determining under California law that the debtor's post-petition death did not affect his estate's right to claim the debtor's homestead exemption declared in the debtor's bankruptcy schedules; the debtor's homestead exemption right was fully vested as of the petition date). The Court will therefore allow the claimed exemption for purposes of determining the Motion.

Avoidance of judicial liens is governed by 11 U.S.C. § 522(f), which provides, in relevant part:

> [T]he debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled . . . if such lien is . . . a judicial lien[.]
>
> 11 U.S.C . § 522(f)(1)(A).

Whether a judicial lien impairs a debtor's exemption is determined in accordance with the formula found in 11 U.S.C. § 522(f)(2)(A). That formula directs the Court to add the sum of the judicial lien at issue, all other liens on the property, and the exemption amount if there were no liens against the property and determine whether that sum "exceeds the value that the debtor's interest in the property would have in the absence of any liens." 11 U.S.C. § 522(f)(2)(A). The amount of the liens and the value of the property are determined as of the petition date. *See In re Powell,* 399 B.R. 190, 198 (Bankr.W.D.Tex. 2008)(stating that "'[t]he petition date is the operative date to make all § 522(f) determinations,' so that the value of the liens, the value of the property and the amount of the exemption are all measured as of the date of the filing of the petition.")(quoting *In re Salanoa,* 263 B.R. 120, 123 (Bankr.S.D.Cal. 2001)(remaining citation omitted)). "The debtor's avoiding power under [§ 522(f)] . . . may be employed only to the extent that the lien impairs the debtor's exemption." *In re Coats,* 232 B.R. 209, 212 (10th Cir. BAP 1999).

Here, neither the value of the Homestead Property nor the amount of Belleview/Williams' judicial lien has been established. Evidence of these fact issues must be presented for the Court to rule on the Motion.

WHEREFORE, IT IS HEREBY ORDERED that the exemption in the Homestead Property in the amount of $60,000 is allowed.

4

ORDERED FURTHER, that a scheduling conference will be conducted by the Honorable Robert H. Jacobvitz on **Monday, November 24, 2014 at 3:00 p.m.** in the judge's conference room, thirteenth floor, Dennis Chavez Federal Building and United States Courthouse, 500 Gold Avenue SW, Albuquerque, New Mexico. Out of town attorneys may appear at the scheduling conference by telephone if such request is made of the chambers staff (505-348-2545) at least one business day before the date of the scheduling conference.

                                                                                                 _____
                                                                                                  ROBERT H. JACOBVITZ
                                                                                                  United States Bankruptcy Judge

Date entered on docket: November 14, 2014

COPY TO:

R. Trey Arvizu, III
Attorney for Debtor
PO Box 1479
Las Cruces, NM 88004

W.T. Martin, Jr.
Attorney for Belleview Valley Land Co., Inc., John H. Williams and Ellen B. Williams
PO Box 2168
Carlsbad, NM 88221