In re: WINKLE, FRED VAN § Case No. 13-11743
§
§
Debtor(s) §

# TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under Chapter 7 of the United States Bankruptcy Code was filed on May 21, 2013. The undersigned trustee was appointed on May 21, 2013.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A.**

4. The trustee realized the gross receipts of      $          18,018.00

| Funds were disbursed in the following amounts: | |
|---|---:|
| Payments made under an interim distribution | 0.00 |
| Administrative expenses | 2,373.95 |
| Bank service fees | 53.90 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of [1]  $ | 15,590.15 |

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (05/1/2011)**

6. The deadline for filing non-governmental claims in this case was 09/21/2013 and the deadline for filing governmental claims was 11/17/2013. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $2,551.80. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $2,551.80, for a total compensation of $2,551.80.[2] In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $318.37, for total expenses of $318.37.[2]

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 01/27/2015           By: /s/Clarke C. Coll
                               Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

**UST Form 101-7-TFR (05/1/2011)**

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

**Case Number:** 13-11743  
**Case Name:** WINKLE, FRED VAN

**Period Ending:** 01/27/15

**Trustee:** (510150) Clarke C. Coll  
**Filed (f) or Converted (c):** 05/21/13 (f)  
**§341(a) Meeting Date:** 06/18/13  
**Claims Bar Date:** 09/21/13

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | Condominium - value based on current listing pri (See Footnote) | 119,000.00 | 0.00 | | 0.00 | FA |
| 2 | 7.1060 acres of land on a permanent foundation a (See Footnote) | 300,000.00 | 14,670.77 | | 0.00 | FA |
| 3 | 1/2 interest 311.3 acres of farmland (292.9 acre (See Footnote) | 23,347.50 | 23,347.50 | | 12,500.00 | FA |
| 4 | 30 acres of grazing land/horse property with two (See Footnote) | 230,000.00 | 200,000.00 | | 0.00 | FA |
| 5 | Oil and Gas Lease (receives $146.47 annually) -, (See Footnote) | 500.00 | 500.00 | | 0.00 | FA |
| 6 | Checking account First National Bank of Ruidoso | 268.45 | 0.00 | | 0.00 | FA |
| 7 | Furniture, appliances and electronics | 3,000.00 | 0.00 | | 0.00 | FA |
| 8 | Clothing | 500.00 | 0.00 | | 0.00 | FA |
| 9 | Watch and misc. jewelry | 2,500.00 | 0.00 | | 0.00 | FA |
| 10 | Potential legal malpractice suit against Attorne (See Footnote) | Unknown | 0.00 | | 0.00 | FA |
| 11 | Claim of 1/3 of $26,176.89. Corporate unclaimed (See Footnote) | 8,638.37 | 8,638.37 | | 0.00 | FA |
| 12 | 2012 Honda CVR - titled in debtor's name and Eli | 0.00 | 0.00 | | 0.00 | FA |
| 13 | 2002 Ford Expedition | 3,900.00 | 0.00 | | 0.00 | FA |
| 14 | CRP payments received post-petition (u)<br>  Debtor was receiving CRP payments from County FSA program and the Trustee demanded turnover of the post-petition payments. The Personal Representative of debtor's estate turned over the payments received to Trustee upon demand. | 0.00 | 5,000.00 | | 5,518.00 | FA |
| 14 | **Assets** **Totals** (Excluding unknown values) | **$691,654.32** | **$252,156.64** | | **$18,018.00** | **$0.00** |

RE PROP# 1    Trustee has examined the record and cannot avoid the judgment lien. Judgment lien attaches to
              property 1,2 & 4. No equity available for estate.
RE PROP# 2    Judgment lien attaches to property 1,2 & 4
RE PROP# 3    This is an undivided interest in Farmland that is currently in CRP. Dry land farm -311.2
              acres-value approx $150 per acre. Debtors max value approximately $23340. Trustee received offer

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

| | | | | | |
|---|---|---|---|---|---|
| **Case Number:** 13-11743 | | | **Trustee:** (510150) Clarke C. Coll | | |
| **Case Name:** WINKLE, FRED VAN | | | **Filed (f) or Converted (c):** 05/21/13 (f) | | |
| | | | **§341(a) Meeting Date:** 06/18/13 | | |
| **Period Ending:** 01/27/15 | | | **Claims Bar Date:** 09/21/13 | | |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| **Asset Description** (Scheduled And Unscheduled (u) Property) Ref. # | **Petition/ Unscheduled Values** | **Estimated Net Value** (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | **Property Abandoned OA=§554(a)** | **Sale/Funds Received by the Estate** | **Asset Fully Administered (FA)/ Gross Value of Remaining Assets** |

from Debtor's Daughter to purchase "as is, where is" with no warranty of title. Trustee will accept offer subject to court approval to sell since the estate will have no costs associated with sale.

RE PROP# 4    Judgment lien attaches to property 1,2 & 4

RE PROP# 5    Trustee sent information to O & G broker and Landman and was advised that the interest is small and has little value. Cost associated with transfer would exceed benefit to estate

RE PROP# 10    Trustee beleives claim has no value

RE PROP# 11    Trustee investigated claimed asset and upon review and examination, the asset is unlikely to ever materialize. Trustee will abandon.

