IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

FRED DALE VAN WINKLE,

    Debtor.                                                                                                                    No. 13-11743-j7

TAMMY SPRAGUE as PERSONAL
REPRESENTATIVE OF THE ESTATE
OF FRED DALE VAN WINKLE,

    Plaintiff,

v.                                                                                                                             Adv. No. _____

BELLEVIEW VALLEY LAND CO., INC.,
JOHN WILLIAMS and ELLEN B.
WILLIAMS,

    Defendants.

**COMPLAINT FOR DECLARATORY JUDGMENT,
DAMAGES FOR BOTH VIOLATION OF BANKRUPTCY COURT'S
DISCHARGE ORDER AND VIOLATION OF STIPULATED ORDER
RESOLVING MOTION TO AVOID JUDICIAL LIEN AND FOR EMERGENCY
ORDER ENFORCING THE DISCHARGE INJUNCTION TO STAY ANY
FURTHER STATE COURT PROCEEDINGS PENDING RESOLUTION OF
THESE MATTERS**

COMES NOW, Plaintiff, Tammy Sprague as personal representative of the Estate of Fred Dale Van Winkle (hereinafter referred to as "Van Winkle") through undersigned counsel, and for its Complaint, states as follows:

1.     Plaintiff resides in Las Cruces, New Mexico.

2.     Defendant, Belleview Valley Land Co., Inc. ("BVL") is a Missouri Corporation unauthorized to do business in New Mexico. BVL was a secured creditor in the Chapter 7 bankruptcy of Fred Dale Van Winkle.

1

3. Defendants, John and Ellen Williams (hereinafter jointly referred to as "Williams") are believed to be residents of the state of Missouri. The Williams were also secured creditors in the Chapter 7 bankruptcy of Fred Dale Van Winkle.

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334 and the United States District Court for the District of New Mexico's <u>Administrative Order</u> 84-0324 (D.N.M. March 19, 1992) (referring all cases under Title 11 and all proceedings arising under Title 11 or arising in or related to Title 11 to the Bankruptcy Court), and 11 U.S.C. §§524 and 105.

5. This Court has the authority to enter a final order regarding this matter since it constitutes a core proceeding as contemplated by 28 U.S.C. §157(b)(2)(A) and (O). ***See also, Mountain States Credit Union v. Skinner (In re Skinner)***, 917 F.2d 444, 448 (10th Cir. 1990) (Contempt proceedings arising out of a core matter are also core matters.)

## FACTS AND ALLEGATIONS

6. On August 13, 2010, BVL and Williams obtained judgment against Van Winkle in the amount of $243,944.31 in an Otero County State Court proceeding. On February 4, 2011, the state court awarded further attorney's fees and costs.

7. BVL and Williams filed a Transcript of the Judgment in Otero County on August 17, 2010. A judgment lien attached to the Otero County real property Van Winkle owned.

8. BVL and Williams filed a Transcript of the Judgment in Lincoln County on August 17, 2010.

9. Van Winkle filed his Chapter 7 bankruptcy petition on May 21, 2013. (See Docket Entry # 1 in Bankruptcy Case)[1]

10. On May 21, 2013 contemporaneously with the filing of his Chapter 7 Petition, Van Winkle filed his Bankruptcy Schedules and Statement of Financial Affairs with the Court. These schedules and statements listed the Defendants as a creditor in the case on Schedule D and listed the debt as disputed. Docket Entry #1.

11. On May 23, 2013, the Defendants were given notice of the Debtor's bankruptcy proceeding as reflected in the Court's BNC Certificate of Service. Docket Entry #9.

12. BVL and the Williams were aware of the Debtor's bankruptcy as they filed a Motion for Relief of Stay on August 30, 2013 through their counsel W.T. Martin, Jr. Docket Entry #21.

