## Defendent In intervention

Brian Van Winkle (Brian VW) is requesting to exercise his Intervention of right. In doing so he seeks to have his sister Tammy Sprague removed as personal representitive of the estate of Fred Van Winkle (deceased) and replaced by himself as personal representitive.
( Brian VW could not verify how Tammy Sprague was Soley appointed as estate representitive )

The Intervention of right arises when the intervenor, the person who seeks to become a party to an existing law suit, can satisfactorily show that his or her interest is not adequately represented by the present parties, that the interest relates to the subject of the action , and that the disposition of the action might in some way impair his or her ability to protect such interest.
This Court is Familiar with this 11yr long litigation concerning the Estate of Fred Van Winkle. Brian VW request that judge Thuma review his opinions, the BAP election opinions, and the State court ruling concerning this estate and its back ground.
The state court under Judge Counts has just recently allowed a Discharged debt set forth by this Banckruptcy court to be allowed in state court , in doing so , the state court has upset the balance provided by this court between Debtor and Creditor. This has also put Redemption funds deposited with the state court at risk . This ruling allows perpetual lien reattachment if left as is. As defendent in intervention, there are common issues shared between Brian V.W. and the existing parties involved, in particular, an eight acre parcal with Brian VWs homestead and shop. This acerage is a portion of the total acerage up for redemption and tied to the outcome of the complete estate closure. The issue of the Redemption process and allowing it to go forth as ruled by this court, the State ruling concerning lien reattachment and the closing (2017) of the Estate of Fred Van Winkle before the Estate itself has been closed, are grounds for Brian VW's request to be granted and to allow him to exercise his intervention of right. (There are still unsettled issue for this estate concerning the Condo in lincoln county and Sanctions set by this court.)

Brian Van Winkle is not attempting to inject new causes of action into a pending law suit.

Brian VW contacted, met with lenders in California and secured a loan for Fred Van Winkles' Estate litigation and for Redemption funds. The entire loan amount was deposited in an Estate Account for Fred Van Winkle. NM law requires an estate account to remain open until the entire estate is closed.

Brian VW secured this loan by providing his home for collateral.
The total loan amount of $147,000.00 was deposited into the estate account of Fred Van Winkle.
The Redemption funds on deposit with the state court is in the amount of approx $78,000.00.
The balance of 78,000.00 - 147,000.00 = $69,000.00.
Therefore $69,000.00 was left over from Redemption deposit
requirements and available for dispersment thru the Estate account for administration of assosiated cost such as legal fees, Taxes , Etc. and held secure for use in a specified account concerning estate needs until the time of the estates Finale closure.
An accurate balance of the Estate account can only be realized through the reconciling of the bank statements. However, the estate account has been closed and transparent access to the account has

## Defendent In intervention

been denied by Tammy Sprague.( See accompaning doc.)
(The Estate account opened at Well Fargo Bank in Las Cruces for Fred Van Winkles' bankruptcy estate activities was closed because of continual overdraft fees in 2017.)
Brian VW has been allowed selective review of partial bank statements, however key documents have been ommited such as several large Sum withdrawls, deposits and cancelled checks that would allow for a complete reconcilliation of the Estate Account if provided for review.
Tammy Sprague , is the sole signor and executor of the account as personal representitive of Fred Van Winkles' estate.
The Estate business is Still not completed, yet the estate account has been closed well over 2 yrs.
Brian VW has requested access to the estate account several times through text to Tammy Sprague, and requested in front of state and bankruptcy attorneys Trey Arvizu and Kyle Moberly to grant him equal status as estate representitive and allow him access to the banking records , the estate account and to have equal litigation power so his input could be heard.

After the State court ruling by Judge Counts Which Allows Lien Re-attachement to occur, Brian VW made a verbal request to his attorneys and to his Sister as estate representitive ,appealling that there be a Request for Removal of the state ruling to this Court. During the heirs meeting on May 22nd With Attorneys in Las Cruces a request for review to remove the State court Ruling was regarded as frivolous by the estate attorneys. To continue to pursue this case Pro-Se has been a struggle for BrianVW from that point. ( See attached request to Tammy Sprague for Intervention of right from Brian VW).
The attitude of the attorney and Tammy as Estate representitive has impeded Brians ability to hire legal representation for two reasons:

1) The Estate account for Fred Van Winkle is closed and without funds.

