FILED
12th JUDICIAL DISTRICT COURT
Otero County
4/26/2019 11:18 AM
KATINA WATSON
CLERK OF THE COURT
Sven Michael Sears

TWELFTH JUDICIAL DISTRICT COURT
COUNTY OF OTERO
STATE OF NEW MEXICO

BELLEVIEW VALLEY LAND CO.,
A New Mexico corporation, and JOHN
H. WILLIAMS, and ELLEN B. WILLIAMS,
husband and wife,

        Plaintiffs,

v.

TAMMY SPRAUGE, Personal Representative
of the Estate of FRED VAN WINKLE, Deceased,

        Defendants.

And

BRIAN VAN WINKLE and JUDITH A.
VAN WINKLE, husband and wife,

        Defendants-in-Intervention.

IN RE:
CASE No.-13-11743-17
Case No 15-1047

Cause No. D-1215-CV-2010-1054
Division II

## MINUTE ORDER

**THIS MATTER** came before the Court on March 11, 2019 on Plaintiffs' Motion for Summary Judgment. Plaintiffs appeared through counsel, Kenneth Dugan. Defendants appeared through counsel, Kyle Moberly. The Court having heard arguments of counsel and being otherwise fully advised in the premises, finds the following material facts are undisputed:

1. The Court conducted a trial on the merits involving the same parties (Fred Van Winkle and Brian Van Winkle) and real property involved herein on August 13, 2010, in Cause No. D-1215-CV-200800076.

2. Plaintiffs obtained judgement against Fred Van Winkle in the amount of $243,944.31.

3. On August 17, 2010, Plaintiffs recorded a Transcript of Judgment reflecting the judgment with the County Clerk of Otero County New Mexico.

4. On December 16, 2010, Plaintiffs file their Complaint to Foreclose Judgment Lien, seeking to foreclose on the judgment lien.

5. On or about September 1, 2011, the foreclosure action was stayed due to Fred Van Winkle filing for relief under Chapter 13 of the Bankruptcy Code. Said bankruptcy petition was dismissed due to failure to perform under the plan.

6. Fred Van Winkle filed a subsequent bankruptcy petition under Chapter 7. Fred Van Winkle ultimately obtained a discharge in the Chapter 7 action.

7. Plaintiffs filed an adversary action in Bankruptcy Court to lift the stay and the judge, the Honorable Robert H. Jacobvitz, lifted the stay and permitted Plaintiffs to proceed to foreclosure to enforce their judgment lien as to Debtor's Otero County property.

8. Plaintiffs obtained a judgment in foreclosure and the subject property herein was sold at a special master's sale.

9. Plaintiffs bid $67,000.00 at the special master's sale. That was the high (and only bid), and Plaintiffs took title to the property Special Master's Deed.

10. Defendant and Defendants-in Intervention are seeking to redeem the property for the amount of the bid paid for the property free of any liens.

11. Defendant and Defendants-in Intervention are not bona fide purchasers in good faith.

12. The estate of Fred Van Winkle has no assets.

THE COURT MAKES THE FOLLOWING CONCLUSIONS OF LAW:

A. "[T]he real estate may be redeemed by the former defendant owner of the real estate...by paying to the purchaser, at any time within nine months from the date of sale, the amount

paid at the sale, with interest from the date of sale at the rate of ten percent a year, together with all taxes, interest and penalties thereon, and all payments made to satisfy in whole or in part any prior lien or mortgage not foreclosed, paid by the purchaser after the date of sale, with interest on the taxes, interest, penalties and payments made on liens or mortgages at the rate of ten percent a year from the date of payment." §39-5-18 NMSA 1978

B. Plaintiffs' judicial lien was not fully satisfied by the foreclosure on Fred Van Winkle's land. Plaintiffs have the right to seek satisfaction of their judgment from the former defendant owner. Since the only asset of the Fred Van Winkle estate would be the subject property, Plaintiffs would be able to seek payment of their judgment by again proceeding against the real property herein.

C. At a hearing on redemption, "the judge shall determine the amount of money necessary for the redemption, which shall include the money paid at the sale and all taxes, interest, penalties and payments made in satisfaction of liens, mortgages and encumbrances." §39-5-18 NMSA 1978

D. There are no issues of material fact, and thus, summary judgement is appropriate.

WHEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED that Plaintiffs are granted summary judgment and in the event Defendants and/or Defendants-in-Intervention redeem the property herein, Plaintiffs' judgment lien is reinstated. Plaintiffs shall be entitled to simultaneous foreclosure of their lien and the property shall be placed for sale under the same terms and conditions previously imposed herein. Mr. Dugan shall prepare an order that reflects the Court's ruling herein.

JAMES WAYLON COUNTS
DISTRICT JUDGE

CC: Kenneth Dugan, Esquire
Kyle Moberly, Esquire