# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

**In Re Fred Dale Van Winkle,**
    Debtor,

**Tammy Sprague,** personal representative
of the estate of **Fred Dale Van Winkle,**
    Plaintiff-Appellee,

v.

**John Williams, Ellen B. Williams,** and
**Belleview Valley Land Co., Inc.**
    Defendants-Appellants.

Bankr. No. 13-11743-t7
Adv. No 15-01047
Chapter 7

## RESPONSE TO MOTION TO REQUEST FOR RECOGNIZING BRIAN VAN WINKLE'S RIGHT OF INTERVENTION AS ESTATE PERSONAL REPRESENTATIVE AND SIMULTANEOUS REQUEST FOR REMOVAL OF A STATE COURT RULING ACTION

    COME NOW, John Williams, Ellen B. Williams and Belleview Valley Land Co., Inc. *(collectively, "Defendants")*, and files this Response to the pleading filed by Brian Van Winkle on or about June 18, 2019, entitled "Motion to Request for Recognizing Brian Van Winkle's Right of Intervention as Estate Personal Representative, and Simultaneous Request for Removal of a State Court Ruling Action (the "*Motion*") and show:

### I. SUMMARY OF RESPONSE

    This Court closed this case on June 18, 2019 at 7:19 a.m. Thereafter, Brian Van Winkle ("*Brian*") filed his Motion purporting to request intervention as personal representative for the Estate of Fred Van Winkle (the "*Estate*") and removal of state court ruling. Defendants believe the Motion is improper and should not even require a response. The file is closed, and no party may file a motion with the court until the Court receives a proper motion to re-open, filed by a

proper party and based on proper grounds. In fact, Brian is not authorized to file a motion to re-open, nor the Motion he did file. Even if he were so authorized, the Motion should be denied for numerous reasons. Accordingly, if the Court considers the Motion (which it should not), the Motion should be denied without further hearing or pleading. Again, however, it would be error to even rule on the Motion at this point.

## II. ARGUMENT AND AUTHORITIES

The Motion should be ignored and/or denied on many grounds.

### A. The Court Lacks Jurisdiction Without a Predicate Motion to Re-open and Actual Re-opening.

This case was closed at 7:19 a.m. on June 18, 2019. Brian filed his Motion thereafter. In the Motion, Brian purports to file it "pro se" as a "defendant in intervention." Brian requests to substitute in as the estate personal representative and represent the Estate and requests the court to "grant an order removing Tammy Sprague personal representative." (Motion, p. 1). Tammy Sprague was as, and continues to be, the Personal Representative of the Estate. Brian is not currently the Personal Representative. Brian is an heir to the decedent debtor, Fred Van Winkle. Tammy Sprague is the court-appointed personal representative of the Estate of Fred Van Winkle. (*See*: Lincoln County, New Mexico Probate Court No. 2728 & more specifically **Exhibits "A" &"B."**) Brian lacks standing to re-open this case, and the Motion should, therefore, be denied. [Further, this Court lacks subject matter jurisdiction to appoint, remove or substitute a Personal Representative in a probate proceeding.]

The bankruptcy court can re-open a closed bankruptcy file under 11 U.S.C.A. §350. However, the Tenth Circuit has expressly limited standing to request re-opening of a bankruptcy case to the debtor, a creditor of the debtor, or the trustee. *In re Alpex Computer Corp.*, 71 F.3d 353, 354 (10th Cir. 1995). Only those parties "have a particular and direct stake in reopening

cognizable under the Bankruptcy Code." Id., at 356. In *Alpex*, the Court held a defendant in an infringement suit brought by the debtor lacked standing to reopen the bankruptcy case because it was not a debtor, creditor or trustee of the bankrupt estate. Accordingly, the court ordered dismissal.

Brian Van Winkle similarly lacks standing, and his Motion must be denied. Brian did not file a predicate motion to reopen. Therefore, the Court lacks jurisdiction and authority to reopen. However, even if he did file such a motion, Brian is not a debtor, creditor or trustee. Brian claims to have invested in the redemption right that the Trustee disclaimed in the bankruptcy. That does not make him the debtor, a creditor of the debtor, nor the trustee. Thus, Brian lacks standing to reopen, and his motion should be denied. *See also In re Yoder Co.*, 158 B.R. 99, 100–01 (Bankr. N.D. Ohio 1993) (holding purchaser of bankruptcy assets lacks standing to request re-opening of estate).

