```
                              United States Bankruptcy Court
                                  District of New Mexico
In re:                                                            Case No. 13-11743-t
Fred Dale Van Winkle                                              Chapter 7
         Debtor                  CERTIFICATE OF NOTICE
District/off: 1084-1          User: admin                 Page 1 of 1         Date Rcvd: Aug 08, 2019
                              Form ID: pdfor1             Total Noticed: 1
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 10, 2019.
cr             +Brian Van Winkle,    PO Box 2595,    Ruidoso, NM 88355-2595

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                TOTAL: 0

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 10, 2019                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 8, 2019 at the address(es) listed below:
              Alice Nystel Page    on behalf of U.S. Trustee    United States Trustee Alice.N.Page@usdoj.gov
              Clarke  C. Coll     on behalf of Trustee Clarke C. Coll clarkecoll@gmail.com,    nm14@ecfcbis.com
              Clarke C. Coll     clarkecoll@gmail.com,    nm14@ecfcbis.com
              Jennie  Behles     on behalf of Defendant    Belleview Valley Land Co., Inc. filings@jdbehles.com,
               tammir@jdbehles.com;lawclerk3@jdbehles.com
              Jennie  Behles     on behalf of Defendant Ellen B. Williams filings@jdbehles.com,
               tammir@jdbehles.com;lawclerk3@jdbehles.com
              Jennie  Behles     on behalf of Defendant John  Williams filings@jdbehles.com,
               tammir@jdbehles.com;lawclerk3@jdbehles.com
              R Trey Arvizu, III    on behalf of Debtor Fred Dale Van Winkle trey@arvizulaw.com,
               eva@arvizulaw.com;shawna@arvizulaw.com;lydia@arvizulaw.com
              R Trey Arvizu, III    on behalf of Plaintiff    Tammy Sprague as PR for the estate of Fred Dale Van
               Winkle trey@arvizulaw.com,    eva@arvizulaw.com;shawna@arvizulaw.com;lydia@arvizulaw.com
              United States Trustee    ustpregion20.aq.ecf@usdoj.gov
              W. T.  Martin Jr.    on behalf of Defendant John  Williams martinlaw@zianet.com,
               cgalloway@lawmdm.com
              W. T.  Martin Jr.    on behalf of Defendant    Belleview Valley Land Co., Inc. martinlaw@zianet.com,
               cgalloway@lawmdm.com
              W. T.  Martin Jr.    on behalf of Creditor    Belleview Land Co., Inc. martinlaw@zianet.com,
               cgalloway@lawmdm.com
              W. T.  Martin Jr.    on behalf of Defendant Ellen B. Williams martinlaw@zianet.com,
               cgalloway@lawmdm.com
                                                                                             TOTAL: 13

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

FRED DALE VAN WINKLE,                              Case No. 13-11743 t7

    Debtor.

### ORDER DENYING EMERGENCY MOTION FOR STAY OF DISTRICT COURT PROCEEDINGS

This matter came before the Court on Plaintiffs' Emergency Motion for Stay of District Court Proceedings, filed July 29, 2019, doc. 83 (the "Emergency Motion"). The Court was not notified about the Emergency Motion until the afternoon of August 8, 2019. Movant Brian Dale Van Winkle is concerned about a hearing that is scheduled to take place at 9:00 a.m. on August 9, 2019 in Alamogordo before Judge James Waylon Counts, in the pending action styled *Belleview Valley Land Co., et al., v. Fred Van Winkle,* case no. D-1215-CV-201001054, Alamogordo District Court, State of New Mexico (the "State Court Action").

Having reviewed the docket in the State Court Action and the dockets in this bankruptcy case and the related adversary proceeding, the Court FINDS and CONCLUDES that it cannot grant the relief requested in the Emergency Motion for, inter alia, the following reasons:

1.    The Court lacks jurisdiction over the State Court Action. This bankruptcy case has been closed since June 18, 2019. The adversary proceeding involving Belleview Valley Land Co. and the Williamses also is closed. Nothing is pending before the Court that would give the Court jurisdiction to stay the State Court Action.

2.    At a minimum, entry of an order staying the State Court Action would require (i) that the bankruptcy case be reopened; (ii) that an adversary proceeding be filed; (iii) that the

proceeding include a request for an injunction; and (iv) that the plaintiff file a separate motion for preliminary injunction. None of that has been done.

3. Alternatively, the bankruptcy case could be reopened and the State Court Action removed to this Court. That has not been done. If it had been done, it is not at all clear that the action would not have to be remanded to state court.

4. The crux of Movant's concern with the upcoming hearing in the State Court Action has to do with the reattachment of the Belleview/Williams judgment lien on real property owned by the Fred Van Winkle estate. This Court ruled that the bankruptcy discharge prevented the reattachment. That ruling, which the Court continues to believe was correct, was reversed by the Tenth Circuit Bankruptcy Appellate Panel. The reversal was not appealed to the Tenth Circuit Court of Appeals, and therefore is the law of the case. It is binding on this Court and on the state court. Given the decision of the Bankruptcy Appellate Panel, this Court is powerless to grant relief to the movant. If, as it appears, the state court is simply implementing the ruling of the Bankruptcy Appellate Panel, then it is doing no more than what it is bound to do.

WHEREFORE, the Emergency Motion is DENIED

_____
Hon. David T. Thuma
United States Bankruptcy Judge

Entered: August 8, 2019

Copies to: counsel of record

Brian Dale Van Winkle
P.O. Box 2595
Ruidoso, NM 88355