UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF NEW MEXICO

In re:

FRED DALE VAN WINKLE, and,  Case No. 13-11743-t7

    Debtor.

## MOTION TO REOPEN CASE

COMES NOW BRIAN VAN WINKLE ("**Van Winkle**") and TAMMY SPRAGUE ("**Sprague**" and, collectively with Van Winkle, "**Movants**"), by and through their undersigned counsel GAFFNEY LAW, PC (Joel Alan Gaffney, Esq.), for their Motion to Reopen Case state as follows:

## JURISDICTION AND VENUE

1. On May 21, 2013, Fred Dale Van Winkle ("**Debtor**") commenced the above-captioned bankruptcy case ("**Bankruptcy Case**") by filing a voluntary petition under Chapter 7 of title 11 of the United States Code ("**Bankruptcy Code**") in the District of New Mexico.

2. On June 25, 2015, the Bankruptcy Case was closed. On January 27, 2016, the Bankruptcy Case was reopened. On June 18, 2019, the Bankruptcy Case was reclosed.

3. This Court has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334.

4. Venue is proper in this Court under 28 U.S.C. § 1409.

5. This matter is a core proceeding under 28 U.S.C. § 157(b).

6. The statutory bases for this action are 11 U.S.C. §§ 105(a) and 350.

7. In the event that a court determines that the claims involved in this matter cannot be finally determined by this Court without the consent of the parties, the Movants give such consent.

## BASIS FOR RELIEF

8. 11 U.S.C § 350(b) provides: "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."

9. Movants desire to commence an adversary proceeding with a complaint substantially similar to the complaint attached hereto as **Exhibit A**.

10. The complaint attached hereto as Exhibit A seeks to recover damages on behalf of the Debtor's probate estate, which the Movants allege have resulted from violations of this Court's orders.

11. Reopening the case would permit this Court to hear and determine the issues related to enforcing its own orders.

**WHEREFORE**, Plaintiffs respectfully request that this Court reopen this bankruptcy case.

    Respectfully submitted,
    GAFFNEY LAW, PC

    *s/ Joel Alan Gaffney*
By:    Joel Alan Gaffney, Esq
    6565 America's Parkway # 200
    Albuquerque, NM 87110
    (505) 563-5508
    joel@gaffneylaw.com
    *Attorneys for Movants*

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF NEW MEXICO

In re:

FRED DALE VAN WINKLE, and,            Case No. 13-11743-t7

    Debtor.

---

BRIAN VAN WINKLE, and            Adv. No. 19-XXXXX-t
TAMMY SPRAGUE, not in their personal
capacities but solely as co-personal
representatives of the estate of Fred Van
Winkle,
        Plaintiffs,
  v.
BELLEVIEW VALLEY LAND CO., a New
Mexico corporation, JOHN H. WILLIAMS,
ELLEN B. WILLIAMS, and KENNETH D.
DUGAN,
        Defendants.

## COMPLAINT FOR SANCTIONS FOR VIOLATION OF COURT ORDER

COMES NOW BRIAN VAN WINKLE ("**Van Winkle**") and TAMMY SPRAGUE ("**Sprague**" and, collectively with Van Winkle, "**Plaintiffs**"), by and through their undersigned counsel GAFFNEY LAW, PC (Joel Alan Gaffney, Esq.), for their Complaint for Sanctions for Violation of Court Order ("**Complaint**") against Belleview Valley Land Co., a New Mexico corporation ("**Belleview**"), John H. Williams ("**Mr. Williams**"), Ellen B. Williams ("**Mrs. Williams**" and, collectively with Mr. Williams, the "**Williamses**"), and Kenneth D. Dugan ("**Dugan**" and, collectively with Belleview and the Williamses, "**Defendants**") state as follows:

## JURISDICTION AND VENUE

1. On May 21, 2013, Fred Dale Van Winkle ("**Debtor**") commenced the above-captioned bankruptcy case ("**Bankruptcy Case**") by filing a voluntary petition under Chapter 7 of title 11 of the United States Code ("**Bankruptcy Code**") in the District of New Mexico.

2. This Court has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334.

3. Venue is proper in this Court under 28 U.S.C. § 1409.

4. This matter is a core proceeding under 28 U.S.C. § 157(b).

5. The statutory bases for this action are 11 U.S.C. §§ 105(a) and 522.

6. In the event that a court determines that the claims involved in this Complaint cannot be finally determined by this Court without the consent of the parties, the Plaintiffs give such consent.

## PARTIES

7. Plaintiff Van Winkle is an individual who resides in New Mexico.

8. Plaintiff Sprague is an individual who resides in New Mexico.

9. The Debtor is deceased.

10. Plaintiffs are co-personal representatives of the estate of the Debtor under Letters of Administration issued by the Twelfth Judicial District Court of New Mexico, Lincoln County, on October 30, 2019 (Cause No: D-1226-CV-2019-00184).

11. On information and belief, Defendant Belleview was a Missouri corporation. It was dissolved for failure to file a registration report by the state of Missouri on or around November 8, 2007. It was formerly authorized to do business in New Mexico, but had its authority revoked by the state of New Mexico as a non-filer on or around March 3, 2008.

12. Defendant Mr. Williams is, on information and belief, an individual who resides in Missouri. He is or was the President of Defendant Belleview.

