FILED
12th JUDICIAL DISTRICT COURT
Otero County
8/12/2019 8:49 AM
KATINA WATSON
CLERK OF THE COURT
Serena Counts

# TWELFTH JUDICIAL DISTRICT COURT
# COUNTY OF OTERO
# STATE OF NEW MEXICO

BELLEVIEW VALLEY LAND CO, a New Mexico )
corporation, and John Williams and ELLEN B. )
WILLIAMS, husband and wife, )
                        )
            Plaintiffs, )      No. CV-2010-1054
                        )
vs. )
                        )
TAMMY SPRAGUE, PERSONAL )
REPRESENTATIVE OF THE )
ESTATE OF FRED VAN WINKLE, deceased, )
                        )
            Defendant.

## ORDER ON PLAINTIFFS' AMENDED MOTION TO DISTRIBUTE REDEMPTION SUMS AND ENTER FINAL JUDGMENT

PLAINTIFF'S
EXHIBIT

Girbaug No. 5113

CAME ON to be heard the *Plaintiffs' Amended Motion To Distribute Redemption Sums and Enter Final Judgment* (the "*Motion*") filed by **Belleview Valley Land Co.** ("BVL"), **John Williams** and **Ellen B. Williams** (collectively "*Plaintiffs*"). The parties were represented by counsel in the hearing on August 9, 2019. Plaintiffs appeared through counsel, Kenneth Dugan. Defendants appeared through counsel, Kyle Moberly. The Court having heard arguments of counsel and being otherwise fully advised, finds that the Motion should be and hereby is GRANTED for the reasons stated in the Motion.

The Court finds the following:

1.   On May 22, 2014, this Court entered a Final Judgment Foreclosing Plaintiff's Judgment Lien on the concerned property at issue described in Exhibit A hereto (the "Property").

2.   Defendant subsequently redeemed the Property at issue by filing a petition and depositing the stated sums. NMSA 1978, Section 39-5-18(A)(2)(2007). Accordingly, Defendant was entitled to a hearing and issuance of a certificate of redemption under such terms as this Court deems just, including payment of all remaining owing sums. NMSA 1978, Section 39-5-18(C)(2007).

3.   By Order entered on July 19, 2019, this Court ordered Defendant to elect within ten (10) days whether Defendant desired to proceed to hearing on issuance of the certificate of redemption or to withdraw the request for issuance of redemption. That order expressly provided failure by Defendant to so elect within the required time-frame would deem Defendant to have elected withdrawal of the request for issuance of a certificate of redemption.

1

4.     Defendant did not timely file the required election. Accordingly, Defendant is deemed to have elected withdrawal of the request for issuance of a certificate of redemption.

5.     By election, Defendant forfeited and/or waived the right to issuance of the certificate of redemption and to re-acquire legal title to the real property at issue pursuant to the redemption.

6.     Defendant irrevocably deposited $73,200.94 (the "Deposited Funds") into the registry of the court pursuant to Court Order dated April 21, 2015.

7.     The Estate waived any title or interest in the Deposited Funds when it procured a Court Order authorizing deposit and then tendered the Deposited Funds into the court registry without condition.

8.     The Plaintiffs are entitled to receive the Deposited Funds, $73,200.94, plus the interest earned.

9.     With interest, the amount of the Deposited Funds is $73,454.37, as of August 1, 2019.

10.     By Order dated July 28, 2014, the Court previously reduced the amount of the *in rem* Deficiency Judgment from $338,905.61 to $271,905.61, accounting for the $67,000.00 bid by the purchasers at the foreclosure sale of the Property.

11.     In fact, pursuant to this Order, Plaintiffs are now receiving $73,454.37, instead of $67,000.00. Accordingly, the deficiency judgment should be reduced to $265,451.24, to account for the excess amount in the Deposited Funds above the bid amount and interest (i.e., $6,454.37).

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by this Court:

A.  Plaintiff's Motion is Granted for the reasons stated therein.

B.  Judgment is hereby entered granting Plaintiffs John and Ellen Williams legal title, equitable title and possession of the Property pursuant to the Special Master Deed executed on July 8, 2014 and recorded in Otero County on July 25, 2014, free and clear of any claims of Defendant in redemption or otherwise.

C.  The Clerk is hereby ordered to disburse to Plaintiffs John H. Williams and Ellen B. Williams the Deposited Sums ($73,200.94), together with any interest, if any, that was earned on the funds since deposit.

D.  Plaintiffs are hereby granted a continuing *in rem* Deficiency Judgment against Defendant in the amount of $265,451.24, which shall continue to accrue interest at the rate of 8.75% per annum calculated from July 28, 2014 until paid in full, as previously authorized in the ***Final Judgment Foreclosing Plaintiffs' Judgment Lien*** entered on May 22, 2014. [NOTE: This judgment is *in rem* only].

E.  This is a Final Judgment.

_____
Honorable Judge James Waylon Counts

Approved as to form:

_____
W.T. Martin, Jr., counsel for Plaintiffs

_____
Kyle Moberly, counsel for Defendant

3

FILED
12TH JUDICIAL DISTRICT COURT
OTERO COUNTY NM
7/23/2014 8:43:16 AM
KATINA WATSON
CLERK OF COURT
Angela Harris

# TWELFTH JUDICIAL DISTRICT COURT
## COUNTY OF OTERO
## STATE OF NEW MEXICO

BELLEVIEW VALLEY LAND CO., a New
Mexico corporation, and JOHN H. WILLIAMS,
and ELLEN B. WILLIAMS, husband and wife,

    Plaintiffs,

vs.

           CV-2010-1054
           Judge Counts

TAMMY SPRAGUE, PERSONAL
REPRESENTATIVE OF THE ESTATE OF
FRED VAN WINKLE, Deceased,

    Defendant

And

BRIAN VAN WINKLE and JUDITH A.
VAN WINKLE, his wife,

    Defendants-in-Intervention.

## ORDER APPROVING SPECIAL MASTER'S REPORT & GRANTING DEFICIENCY JUDGMENT

SUBMITTED BY:
Martin, Dugan & Martin
W. T. Martin, Jr.
509 W. Pierce St.
P.O. Box 2168
Carlsbad, NM 88221-2168
(575) 887-3528
Fax (575) 887-2136
e-mail: martinlaw@zianet.com


PLAINTIFF'S
EXHIBIT

THIS MATTER came before this Court upon the Report of the Special Master on the foreclosure sale held by John R. Hakanson, the Special Master, pursuant to the Order of this Court, and the Court having considered the Special Master's Report and being fully advised, finds:

1. Following Fred Van Winkle's death, Tammy Sprague, as Personal Representative of the Estate of Fred Van Winkle, Deceased, (*hereinafter referred to as the "PR."*) has previously been substituted as the Defendant.

2. This Court has previously denied the PR's motion seeking a postponement of the Special Master's Sale.

3. John R. Hakanson, the Special Master, conducted the Special Master's Sale on the 8th day of July 2014 at 10:00 am at the west door of the Otero County Courthouse in Alamogordo, New Mexico.

4. The Special Master has filed his Report regarding the Special Master's Sale.

   a. This Court should approve the sale the Special Master conducted and reported herein, as well as all the Special Master's acts.

   b. The Special Master's request for authorization to execute and deliver a Special Master's Deed to the successful bidders should be granted.

5. The Special Master's Sale was not sufficient to satisfy the entire *Final Judgment Foreclosing Plaintiffs' Judgment Lien.* As of the date of the Special Master's Sale, there remains an unsatisfied deficiency for the amount of the *Final Judgment Foreclosing Plaintiffs' Judgment Lien* entered on May 22, 2014, less the amount of proceeds derived from the Special Master's Sale. Plaintiffs are entitled to a deficiency judgment carrying with it the *in rem* authority to enforce that the Plaintiffs held at the time of granting of the Foreclosure Judgment and the sale of the subject real property. Plaintiffs are also entitled to the rights of the holder of a deficiency judgment as contained in Chapel v. Nevitt, 145 N.M. 674, 685, 203 P.3d 889, 900, 2009-NMCA-017.

2

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by this Court:

1. That the Report of the Special Master filed be, and it hereby is, ratified, confirmed and approved.

2. That the acts of the Special Master as reported are ratified, confirmed and approved.

3. That the sale of the real property described in the Notice of Sale, in favor of John H. Williams and Ellen B. Williams, the highest and best bidders at the sale, be and it is hereby ratified, confirmed and approved.

4. That the Special Master be, and he hereby is, authorized, ordered and directed to forthwith deliver to John H. Williams and Ellen B. Williams a Special Master's Deed.

5. That upon delivery of the Special Master's Deed, John H. Williams and Ellen B. Williams be and hereby are confirmed as the owners of all the real property described in the Special Master's Deed, free and clear of any and all claims.

6. Plaintiffs are granted a Deficiency Judgment in the amount of $271,1905.61, which shall continue to accrue interest at the rate of 8.75% per annum as previously authorized in the *Final Judgment Foreclosing Plaintiffs' Judgment Lien.*

   a. The deficiency is a lien on the debtor's [the Defendant's] real estate. While no deficiency judgment is granted on an *in personam* basis against the Estate of Fred Van Winkle, deceased, the lien created by the deficiency is collectable as provided in Chapel v. Nevitt, 145 N.M. 674, 685, 203 P.3d 889, 900, 2009-NMCA-017. The deficiency also remains collectable by the Plaintiffs through

3

legal action, or actions, to enforce judgment liens as they may exist in other New Mexico counties.