**Major Activities Affecting Case Closing:**

Trustee pursuing offer from Debtor family member for certain assets and evaluating estate value of other non-exempt property

December 2014-Trustee collected and liquidated all assets and hire accountant to prepare estate tax return and upon filing returns, Trustee will pursue TFR. 9/19/2014 Trustee filed Motion to sell. Trustee pursuing sale of RE to daughter; Trustee received info from O & G broker on mineral interest to review. February 2014, Trustee received offer from relative from debtor on farm property and trustee evaluating offer; Trustee evaluating property values to determine best course to achieve value to estate

**Initial Projected Date Of Final Report (TFR):**    December 1, 2014    **Current Projected Date Of Final Report (TFR):**    December 1, 2014

# Form 2
## Cash Receipts And Disbursements Record

**Case Number:** 13-11743  
**Case Name:** WINKLE, FRED VAN  

**Taxpayer ID #:** **-***0682  
**Period Ending:** 01/27/15  

**Trustee:** Clarke C. Coll (510150)  
**Bank Name:** Rabobank, N.A.  
**Account:** ******3366 - Checking Account  
**Blanket Bond:** $1,000,000.00 (per case limit)  
**Separate Bond:** N/A  

| 1<br>Trans.<br>Date | 2<br>{Ref #} /<br>Check # | 3<br>Paid To / Received From | 4<br>Description of Transaction | T-Code | 5<br>Receipts<br>$ | 6<br>Disbursements<br>$ | 7<br>Checking<br>Account Balance |
|---|---|---|---|---|---|---|---|
| 10/16/14 | {3} | Tammy Sprague | Per Order 10/15/2014 DOC 44 purchase of real property interest | 1110-000 | 12,500.00 | | 12,500.00 |
| 10/31/14 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 10.00 | 12,490.00 |
| 11/28/14 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 16.16 | 12,473.84 |
| 12/01/14 | {14} | Tammy L. Sprague | Turnover of CRP payments received post-petition on Farm property before sell | 1221-000 | 5,518.00 | | 17,991.84 |
| 12/31/14 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 27.74 | 17,964.10 |
| 01/09/15 | 101 | Steve W. Johnson, CPA, LLC | Accountant Fees and Costs Per Order 1/8/2015 DOC 55 | | | 491.71 | 17,472.39 |
| | | | Fees approved per Order 1/8/2015 DOC 55      454.50 | 3410-000 | | | 17,472.39 |
| | | | Costs/GRT approved per Order 1/8/2015 DOC 55      37.21 | 3420-000 | | | 17,472.39 |
| 01/11/15 | 102 | Coll Bros. Law , LLC | Approved Fees and Cost per Order 1/9//2015 DOC 56 | | | 1,882.24 | 15,590.15 |
| | | | Approved Fees      1,720.00 | 3110-000 | | | 15,590.15 |
| | | | Approved costs and GRT      162.24 | 3120-000 | | | 15,590.15 |
| | | | **ACCOUNT TOTALS** | | 18,018.00 | 2,427.85 | **$15,590.15** |
| | | | Less: Bank Transfers | | 0.00 | 0.00 | |
| | | | **Subtotal** | | 18,018.00 | 2,427.85 | |
| | | | Less: Payments to Debtors | | | 0.00 | |
| | | | **NET Receipts / Disbursements** | | **$18,018.00** | **$2,427.85** | |

| TOTAL - ALL ACCOUNTS | Net Receipts | Net Disbursements | Account Balances |
|---|---|---|---|
| **Checking # ******3366** | 18,018.00 | 2,427.85 | 15,590.15 |
| | $18,018.00 | $2,427.85 | $15,590.15 |

{} Asset reference(s)

# TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 13-11743
Case Name: WINKLE, FRED VAN
Trustee Name: Clarke C. Coll

**Balance on hand:** $ 15,590.15

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| 1 | First National Bank | 13,860.09 | 13,860.09 | 0.00 | 0.00 |

Total to be paid to secured creditors: $ 0.00
Remaining balance: $ 15,590.15

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - Clarke C. Coll | 2,551.80 | 0.00 | 2,551.80 |
| Trustee, Expenses - Clarke C. Coll | 318.37 | 0.00 | 318.37 |

Total to be paid for chapter 7 administration expenses: $ 2,870.17
Remaining balance: $ 12,719.98

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| None | | | |

Total to be paid for prior chapter administrative expenses: $ 0.00
Remaining balance: $ 12,719.98

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for priority claims: $ 0.00
Remaining balance: $ 12,719.98

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

**UST Form 101-7-TFR (05/1/2011)**

Case 13-11743-t7    Doc 60    Filed 03/13/15    Entered 03/13/15 12:50:39 Page 6 of 8

Timely claims of general (unsecured) creditors totaling $ 56,997.95 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 22.3 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---:|---:|---:|
| 2 -2 | Richard Hawthorne, Esq. | 19,757.78 | 0.00 | 4,409.26 |
| 3 | Yarbro & Associates, P.A. | 27,751.23 | 0.00 | 6,193.12 |
| 4 | CANDICA, LLC | 9,488.94 | 0.00 | 2,117.60 |
| 5 | Brian Van Winkle (Withdrawn) | 0.00 | 0.00 | 0.00 |

Total to be paid for timely general unsecured claims: $ 12,719.98
Remaining balance: $ 0.00

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---:|---:|---:|
| None | | | | |

Total to be paid for tardy general unsecured claims: $ 0.00
Remaining balance: $ 0.00

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---:|---:|---:|
| None | | | | |

Total to be paid for subordinated claims: $ 0.00
Remaining balance: $ 0.00

**UST Form 101-7-TFR (05/1/2011)**

**UST Form 101-7-TFR (05/1/2011)**