13. On August 26, 2013 the Bankruptcy Court entered an order granting Debtor a bankruptcy discharge. Docket Entry #19. As a result, the Judgment against Van Winkle was voided as to the personal liability of Van Winkle.[2]

---

[1] Van Winkle had also attempted to reorganize the debt in a prior chapter 13 proceeding (11-13861) but was unsuccessful and the case was dismissed.

[2] 11 U.S.C. §524(a)(1) states, "A discharge in a case under this title (1) **voids any judgment** at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727…of this title, whether or not discharge of such debt is waived;" (Emphasis Added)

3

14. The Discharge Order was mailed to the Defendants through their counsel on August 28, 2013 as indicated by the Court's BNC Certificate of Service. Docket Entry #20.

15. The Debtor, Van Winkle, became deceased on April 28, 2014 after receiving his discharge but prior to the case being closed. A suggestion of death was filed on July 21, 2014. Docket Entry #35.

**The Otero County Property**

16. On December 4, 2013, the Bankruptcy Court entered an order lifting the automatic stay as to Debtor's Otero County Property (Docket #33).

17. Shortly thereafter, BVL and Williams filed suit to foreclose their judgment lien on the Debtor's Otero County property.

18. On May 22, 2014, the state court entered a Final Judgment foreclosing the judgment lien. See Final Judgment attached as Exhibit "A" hereto.

19. On July 8, 2014, a foreclosure sale was conducted by a special master. The Defendants were the high bidders upon bidding $67,000.00 of their Judgment of $338,905.61.

20. On July 28, 2014, the state court entered an Amended Order Approving Special Master's Report & Granting Deficiency Judgment even though the underlying Judgment was void as a result of Van Winkle's discharge. See Amended Order attached as Exhibit "B" hereto.

21. A special master's deed transferring title to the property to the Defendants was approved and recorded. See Deed attached as Exhibit "G" hereto.

22. Even though the underlying Judgment was void as to Van Winkle's personal liability and uncollectible against Van Winkle, on August 8, 2014, Defendants further recorded a Transcript of Deficiency Judgment reflecting the deficiency judgment of $271,905.61 with the Otero County Clerk of Otero County which begs the question of "How can Van Winkle owe a deficiency on an otherwise void judgment?" See Transcript attached as Exhibit "C" hereto.

23. On April 20, 2015, Plaintiff filed a Petition for Redemption and placed $73,200.94 in the state court registry as required by law.

24. On May 14, 2015, Defendants filed a Response to the Petition for Redemption objecting to the Redemption. See Response attached as Exhibit "D" hereto.

25. On May 14, 2015, Defendants also filed Motion for Summary Judgment to Foreclose the (invalid and unenforceable post-discharge) Judgment Lien and Supporting Brief. See Motion and Brief attached as Exhibit "E" hereto.

**The Lincoln County Property**

26. Van Winkle owned a condominium at 702 White Mountain, #11, Ruidoso, NM (hereinafter referred to as "Condo"). Van Winkle resided in the Condo at the time his petition was filed and he claimed a $60,000 homestead exemption on the property.

27. The Condo was subject to a mortgage held by First National Bank of Ruidoso in the approximate amount of $12,000.00.

28. On September 23, 2013, Debtor filed a Motion to Avoid the Judicial Lien of BVL and Williams as it impaired the exemption claimed by Van Winkle. Docket Entry #23.

29. BVL and Williams filed a response through their counsel on October 8, 2013. Docket Entry #27.

30. The Court first ordered that Van Winkle's death did not affect his ability to exempt the property for purposes of avoiding the judicial lien. Docket Entry #45.

31. The parties then stipulated to entry of an Order which valued the Condo and partially avoided the pre-discharge judicial lien held by BVL and Williams. Docket Entry #45.