2) Each Time a prospective attorney has been sought out by Brian VW, and the estates current attorneys have been asked to provide information to those prospective attorneys concerning the details of this case, the depth to
explain and grasp its history and current position in its entirety is simply very difficult to convey.
The estates Attorneys word that the case is not pursuable by review or recall and that the powers of this court do not allow for removal from State Court, make it difficult if not impossible to find counsel.
Brian VWs' pleas in search of Legal representation concerning this courts power of alter ego and its ability to Remove a decision from state court goes unheeded therefore he is before you now Pro-Se. Brian has met

with 3 atty's in Las Cruces and Four in Alb. Brian has also contacted several Attorneys in Ruidoso and Alamogordo N.M. His first initial contacts were with attorneys via phone and refered to him by the estates bankruptcy atty Trey Arvizu.

Brian VW is truly at the mercy of this court.

In the eyes of Fred Van Winkles Estates representive Tammy Sprague and the estates legal counsel, there are no more avenues to proceed down, the Estate is at a dead end and the Estate must withdrawl the redemption funds and accept the loss of the property. The Subject is Now MOOT.
This action is not in Brian VWs best interest nor in the best interest of the Bankruptcy courts role or power as alter ego of the Estate.

## Defendent In intervention

The future of this Estates ability to reacha completion in a fair and balance way is being jeopardized by the States ruling.

Brian VW, Pro Se , request this court to represent his fathers Estate and proceed in any way the court deems appropriate and in the Estates best interest, including any sanctions it deems necessary and applicable.

I (Brian VW) ask that this court ( as providable by law) wave any motion fees or fees in General until the estate account can be reconciled. If a removal request motion is filed and the trustee does'nt have funds in the estate account, the Judge can defer the fee's until funds become available.

I request this court grant the heirs immediate clear title to the redemption property.

I request that this court be allowed complete access to all records concerning this case, in particular Judge Thumas opinions and the BAPs Opinion.

I request this court to do an immediate stay and Removal of the ruling from Judge Counts State Court ruling and to remove the ruling to Bankruptcy Court as allowed under federal law.

I request this court finds reason for real property Sanctions towards redeemed property because of the extended delay of the redemption process and ask the court to appoint an area contractor(s) to bid any repair of existing damages for compensation. ( Damages supported by pictures of before and after of real property).

I request this court find Mr. Williams in contempt of court again recognizing that the state ruling has turned this into an in personam pursuit to collect a debt by the Weaponizing of the N.M Law in support of the seeking of the discharged lien reattachment to be in perpetuality dispite this courts opinion.

I agree to acknowledge this courts decisions concerning this estate case and agree that any decision will be final and BrianVW will abide by any final ruling it offers.

If this court finds that Brian VWs Intervention of right is valid,

he would like to petition this court to exercise its jurisdiction under section 28 of the U.S.C 157 (c)(1) (" a bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11")

Brian VW Request Removal by this court of a ruling by state court under judge Counts.

This ruling provides for perpetual lien reattachment if left as is and sets an unfair presidence for the altering of the Balance between Debtor and Creditor as set forth by the Bankruptcy court.
In altering that balance by allowing a discharged judicial lien to reattach upon redemption in state court, the state court has assumed the Bankruptcy Courts Role as Alter Ego of The estate of Fred Van Winkle, in doing so it has also altered the status of the proceeding from a "non-core " to a "core proceeding".

## Jurisdiction and Procedure.

The general removal statute, located at 28 U.S.C. 1441, provides for removal of " any civil action" over which the district courts have original juridiction. See 28 U.S.C 1441. Similarly the bankruptcy removal of " any claim of action", provided that the district court has jurisdiction under 28 U.S.C. 1334. one obvious distinction in the general removal statute is that under 28 U.S.C. 1452 a case may be removed to bankruptvy court by any party, including plaintiffs, defendents or the bankruptcy trustee.

Additionally, unlike Section 1441, Removal under Section 1452 need not be joined by all defendants.

See in re Plowman, 28B.R. 607 (N.D. Ala. 1998)

Removal from a state court to the bankruptcy court is governed by 28 U.S.C. 1452 (a), which provides that a party may remove any claim or cause of action in a civil action

Defendent In intervention

other than a proceeding before the U.S. Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

Equitable ground

Since 1990, a bankruptcy court has been authorized under 28 U.S.C. 1452(b) to remand a claim or cause of action" on any equitable ground" . See id ( noting that this remand standard is " an unusually broad grant of authority" which subsumes and reaches beyond all the reason for remand under non bankruptcy removal statutes.") Thus as might be imagined, bankruptcy courts have predilections for deciding motions to remand on section 1452(b) grounds rather than facing the " cumbersome proceedure" of section 157(c)(1) and the uncertain legal questions regarding the bankruptcy courts ability to conduct a jury trial in non core proceeding.