### B. Brian Cannot Be Permitted to Represent the Estate Pro Se.

Brian files his motion "pro se," asking to be appointed the personal representative of the Estate. However, Brian is not an attorney. In federal court, a non-lawyer may not appear for and practice law on behalf of an entity, such as the debtor's estate. *In re Shattuck*, 411 B.R. 378, 383 (10th Cir. BAP (Colo.) 2009) (holding a non-lawyer may not act in a representative capacity on behalf of the receivership estate); *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir.1997) (non-attorney executrix of probate estate was not permitted to appear pro se to defend estate against claims made in federal litigation because the estate had creditors and beneficiaries other than the executrix and she would be advocating the rights of others in violation of 28 U.S.C. § 1654); *Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 347–48 (8th Cir.1994) (non-lawyer trustee lacked legal capacity to represent trust); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696,

697–98 (9th Cir.1987) (non-attorney trustee had no authority to appear for trust); *Bell v. S. Bay European Corp.*, 486 F.Supp.2d 257, 259 (S.D.N.Y.2007) (trusts are "artificial creatures of state law" that cannot appear in court through lay persons); *Alpha Land Co. v. Little*, 238 F.R.D. 497, 502 (E.D.Cal.2006) (action by non-attorney trustee on behalf of trust dismissed for lack of standing). New Mexico law is the same. *Lee v. Catron*, 2009-NMCA-018, ¶¶ 4-8, 145 N.M. 573 ("Where one is acting as a fiduciary for the benefit of others, he may not present arguments to a court pro se.")

The estate representative necessarily represents the debtor and the creditors of the estate. Shattuck, 411 B.R. at 383. However, only a licensed attorney may appear in federal court on behalf of other parties. Id. Therefore, a non-lawyer simply cannot seek to represent the estate pro se. *Id*; *In re Metheney*, No. 15-10408-J7, 2015 WL 4627885, at *1–2 (Bankr. D.N.M. Aug. 3, 2015) (opinion by Judge Jacobvitz holding co-personal representative and property manager of Estate could not initiate an adversary proceeding *pro se*); *McConnell v. Bd. of Cty. Commissioners for Cty. of Rio Arriba*, No. CV 09-522 MCA/WPL, 2009 WL 10706705, at *2 (D.N.M. Dec. 31, 2009) (unpublished opinion) (holding, "a pro se plaintiff may not seek to represent the interests of third parties in federal court").

Brian is not an attorney. Brian would be illegally practicing law without a license to file a motion for the estate or its creditors. Brian is not represented by counsel. In fact, in his attachments to his motion Brian clearly identifies that he tried to find an attorney, but they told him his arguments are frivolous. In fact, his arguments are frivolous. Regardless, Brian may not represent the Estate *pro se*, and, therefore, Brian's motion is illegal and must be denied.

### C. Brian Failed to Pay the Filing Fees.

Brian did not pay the Court its due filing fees, claiming that any fees should be "waved until the Estate account is reopen and has funds." (Motion, p. 2). Under the above authority, Brian lacks standing or authority to request waiver of the fees because he is not a lawyer and is seeking illegally to represent an entity. *David M. McCrary Estate & Tr. v. Lowes Corp.*, No. 2:07CV346JTG, 2007 WL 3306643, at *1 (D. Utah Nov. 5, 2007) (non-published opinion) (holding application to proceed *in forma pauperis* could not be granted because plaintiff was not eligible to proceed in any capacity as a non-lawyer seeking to represent an estate and trust pro se).

### D. Brian Cannot Show Good Cause to Reopen

Even if Brian had standing to request re-opening and had done so, Brian simply cannot show good cause that would permit re-opening this case. Brian seeks to re-open the case for the sole purpose of removing the state court proceeding to this court because he does not like the ruling by District Court Judge Counts. That is not sufficient cause to re-open a closed bankruptcy case. *In re Iannacone*, 21 B.R. 153 (Bkrtcy.D.Mass. 1982) (holding debtor's desire to litigate issue, of creditor's actual knowledge of bankruptcy proceeding, in bankruptcy court rather than state court was insufficient to "accord relief" or to constitute "cause" for reopening case).

Brian apparently seeks a ruling herein pertaining to the redemption right and the non-dischargebility of certain debts. Those are issues over which the bankruptcy and state court have concurrent jurisdiction. And, because another competent court is addressing the issue, this court simply lacks authority to re-open the file to wrestle away that concurrent jurisdiction. *In re Strano*, 248 B.R. 493 (Bkrtcy. D.N.J. 2000) (bankruptcy court would not reopen no-asset

Chapter 7 case to allow complaint to be filed for determination of nondischargeability of unscheduled debt, as one for debtor's intentional tort, where there was pending state court action); *In re Littlefield*, 17 B.R. 549 (Bkrtcy. D.Me. 1982) (bankruptcy court had only concurrent jurisdiction with state court to determine dischargeability of debtor's obligation to his former spouse and where that former obligation was found to be nondischargeable by state court of competent jurisdiction, debtor was not entitled to reopen his Chapter 7 case); *In re Raskin*, 78 B.R. 343 (Bkrtcy. S.D.Fla. 1987) (Chapter 7 debtors would not be allowed to reopen their case to avoid judicial lien on property claimed as homestead, where debtors could not obtain relief under Bankruptcy Code which was not equally available under state law in state court).