13. Defendant Mrs. Williams is, on information and belief, an individual who resides in Missouri. She is or was the Secretary of Defendant Belleview.

14. On information and belief, the Williamses are husband and wife and controlling shareholders of Belleview.

15. On information and belief, Defendant Dugan is an attorney licensed to practice law in New Mexico, is associated with the law firm Martin, Dugan & Martin, and is the attorney of record for Belleview and/or the Williamses in an action currently pending in the Twelfth Judicial District Court of New Mexico, Otero County ("**Otero Foreclosure**") (Cause No: D-1215-CV-2010-01054).

## THE BANKRUPTCY CASE

16. Belleview and the Williamses were creditors in the Bankruptcy Case, represented by the law firm Martin, Dugan & Martin.

17. On August 26, 2013, before the Debtor became deceased, this Court entered an order granting a discharge under 11 U.S.C § 727.

18. On January 27, 2015, the Court entered a Stipulated Order Resolving Motion to Avoid Judicial Lien of Belleview Valley Land Co., John Williams, and Ellen B. Williams ("**Avoidance Order**").

19. The Avoidance Order states: "The transcript of judgment lien of [Belleview and the Williamses] . . . is hereby partially avoided and attaches only to the extent of any value

over and above the stipulated property value of the Property ($100,000) less the payoff of the First Mortgage less the Debtor's allowed Homestead Exemption ($60,000)."

20. The Avoidance Order further states: "When the amount of the payoff of the First Mortgage is known, the Court will enter a further order establishing the exact amount of [Belleview and the Williamses'] judicial lien that can be applied against the Property."

## THE FORECLOSURE ACTIONS

21. On April 20, 2015, Belleview and the Williamses commenced an action in the Twelfth Judicial District Court of New Mexico, Lincoln County (Cause No: D-1226-CV-2015-00065), by filing a Complaint for Judgment for Debt and Money Due on Promissory Note, to Foreclose Real Estate Mortgage and to Foreclose Judgment Lien ("**Lincoln County Complaint**"). The Lincoln County Complaint contained material misrepresentations about the Avoidance Order. On May 19, 2015, the Lincoln County Complaint was amended, but the amendments did not cure the material misrepresentations about the Avoidance Order.

22. On June 24, 2015, Sprague commenced an adversary proceeding in this Court (Adv. Pro. No: 15-01047), by filing a Complaint for Declaratory Judgment, Damages for Both Violation of Bankruptcy Court's Discharge Order and Violation of Stipulated Order Resolving Motion to Avoid Judicial Lien and for Emergency Order Enforcing the Discharge Injunction to Stay any Further State Court Proceedings Pending Resolution of These Matters ("**First Sanctions Complaint**"). On February 22, 2019, this Court entered a final judgment on the First Sanctions Complaint awarding Debtor's estate $39,241.46 as damages for their contempt of the Avoidance Order.

23. On July 19, 2019, the Twelfth Judicial District Court of New Mexico, in a form of order that on information and belief was prepared by Defendant Dugan on behalf of Belleview and the Williamses, entered an Order on Plaintiff's Motion for Summary Judgment to Foreclose Judgment Lien and Supporting Brief in the Otero Foreclosure. That order states, "Plaintiffs have the right to seek satisfaction of their judgment, *in rem*, from the former defendant owner." Although the phrase "in rem" is included in this decretal paragraph, that gloss fails to disguise the clear intent to assess personal liability against the Debtor for a discharged obligation.

24. This conclusion is further bolstered by an order, entered on August 12, 2019, which, on information and belief, was prepared by Defendant Dugan on behalf of Belleview and the Williamses, titled Order on Plaintiff's Amended Motion to Distribute Redemption Sums and Enter Final Judgment. This order purports to deem the Debtor's estate's request to redeem property in Otero County withdrawn while simultaneously declaring that the funds paid into the court registry (which funds were acquired by the Debtor's estate after the Bankruptcy Case was filed) must be paid over to Belleview and the Williamses.

## CLAIM FOR RELIEF – CONTEMPT OF DISCHARGE ORDER

25. Plaintiffs incorporate by reference herein each preceding allegation as if fully set forth herein.

26. Each of the Defendants actively participated in the Bankruptcy Case and was aware, or can be charged with awareness, of the Debtor's discharge. Even with that knowledge, the Defendants have continued to pursue frivolous litigation tactics designed to collect on a debt that was discharged in that order.

27. Defendants have sought authority to collect their discharged debt from money deposits provided to the Debtor's estate after the Bankruptcy Case was filed, even though the Bankruptcy Code plainly prohibits such acts.

28. This continued aggressive litigation has caused Plaintiffs and the Debtor's estate significant damages in the form of attorneys fees, the time value of money, and potential waste to the subject properties. Defendants should be held liable for these damages.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment against Defendants sanctioning them in an amount to be determined at trial for their contumacious violation of the discharge order.

Respectfully submitted,

GAFFNEY LAW, PC

By: *s/ Joel Alan Gaffney*
Joel Alan Gaffney, Esq
6565 America's Parkway # 200
Albuquerque, NM 87110
(505) 563-5508
joel@gaffneylaw.com
*Attorneys for Plaintiffs*