_James Waylon Counts_
District Judge

SUBMITTED & APPROVED:

MARTIN, DUGAN & MARTIN

By_____
    W. T. Martin, Jr.
    509 W. Pierce St.
    P.O. Box 2168
    Carlsbad, NM 88221-2168
    (575) 887-3528
    Fax (575) 887-3528
    e-mail: martinlaw@zianet.com
    Attorney for Plaintiffs

4

FILED
12th JUDICIAL DISTRICT COURT
Otero County
7/24/2019 3:55 PM
KATINA WATSON
CLERK OF THE COURT
Sven Michael Sears

# TWELFTH JUDICIAL DISTRICT COURT
# COUNTY OF OTERO
# STATE OF NEW MEXICO

BELLEVIEW VALLEY LAND CO, a New Mexico corporation, )
and **John Williams** and ELLEN B. WILLIAMS, husband )
and wife, )
)
)
                       Plaintiffs, )     No. CV-2010-01054
)
VS. )
)
THE ESTATE OF FRED VAN WINKLE, deceased, )
)
                       Defendant. )

## PLAINTIFFS' AMENDED MOTION TO DISTRIBUTE REDEMPTION SUMS AND ENTER FINAL JUDGMENT

Martin, Dugan & Martin
W. T. Martin, Jr. & Kenneth D. Dugan
509 W. Pierce St.
P.O. Box 2168
Carlsbad, NM 88221-2168
(575) 887-3528
Fax (575) 887-2136
e-mail: martinlaw@zianet.com

PLAINTIFF'S
EXHIBIT
12

COME NOW Belleview Valley Land Co. ("BVL"), John Williams and Ellen B. Williams *(collectively "Plaintiffs"),* by and through their attorneys, W. T. Martin, Jr., and Kenneth D. Dugan, of Martin, Dugan & Martin, and for Motion to Distribute Redemption Sums and Enter Final Judgment against the **Estate of Fred Van Winkle** and personal representative **Tammy Sprague** (collectively, *"Defendants"*) and state:

## I.     SUMMARY OF MOTION

On July 19, 2019, this Court ordered Defendants to elect whether they will proceed with or withdraw the request for a certificate of redemption.  This Court subsequently set August 9, 2019, as the date of final hearing.  Plaintiffs anticipate Defendants will elect to withdraw their request for a certificate of redemption.  In that event, the sole remaining issue will be release of the monies in the court's registry.  In anticipation of Defendants' election, Plaintiffs file this motion requesting release to Plaintiffs of the monies in the Court's registry.  Plaintiffs seek to assure Defendants have 15 days to file a response to this Motion, and therefore file it now, even before the election.   If, on some outside chance, Defendants elect to proceed with the redemption, this Court may simply proceed in the August 9 hearing to set the final redemption amounts and enter an order conditioning the redemption on paying the additional funds and then ordering the property re-foreclosed and re-sold under the same prior terms.  Again, it is highly unlikely that will be the outcome.

Plaintiffs file this "amended" motion to correct various errors in the original motion, to reference additional case authority recently located, and to make clear that Plaintiffs seek, above all else, to protect their right to maintain possession and legal title to the real property at issue.

## II.     FACTUAL BACKGROUND

1.     In August 2010, Plaintiffs obtained judgment against Fred Van Winkle in the amount of $243,944.31.

1

2. Following a foreclosure action, on May 22, 2014, Plaintiffs obtained judgment in foreclosure in this Court for $333,817.73 (plus continuing interest and possible attorneys' fees).

3. The subject property was then sold at a special master's sale.

4. Plaintiffs bid $67,000.00 at the special master's sale. That was the high (and only) bid, and Plaintiffs took title to the property by Special Master's Deed.

5. The Special Master's Report confirms the distribution of the $67,000.00 proceeds as follows:

   a. Special Master's Fee: $200.00;

   b. Publication Costs: $698.01;

   c. Attorneys' Fees and Costs: $23,758.48; and

   d. Plaintiffs: $42,343.51

   The Special Master confirmed the remaining deficiency was $271,905.61.

6. On July 28, 2014, this Court issued its Amended Order Approving Special Master's Report & Granting Deficiency Judgment, which order confirmed the sale and granted Plaintiffs a continuing *in rem* deficiency judgment on the Property in the amount of $271,905.61, plus interest.

7. Defendants did not appeal that Order, and therefore, waived any objections.

8. On August 8, 2014, Plaintiffs recorded their transcript of judgment with the Otero County Clerk, again perfecting their judgment lien on the Defendants' property in the amount of $271,905.61, plus interest.

9. On April 20, 2015, and within nine (9) months of the judgment, Defendant Estate of Fred Van Winkle filed its Petition for Redemption herein, demanding redemption of the property and seeking approval for payment of $73,200.94 into the Court's registry.

10. On April 21, 2015, this Court issued the order authorizing deposit of those redemption funds into the court registry.

11. Defendant Estate of Fred Van Winkle subsequently deposited $73,200.94 into the registry.

2

12.    Plaintiffs now request disbursement of those sums to Plaintiffs.

13.    Alternatively, Plaintiffs request payment to them of all owing sums prior to issuance of a Certificate of Redemption and conditioned on re-foreclosure and re-sale of the Property.

## III. MOTION FOR DISBURSEMENT, ACCOUNTING AND FINAL JUDGMENT

Regardless of which election Defendants may make, Plaintiffs are entitled to recover the redemption sums paid into the Court's registry and title to the Property.

### A.    The Redemption Was Effective and Is Irrevocable.

NMSA Section 39-5-18 provides:

[T]he real estate may be redeemed by the former defendant owner of the real estate ...

>    (1)    by paying to the purchaser, at any time within nine months from the date of sale, the amount paid at the sale, with interest from the date of sale at the rate of ten percent a year, together with all taxes, interest and penalties thereon, and all payments made to satisfy in whole or in part any prior lien or mortgage not foreclosed, paid by the purchaser after the date of sale, with interest on the taxes, interest, penalties and payments made on liens or mortgages at the rate of ten percent a year from the date of payment; OR

>    (2)    by filing a petition for redemption in the pending foreclosure case in the district court in which the order, judgment or decree of foreclosure was entered and by making a deposit of the amount set forth in Paragraph (1) of this subsection in cash in the office of the clerk of that district court, at any time within nine months from the date of sale.

§39-5-18 NMSA 1978.    That statute provides two methods of redemption.

"Succinctly stated, the right of redemption may be exercised by either: (1) paying to the foreclosure sale purchaser the purchase price of the real property, plus statutory interest and taxes; or (2) by filing a petition for redemption in the district court and depositing the foreclosure purchase price plus statutory interest and taxes in the court registry. Section 39–5–18(A). ... **The statute does not require any further action for a party to redeem**." Nationstar Mortgage LLC v. Chenoweth, 2018 WL 2213641 (N.M. App., April 2, 2018) (unpublished opinion) (emphasis added); Chapel v. Nevitt, 2009-NMCA-017, ¶ 27, 145 N.M. 674 (holding there are two methods of redemption, and "if the debtor chooses to redeem under subsection

3

(A)(2) and not pay the purchaser directly... the debtor must (1) petition the district court and (2) deposit a sum of money in the court registry within nine months from the date of sale"). Defendants opted to redeem under subsection (A)(2): i.e., filing a petition for redemption and depositing the stated sums. That filing and payment exercised the redemption as a matter of law. Nationstar; Chapel.

New Mexico courts have held that, "a sufficient tender made at the proper time and by the proper person, will always work a redemption." Jaynes v. Heron, 1942-NMSC-038, ¶¶32-34, 46 N.M. 431; Gammill v. Mann, 1937-NMSC-065, ¶ 8-10 (holding sufficient tender "will ipso facto work a redemption"). Defendants filed their petition to redeem and then procured court approval to tender the required redemption deposit. On April 21, 2015, this Court entered Defendants' requested Order Authorizing Deposit of Funds in Connection with Redemption of Real Estate. Defendants then deposited $73,200.94 into the Court's registry, as the amount necessary to redeem the real estate as of April 20, 2015. Plaintiffs filed a Response to Petition for Redemption on May 14, 2015, accepting the redemption deposit, and requesting that the Court condition issuance of the redemption certificate upon payment of the final owing amounts and upon re-foreclosure and re-sale of the property. Plaintiffs accept the tender by Defendants as complying with the statute to effectuate a redemption. Plaintiffs merely seek a final ruling on the effects of that redemption, including the rights to the deposit, additional sums owed, and re-foreclosure and re-sale.

Plaintiffs' judicial lien was not fully satisfied by the foreclosure on Fred Van Winkle's land. Defendants' redemption automatically reinstated Plaintiffs' prior judgment lien. Turner v. Les File Drywall, Inc. 1994-NMSC-010, ¶ 5, 117 N.M. 7 ("[O]nce a mortgagor redeems his foreclosed property, the property once again becomes part of the mortgagor's real estate subject to prior judgment liens on the mortgagor's property."); Langhurst v. Langhurst, 1945-NMSC-042, ¶ 8-10, 49 N.M. 329. Plaintiffs have the right to seek satisfaction of their judgment, in rem, from the former defendant owner. Id.