32. The Order indicates that the pre-discharge judicial lien is avoided to the extent of $100,000 (value) less the payoff of the first mortgage less the Van Winkle's homestead exemption ($60,000). BVL and Williams have since purchased the note and first mortgage from First National Bank of Ruidoso and claim that as of April 20, 2015 the amount owed on principal and interest is $20,164.05 thereby avoiding all but $19,835.95 of the pre-judgment lien against the Condo.[3]

33. On March 20, 2015, Van Winkle filed a Motion to Compel Abandonment of the Condo and of any redemption rights held by Van Winkle as a result of the Otero Property foreclosure discussed above. The Motion was

---

[3] It is important to note that Williams purchased the note and mortgage on August 6, 2013 (before the bankruptcy discharge was granted) for the amount of $15,034.77. No notification from BLV or Williams has ever been received by Van Winkle nor was Van Winkle ever sent any billing notifications for the mortgage payments raising possible RESPA and/or TILA violations.

properly noticed out and all parties including BLV and Williams were given the opportunity to object. No objections were filed. Docket Entry #64 and #65.

34. On April 15, 2015, the Bankruptcy Court entered an Order Granting the Motion to Compel. Docket Entry #67.

35. On April 15, 2015, the Bankruptcy Court entered an Order Abandoning Assets which included the Condo and Otero foreclosure redemption rights. Docket Entry #68.

36. On May 19, 2015, BVL and Williams filed an Amended Complaint for Judgment for Debt and Money Due on Promissory Note, to Foreclose Real Estate Mortgage and to Foreclose Judgment Lien. See Complaint attached as Exhibit "F" attached hereto.

37. Even though the amount of their lien had been avoided except for $19,835.95, Exhibit F seeks to enforce the entire judgment lien as it requests, "If the proceeds are insufficient to satisfy the balance owed on the Otero County judgment, then a deficiency judgment for the **unpaid balance** be entered in accordance with the deficiency judgment previously entered by the Otero County District Court." Exhibit F, Page 10, Paragraph 6(c). (Emphasis Added)

## Count I

## Violation of The Bankruptcy Court's Discharge Order

7

38. The Order of Discharge is a federal court order and it operates as an injunction against creditors who commence or continue an action against a debtor to recover or to collect a discharged debt. ***See, Tennessee Student Assistance Corp. v. Hood,*** 541 U.S. 440, 449 n.4 (2004).

39. A Creditor's continued attempts to collect the discharged debt places it in contempt of this Court. This Court can impose sanctions under the bankruptcy code. See 11 U.S.C. §105. ***See, Schott v. WyHy Federal Credit Union (In re Schott)***, 282 B.R. 1, 6 (10th Cir. BAP 2002); ***Skinner,*** 917 F.2d at 447.

40. In this case, Van Winkle's debt to BLV and Williams was discharged on August 26, 2013.

41. Van Winkle does not dispute that the BLV and Williams' pre-discharge Judgment Liens survived the bankruptcy, and that BLV and Williams were allowed to collect as against the real property of Van Winkle with the limitation that the judgment lien in Lincoln County was partially avoided and only attached in the approximate amount of $19,835.95.

42. BLV and Williams have violated the Court's discharge order, however, by misleading and basically committing fraud upon the Otero County state court by filing a false transcript of judgment which ignores the voiding of the pre-bankruptcy judgment post-discharge in the Otero County case. See Paragraph 22 *supra*. BLV and Williams argue in many of the state court filings that because the Court granted a further "deficiency judgment" which they transcribed as a further lien against the Otero

property, that Van Winkle should be prohibited from redeeming the Otero property free and clear of their post-discharge "deficiency judgment." In other words, BLV and Williams are attempting to impose and enforce an invalid post discharge "deficiency lien" against post Van Winkle's newly acquired property. This is a clear violation of 11 U.S.C. §524(a)(2).

43. BLV and Williams have violated the Bankruptcy Court's discharge order as follows:

   A. By submitting the Amended Order Approving Special Master's Report & Granting Deficiency Judgment to the state court in the Otero County foreclosure case. See Exhibit B. Van Winkle submits that Exhibit B is an attempt to collect on a discharged debt. BLV and Williams were entitled to collect as to the Otero property. Upon foreclosing on the Otero property, BLV and Williams bid a portion of their judgment in the amount of $67,000.00 and the lien was terminated as to its *in rem* status. There remained no further *in rem* or *in personam* obligation at that time as Van Winkle no longer owned any real estate in Otero County. Since the underlying debt had previously been discharged, there could be no further "deficiency." The language contained in Exhibit B, Page 3, Paragraph 6(a) is an attempt to collect on a discharged debt even though deceptively coined an "in rem" deficiency judgment.