Rule 9027 states that the notice of removal, must contain the following items:
(1) a short and plain statement " off the Facts" entitling a party to removal
(2) a statement that upon removal, the claim or cause of action is core or non-core;
(3) a declaration whether the party seeking removal consents to entry of final orders or judgement by the bankruptcy judge, if the claim or cause of action is non-core;and
(4) copies off all process and pleadings.

" Non-core" proceedings are those that do not depend on
the bankruptcy courts for their existence and that could proceed
even in the absense of bankruptcy.
Understanding this , the BAP was compelled to allow a judgement
lien to re-attach upon redemption by the owner of foreclosed property,
"Because we interpret N.M. law to allow judgement liens to reattach,
upon redemption by the owner of foreclosed property,
we reverse the bankruptcy courts finding that appellants
violated a court order and remand for futher findings regarding
damages." Because the redemption was stayed in state court, and there
had not occured an attempt to collect in Personam, the BAP had no
choice but to remand it, Mr. Williams had every right to pursue collection in Rem.
THE BAP pg 13, 14 " In N.M. judgement liens attach to real property aquired
by a judgement debtor after the date a transcript of judgement is filed, including property
lost at foreclosure but reacquired through redemption. However, nothing in the
NMS courts interpretation of the law indicates property redeemed is
newly acquired property—rather, the property "again becomes part of [a debtor's]
real estate. while this satutory scheme, which allows repeated foreclosure, appears to
conflict with N.M.'s stated public policy behind redemptions,
it is nonetheless the law of new mexico.
The special master's Deed indicates title to the Otero Land passed to the
Appellants on July 8, 2014. Sprague timely filed a petition to redeem on April 20, 2015.
Appellants objected to Spragues redemption in the state court and

Defendent In intervention
simultainiously filed another action to forclose the deficiency judgement,
as they still held title to the Otero land because the state court redemption
proceeding was stayed pending resolution of the bankruptcy issues,
their complaint did not seek collection of the discharged debt in personam.
as a result, the filing of the post redemption foreclosure action was not in
violation of 524 (a) (2) because under N.M. law, a deficiency judgement may
become a postredemption lien on the real property once properly transcribed.
So long as Appellants were not seeking to hold the debtor personally liable for
the deficiency judgement, and were instead merely pursuing any remaining value in
the non-exempt real estate, their actions did not constitute a discharge violation.

It was inferenced in Thumas Opinion that a rambling statement made by
Bankruptcy atty J. Beles and attributed to Thuma could have
had an influence on the BAP opinion to Remand. The BAP was not informed
that the rambling statement was falsly attributed to Thuma prior to BAP's written
opinion ruling to remand. Court Audio recordings were verified by Thuma and as stated
( paraphrased here) in Thumas opinion, a Rambling statement that was made by J. Beles
had the effect as if it was ...Judge Thuma himself who expressed that He could not imagine
how Mr. Williams Could possibly be attempting anything in personam considering nothing
regarding the redemption had taken place and everything was stayed in state court.
This Rambling statement went unrecognized and was falsly attributed to JudgeThuma when
presented before the BAP.
The statement believed to be by the now Disbarred J. Beles, was not corrected until after
the BAP opinions were written, Thuma corrected the record himself.
(Thuma does address this issue in one of his opinions).
Now that the stay has been lifted and the State court has ruled in favor of lien re-attchment, it
becomes a "Core issue" and an in personam pursuit issue , either makes this case eligible
for recall from the state court by the B.C. 28 USC 157 (c)(1) (" A banckruptcy judge may
hear a proceeding that is not a core proceeding but that is otherwise related to a case
under title 11.")