The fact that Brian does not like the ruling of the state court simply is not adequate grounds to re-open this file and remove that state court proceeding. *In re Gianopolous*, 584 B.R. 598 (Bkrtcy. S.D.N.Y. 2018) (reopening debtor's Chapter 7 case to obtain order staying creditor from prosecuting state court action, which sought to enforce guaranty executed by debtor's brother and claimed that debtor fraudulently induced creditor to make loan, was not permitted); *In re Hepburn*, Bkrtcy., 27 B.R. 135 (E.D.N.Y. 1983) (case in which trustee did not assume residential lease would not be reopened to provide for declaration that lease was at an end, as state courts, in a dispossessory proceeding, were as able as bankruptcy court to apply the law of bankruptcy).

### E. <u>Brian's Claims Are Barred by Rule of the Case and Res Judicata.</u>

The question of whether a bankruptcy court may reopen a debtor's case is also dependent upon whether the court has authority to conduct the business that the party is requesting once the case is reopened. *Matter of Hanks*, 182 B.R. 930 (Bkrtcy.N.D.Ga. 1995). In this case, Brian Van Winkle is requesting this Court to overrule Judge Counts and hold that the lien on the Otero

County property was discharged entirely in bankruptcy and should not be allowed to re-attach through the redemption process. (Motion, attachment, p. 1)(" The state court under Judge Counts has just recently allowed a Discharged debt set forth by this Bankruptcy court to be allowed. In state court, in doing so, the state court has upset the balance provided by this court between Debtor and Creditor. This has also put Redemption funds deposited with the state court at risk. This ruling allows perpetual lien reattachment if left as Is.").

That issue – the reattachment of the lien upon redemption by the debtor – was addressed by the Bankruptcy Appellate Panel ("BAP") in its opinion in this case issued on April 3, 2018. The BAP ruled that, under New Mexico law, that a judgment lien follows real property in bankruptcy and the debtor can re-foreclose property redeemed by the original debtor in state court. (BAP Opinion, pp. 12-14). Accordingly, the BAP reversed this court and held that Defendants' efforts to re-foreclose and collect the redemption monies in the state court proceeding was not a violation of the automatic stay. Id.

The BAP opinion is final. This court and the parties hereto are bound by the BAP opinion under the rule of the case and *res judicata* principles. Therefore, this Court simply could not open back up to conduct the business Brian is requesting, even if it wanted to do so.

F. **This Court Lacks Jurisdiction to Remove Tammy Sprague**

Also, Brian cannot intervene and seek removal of the case, until the current personal representative, Tammy Sprague, is removed. This Court lacks jurisdiction or grounds to remove Tammy Sprague. There is no evidence Mrs. Sprague breached any duties to the Estate or is otherwise subject to removal. *Matter of Estate of Robbin*, 230 Mont. 30, 34, 747 P.2d 869, 871 (Mont. 1987) (refusing removal without evidence of wrongdoing and noting, "The appointment of a personal representative should not be annulled except under the most extreme

circumstances."). Removal of a personal representative is a drastic action and should only be resorted to when administration of estate is endangered. *In re Murphy's Estate*, 336 So.2d 697 (Fla. App. 4 Dist. 1976). In this case, there is no estate to endanger. There certainly are no grounds to remove Tammy Sprague as personal representative.

Even if there were, this Court lacks jurisdiction to remove the personal representative. *Jones v. Harper*, 55 F. Supp. 2d 530 (S.D.W. Va. 1999) (probate exception to federal jurisdiction precluded court from removing husband as personal representative). The state court probate judge, or Judge Counts, would be the appropriate court to remove Mrs. Sprague. Judge Counts has assumed authority over the res (the redemption right, redemption payment and real property at issue), and this Court may not usurp that jurisdiction. Id. (holding the probate exception prohibits federal courts from exercising jurisdiction over property that is in the possession of a state court).

Notably, Brian Van Winkle already tried unsuccessfully to intervene in the pending state court proceeding before Judge Counts. Brian apparently already recognized the authority of the state court judge to decide that issue. Judge Counts refused his request. Having been told by mom "no," Brian now comes to dad. That is entirely improper.

### G. Other Grounds for Denial Exist.

Defendants could (and when required will) provide further grounds for denying Brian's many requests. However, this case has gone on long enough, and Defendants should not be required to even file a response to a motion filed by a non-lawyer *pro se* in violation of the bankruptcy and general federal rules. When and if Brian hires an attorney and files the correct and legal motions, Defendants will further identify the additional grounds for denial of the requested relief.

**WHEREFORE**, the Motion should be denied (and/or ignored by the Court) and Defendants should receive such other relief to which they are entitled.

**Martin, Dugan & Martin**

By_____
W. T. Martin, Jr.
509 W. Pierce St.
P.O. Box 2168
Carlsbad, NM 88221-2168
(575) 887-3528
Fax (575) 887-2136
e-mail: martinlaw@zianet.com
Attorneys for BVL & Williams

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2019, I served copies of the foregoing pleading on the following persons:

R. Trey Arvizu, III,
P.O. Box 1479
Las Cruces, NM 88004

Brian Van Winkle
P.O. Box 2595
Ruidoso, NM 88355

**Martin, Dugan & Martin**

By_____
W. T. Martin, Jr.