In order to regain legal title to the property pursuant to the redemption, the redemptioner must set the matter for hearing and request a certificate of redemption. NMSA § 39-5-19(C). The hearing setting the

4

final redemption amount is mandatory prior to issuance of the certificate of redemption. Chapel, ¶ 26. At the hearing, "the judge shall determine the amount of money necessary for the redemption, which shall include the money paid at the sale and all taxes, interest, penalties and payments made in satisfaction of liens, mortgages and encumbrances." §39-5-18 NMSA 1978. Defendants have not yet paid the full sums owing under that statute, including taxes and interest accruing since 2015, when they redeemed. W. Bank of Las Cruces v. Malooly, 1995-NMCA-044, ¶ 28, 119 N.M. 743 (holding interest accrues on redemption amount through date of final court order approving the redemption and setting the final amount).

If Defendants elect to move forward with issuance of a certificate of redemption, this Court should set the matter for hearing to determine the additional sums that must be tendered for issuance of the certificate. See Id., ¶ 26-32 (permitting court to award additional interest, taxes, insurance payments and other sums to "prevent unjust enrichment"). As stated above, Plaintiffs' judgment lien automatically reinstated. In the event Defendants tender the court-ordered additional payments, Plaintiffs shall be entitled to simultaneous foreclosure of their lien and the property should be placed for sale under the same terms and conditions previously imposed herein. See Chapel v. Nevitt, 2009-NMCA-017, ¶ 36, 145 N.M. 674 (holding at the hearing setting the redemption amount, the court would have issued a certificate of redemption and determined how the deposit was to be disbursed). Accordingly, in the event Defendants elect to continue to redeem the property and request a certificate of redemption, (a) Plaintiffs' judgment lien is reinstated; (b) Plaintiffs should be entitled to simultaneous re-foreclosure of their lien; and (c) the property should be sold under the same terms and conditions previously imposed herein.

Regardless of whether Defendants elect to proceed with the redemption certificate, this Court must decide how to distribute the monies in the registry of the court. Plaintiffs request that the Court disburse Plaintiffs all of the deposited funds. As noted above, Chapel and Nationstar both hold a redemption under Subsection (B) is effectuated by (1) filing of the Petition and (2) tender of the redemption funds. Upon substantial compliance with those two requirements, the redemption is effectuated and the debtor is entitled

5

to a hearing setting the final redemption amount, including interest from the date of sale, taxes, etc. Chapel, ¶ 27, 36. Defendants filed their Petition and deposited the funds in April 2015. That effected the redemption. "The statute does not require any further action for a party to redeem." Nationstar Mortgage LLC v. Chenoweth, 2018 WL 2213641.

Defendants presumably will elect to withdraw their redemption request to avoid paying additional fees, interest from the date of sale, taxes, etc. However, that withdrawal does not permit return of the redemption sums. "The right to redeem foreclosed property merely protects the debtor's right to *try* to ... regain possession of the property." Chapel, ¶ 41. By withdrawing their request for a certificate of redemption, Defendants forfeit their right to regain possession and legal title of the property. However, there simply is no method by which Defendants can procure the redemption funds.

"The general rule at common law and under some statutes is that a party pays money into court on a tender at their peril, and the tenderer cannot ordinarily withdraw it." 86 C.J.S. § 47. Monies tendered into the registry of the court "pass irrevocably to his adversary." Weinchel v. Adamic, 125 Colo. 235, 242 P.2d 219 (1952). "[N]ot only does the party paying it into court lose all right to it, but the court itself has no power to make an order in the same action, which, in effect, retransfers the title." Mann v. Sprout, 185 N.Y. 109, 77 N.E. 1018, 1019 (N.Y. Ct. App. 1906). "The payment into the court is then deemed as acceptance by the plaintiff of the amount tendered." Id.

In fact, Plaintiffs previously accepted the tendered deposit in their Response to Petition for Redemption in May of 2015, and hereby again confirm acceptance of the redemption payment in the Court's registry, subject to the Court's determination of additional sums owing under N.M.S.A. § 39-5-18 after the redemption deposit and subject to re-foreclosure and re-sale as already ordered by the Court. See Western Bank of Las Cruces v. Malooly, 1995-NMCA-044, ¶ 28 ("We see no reason why the right of redemption may not be asserted by tendering a sum calculated to the date of tender, even if the trial court subsequently determines additional sums are due.").

Case 13-11743-t7    Doc 99-1    Filed 12/05/19    Entered 12/05/19 09:14:56 Page 15 of 53

In the hearing on July 19, 2019, counsel for Defendants expressly admitted in open court the prior Petition for Redemption and tender of sums was "unconditional." The purchaser at the foreclosure sale is indisputably entitled to receive the redemption funds. In re LaMont, 740 F.3d 397, 407–08 (7th Cir. 2014)(citing numerous cases). Because the redemption sums were paid unconditionally into the Court's registry, those sums should be distributed to Plaintiffs, as the purchasers at the foreclosure sale.

In Chapel, the Court of Appeals cited several New Mexico cases expressly concluding that the debtor may not "condition" a redemption. Chapel, ¶¶ 41-43 (citing Brown v. Trujillo, 2004-NMCA-040, 135 N.M. 365 (holding debtor could not "condition" his petition and tender upon the purchaser's execution of a quitclaim deed to the property) and Union Esperanza Mining Co. v. Shandon Mining Co., 18 N.M. 153, 135 P. 78 (N.M. 1913)(holding debtor cannot impose any conditions upon his tender of money pursuant to the redemption statute)). The Chapel court ruled a debtor may not "condition[] his redemption of the property on the district court's assuring that there was a clear title." Chapel, ¶ 43. The Court forbid a redemption that is, "in effect, a conditional offer of redemption." Id.

Because Defendants lost in the bankruptcy court and presumably do not desire to pay any additional sums this court may order owing, Defendants may desire to withdraw their request for issuance of a certificate of redemption. That withdrawal, however, cannot convert their unconditional tender into a conditional tender. That is forbidden under Brown, Union and Chapel.

Thus, it is Plaintiffs' position that this Court has no choice but to order the redemption sums paid over to Plaintiffs. In theory, Plaintiffs could insist on the conclusion of the redemption and payment of the additional sums owing under the statute. If Defendants elect to withdraw their certificate of redemption, however, Plaintiffs are satisfied with a final judgment in Plaintiffs' favor tendering the redemption deposit to Plaintiffs, refusing the redemption certificate, quieting title to the property exclusively in Plaintiffs and setting the final deficiency amount.

7

B. **Defendants Took a Calculated Risk and May Not Rescind That Gamble**

As noted above, New Mexico makes no provision for a redemptioner to procure return of tendered redemption funds. The redemptioner pays his money "at his peril." First State Bank of Taos v. Wheatcroft, 1931-NMSC-047, ¶ 18, 36 N.M. 88 (holding redemptioner who paid wrong party redemption did so "at his peril"). A redemption "is to be considered as a payment for the mortgage or sale which is redeemed." 59A C.J.S. Mortgages § 1507. The purchaser has an "absolute interest" in the money paid on redemption. In re Gonzalez, 550 B.R. 711, 717 (Bankr. E.D. Pa. 2016); In re LaMont, 740 F.3d 397, 407–08 (7th Cir. 2014)(holding, "purchaser has a right to payment from the money paid to redeem the property"); In re Hammond, 420 B.R. 633, 635 (Bankr. W.D. Pa. 2009) ("The purchaser's only absolute interest in the property until the redemption period expires is to receive the money paid on redemption."). A debtor takes a "calculated risk" in depositing sums into the court registry for a redemption and is not entitled to restitution simply because the tender does not result in clear title to the property. FarmPro Servs., Inc. v. Finneman, 2016 S.D. 72, ¶¶ 14-19, 887 N.W.2d 72, 77–79.

"[O]ne who makes a voluntary payment to another has no right to restitution." Cheesecake Factory, Inc. v. Baines, 1998-NMCA-120, ¶ 6, 125 N.M. 622. Because Defendants voluntarily and unconditionally tendered the redemption sums into the court registry, they simply have no right to return of those monies. Their sole right would be to demand a hearing on the certificate of redemption and then follow through with payment of the ordered sums and procure the certificate, subject to re-foreclosure. If Defendants elect not to proceed with issuance of the redemption certificate and re-foreclosure, the deposited sums are treated as payment on the lien and/or sale and should be ordered paid over to Plaintiffs.

The alternative would obviously be unacceptable. Defendants have tied up the property for over four (4) years. They cannot be permitted to speculate that the property would appreciate substantially in value and/or that they could procure favorable court rulings (in bankruptcy or this court) and then choose to

8

proceed because it is in their best benefit – to the detriment of the foreclosure purchaser and/or creditor. The statute makes the redemption effective and unconditional upon filing of the Petition and deposit of the required sums. Because nothing else was required, there simply is no way for Defendants to retroactively condition the redemption.