B. By filing a further Transcript of Judgment for $271,905.61 in the records of Otero County on the claimed "deficiency judgment." Again, there can be no deficiency on an otherwise void Judgment.

C. By filing Plaintiffs' Response to Petition for Redemption in the Otero County case.

D. By filing a further Complaint to Foreclose Judgment Lien and/or Deficiency Judgment Lien in the Otero County case.

E. By filing Plaintiffs' Motion for Summary Judgment to Foreclose Judgment Lien and Supporting Brief in the Otero County case.

44. The Debtor should be awarded her costs, attorney fees, and damages caused by the violations.

45. The acts by BLV and Williams are willful, wanton, malicious, or taken in clear disregard or disrespect of the bankruptcy laws; therefore, punitive damages should be awarded.

46. Van Winkle did not "reaffirm" the debt with the defendant pursuant to 11 U.S.C. §524.

47. Van Winkle has suffered injury and harm as a result of the Defendants' failure to comply with the Court's discharge order in an amount to be proven at trial.

## Count II

**Violation of the Stipulated Order Resolving Motion to Avoid Judicial Lien**

48. BLV and Williams have violated the Stipulated Order Resolving Motion to Avoid Judicial Lien by filing the Complaint for Judgment for Debt and

10

Money Due on Promissory Note, to foreclose real estate mortgage and to Foreclose Judgment Lien in the Lincoln County case. In this case, BLV and Williams have simply ignored the Stipulated Order regarding the lien avoidance that was entered by the Bankruptcy Court by asking the state court for a deficiency if the judicial lien is not satisfied in full.

### Count III

### Declaratory Judgment

49. A Declaratory Judgment is necessary from this Court in order to rule on the effect of the Van Winkle's bankruptcy discharge as it applies to the legality of the tactics of BLV and Williams in the state court lawsuits. A Declaratory Judgment may be necessary in order to further challenge and to have those orders set aside on Rule 60 grounds in the state court proceedings since the action was taken in violation of the discharge injunction.

### Count IV

### Request for Emergency Hearing for Order Enforcing Discharge Injunction to Stay State Court Proceedings Pending Resolution Herein

50. Van Winkle requests that this matter be set for Emergency Hearing to Enforce the Discharge Injunction already in place due to Van Winkle's bankruptcy discharge.

WHEREFORE, for the foregoing reasons, the Van Winkle respectfully requests this Court to:

1. Enter a Declaratory Judgment indicating that, 1) Defendants are not entitled to any post discharge "deficiency judgment;" 2) that their judgment liens expired with the foreclosure of the Otero property; 3) that the underlying debt was discharged in Van Winkle's bankruptcy proceeding; and 4) that only $19,835.95 of the Defendants' judgment lien attaches to the Lincoln County property.

2. Find the Defendant violated the Court's discharge order as set forth in this Complaint;

3. Find that the Defendant's violations were willful, intentional, and malicious in nature as they are in clear violation of the law;

4. Enter an Order enforcing the discharge injunction which can be filed in the state court proceedings which will stay those proceedings until these matters are determined by this Court;

5. Award the Plaintiff all actual damages incurred including attorney's fees, costs, and expenses incurred by them;

6. Award the Plaintiff punitive damages to the extent necessary to prevent this type of conduct by this creditor and other creditors that appear before this Court.

7. Grant any further relief deemed necessary by this Court.

Respectfully Submitted,

/s/ filed electronically
R. "Trey" Arvizu, III
Attorney for Plaintiff
P.O. Box 1479

Las Cruces, NM 88004
(575)527-8600
(575)527-1199 (fax)