" {T}he test for determining whether a civil proceeding is related in bankruptcy is
whether the outcome of that proceeding could concievably have any effect on the
estate being administered in bankruptcy." Pacor, Inc. V. Higgings, 743 f. 2d 984,
994 ( 3rd circuit 1984).
 Altough the proceedings need not be against the debtor or his property, the proceeding
is related to the bankruptcy if the outcome could alter the debtors rights,
liabilities, options, or freedoms of action in anyway, thereby impacting on the handling
and administration of the estate. ID. ...
{T}he bankruptcy court lacks related jurisdiction to resolve controversies between third
party creditors which do not involve the debtor or his property unless the court cannot
complete administrative duties without resolving the contraversy. In re; Shirley Duke
Assoc., 611 f. 2d 15,  18 ( 2nd cir.1979)

The state court ruling to allow lien re-attachment Increases the dollar amount

Defendent In intervention

owed to the creditor and increases the amount the debtor owes,
thus altering the equitable balance set by the Bankruptcy court between the
Debtor and the Creditor. In many of Thumas opinions concerning Remand and Review
the Judge explains the role of the Bankruptcy court and it's duties to perform as an Estates
Alter ego .
Only the Bankruptcy court is allowed to assume the role of alter ego of Fred Van Winkles
Estate, any other court that alters the balance created in bankruptcy court is assuming the
Alter Ego role. The State court ruling allowing lien re-attachment, because it alters the
equitability, assumes the Alter Ego Role, itself changing that equitable balance created by
the bankruptcy court between debtor and creditor.
This is not in the best interest of defendant in intervention Brian VW.
This case is eligible for removal from State court.
JudgeThuma and the BAP offer support of this in their opinions.

The state court has assumed the role of Alter Ego and changed the economics set forth by
the bankruptcy court. This proceeding now becomes a "core issue" to the
Estate of Fred Van Winkle making it elligible for review, for recall, and removal before this
Bankruptcy court.making this to now become a violation of 524(a) (2).

N.M. Law also says that lien re-attachment is only applicable to the original
Mortgagor, in this case the original mortgagor died during bankruptcy.

The supreme court is the only federal court empowered to exercise appellate
jurisdiction over actually-decided claims in state court judgements.
As very recently clarified by the tenth circuit court of appeals in
Mayotte v. U.S.Bank, N. A. a Rooker-Feldman issue only exists to the extent
a federal action " tries to modify or set aside a state-court judgement
because state proceedings should not have led to that judgement."
in other words, there is a Rooker-feldman issue if the federal suit alleges
that a defect in the state court proceedings should invalidate the state judgement.
to reverse or modify a state court judgement.

IN REGARDS TO DAMAGES

In his opinion Judge Thuma says:
" The court cannot award any amounts for property damage, but notes that plantiff may have
recourse from the following NM statute:
   Whenever any property shall be redeemed under the terms or the provisions of any section of
this act, the purchaser, his personal representitives or assignes shall have the growing crops
upon such lands and shall not be responsible for rents and profits, but shall
account only for waste. If the defendents have commited waste on the subdivision property,
they would be liable to plaintiff for that."
I would like to petition the court to appoint contractors to be assigned to give bids on
repairing and replacing any damages that may have occured since 2014 or from the time
Williams was awarded his master Deed. BrianVW request that this be done ASAP upon activation

Defendent In intervention

of redemption under protection of this court.

The Bap ruled the way they did because the redemption issue was stayed in state
 court...Williams was not pursuing collections in personam. Since Judge Counts has ruled in
favor of lien reattachment he is now persuing in personam and has altered the equitable
balance between debtor and creditor and made this a "core issue" eligible for review by
the B.C.
Sanctions are called for in light of his relentless attempts in pursuit to collect a discharged
debt through under handed legal methods .

Despite the amount of time, money and attention dedicated to litigation in this case,
the estate heirs continue this fight for their Redemption and homestead rights in pursuit of
justice inspite of The hardships over the past 11 yrs and will continue as long as
Mr. Williams continues to relentlessly pursue and attack the Estate.
this he has done by hidding behind and weaponizing an obscure law that appears to be in
favor of lien perpetuality regardless of the envolvment of an original morgagor or not.
If allowed to prevail in this light as presented to the courts as justice, Tryranny evolves in our
judicial system.  The BAP noted that Mr. Williams' continued litigation methods resembled
what is called " scorched earth" . The Brief Mr. Williams provided requesting Judge Counts
To allow the Discharged liens to re attach is self incriminating as to his real intentions to
persue the estate in Personam vr. In Rem.  Sanctions are Called for to prevent future litigators from
following the same or similar path under relative circumstances.

Thank You, Defendant in Intervention.
Brian Van Winkle ,  Monday June The 9th, 2019

———————————     /  / 19