Notably, in this Court's Amended Order issued on July 28, 2014, this Court approved the sale and granted a deficiency judgment, after credit for the sale, in the amount of $271,905.61, plus interest. This Court ordered that deficiency judgment was "a lien on the debtor's [the Defendant's] real property" and is "collectible as provided in Chapel v. Nevitt...." (Amended Order, ¶ 6). Defendants did not deposit the redemption funds until 2015. The language in that Order and the citation to Chapel placed Defendants on notice prior to their deposit that this Court not only would order that the deficiency judgment reattaches simultaneous with the sale and any redemption, but that this Court had already ordered the lien reattached. In the face of that knowledge, Defendants still willingly risked losing their deposit by tendering it unconditionally. The Court in Chapel noted an order approving a foreclosure sale is a final order and must be appealed within 30 days, or all objections are waived. Chapel, ¶ 33. Rather than appeal that order (or even contest the order), Defendants began maneuvering outside this Court to usurp Plaintiffs' rights.

First, one day before the foreclosure sale, Defendants executed an Easement Deed for Ingress and Egress across the property in favor of Peter S. Joyce. On October 2, 2014, this Court entered an Order Voiding Deed and Granting Permanent Injunction, essentially nullifying that frivolous deed and transaction.

Second, Defendants sought to exercise the redemption. Defendants first filed a Motion to Compel Trustee's Abandonment of Assets Pursuant to 11 U.S.C. § 554, pleading the right of redemption on the Property "is of no potential value to the estate." (Ex. A, ¶ 5). If Defendants believed the redemption had value, that was a misrepresentation to the Court and Plaintiffs. Plaintiffs did not object to that Motion, among other reasons, because this Court had already ordered the lien re-attached, and the redemption

right could not overcome the deficiency lien under New Mexico law. But, Defendants tried to usurp this Court's Order and the clear New Mexico law by appealing to the bankruptcy court.

Defendants filed an adversary proceeding in Bankruptcy Court seeking to hold Plaintiffs in contempt for violating the discharge injunction and to invalidate Plaintiff's revived judgment lien. Defendants alleged Plaintiffs' actions in repeated foreclosure of the property post-redemption violated the discharge injunction. The bankruptcy judge initially upheld those arguments and granted sanctions against Plaintiffs. On appeal, however, the Bankruptcy Appellate Panel ("BAP") reversed. The BAP held a "deficiency judgment may become a postredemption lien on real property once properly transcribed." (Ex. B, p. 14). The BAP ruled Plaintiffs did not violate the bankruptcy discharge and the transcribed deficiency judgment remains a valid lien on the Property, which may be foreclosed by Plaintiffs – notwithstanding the redemption. (Ex. B, pp. 14-15).

The Parties then returned to this Court to complete the re-foreclosure. Having lost in the BAP, Defendants now seek to convert their unconditional redemption into a "conditional" redemption, requesting return of the unconditional payment. This, they cannot do. Defendants took a calculated risk and lost.

Plaintiffs incurred hundreds of thousands of dollars in attorneys' fees fighting with Defendants. The bankruptcy adversary proceedings lasted years. Plaintiffs have not been able to sell the Property over the past five years, and it has simply sat vacant and deteriorating. When Defendants exercised their redemption, they had the right to demand possession of the Property. They did not. Instead, they ran to bankruptcy court and tried to nullify this Court's order granting the post-foreclosure judgment lien. Defendants exercised their right of redemption to preserve the right to regain legal title and procure a certificate of redemption. If Defendants now elect to waive their right to legal title and issuance of a certificate of redemption, that will not retroactively convert the unconditional tender. The deposited sums belong to Plaintiffs and have already been accounted for in this Court's prior order dated July 28, 2014, providing for a deficiency amount of $271,905.61, plus interest.

Notably, Defendants got what they bargained for. A right of redemption does not guaranty the debtor gets the property back free of any liens. Chapel, ¶ 41. Instead redemption serves two primary functions: (1) To provide the debtor time to procure financing to try to reclaim the property; and (2) to help increase the price at the foreclosure sale. Brown, 2004-NMCA-040, ¶ 26-27. Defendants accomplished both of those objectives with the redemption. They procured financing from Brian Van Winkle to redeem and they assured they could, if they so chose, force a re-foreclosure and re-sale of the property. In Brown, the court noted, "If a foreclosure price is inordinately low, the debtor can redeem and prevent the lender from gaining an unjust windfall, while still remaining obligated to pay the balance of his or her debt." Id., ¶ 27. In fact, Defendants wanted to get the property and wipe out the debt. That is not the purpose of a redemption. If Defendants would like to proceed with their redemption and assure a higher sales price, they may. But, regardless, the tender of the redemption funds is final and irrevocable.

Accordingly, if Defendants elect to withdraw their request for a certificate of redemption, this Court should order the monies in the Court's registry disbursed to Plaintiffs and render judgment for Plaintiffs declaring title in the Property to remain in the purchaser (Plaintiffs John and Ellen Williams) and confirming the *in rem* judgment deficiency lien of $271,905.61, plus accruing interest and attorneys' fees.

C.    **Alternatively, Plaintiffs Should Receive all Owing Sums.**

If Defendants elect to proceed with the certificate of redemption, Plaintiffs are entitled to recover the full amounts provided in NMSA § 39-5-18 from Defendants and to re-foreclosure and re-sale of the Property before the certificate is issued.[1]  In that event, Plaintiffs plead that issuance of the certificate of redemption be conditioned upon payment by Defendants to Plaintiffs of the following items, the amounts which will be proved at the hearing on August 9, 2019:

---

[1] In fact, Defendants could insist on this remedy, since the redemption was already completed. However, Plaintiffs prefer prompt resolution and completion of this case, which would not occur with a further hearing on the damages. Notably, any judgment should be *in rem* only, to avoid bankruptcy discharge issues.

11

1.    The "amount paid, with interest from the date of purchase at the rate of ten percent a year." NMSA § 39-5-18(A)(1); Chapel, ¶ 33. Interest accrues until the date of the final order confirming the redemption was proper and setting the final amount due. Malooly, 1995-NMCA-044, ¶ 28 (holding interest accrues on redemption amount through date of final court order approving the redemption and setting the final amount). Plaintiff paid $67,000 on July 8, 2014. The court confirmed the sale on July 28, 2014. This matter will be heard on August 9, 2019. The interest earned over those five years and thirteen days at 10% per annum is 50.0356%, or $33,523.86. Defendants' deposit of $73,200.94 included interest for 286 days of $5,249.86. Therefore, the owing interest through the date of hearing would be, $28,274.00.

2.    "All taxes, interest and penalties thereon" that were paid by the purchaser. NMSA § 39-5-18(A)(1); Chapel, ¶ 34. Plaintiffs will prove this amount at the hearing.

3.    "All payments made to satisfy in whole or in part any prior lien or mortgage not foreclosed, paid by the purchaser." NMSA § 39-5-18(A)(1); Chapel, ¶ 35.

4.    Payments made to repair and maintain the Property. This court has equitable powers to require restitution to the purchaser for all payments made during the pendency of the redemption, under its statutory authority to issue the certificate of redemption "upon such terms and conditions as it deems just." NMSA § 39-5-18(D). The purchaser is entitled to rents and profits, but must account for waste. NMSA § 39-5-22. Therefore, the purchaser has the obligation to keep-up the property. If the redemption results in loss of title, the purchaser should be compensated for those expenses. W. Bank of Las Cruces v. Malooly, 1995-NMCA-044, ¶¶ 31-33, 119 N.M. 743 (holding court may order repayment of insurance and other costs paid by purchaser as necessary to "prevent unjust enrichment"). Plaintiffs will prove this amount at the hearing, which amount will likely exceed $25,000.

12

WHEREFORE, Plaintiffs plead that this Court issue a final judgment in accordance with the requests stated above, including particularly

(1) ordering the Court Clerk to distribute the funds in the Court registry to Plaintiffs;

(2) if the request for issuance of the certificate of redemption is withdrawn, entering a final judgment, *in rem*, on the remaining deficiency amount, $271,905.61.

(3) alternatively, if Defendants proceed with the hearing on the final redemption amount, setting the final redemption amounts payable to Plaintiffs and entering an order conditioning issuance of the certificate of redemption upon payment of the full owing amounts and re-ordering foreclosure and re-sale of the Property according to the prior terms of foreclosure and granting all proper and due credits.

(4) Such other relief as may be proper.

Martin, Dugan & Martin

By_____
W.T. Martin, Jr.
Kenneth D. Dugan
P.O. Box 2168
Carlsbad, NM 88221-2168
575-887-3528
575-887-2136 (facsimile)
e-mail: martinlaw@zianet.com
*Attorneys for BVL and the Williams*

13

Martin, Dugan & Martin certifies on the 24th day July, 2019, it filed the foregoing pleading electronically through the State of New Mexico's Odyssey File & Serve system, requesting that opposing counsel of record be served by electronic means, and faxed a copy of the Response to opposing counsel of record.

_____
W.T. Martin, Jr.

**Certificate of Conference**

Ken Dugan spoke with Kyle Moberly numerous times
On the subject of this Motion, but agreement could not be reached.
Defendants will not agree to Plaintiffs receiving the deposit.
Accordingly, this matter must be set for hearing.

Kenneth D. Dugan

14

FILED
12TH JUDICIAL DISTRICT COURT
OTERO COUNTY NM
4/20/2015 10:23:02 AM
KATINA WATSON
CLERK OF COURT
Angela Harris

STATE OF NEW MEXICO
COUNTY OF OTERO
TWELFTH JUDICIAL DISTRICT COURT

BELLEVIEW VALLEY LAND CO., a New
Mexico corporation, and JOHN H. WILLIAMS
and ELLEN B. WILLIAMS, husband and wife,

     Plaintiffs,

v.

                                          Cause No. CV-2010-01054
                                          Judge James Waylon Counts

TAMMY SPRAGUE, Personal Representative
of the Estate of FRED VAN WINKLE, Deceased,

     Defendant,

And

BRIAN VAN WINKLE and JUDITH A.
VAN WINKLE, husband and wife,

     Defendants-in-Intervention.

## PETITION FOR REDEMPTION

     Defendant, Tammy Sprague, personal representative of the estate of Fred Van Winkle, deceased, by and through her counsel, Law Firm of Kyle H. Moberly, P.C., hereby petitions this Court, pursuant to § 39-5-18 NMSA 1978 (as amended), to redeem the real estate sold pursuant to the judgment entered by this Court in this action. As grounds for this petition, Defendant states:

     1.     On July 8, 2014, Special Master John R. Hakanson sold the following described real estate (the "**Property**") in Otero County, New Mexico, to Plaintiffs John H. Williams and Ellen B. Williams (collectively, the "**Purchasers**") for $67,000, pursuant to the Final Judgment Foreclosing Plaintiffs' Judgment Lien that this Court entered on May 22, 2014:

Petition for Redemption
Belleview Valley Land Co. v. Sprague
Cause No. CV-2010-01054

E:\Dox\CLIENT\0649\001\00007573.WPD



PLAINTIFF'S
EXHIBIT

A tract of land in the Northeast Quarter (NE ¼) of Section 24, T15S, R9E, NMPM, Otero County, New Mexico, described metes and bounds as follows:

Beginning at the East One—Quarter corner (E ¼) of Section 24 and going S 89°51'38" W along the East/West centerline of said Section 24, a distance of 1525.75 feet; Thence N 00°37'16" W, a distance of 858.92 feet; Thence S 89°50'08" E, a distance of 1531.80 feet; Thence S 00°13'11" E, a distance of 850.76 feet to the said place of beginning.

And

LOT 5, RANCH'S OF RIATA, OTERO COUNTY, NEW MEXICO, as shown on plat Book 65, Page 21, records of Otero County, New Mexico.

And

ANY ADDITIONAL LAND WITHIN THE RANCH'S OF RIATA LESS LOTS 1, 2, 3, 4, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16

including that certain well and all water rights appurtenant thereto which is located on the above-described property.

2.    Pursuant to paragraph (2) of subsection A of § 39-5-18 NMSA 1978 (as amended),

the Property may be redeemed by the former defendant owner of the Property by filing a petition for

redemption in this action and by depositing in the office of the clerk of this Court the sum of the

amount paid at the foreclosure sale by the Purchasers, with interest from the date of the sale at the

rate of 10% a year, together with all taxes, interest and penalties thereon, and all payments made to

satisfy in whole or in part any prior lien or mortgage not foreclosed, paid by the Purchasers after the

date of the sale, with interest on the taxes, interest, penalties and payments made on liens or

Case 13-11743-t7    Doc 99-1    Filed 12/05/19    Entered 12/05/19 09:14:56 Page 25 of 53

mortgages at the rate of 10% a year from the date of payment, at any time within nine months from the date of the sale.

3.     Subsection D of § 39-5-18 NMSA 1978 (as amended) provides, in pertinent part, that the term "owner" includes the former defendant owner's "personal representatives, heirs, successors and assigns." Therefore, the Property may be redeemed by Defendant.

4.     On July 23, 2014, this Court entered an Order Approving Special Master's Report and Granting Deficiency Judgment. On July 28, 2014, this Court entered an Amended Order Approving Special Master's Report and Granting Deficiency Judgment. Subsection E of § 39-5-18 NMSA 1978 (as amended) provides that "For the purpose of this section, 'date of sale' means the date the district court order confirming the special master's report is filed in the office of the clerk of the court." Therefore, the nine-month period for redeeming the Property ends no earlier than April 23, 2015, and no later than April 28, 2015.

5.     Upon information and belief, the Purchasers paid $311.29 on July 25, 2014, to satisfy the property taxes assessed against the Property for 2013, and the interest and penalties accrued thereon, and paid $595.48 on December 10, 2014, to satisfy the property taxes assessed against the Property for 2014. Upon information and belief, the Purchasers have not made any other payment since the date of the sale of property taxes assessed against the Property, or interest or penalties accrued thereon.

6.     There is no prior lien or mortgage against the Property that was not foreclosed by the sale.

Case 13-11743-t7    Doc 99-1    Filed 12/05/19    Entered 12/05/19 09:14:56    Page 26 of 53

7.    Upon information and belief, the amount of money necessary to redeem the Property as of April 20, 2015, is $73,200.94, which is calculated as follows:

| | |
|---|---|
| Purchase price | $67,000.00 |
| interest (286 days @ $18.35615/day) | 5,249.86 |
| 2013 property taxes, interest and penalties | 311.29 |
| interest (269 days @ $0.08528/day) | 22.94 |
| 2014 property taxes | 595.48 |
| interest (131 days @ $0.1631) | 21.37 |
| TOTAL | $73,200.94 |

WHEREFORE, Defendant respectfully requests that this Court grant the following described relief:

A.    Enter an order forthwith, and by no later than April 23, 2015, that requires the clerk of this Court to accept Defendant's deposit of $73,200.94 into the Court's registry, which, upon information and belief, is the amount of money necessary to redeem the Property as of April 20, 2015;

B.    At a hearing, determine the amount of money necessary to redeem the Property;

C.    At the conclusion of the hearing, order the clerk of this Court to issue a certificate of redemption to Defendant upon such terms and conditions as this Court deems just; and

D.    Grant such other and further relief as this Court deems just and proper.

Case 13-11743-t7    Doc 99-1    Filed 12/05/19    Entered 12/05/19 09:14:56 Page 27 of 53

Respectfully Submitted,

LAW OFFICE OF KYLE H. MOBERLY, P.C.

By: _____

Kyle H. Moberly
Attorney for Defendant Tammy Sprague,
Personal Representative of the Estate of Fred
Van Winkle, Deceased
2460 S. Locust Street, Suite E
Las Cruces, NM 88001
(575) 541-1278

I HEREBY CERTIFY that a true and correct
copy of the foregoing petition for certificate of
redemption was mailed to Martin, Dugan &
Martin, Attorneys for Plaintiffs, P.O. Box
2168, Carlsbad, New Mexico 88221, and
mailed to Brian Van Winkle and Judith A.
Van Winkle, P.O. Box this _20th_ day of
April, 2015.

_____

KYLE H. MOBERLY

Case 13-11743-t7    Doc 99-1    Filed 12/05/19    Entered 12/05/19 09:14:56 Page 28 of 53

FILED
12TH JUDICIAL DISTRICT COURT
OTERO COUNTY NM
4/21/2015 1:24:15 PM
KATINA WATSON
CLERK OF COURT
Angela Harris

STATE OF NEW MEXICO
COUNTY OF OTERO
TWELFTH JUDICIAL DISTRICT COURT

BELLEVIEW VALLEY LAND CO., a New
Mexico corporation, and JOHN H. WILLIAMS
and ELLEN B. WILLIAMS, husband and wife,

        Plaintiffs,

v.

                                           Cause No. CV-2010-01054
                                           Judge James Waylon Counts

TAMMY SPRAGUE, Personal Representative
of the Estate of FRED VAN WINKLE, Deceased,

        Defendant.

And

BRIAN VAN WINKLE and JUDITH A.
VAN WINKLE, husband and wife,

        Defendants-in-Intervention.

## ORDER AUTHORIZING DEPOSIT OF FUNDS IN CONNECTION WITH REDEMPTION OF REAL ESTATE

THIS MATTER comes before the Court on the petition of the Defendant, Tammy Sprague,

personal representative of the estate of Fred Van Winkle, deceased, pursuant to Section 39-5-18

NMSA 1978 (as amended), to redeem the real estate sold pursuant to the judgment entered by this

Court in this action. Defendant seeks to deposit into the Court's registry the sum of $73,200.94,

which, according to the petition, is the amount of money necessary to redeem that real estate as of

April 20, 2015.

Order Authorizing Deposit of Funds in
Connection with Redemption of Real Estate
Belleview Valley Land Co. v. Sprague
Cause No. CV-2010-01054

                                                 E:\Doc\CLIENT\0049\0010\00009022.WPD


PLAINTIFF'S
EXHIBIT

The Court being sufficiently advised in the premises, hereby orders the clerk of this Court to accept Defendant's deposit of $73,200.94 into the Court's registry, said sum to be held in an interest-bearing account until the rights of all parties can be determined by further order of the Court.

_____

JUDGE JAMES WAYLON COUNTS

Submitted by:

LAW OFFICE OF KYLE H. MOBERLY, P.C.

By: _____

Kyle H. Moberly
Attorney for Defendant Tammy Sprague
Personal Representative of the Estate of
Fred Van Winkle, Deceased
2460 S. Locust Street, Suite E
Las Cruces, NM 88001
(575) 541-1278

Order Authorizing Deposit of Funds in
Connection with Redemption of Real Estate
Belleview Valley Land Co. v. Sprague
Cause No. CV-2010-01054

E:\Dox\CLIENT\0649\00\00009022.WPD

Page 2 of 2

FILED
12th JUDICIAL DISTRICT COURT
Lincoln County
4/29/2019 4:52 PM
KATINA WATSON
CLERK OF THE COURT
Lisa Willard

# TWELFTH JUDICIAL DISTRICT COURT
# COUNTY OF LINCOLN
# STATE OF NEW MEXICO

BELLEVIEW VALLEY LAND CO, a New Mexico ）
corporation, and John Williams and ELLEN B. ）
WILLIAMS, husband and wife, ）
                                              ）
             Plaintiffs, ）    No. CV-2015-00065
                                              ）
vs. ）
                                              ）
THE ESTATE OF FRED VAN WINKLE, deceased, ）
                                              ）
            Defendant. ）



ORDER ON PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT



PLAINTIFF'S
EXHIBIT
5

# TWELFTH JUDICIAL DISTRICT COURT
# COUNTY OF LINCOLN
# STATE OF NEW MEXICO

BELLEVIEW VALLEY LAND CO, a New Mexico )
corporation, and **John Williams** and ELLEN B. )
WILLIAMS, husband and wife, )
    )
               Plaintiffs, )    No. CV-2015-00065
    )
vs. )
    )
THE ESTATE OF FRED VAN WINKLE, deceased, )
    )
               Defendant. )

## ORDER ON PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT

CAME ON to be heard the *Plaintiffs' Motion to File a Second Amended Complaint for Judgment on Debt & Money Due on Promissory Note, to Foreclose Real Estate Mortgage and to Foreclose Judgment Lien* (the "*Motion*") filed by **Belleview Valley Land Co.** ("BVL"), **John Williams** and **Ellen B. Williams** (*"Plaintiffs"*). The Defendant, Estate of Fred Van Winkle, was represented by counsel. After considering all appropriate matters, the Court finds the Motion should be and is hereby GRANTED. Subsequent to the hearing of the Motion, Plaintiffs withdrew their proposed Second Amended Complaint, and Plaintiff's counsel submitted to Defendant's counsel, Kyle H. Moberly, an alternative Second Amended Complaint for his review to assure compliance with the bankruptcy court orders. Defendant's counsel consented to Plaintiff's filing of the revised Second Amended Complaint.

ACCORDINGLY, IT IS ORDERED,

Plaintiffs may file the form of Second Amended Complaint attached to Ken Dugan's e-mail to Kyle Moberly dated March 12, 2019.

_____
Honorable Judge James Waylon Counts

Approved as to form:

_____
W.T. Martin, Jr., counsel for Plaintiffs

___/s/ 3/28/19 E-mail attached____
Kyle H. Moberly, counsel for Defendant

1

**Subject: RE: Williams Lincoln County Suit**
**Date:** Wednesday, March 27, 2019 4:34 PM
**From:** Kyle Moberly <kyle@mobelaw.com>
**To:** Ken Dugan <kdugan@lawmdm.com>
**Priority:** Highest

Ken,

I apologize for not responding sooner. I had a concern about the wording of the part of the complaint concerning the Stipulated Order that I asked Trey Arvizu to advise me about as soon as I received your revised draft of the complaint on March 12th. Unfortunately, it took me until today to get a response from Trey. He resolved my concern. Therefore, on behalf of my client, I consent to you filing the amended complaint.

I assume that it goes without saying, but I will say it anyway, that my client's consent to the filing of the amended complaint does not mean that she does not dispute some of the allegations made in it, which will address in her answer.

Sincerely,

Kyle H. Moberly
Law Office of Kyle H. Moberly, P.C.
2460 S. Locust Street, Suite E
Las Cruces, New Mexico 88001
(575) 541-1278

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. If the reader of this message is not the intended recipient or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination or copying of this communication is strictly prohibited. If you have received this electronic transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail or by calling (575) 541-1278, so that our address record can be corrected. Thank you.

-----Original Message-----
From: Ken Dugan <kdugan@lawmdm.com>
Sent: Wednesday, March 27, 2019 4:13 PM
To: Kyle Moberly <kyle@mobelaw.com>
Subject: Re: Williams Lincoln County Suit



EXHIBIT

A

Page 1 of 7

Would you please show me the professional courtesy of responding to my e-mail request below. I also called today and left a message.

Ken


On 3/26/19 2:02 PM, "Ken Dugan" <kdugan@lawmdm.com <mailto:kdugan@lawmdm.com> > wrote:

> Would you please respond....
>
>
> On 3/21/19 9:56 AM, "Ken Dugan" <kdugan@lawmdm.com <mailto:kdugan@lawmdm.com>
> wrote:
>
>> Would you please advise per the below. I sent you the red-line
>> version last week.
>>
>> Ken
>>
>>
>> On 3/12/19 12:03 PM, "Ken Dugan" <kdugan@lawmdm.com
<mailto:kdugan@lawmdm.com> > wrote:
>>
>>> See attached.
>>>
>>> Ken
>>>
>>>
>>> On 3/12/19 10:43 AM, "Kyle Moberly" <kyle@mobelaw.com <mailto:kyle@mobelaw.com>
> wrote:
>>>
>>>> Ken,
>>>>
>>>> Please send me a redlined comparison of the revised draft with the
>>>> draft that was attached to the motion.
>>>>
>>>> Sincerely,
>>>>

>>>> Kyle H. Moberly
>>>> Law Office of Kyle H. Moberly, P.C.
>>>> 2460 S. Locust Street, Suite E
>>>> Las Cruces, New Mexico 88001
>>>> (575) 541-1278
>>>>
>>>> THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR
>>>> ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS
>>>> PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER
>>>> APPLICABLE LAW. If the reader of this message is not the intended
>>>> recipient or agent responsible for delivering the message to the
>>>> intended recipient, you are hereby notified that any dissemination
>>>> or copying of this communication is strictly prohibited. If you
>>>> have received this electronic transmission in error, please delete
>>>> it from your system without copying it, and notify the sender by
>>>> reply e-mail or by calling
>>>> (575)
>>>> 541-1278, so that our address record can be corrected. Thank you.
>>>>
>>>> -----Original Message-----
>>>> From: Ken Dugan <kdugan@lawmdm.com <mailto:kdugan@lawmdm.com> >
>>>> Sent: Tuesday, March 12, 2019 12:40 PM
>>>> To: Kyle Moberly <kyle@mobelaw.com <mailto:kyle@mobelaw.com> >
>>>> Subject: Re: Williams Lincoln County Suit
>>>>
>>>> Attached is a proposed draft Second Amended Complaint.  I want to be very
>>>> careful to not violate the bankruptcy orders and rules.  I have
>>>> tried my best to do that, with an overarching CAVEAT that governs
>>>> everything.  I also deleted the claim for rent.
>>>>
>>>> As we discussed before the judge yesterday, you indicated that we
>>>> could probably stipulate to Plaintiffs filing a redacted form of the Second
>>>> Amended Complaint.  Accordingly, please review this attached pleading, and
>>>> advise if I have your authority to file it.
>>>>
>>>> Thank you.
>>>>
>>>> Ken
>>>>

>>>>

>>>> On 3/12/19 10:00 AM, "Ken Dugan" <kdugan@lawmdm.com
<mailto:kdugan@lawmdm.com> > wrote:

>>>>

>>>>> As stated during the hearing yesterday, I will be reviewing the

>>>>> second amended complaint and revising and expressly conditioning

>>>>> it so as not to violate the Stipulated Order. I should have a

>>>>> proposed Draft to you today or tomorrow.

>>>>>

>>>>>

>>>>> Kenneth D. Dugan

>>>>>

>>>>> Martin, Dugan & Martin

>>>>> 509 W. Pierce St.

>>>>> P.O. Box 2168

>>>>> Carlsbad, NM 88221-2168

>>>>> (575) 887-3528

>>>>> (575) 887-2136 (fax)

>>>>>

>>>>>

>>>>> This email transmission is covered by the Electronic

>>>>> Communications Privacy Act, 18 U.S.C. sec. 2510-2521 and is

>>>>> legally privileged, confidential and protected from disclosure. If

>>>>> you are not the intended recipient, any dissemination,

>>>>> distribution, or copying is strictly prohibited. If you think you

>>>>> have received this e-mail message in error, please e-mail the

>>>>> sender at kdugan@lawmdm.com <mailto:kdugan@lawmdm.com> and destroy the
original e-mail transmission. Thank you.

>>>>>

>>>>

>>>> Kenneth D. Dugan

>>>>

>>>> Martin, Dugan & Martin

>>>> 509 W. Pierce St.

>>>> P.O. Box 2168

>>>> Carlsbad, NM 88221-2168

>>>> (575) 887-3528

>>>> (575) 887-2136 (fax)

>>>>

FILED
12th JUDICIAL DISTRICT COURT
Lincoln County
6/7/2019 2:55 PM
KATINA WATSON
CLERK OF THE COURT
Gloria Lamay

# TWELFTH JUDICIAL DISTRICT COURT
# COUNTY OF LINCOLN
# STATE OF NEW MEXICO

BELLEVIEW VALLEY LAND CO, a New Mexico
corporation, and **John Williams** and **Ellen B.
Williams**, husband and wife,

              Plaintiffs,

vs.

THE ESTATE OF FRED VAN WINKLE, deceased,

              Defendant.

No. CV-2015-00065

---

## SECOND AMENDED COMPLAINT FOR JUDGMENT
## FOR DEBT AND MONEY DUE ON PROMISSORY
## NOTE, TO FORECLOSE REAL ESTATE MORTGAGE
## AND TO FORECLOSE JUDGMENT LIEN

**Martin, Dugan & Martin**
W. T. Martin, Jr.
509 W. Pierce St.
P.O. Box 2168
Carlsbad, NM 88221-2168
(575) 887-3528
Fax (575) 887-2136
e-mail: martinlaw@zianet.com

PLAINTIFF'S
EXHIBIT
Bumberg No. 5113

COME NOW Belleview Valley Land Co. ("BVL"), John Williams and Ellen B. Williams (*hereinafter sometimes jointly referred to as "Williams"*) by and through their attorney, W. T. Martin, Jr., of Martin, Dugan & Martin and for their *Second Amended Complaint for Judgment on Debt & Money Due on Promissory Note, to Foreclose Real Estate Mortgage and to Foreclose Judgment Lien* state:

1.     **BVL** is a Missouri corporation authorized to conduct business in New Mexico. Williams are residents of the State of Missouri.

2.     Fred **Van Winkle** (*hereinafter referred to as "Van Winkle"*) was a resident of Ruidoso, Lincoln County, New Mexico.

3.     At all times relevant to this Complaint, Van Winkle was a single man dealing with his sole and separate property.

    A. Van Winkle died on April 29, 2014.

    B. His estate is being probated in Lincoln County.

    C. His daughter, Tammy Sprague, is the duly qualified and acting Personal Representative of the Estate.

    D. A portion of the events relevant to this Complaint occurred while Van Winkle was alive. Other events occurred after his death while his estate was, and is, being probated by Tammy Sprague as Personal Representative.

1

4. The following events are relevant to this Complaint:

Enforcement of Judgment Liens:

    A.     On August 13, 2010, BVL and the Williams obtained judgment against Van Winkle in the amount of $243,944.31 in Otero County Cause Number CV-2008-76-Div. II, plus attorneys' fees, costs and interest at the rate of 8.75% per annum until paid.

    B.     On February 4, 2011, the Court subsequently awarded BVL and Williams: (i) attorneys' fees of $16,505.00; (ii) N.M. Gross Receipts Tax of $1,206.93; and (iii) interest on the total award of attorney fees and tax ($17,711.93) at the rate of 8.75% from date of award. (Copies of the *Final Judgment* and *Order Awarding Attorney Fees* is attached as *Exhibits "A & B"*).

    C.  BVL and Williams filed their *Transcript of Judgment* in Otero County, New Mexico. A judgment lien attached to the Otero County real property Van Winkle then owned.

    D. Because Van Winkle owned real property in Lincoln County, on August 17, 2010, BVL and Williams recorded a *Transcript of Judgment* reflecting the Otero County District Court judgment with the Lincoln County Clerk of Lincoln County, New Mexico. (*A copy of the Transcript of Judgment is attached as Exhibit "C" and is incorporated herein as if fully set forth.*)

2

E.  Many months later, Van Winkle filed for relief under Chapter 13 of the Bankruptcy Code. The filing imposed the Automatic Stay on any enforcement of the Otero County District Court judgment.

    i.  The Bankruptcy Court approved his Chapter 13 Plan.

    ii.  The Chapter 13 was later dismissed by the Bankruptcy Court for non-performance of the Plan.

F.  Shortly thereafter Van Winkle filed for relief under Chapter 7 of the Bankruptcy Code in Bankruptcy Cause Number 13-11743-j7. The Chapter 7 filing was on May 21, 2013. Because of the filing, the Automatic Stay was again in effect.

    i.  After obtaining a Bankruptcy Court Order lifting the Automatic Stay as to foreclosing the judgment lien on the Otero County property, BVL and Williams filed suit to foreclose their judgment lien obtained in Otero County in Otero County Cause Number CV-2010-1054.

    ii.  Judge Counts entered a Final Judgment foreclosing the judgment lien in Otero County on May 22, 2014. (*A copy of the **Final Judgment** is attached as **Exhibit "D"** to this Complaint and is incorporated herein as if fully set forth.*)

    iii.  The Otero County property was sold at a Special Master's Sale. On July 23, 2014, the Otero County District Court approved the sale and entered a Deficiency Judgment in the amount of $271,905.61

3

with the amount earning interest at the rate of 8.75% per annum

The Order also stated:

> "The deficiency is a lien on the debtor's [the
> Defendant's] real estate. While no deficiency
> judgment is granted on an *in personam* basis against
> the Estate of Fred Van Winkle, deceased, the lien
> created by the deficiency is collectable as provided
> in Chapel v. Nevitt, 145 N.M. 674, 685, 203 P.3d 889,
> 900, 2009-NMCA-017."
>
> *(A copy of the Order approving the Special Master's Sale
> and awarding the deficiency judgment is attached as
> Exhibit "E" to this Complaint and is incorporated herein
> as if fully set forth.)*

G. The judgment remains unsatisfied.

H. On April 15, 2015, the Bankruptcy Court entered an Order abandoning and removing assets from the Bankruptcy Estate, including 702 White Mountain, #11, Ruidoso, New Mexico. *(A copy of the Order is attached as Exhibit "F" to this Complaint and is incorporated.)*

I. BVL and Williams are now entitled to foreclose their judgment lien on the Lincoln County property for the purpose of satisfying the deficiency judgment.

J. The Lincoln County real estate that is subject to foreclosure (the *"Property"*) is more particularly described as follows:

> Apartment 11, Building D, PALISADES
> CONDOMINIUM PROJECT, PHASE II, Ruidoso,
> Lincoln County, New Mexico, as shown by the plat plan
> thereof filed in the office of the County Clerk and Ex-
> officio Recorder of Lincoln County, New Mexico,
> August 16, 1973 in Tube No. 490 and as further set
> forth, established and identified by the those certain
> Declarations, recorded in Miscellaneous Book 40, pages
> 967 to 993, both inclusive; TOGETHER WITH said
> apartment's undivided interest in the common area and

4

facilities attributable thereto; SUBJECT TO easements, reservation, and restrictions of record. (Common address is 704 White Mountain Palisades # 11, Ruidoso, New Mexico 88345.)

K. Plaintiffs have prior, enforceable liens and/or mortgages on the Property.

L. As further set forth in this Complaint, BVL and Williams are entitled to judgment foreclosing their judgment lien and mortgage.

    i. In accordance with a prior Bankruptcy Court Order, the judgment lien is subject to a prior First Mortgage and the Estate's homestead exemption allowed under New Mexico law. *(See subsequent paragraphs in this Complaint regarding the First Mortgage and Estate's homestead exemption.)*

First Mortgage:

5. While Van Winkle was still alive and a single man, he borrowed money from the First National Bank of Ruidoso.

A. Van Winkle, as maker, executed a promissory note in favor of the First National Bank in the original principal amount of $31,049.00. *(hereinafter referred to as the "Note"). (A copy of the Note is attached as **Exhibit** "G" to this Complaint and is incorporated herein as of fully set forth.)*

    i. The Note was executed May 24, 2010.

    ii. The principal amount earned interest at the rate of 4.7% per annum.

B. For the purpose of securing the payment of the Note, Van Winkle also executed a Mortgage on the Lincoln County property in favor of the First National Bank of Ruidoso as Mortgagee *(hereinafter referred to as the*

5

"Mortgage"). (*A copy of the Mortgage is attached as* **Exhibit "H"** *and is incorporated herein as of fully set forth.*)

    i. The Mortgage is a first and prior lien on Van Winkle's Lincoln County real property.

C. Following Van Winkle's filing of his Chapter 7 bankruptcy, the Note and Mortgage's enforcement was subject to the Automatic Stay.

D. On or about August 6, 2013, Plaintiff, John Williams purchased the Note and Mortgage from the First National Bank of Ruidoso.

    i. John Williams paid $15,034.77 to the First National Bank of Ruidoso.

        i. The amount paid ($15,034.77) was the total indebtedness Van Winkle owed the First National Bank of Ruidoso as of August 6, 2017.

    ii. The First National Bank of Ruidoso's *Assignment of Mortgage* was recorded on October 10, 2013 in Book 2013 at Page 7035 in the Records of the Lincoln County Clerk. (*A copy of the Assignment of Mortgage is attached as* **Exhibit "I"** *and is incorporated herein as if fully set forth.*)

E. With the purchase of the Note and the assignment of the Mortgage, John Williams stands in the shoes of the First National Bank.

F. John Williams has all legal and equitable rights the First National Bank of Ruidoso held to enforce the Note and Mortgage.

  i. Pursuant to the terms of the Note and Mortgage, the Estate is the Successor in Interest and is the Borrower on the Note and the Mortgage.

  ii. The Estate is subject to all the terms, conditions and obligations in the Note and the Mortgage.

 G. John Williams's ability to enforce the terms of the Note and the Mortgage were still subject to the Automatic Stay.

6. The Bankruptcy Court Order of April 15, 2015, has resulted in John Williams now being able to enforce the terms of the Note and Mortgage. (*See Exhibit "F" attached to this Complaint.*)

7. The Note and Mortgage are in default.

 A. The amounts owed are as follows:

  i. $15,034.77 due and owing under the Note as of August 5, 2013; plus

  ii. Interest at the rate of 20% per annum[1] from August 6, 2013, resulting in $16,328.11 through January 9, 2019[2] (Interest continues to accrue at the rate of $8.2382 per day)[3]; plus

  iii. Late Charges $145.45[4]; plus

  iv. Amounts that Williams has advanced in an amount to be determined by this Court; plus

---

[1] The Promissory Note imposes an interest rate of 20% per annum after default.
[2] There are 1,982 days from August 6, 2013 through January 9, 2019.
[2] There are 1,982 days from August 6, 2013 through January 9, 2019.
[3] Daily accrual of interest is at the rate of $8.24 per day.
[4] The Promissory Note imposes a late charge of 5% of the regularly scheduled payment

v. Attorney fees in an amount to be determined by this Court; plus;

vi. Costs of this suit and foreclosure.

8. John Williams is entitled to an "*in rem*" judgment against the Estate[5] and/or the Property in the amounts as shown above and to have the Mortgage declared a first and prior lien on the above-described Lincoln County real property.

    A. John Williams is entitled to have the Mortgage foreclosed and the real property sold according to New Mexico law at Special Master's Sale to satisfy the Note.

9. Under the terms of the Mortgage, Williams is entitled to have a receiver appointed by this Court. Francis Bubser, a licensed real estate broker in Ruidoso, Lincoln County, New Mexico, has agreed to act as receiver. The receiver has the authority to:

    A. Take possession of the property;

    B. Protect and preserve the property;

    C. Operate the property pending foreclosure sale;

    D. Collect rents derived from the property;

    E. Serve without the necessity of posting bond.

Homestead Exemption:

10. When Van Winkle filed his Chapter 7 bankruptcy, he claimed his $60,000.00 homestead exemption under New Mexico law.

---

[5] Because of Van Winkle's bankruptcy, the judgment is an *in rem* judgment enforceable only against the real estate that is subject to the Mortgage.

8

11. After Van Winkle died, the Bankruptcy Court ruled that under the Bankruptcy Code, the Estate was entitled to the homestead exemption and could enforce the homestead exemption against the judicial lien.

12. The Bankruptcy Court ruled the homestead exemption had priority over the BVL and Williams's judgment lien. Plaintiffs' understanding of the effect of the Bankruptcy Order is to require the satisfaction of the $60,000.00 homestead exemption before any portion of the sale proceeds are paid to satisfy any portion of the judgment lien.

13. The Parties subsequently entered into a Stipulated Order Resolving Motion to Avoid Judicial Lien of Belleview Valley Land Co., John Williams and Ellen B. Williams (the "*Stipulated Order*). (*A copy of the Stipulated Order is attached as Exhibit "J" and is incorporated.*)

   A. The **Stipulated Order** partially avoided the judicial lien.

   B. The Stipulated Order further provided:

   > When the amount of the payoff of the First Mortgage is known, the Court will enter a further order establishing the exact amount of the Creditors' judicial lien that can be applied against the Property.

14. Accordingly, the amount of the judicial lien cannot be determined until after this Court establishes the payoff amount on the Mortgage.

15. Ultimately, the extent of, calculation, distribution and payment of sales proceeds are subject to the Stipulated Order entered by the Bankruptcy Court.

16. Therefore, Plaintiffs request that this Court calculate the total amounts owing under the Mortgage and the judicial lien (but not a judgment yet).

9

17. Subsequently, either this Court (if authorized by the parties) or the Bankruptcy Court will need to establish the exact amount of Plaintiffs' judicial lien, taking into account the amounts owed under the Mortgage and the homestead exemption, and any other applicable deductions or accountings.

18. Then, in compliance with all prior rulings, this Court may enter a final judgment.

19. **CAVEAT TO ENTIRE PLEADING:** Before Plaintiffs provide their requested relief in the prayer, Plaintiffs hereby condition and caveat every allegation in this pleading, including the prayer. The bankruptcy court through various orders has placed certain limitations on Plaintiffs regarding the available relief herein. For instance, any recovery is limited to merely *in rem*. Also, the bankruptcy court has placed monetary limits on the judicial lien. This Complaint and every allegation herein should be construed expressly and only as permitted under the applicable bankruptcy orders and laws. Plaintiffs merely seek to recover what they are due and owed under the applicable law. Any allegation herein that could be construed as seeking recovery in violation of those bankruptcy court orders, rules or any laws is not intended and should be stricken and/or ignored. Plaintiffs seek only *in rem* recovery and as limited under applicable orders, rules and laws.

**WHEREFORE**, BVL and Williams pray that:

1. While the foreclosure is pending, Francis Bubser of Ruidoso, New Mexico, be appointed receiver with the authority set forth in Paragraph 9 above; and

2. An *in* rem judgment be entered in John Williams' favor for the amount owed on the Note and the Mortgage as requested above, but expressly and only within any limitations that may apply under applicable bankruptcy orders, rules and/or laws:

10

3. This Court award attorney fees, costs and expenses for enforcement of the Note and the Mortgage (it too being an *in rem* award), again expressly and only within the limitations that may apply under applicable bankruptcy orders, rules and/or laws; and

4. The Mortgage securing the payment of the Note be foreclosed; and

5. The foreclosed real property be sold according to New Mexico law at public auction by a Special Master; and

    a. The proceeds from the sale be paid to Plaintiffs for their claims pleaded herein and to the Estate in the proper sequence and according to the applicable limitations in accordance with New Mexico state law, the attached exhibits, and applicable bankruptcy orders, rules and/or laws.

6. That at all times the judgment and its enforcement be only *in rem*.

7. The Court grant such other and further relief as it deems proper.

**Martin, Dugan & Martin**

By_____

    W.T. Martin, Jr.
    P.O. Box 2168
    Carlsbad, NM 88221-2168
    575-887-3528
    575-887-2136 (facsimile)
    e-mail: martinlaw@zianet.com
    *Attorney for Plaintiffs*

Martin, Dugan & Martin certifies on the 7th day of June 2019 it filed the foregoing pleading electronically through the State of New Mexico's Odyssey File & Serve system, requesting that opposing counsel of record be served by electronic means.

_____

W. T. Martin, Jr.



The Honorable David T. Thuma
United States Bankruptcy Judge



UNITED STATES BANKRUPTCY APPELLATE PANEL
OF THE TENTH CIRCUIT

IN RE: FRED DALE VAN WINKLE,

Debtor,

TAMMY SPRAGUE, personal representative
of the estate of Fred Dale Van Winkle,

Plaintiff-Appellee,

v.

JOHN WILLIAMS, ELLEN B. WILLIAMS,
and
BELLEVIEW VALLEY LAND CO. INC.,

Defendants-Appellants.

BAP No. NM-17-031
BAP No. NM-17-032

BAP No. NM-17-033

Bankr. No. 13-11743
Adv. No 15-01047

Chapter 7

ORDER TERMINATING AUTOMATIC STAY

THIS MATTER came on before the Court upon the stipulation of the parties herein.

Tammy Sprague, Personal Representative being represented by Trey Arvizu of Arvizu Law

PLAINTIFF'S
EXHIBIT

Blumberg No. 5113

Office, and the Williams, Belleview Valley Land Co., Inc., represented by their counsel W.T. Martin Jr. of Martin, Dugan, and Martin, and Jennie Deden Behles of B.L.F. LLC to terminate this stay in this matter which was entered on June 30, 2015 docket no. 7, having been entered upon the stipulation of these parties, and the Court having otherwise been fully advised **FINDS**:

That cause exists, as indicated by counsel to terminate the Stay in the pending state court matters in Otero County [1] and Lincoln County [2] collectively referred to as the state court litigation in the Motion on grounds as follows:

1.    The issues before this Court between the parties which have been determined and are no longer subject to appeal with only such exception as may relate to the requested allowance of attorney's fees claimed by counsel for Sprague following the filing of the Notice of Appeal to the 10th Circuit BAP which is pending before this Court and fully briefed.

2.    The parties desire to complete the state court litigation and have a final determination of the rights of the parties vis-à-vis each other therein.

3.    The parties have stipulated to the termination of the stipulated order staying the matters. The Stay under 11 USC Section 362 as pertains to the state court case in Otero County, and the state court case Lincoln County referenced; and that the Order of this Court enjoining the parties from any active participation in the state court litigation be and it is hereby terminated and dissolved.

***<strong>END OF ORDER</strong>***

Entered July 31, 2018.

Respectfully submitted,

B.L.F., LLC

s/ Electronically filed
Jennie Deden Behles
P.O. Box 7070
Albuquerque, NM  87194-7070
(505) 242-7004, (505) 242-7066 Fax
jennie@jdbehles.com

W. T. (Tom) Martin Jr.
Martin Dugan & Martin
P.O. Box 2168
5109 W. Pierce St. 8822-5259
Carlsbad, NM 88221-2168
Fax:  575-887-2136
Email: martinlaw@zianet.com

Approved as to form:


_/s/ Approved Via Email_
Trey R. Arvizu
Arvizu Law Office
2508 N. Telshor Blvd
P.O. Box 1479
Las Cruces, NM  88004-1479
(575) 527-8600

By:_/s/ Jennie Deden Behles_
    Jennie Deden Behles

------

[1] State of New Mexico, Twelfth Judicial District Court, County of Otero, Case No. CV-2010-1054.
[2] State of New Mexico , Twelfth Judicial District Court, County of Lincoln, Case No. CV-2015-65.