FILED
12TH JUDICIAL DISTRICT COURT
OTERO COUNTY NM
8/27/2018 9:57 AM
KATINA WATSON
CLERK OF COURT
Sven Michael Sears

STATE OF NEW MEXICO
COUNTY OF OTERO
TWELFTH JUDICIAL DISTRICT COURT

BELLEVIEW VALLEY LAND CO., a New
Mexico corporation, and JOHN H. WILLIAMS
and ELLEN B. WILLIAMS, husband and wife,

      Plaintiffs,

v.

                                            Cause No. CV-2010-01054
                                            Judge James Waylon Counts

TAMMY SPRAGUE, Personal Representative
of the Estate of FRED VAN WINKLE, Deceased,

      Defendant,

And

BRIAN VAN WINKLE and JUDITH A.
VAN WINKLE, husband and wife,

      Defendants-in-Intervention.

### PETITIONER'S MOTION TO SUBSTITUTE TAMMY SPRAGUE, BRIAN VAN WINKLE AND HALEY VAN WINKLE AS PETITIONERS

      Petitioner, Tammy Sprague, as personal representative of the estate of Fred Van Winkle,

through her counsel of record, Law Office of Kyle H. Moberly, P. C., files this Motion to Substitute

Tammy Sprague, Brian Van Winkle and Haley Van Winkle as petitioners in this matter. In support

of the Motion, Petitioner states as follows:

      1.     Petitioner assigned the estate's statutory right to redeem the property at issue in this

case to Fred Van Winkle's heirs, namely, Tammy Sprague, Brian Van Winkle, and Haley Van

Winkle, who provided the funds to redeem the property and are the real parties in interest. As proof

Petitioner's Motion to Substitute
Tammy Sprague, Brian Van Winkle,
and Haley Van Winkle as Petitioners

                                            Belleview Valley Land Co v Sprague
                                            CV-2010-01054

Page 1 of 3


PLAINTIFF'S EXHIBIT

of that transfer. Petitioner attaches the Assignment of Right of Redemption as **Exhibit A** to this Motion.

2.     Pursuant to Rule 1-025(C) NMRA, Tammy Sprague, Brian Van Winkle, and Haley Van Winkle are proper parties to this suit and should be substituted as petitioners in this matter in the place of Tammy Sprague in her capacity as personal representative of the estate of Fred Van Winkle.

3.     No delay in this action will occur as a result of the substitution of Tammy Sprague, Brian Van Winkle, and Haley Van Winkle as petitioners.

4.     Opposing counsel does not concur with this motion.

**WHEREFORE,** Petitioner requests that the Court substitute Tammy Sprague, in her individual capacity, Brian Van Winkle, and Haley Van Winkle as petitioners in this matter.

Respectfully submitted,

LAW OFFICE OF KYLE H. MOBERLY, P. C.

By:     /s/ Kyle H. Moberly
         Kyle H. Moberly
         State Bar # 245
         Attorney for Petitioner
         2460 S. Locust Ste. E
         Las Cruces, NM 88001
         (575) 541-1278

Petitioner's Motion to Substitute
Tammy Sprague, Brian Van Winkle,
and Haley Van Winkle as Petitioners

Belleview Valley Land Co v Sprague
CV-2010-01054

Page 2 of 3

Case 13-11743-t7    Doc 99-2    Filed 12/05/19    Entered 12/05/19 09:14:56 Page 2 of 49

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2018, the foregoing Petitioner's Motion to Substitute Tammy Sprague, Brian Van Winkle and Haley Van Winkle as Petitioners was filed electronically through the Odyssey File & Serve/Tyler Technology system, which caused Plaintiffs' counsel of record to be served by electronic means.

/s/ Kyle H. Moberly
KYLE H. MOBERLY

Petitioner's Motion to Substitute
Tammy Sprague, Brian Van Winkle,
and Haley Van Winkle as Petitioners

Belleview Valley Land Co v. Sprague
CV-2010-01054

Page 3 of 3

e - R e c o r d e d 2018071G2   08 / 21 / 18   02:43:05 PM Otero County

## ASSIGNMENT OF RIGHT OF REDEMPTION

Assignment by **TAMMY SPRAGUE** ("Assignor"), as personal representative of the estate of Fred Van Winkle, deceased, to **TAMMY SPRAGUE, BRIAN VAN WINKLE** and **HALEY VAN WINKLE**, who are Fred Van Winkle's heirs (collectively, the "Assignees").

WHEREAS, on April 20, 2015, Assignor filed a petition for redemption (the "Petition") of the following described real estate (the "Property") in Otero County, New Mexico, with the Twelfth Judicial District Court of the State of New Mexico (the "Court"), in Cause Number D-1215-CV-2010-01054, pursuant to NMSA 1978 Section 39-5-18 (2007):

> A tract of land in the Northeast Quarter (NE ¼) of Section 24, T15S, R9E, NMPM, Otero County, New Mexico, described metes and bounds as follows:

> Beginning at the East One—Quarter corner (E ¼) of Section 24 and going S 89°51'38" W along the East/West centerline of said Section 24, a distance of 1525.75 feet; Thence N 00°37'16" W, a distance of 858.92 feet; Thence S 89°50'08" E, a distance of 1531.80 feet; Thence S 60°13'11" E, a distance of 850.76 feet to the said place of beginning.

> And

> LOT 5, RANCH'S OF RIATA, OTERO COUNTY, NEW MEXICO, as shown on plat Book 65, Page 21, records of Otero County, New Mexico.

> And

> ANY ADDITIONAL LAND WITHIN THE RANCH'S OF RIATA LESS LOTS 1, 2, 3, 4, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16

> including that certain well and all water rights appurtenant thereto which is located on the above-described property;

and

Assignment of Statutory Right of Redemption
from Estate of Fred Van Winkle to Tammy Sprague,
Brian Van Winkle and Haley Van Winkle

T:\G\G26\CFDoc CLIENT\049\004\0015793.WPD

Exhibit A

e-Recorded 201807162  08/21/18 02:14:05 PM Otero County

WHEREAS, Assignor's right to redeem the Property arose from the judicial sale of the Property on July 8, 2014, pursuant to the Final Judgment Foreclosing Plaintiffs' Judgment Lien that the Court entered on May 22, 2014;

WHEREAS, on April 22, 2015, Assignor deposited the sum of $73,200.94 into the Court's registry to redeem the Property (the "Funds");

WHEREAS, Assignees provided the Funds to Assignor;

WHEREAS, since Assignees are the real parties in interest, they have requested that Assignor assign to them the estate's statutory right pursuant to NMSA 1978 Section 39-5-18 (2007), to redeem the Property, which Assignor is willing to do.

NOW, THEREFORE, Assignor hereby assigns the estate's statutory right pursuant to NMSA 1978 Section 39-5-18 (2007), to redeem the Property.

Assignor also hereby assigns to Assignees all of the estate's right, title and interest in and to the Funds.

Assignor also hereby assigns to Assignees all of the estate's right, title and interest in and to any claims that the estate may have against the purchaser of the Property for any waste or damage to the Property that has occurred since the purchaser purchased the Property at the judicial sale.

Assignor shall fully cooperate with Assignees in the execution and delivery of such other and further documents as may be reasonably required by Assignees to enforce the statutory right of redemption hereby assigned to them.

_____

TAMMY SPRAGUE, as personal representative of
the Estate of Fred Van Winkle, deceased

Assignment of Statutory Right of Redemption
from Estate of Fred Van Winkle to Tammy Sprague,
Brian Van Winkle and Haley Van Winkle

STATE OF NEW MEXICO

COUNTY OF DOÑA ANA

This instrument was acknowledged before me on August /7 , 2018, by Tammy Sprague as personal representative of the estate of Fred Van Winkle, deceased.



(Seal)

Notary Public



Assignment of Statutory Right of Redemption
from Estate of Fred Van Winkle to Tammy Sprague,
Brian Van Winkle and Haley Van Winkle

Page 3 of 3

REC DATE: 8/21/18 REC TIME: 02:14:05 PM INSTR#: 201807162
OTERO COUNTY, Robyn Holmes COUNTY CLERK PAGES: 3

e-Recorded 201807162  08/21/18 02:14:05 PM Otero County

Case 13-11743-t7  Doc 99-2  Filed 12/05/19  Entered 12/05/19 09:14:56 Page 6 of 49



FILED
12th JUDICIAL DISTRICT COURT
Otero County
7/12/2019 10:22 AM
KATINA WATSON
CLERK OF THE COURT
Sven Michael Sears

**STATE OF NEW MEXICO**
**COUNTY OF OTERO**
**TWELFTH JUDICIAL DISTRICT COURT**

**BELLEVIEW VALLEY LAND CO.,** a New
Mexico corporation, and **JOHN H. WILLIAMS**
and **ELLEN B. WILLIAMS,** husband and wife,

     Plaintiffs,

v.
                                   **Cause No. D-1215-CV-2010-01054**
                                       **Judge James Waylon Counts**

**TAMMY SPRAGUE, Personal Representative**
**of the Estate of FRED VAN WINKLE, Deceased,**

     Defendant,

And

**BRIAN VAN WINKLE and JUDITH A.**
**VAN WINKLE,** husband and wife,

     Defendants-in-Intervention.

**ORDER DENYING MOTION TO SUBSTITUTE TAMMY SPRAGUE,**
**BRIAN VAN WINKLE AND HALEY VAN WINKLE AS PETITIONERS**

    **THIS MATTER** came before the Court at a hearing on March 11, 2019, of

Defendant/Petitioner's Motion to Substitute Tammy Sprague, Brian Van Winkle and Haley Van

Winkle as Petitioners. Defendant/Petitioner was represented by her counsel of record, Law

Office of Kyle H. Moberly, P.C. (Kyle H. Moberly), and Plaintiffs were represented by their

counsel of record, Martin, Dugan & Martin (Kenneth D. Dugan). The Court, having reviewed

the motion and being otherwise fully advised, finds that the motion should be denied.

Order Denying Motion to Substitute Tammy Sprague,
Brian Van Winkle and Haley Van Winkle as Petitioners

Belleview Valley Land Co. v. Sprague
Cause No. D-1215-CV-2010-01054



PLAINTIFF'S
EXHIBIT
2

**IT IS THEREFORE ORDERED** that the motion of Defendant/Petitioner to substitute Tammy Sprague, Brian Van Winkle, and Haley Van Winkle in place of Defendant/Petitioner as petitioner in redemption in this matter is denied.

_____
**JUDGE JAMES WAYLON COUNTS**

SUBMITTED BY:

Law Office of Kyle H. Moberly, P.C.

By:    _/s/ Kyle H. Moberly_
      Kyle H. Moberly
      Attorney for Defendant/Petitioner
      2460 S. Locust Street, Suite E
      Las Cruces, New Mexico 88001
      (575) 541-1278

APPROVED BY:

Martin, Dugan & Martin

By:    _Approved by Kenneth D. Dugan by email on 5/13/2019_
      Wilfred T. Martin
      Kenneth D. Dugan
      Attorneys for Plaintiffs
      P.O. Box 2168,
      Carlsbad, New Mexico 88221
      (575) 887-3528

Case 13-11743-t7   Doc 99-2   Filed 12/05/19   Entered 12/05/19 09:14:56 Page 8 of 49

FILED
12th JUDICIAL DISTRICT COURT
Otero County
7/19/2019 4:22 PM
KATINA WATSON
CLERK OF THE COURT
Sven Michael Sears

# TWELFTH JUDICIAL DISTRICT COURT
# COUNTY OF OTERO
# STATE OF NEW MEXICO

BELLEVIEW VALLEY LAND CO, a New Mexico )
corporation, and **John H. Williams** and **ELLEN B.** )
**WILLIAMS,** husband and wife, )
)
                     Plaintiffs, )    No. CV-2010-01054
)
vs. )
)
TAMMY SPRAGUE, personal representative of Estate )
of Fred Van Winkle, deceased, )
)
            Defendant/Petitioner, )
)
and )
)
BRIAN VAN WINKLE and **JUDITH A.** )
**VAN WINKLE,** husband and wife, )
)
        Defendants-in-Intervention. )

## ORDER ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT TO FORECLOSE JUDGMENT LIEN AND SUPPORTING BRIEF



**CAME ON** to be heard the *Plaintiffs' Motion for Summary Judgment to Foreclose Judgment Lien and Supporting Brief* (the "*Motion*") filed by **Belleview Valley Land Co.** ("*BVL*"), **John Williams** and **Ellen B. Williams** (*"Plaintiffs"*). The parties were represented by counsel in the hearing on March 11, 2019. Plaintiffs appeared through counsel, Kenneth Dugan. Defendants appeared through counsel, Kyle Moberly. The Court having heard arguments of counsel and being otherwise fully advised in the premises, finds that the following material facts are undisputed:

1. The Court conducted a trial on the merits involving the same parties (Fred Van Winkle and Brian Van Winkle) and real property involved herein (the "*Property*") on August 13, 2010, in Cause No. D-1215-CV-200800076.

2. Plaintiffs obtained judgment against Fred Van Winkle in the amount of $243,944.31.

3. On August 17, 2010, Plaintiffs recorded a Transcript of Judgment reflecting the judgment with the County Clerk of Otero County New Mexico, which created a judgment lien.

4. On December 16, 2010, Plaintiffs filed their Complaint to Foreclose Judgment Lien, seeking to foreclose their judgment lien against the Property.

5. On or about September 1, 2011, the foreclosure action was stayed due to Fred Van Winkle filing for relief under Chapter 13 of the Bankruptcy Code. Said bankruptcy petition was dismissed due to failure to perform under the plan.

6. Fred Van Winkle filed a subsequent bankruptcy petition under Chapter 7. Fred Van Winkle ultimately obtained a discharge in the Chapter 7 action.

7. Plaintiffs filed an adversary action in Bankruptcy Court to lift the stay and the judge, the Honorable Robert H. Jacobvitz, lifted the stay and permitted Plaintiffs to proceed to foreclosure their judgment lien against the Property.

1

8. On May 22, 2014, Plaintiffs obtained a judgment to foreclose their judgment lien against the Property, and the Property was sold at a special master's sale on July 8, 2014.

9. Plaintiffs bid $67,000.00 at the special master's sale. That was the high (and only) bid, and Plaintiffs took title to the Property by Special Master's Deed.

10. In July 2014, this Court confirmed the sale and granted Plaintiffs a continuing *in rem* deficiency judgment in the amount of $271,905.61, plus interest.

11. On August 8, 2014, Plaintiffs recorded their transcript of judgment with the Otero County Clerk.

12. On April 20, 2015, and within nine (9) months of the Court's confirmation of the special master's sale of the Property, Defendant, Tammy Sprague, as personal representative of the estate of Fred Van Winkle, filed her Petition for Redemption herein, seeking to redeem the Property and to deposit in connection therewith the sum of $73,200.94 in the office of the clerk of this Court.

13. On April 21, 2015, this Court issued the order authorizing Defendant to deposit the sum of $73,200.94 into the court registry, and Defendant subsequently deposited that sum into the court registry.

14. Defendant and Defendants-in-Intervention are seeking herein to redeem the Property free of any liens.

15. Defendant and Defendants-in Intervention are not bona fide purchasers in good faith.

16. The estate of Fred Van Winkle has no assets other than a piece of real estate in Lincoln County, New Mexico, that is the subject of a judgment lien foreclosure action filed by Plaintiffs in this Court, which is Cause No. D-1215-CV-2015-00065.

THE COURT MAKES THE FOLLOWING CONCLUSIONS OF LAW:

Case 13-11743-t7   Doc 99-2   Filed 12/05/19   Entered 12/05/19 09:14:56 Page 11 of 49

A.     There are no issues of material fact, and thus summary judgment is appropriate.

B.     NMSA 1978, Section 39-5-18(A) (2007), provides two methods of redemption.

"[T]he real estate may be redeemed by the former defendant owner of the real estate .
. .:

"(1)     by paying to the purchaser, at any time within nine months from the date
of sale, the amount paid at the sale, with interest from the date of sale at the rate
of ten percent a year, together with all taxes, interest and penalties thereon, and all
payments made to satisfy in whole or in part any prior lien or mortgage not
foreclosed, paid by the purchaser after the date of sale, with interest on the taxes,
interest, penalties and payments made on liens or mortgages at the rate of ten
percent a year from the date of payment; OR

"(2)     by filing a petition for redemption in the pending foreclosure case in the
district court in which the order, judgment or decree of foreclosure was entered
and by making a deposit of the amount set forth in Paragraph (1) of this
subsection in cash in the office of the clerk of that district court, at any time
within nine months from the date of sale."

C.     Defendant opted to redeem under NMSA 1978, Section 39-5-18 (A)(2); i.e., filing

a petition for redemption and depositing the stated sums.

D.     Plaintiffs' judicial lien was not fully satisfied by the foreclosure sale of the

Property.  Plaintiffs have the right to seek satisfaction of their judgment, *in rem*, from

the former defendant owner.  Since the only attachable asset of the Fred Van Winkle

estate would be the subject property, Plaintiffs would be able to seek payment of their

judgment by again proceeding against the Property.

E.     Plaintiffs now seek to foreclose their judgment lien against the Property.

Plaintiffs have the ability to seek payment of their judgment lien by again proceeding

to foreclose the Property if it is redeemed herein.

F.     At a hearing on redemption, "the judge shall determine the amount of money

necessary for the redemption, which shall include the money paid at the sale and all

3

taxes, interest, penalties and payments made in satisfaction of liens, mortgages and encumbrances." NMSA 1978, Section 39-5-18(C) (2007).

G.    The hearing setting the final redemption amount is mandatory prior to issuance of the certificate of redemption. W. Bank of Las Cruces v. Malooly, 1995-NMCA-044, ¶ 26, 119 N.M. 743. The court may issue the certificate of redemption upon such terms and conditions as it deems just. NMSA 1978, Section 39-5-18(C) (2007).

WHEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED that-

1. Plaintiffs are granted summary judgment as requested in their Motion.

2. Plaintiffs requested orally at the hearing that the sums previously deposited by Defendants for the redemption be paid over to them. The Court will not rule on that request without proper motion, briefing and hearing.

3. Defendants shall have 10 days from the date of this Order to file an election either (a) requesting issuance of a certificate of redemption and hearing to set the final amount or (b) withdrawing their request for issuance of a certificate of redemption. If Defendants fail to timely file the required election, Defendants are deemed to have elected option (b), withdrawal. In either case, the Court shall promptly set the matter for hearing and decide the remaining issues, including who is entitled to receive the initial deposited redemption amount.

4. If Defendant elects option (a) to complete her redemption of the Property, then this Court will set the matter for hearing to determine the additional sums that must be tendered by her for issuance of the certificate of redemption.    Also, in that event, Plaintiffs' judgment lien is reinstated and Plaintiffs shall be entitled to simultaneous foreclosure of

4

their judgment lien and the property shall be placed for sale under the same terms and conditions previously imposed herein.

_____
Honorable Judge James Waylon-Counts

Approved as to form:

_____    _____
Kenneth D. Dugan, counsel for Plaintiffs    Kyle Moberly, counsel for Defendant

FILED
12th JUDICIAL DISTRICT COURT
Otero County
4/26/2019 11:18 AM
KATINA WATSON
CLERK OF THE COURT
Sven Michael Sears

TWELFTH JUDICIAL DISTRICT COURT
COUNTY OF OTERO
STATE OF NEW MEXICO

BELLEVIEW VALLEY LAND CO.,
A New Mexico corporation, and JOHN
H. WILLIAMS, and ELLEN B. WILLIAMS,
husband and wife,

      Plaintiffs,

v.

                              Cause No. D-1215-CV-2010-1054
                              Division II

TAMMY SPRAUGE, Personal Representative
of the Estate of FRED VAN WINKLE, Deceased,

      Defendants.

And

BRIAN VAN WINKLE and JUDITH A.
VAN WINKLE, husband and wife,

      Defendants-in-Intervention.

## MINUTE ORDER

    **THIS MATTER** came before the Court on March 11, 2019 on Plaintiffs' Motion for Summary Judgment. Plaintiffs appeared through counsel, Kenneth Dugan. Defendants appeared through counsel, Kyle Moberly. The Court having heard arguments of counsel and being otherwise fully advised in the premises, finds the following material facts are undisputed:

    1.    The Court conducted a trial on the merits involving the same parties (Fred Van Winkle and Brian Van Winkle) and real property involved herein on August 13, 2010, in Cause No. D-1215-CV-200800076.

    2.    Plaintiffs obtained judgement against Fred Van Winkle in the amount of $243,944.31.

PLAINTIFF'S
EXHIBIT
Boerg No. 5113

3. On August 17, 2010, Plaintiffs recorded a Transcript of Judgment reflecting the judgment with the County Clerk of Otero County New Mexico.

4. On December 16, 2010, Plaintiffs file their Complaint to Foreclose Judgment Lien, seeking to foreclose on the judgment lien.

5. On or about September 1, 2011, the foreclosure action was stayed due to Fred Van Winkle filing for relief under Chapter 13 of the Bankruptcy Code. Said bankruptcy petition was dismissed due to failure to perform under the plan.

6. Fred Van Winkle filed a subsequent bankruptcy petition under Chapter 7. Fred Van Winkle ultimately obtained a discharge in the Chapter 7 action.

7. Plaintiffs filed an adversary action in Bankruptcy Court to lift the stay and the judge, the Honorable Robert H. Jacobvitz, lifted the stay and permitted Plaintiffs to proceed to foreclosure to enforce their judgment lien as to Debtor's Otero County property.

8. Plaintiffs obtained a judgment in foreclosure and the subject property herein was sold at a special master's sale.

9. Plaintiffs bid $67,000.00 at the special master's sale. That was the high (and only bid), and Plaintiffs took title to the property Special Master's Deed.

10. Defendant and Defendants-in Intervention are seeking to redeem the property for the amount of the bid paid for the property free of any liens.

11. Defendant and Defendants-in Intervention are not bona fide purchasers in good faith.

12. The estate of Fred Van Winkle has no assets.

THE COURT MAKES THE FOLLOWING CONCLUSIONS OF LAW:

A. "[T]he real estate may be redeemed by the former defendant owner of the real estate...by paying to the purchaser, at any time within nine months from the date of sale, the amount

paid at the sale, with interest from the date of sale at the rate of ten percent a year, together with all taxes, interest and penalties thereon, and all payments made to satisfy in whole or in part any prior lien or mortgage not foreclosed, paid by the purchaser after the date of sale, with interest on the taxes, interest, penalties and payments made on liens or mortgages at the rate of ten percent a year from the date of payment." §39-5-18 NMSA 1978

      B.    Plaintiffs' judicial lien was not fully satisfied by the foreclosure on Fred Van Winkle's land. Plaintiffs have the right to seek satisfaction of their judgment from the former defendant owner. Since the only asset of the Fred Van Winkle estate would be the subject property, Plaintiffs would be able to seek payment of their judgment by again proceeding against the real property herein.

      C.    At a hearing on redemption, "the judge shall determine the amount of money necessary for the redemption, which shall include the money paid at the sale and all taxes, interest, penalties and payments made in satisfaction of liens, mortgages and encumbrances." §39-5-18 NMSA 1978

      D.    There are no issues of material fact, and thus, summary judgement is appropriate.

    WHEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED that Plaintiffs are granted summary judgment and in the event Defendants and/or Defendants-in-Intervention redeem the property herein, Plaintiffs' judgment lien is reinstated. Plaintiffs shall be entitled to simultaneous foreclosure of their lien and the property shall be placed for sale under the same terms and conditions previously imposed herein. Mr. Dugan shall prepare an order that reflects the Court's ruling herein.

JAMES WAYLON COUNTS
DISTRICT JUDGE

CC:    Kenneth Dugan, Esquire
        Kyle Moberly, Esquire

**Subject: Re: Williams Lincoln County Suit**
**Date:** Wednesday, May 8, 2019 11:24 AM
**From:** Ken Dugan <kdugan@lawmdm.com>
**To:** Kyle Moberly <kyle@mobelaw.com>

Mr. Moberly

Attached is the draft order requested by the Court. Please advise if you can agree as to form. If I have not heard from you in five days, I will tender it to the court under the assumption that you will file whatever objections you may have.

Kenneth D. Dugan

Martin, Dugan & Martin
509 W. Pierce St.
P.O. Box 2168
Carlsbad, NM 88221-2168
(575) 887-3528
(575) 887-2136 (fax)

This email transmission is covered by the Electronic Communications Privacy Act, 18 U.S.C. sec. 2510-2521 and is legally privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution, or copying is strictly prohibited. If you think you have received this e-mail message in error, please e-mail the sender at kdugan@lawmdm.com and destroy the original e-mail transmission. Thank you.

**PLAINTIFF'S EXHIBIT**
Blumberg No. 5113
5

**Subject: Re: Williams**
**Date:** Monday, July 8, 2019 4:16 PM
**From:** Ken Dugan <kdugan@lawmdm.com>
**To:** Kyle Moberly <kyle@mobelaw.com>

Any word on whether we can work this out??

Ken

On 6/20/19 4:26 PM, "Ken Dugan" <kdugan@lawmdm.com> wrote:

> I made a stab at a compromise.    Please look at this order and see if you
> can agree to it.  Basically, I withdrew all of our language and your language
> deciding the issue of whether a redemption has already occurred.  We can then
> fight about that at the hearing on return of the redemption money, if you all
> choose to withdraw the request.
>
> I don't think that is what the judge ruled.  But, he will tell us what he
> intended at the next hearing.  There is no reason to fight about it now.  We
> might as well just have one hearing and get him to decide.
>
>
>
> Kenneth D. Dugan
>
> Martin, Dugan & Martin
> 509 W. Pierce St.
> P.O. Box 2168
> Carlsbad, NM 88221-2168
> (575) 887-3528
> (575) 887-2136 (fax)
>
>
> This email transmission is covered by the Electronic Communications Privacy
> Act, 18 U.S.C. sec. 2510-2521 and is legally privileged, confidential and
> protected from disclosure. If you are not the intended recipient, any
> dissemination, distribution, or copying is strictly prohibited. If you think
> you have received this e-mail message in error, please e-mail the sender at
> kdugan@lawmdm.com and destroy the original e-mail transmission. Thank
> you.
>

Kenneth D. Dugan

Martin, Dugan & Martin
509 W. Pierce St.
P.O. Box 2168
Carlsbad, NM 88221-2168
(575) 887-3528
(575) 887-2136 (fax)

This email transmission is covered by the Electronic Communications Privacy
Act, 18 U.S.C. sec. 2510-2521 and is legally privileged, confidential and
protected from disclosure. If you are not the intended recipient, any

PLAINTIFF'S EXHIBIT

dissemination, distribution, or copying is strictly prohibited. If you think
you have received this e-mail message in error, please e-mail the sender at kdugan@lawmdm.com and destroy
the original e-mail transmission. Thank
you.

# TWELFTH JUDICIAL DISTRICT COURT
# COUNTY OF OTERO
# STATE OF NEW MEXICO

BELLEVIEW VALLEY LAND CO, a New Mexico )
corporation, and **John H. Williams** and ELLEN B. )
WILLIAMS, husband and wife, )
                          )
                Plaintiffs, )        No. CV-2010-01054
                          )
vs. )
                          )
TAMMY SPRAGUE, personal representative of Estate )
of Fred Van Winkle, deceased, )
                          )
                Defendant/Petitioner, )
                          )
and )
                          )
BRIAN VAN WINKLE and **JUDITH A.** )
VAN WINKLE, husband and wife, )
                          )
                Defendants-in-Intervention. )

## ORDER ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT TO FORECLOSE JUDGMENT LIEN AND SUPPORTING BRIEF

**CAME ON** to be heard the *Plaintiffs' Motion for Summary Judgment to Foreclose Judgment Lien and Supporting Brief* (the "*Motion*") filed by **Belleview Valley Land Co.** ("*BVL*"), **John Williams** and **Ellen B. Williams** ("*Plaintiffs*"). The parties were represented by counsel in the hearing on March 11, 2019. Plaintiffs appeared through counsel, Kenneth Dugan. Defendants appeared through counsel, Kyle Moberly. The Court having heard arguments of counsel and being otherwise fully advised in the premises, finds that the following material facts are undisputed:

1. The Court conducted a trial on the merits involving the same parties (Fred Van Winkle and Brian Van Winkle) and real property involved herein (the "*Property*") on August 13, 2010, in Cause No. D-1215-CV-200800076.

2. Plaintiffs obtained judgment against Fred Van Winkle in the amount of $243,944.31.

3. On August 17, 2010, Plaintiffs recorded a Transcript of Judgment reflecting the judgment with the County Clerk of Otero County New Mexico, which created a judgment lien.

4. On December 16, 2010, Plaintiffs filed their Complaint to Foreclose Judgment Lien, seeking to foreclose their judgment lien against the Property.

1

5. On or about September 1, 2011, the foreclosure action was stayed due to Fred Van Winkle filing for relief under Chapter 13 of the Bankruptcy Code. Said bankruptcy petition was dismissed due to failure to perform under the plan.

6. Fred Van Winkle filed a subsequent bankruptcy petition under Chapter 7. Fred Van Winkle ultimately obtained a discharge in the Chapter 7 action.

7. Plaintiffs filed an adversary action in Bankruptcy Court to lift the stay and the judge, the Honorable Robert H. Jacobvitz, lifted the stay and permitted Plaintiffs to proceed to foreclosure their judgment lien against the Property.

8. On May 22, 2014, Plaintiffs obtained a judgment to foreclose their judgment lien against the Property, and the Property was sold at a special master's sale on July 8, 2014.

9. Plaintiffs bid $67,000.00 at the special master's sale. That was the high (and only) bid, and Plaintiffs took title to the Property by Special Master's Deed.

10. In July 2014, this Court confirmed the sale and granted Plaintiffs a continuing *in rem* deficiency judgment in the amount of $271,905.61, plus interest.

11. On August 8, 2014, Plaintiffs recorded their transcript of judgment with the Otero County Clerk.

12. On April 20, 2015, and within nine (9) months of the Court's confirmation of the special master's sale of the Property, Defendant, Tammy Sprague, as personal representative of the estate of Fred Van Winkle, filed her Petition for Redemption herein, seeking to redeem the Property and to deposit in connection therewith the sum of $73,200.94 in the office of the clerk of this Court.

2

13. On April 21, 2015, this Court issued the order authorizing Defendant to deposit the sum of $73,200.94 into the court registry, and Defendant subsequently deposited that sum into the court registry.

14. Defendant and Defendants-in-Intervention are seeking herein to redeem the Property free of any liens.

15. Defendant and Defendants-in Intervention are not bona fide purchasers in good faith.

16. The estate of Fred Van Winkle has no assets other than a piece of real estate in Lincoln County, New Mexico, that is the subject of a judgment lien foreclosure action filed by Plaintiffs in this Court, which is Cause No. D-1215-CV-2015-00065.

THE COURT MAKES THE FOLLOWING CONCLUSIONS OF LAW:

A. There are no issues of material fact, and thus summary judgment is appropriate.

B. NMSA 1978, Section 39-5-18(A) (2007), provides two methods of redemption. "[T]he real estate may be redeemed by the former defendant owner of the real estate .

. .:

"(1) by paying to the purchaser, at any time within nine months from the date of sale, the amount paid at the sale, with interest from the date of sale at the rate of ten percent a year, together with all taxes, interest and penalties thereon, and all payments made to satisfy in whole or in part any prior lien or mortgage not foreclosed, paid by the purchaser after the date of sale, with interest on the taxes, interest, penalties and payments made on liens or mortgages at the rate of ten percent a year from the date of payment; OR

"(2) by filing a petition for redemption in the pending foreclosure case in the district court in which the order, judgment or decree of foreclosure was entered and by making a deposit of the amount set forth in Paragraph (1) of this subsection in cash in the office of the clerk of that district court, at any time within nine months from the date of sale."

C. Defendant opted to redeem under NMSA 1978, Section 39-5-18 (A)(2); i.e., filing a petition for redemption and depositing the stated sums.

3

D.     Plaintiffs' judicial lien was not fully satisfied by the foreclosure sale of the Property. Plaintiffs have the right to seek satisfaction of their judgment, *in rem*, from the former defendant owner. ~~Since the only attachable asset of the Fred Van Winkle estate would be the subject property, Plaintiffs would be able to seek payment of their judgment by again proceeding against the Property.~~

E.     Plaintiffs now seek to foreclose their judgment lien against the Property. Plaintiffs have the ability to seek payment of their judgment lien by again proceeding to foreclose the Property if it is redeemed herein.

F.     ~~At a hearing on redemption,~~ "the judge shall determine the amount of money necessary for the redemption, which shall include the money paid at the sale and all taxes, interest, penalties and payments made in satisfaction of liens, mortgages and encumbrances." NMSA 1978, Section 39-5-18(C) (2007).

G.     The hearing setting the final redemption amount is mandatory prior to issuance of the certificate of redemption. W. Bank of Las Cruces v. Malooly, 1995-NMCA-044, ¶ 26, 119 N.M. 743. The court may issue the certificate of redemption upon such terms and conditions as it deems just. NMSA 1978, Section 39-5-18(C) (2007).

WHEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED that-

1.     Plaintiffs are granted summary judgment as requested in their Motion.

2.     ~~Plaintiffs requested orally at the hearing that the sums previously deposited by Defendants for the redemption be paid over to them. The Court will not rule on that request without proper motion, briefing and hearing.~~

3.     ~~Defendants shall have 10 days from the date of this Order to file an election either (a) requesting issuance of a certificate of redemption and hearing to set the final amount or~~

W. T. Martin 6/20/19 3:52 PM
Deleted: If Defendant redeems the Property, then Plaintiffs' judgment lien will re-attach to the Property.

W. T. Martin 6/20/19 3:55 PM
Deleted: "At the hearing" of Defendant's petition to redeem the Property

W. T. Martin 6/20/19 4:18 PM
Deleted: </>If Defendant desires to complete her redemption of the Property, then this Court will set the matter for hearing to determine the additional sums that must be tendered by her for issuance of the certificate of redemption.

W. T. Martin 6/20/19 3:58 PM
Formatted: Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.25" + Indent at: 0.5"

W. T. Martin 6/20/19 3:52 PM
Formatted: Bullets and Numbering

4

(b) withdrawing their request for issuance of a certificate of redemption.  If Defendants

fail to timely file the required election, Defendants are deemed to have elected option (b),

withdrawal.  In either case, the Court shall promptly set the matter for hearing and decide

the remaining issues, including who is entitled to receive the initial deposited redemption

amount.

4.  If Defendant elects option (a) to complete her redemption of the Property, then this Court

will set the matter for hearing to determine the additional sums that must be tendered by

her for issuance of the certificate of redemption.     Also, in that event, Plaintiffs'

judgment lien is reinstated and Plaintiffs shall be entitled to simultaneous foreclosure of

their judgment lien and the property shall be placed for sale under the same terms and

conditions previously imposed herein.


_____
Honorable Judge James Waylon Counts

Approved as to form:


_____          _____
W.T. Martin, Jr., counsel for Plaintiffs          Kyle Moberly, counsel for Defendant

W. T. Martin 6/20/19 3:59 PM
Deleted: Defendant shall have 10 days from the date this Order is entered to either (a) request a hearing of her petition for redemption of the Property or (b) withdraw her petition for redemption of the Property.  If Defendant fails to do either within the specified period, then she shall be deemed to have elected to withdraw her petition for redemption of the Property.  If Defendant elects or is deemed, pursuant to the preceding sentence, to have elected to withdraw her petition for redemption of the Property, then the clerk of this Court is hereby ordered to disburse to Defendant the funds that she deposited with the clerk in connection with her petition for redemption of the Property and all interest earned thereon.

W. T. Martin 6/20/19 4:20 PM
Formatted: Font:Times

W. T. Martin 6/20/19 4:20 PM
Formatted: Font:Times

W. T. Martin 6/20/19 4:20 PM
Formatted: Normal

W. T. Martin 6/20/19 4:20 PM
Deleted: If Defendant redeems the Property

W. T. Martin 6/20/19 4:20 PM
Formatted: Font:Times

W. T. Martin 6/20/19 4:11 PM
Deleted: then

W. T. Martin 6/20/19 4:11 PM
Deleted: shall automatically re-attach to the Proper

W. T. Martin 6/20/19 4:15 PM
Deleted: ty

W. T. Martin 6/20/19 4:12 PM
Deleted: thereafter

W. T. Martin 6/20/19 4:14 PM
Deleted: c

W. T. Martin 6/20/19 4:14 PM
Deleted:  sell the Property

W. T. Martin 6/20/19 4:16 PM

Deleted:

5

Motion to Remove

THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:
FRED DALE VAN WINKLE,

Debtor

CASE No# 13-11743-17
CASE No# 15-1047
Cause No D-1215-CV-2010-1054
Division II

TAMMY SPRAGUE, personal representative
of the estate of FRED DALE VAN WINKLE,

and

BRIAN VAN WINKLE, defendant-in-intervention

V.

JOHN H. WILLIAMS, and
ELLEN B.WILLIAMS,
BELLEVIEW VALLEY LAND CO. INC,

Judge James Waylon Counts
FILED
at 3:45 o'clock p M

JUN 18 2019

United States Bankruptcy Court
Albuquerque, New Mexico

MOTION REQUEST FOR RECOGNIZING BRIAN VAN WINKLE 'S RIGHT OF INTERVENTION
AS ESTATE PERSONAL REPRESENTITIVE and, similtanious
REQUEST FOR REMOVAL OF A STATE COURT RULING ACTION.

The Debtors Estate of FRED VAN WINKLE, respectfully moves that the court grant an order
removing Tammy Sprague personal representitive, and recognizing Defendant-in-Intervention
BRIAN VAN WINKLE's as the Estate representitive of FRED VAN WINKLE and, upon doing so,
the Debtors Estate of FRED VAN WINKLE, respectfully moves that the court grant an order
Of Removal to The twelfth Judicial Didtrict court, county of Otero, State of New Mexico's ruling
Cause No D-1215-CV-2010-1054, Division II.
Upon Appointment as Personal Representitive, Brian Van Winkle request that this court
wave normal Motion and Court proceedures and allow This court to act in its full capacity to
remove the state ruling as soon as possible. If a removal request motion is filed and the trustee
does not have the funds in the Account, the judge can defer the fee until funds become available.
The Alter Ego Role of this Court has been usurped and it's role as Alter Ego
of the Estate of Fred Van Winkle has been applied to rulings of District State Court
upsetting the equitable balance between Debtor and Creditor as has been determined

PLAINTIFF'S
EXHIBIT

by this court.

Wherefore, Brian Van Winkle respectfully request the court allow his request to be appointed as personal representitive of the Estate of Fred Van Winkle and, to issue an order concerning State Actions of District State Court for Removal and Allow this court to act in its full capacity as Alter Ego of the Estate of Fred Van Winkle and in doing so allow this court to proceed under it's own violition to achieve Removal of the State court action.

Brian Van Winkle also request that any fees be waved until the Estate account is reopen and has Funds.

6-18-2019

Brian Van Winkle, defendant-in-Intervention
P.O. Box 2595
Ruidoso, N.M. 88355
e-mail Brianvw62@gmail.com
ph( 575)-430-4370

## Defendent In Intervention

Brian Van Winkle (Brian VW) is requesting to exercise his Intervention of right. In doing so he seeks to have his sister Tammy Sprague removed as personal representitive of the estate of Fred Van Winkle (deceased) and replaced by himself as personal representitive.
( Brian VW could not verify how Tammy Sprague was Soley appointed as estate representitive )

The Intervention of right arises when the intervenor, the person who seeks to become a party to an existing law suit, can satisfactorily show that his or her interest is not adequately represented by the present parties, that the interest relates to the subject of the action , and that the disposition of the action might in some way impair his or her ability to protect such interest.

This Court is Familiar with this 11yr long litigation concerning the Estate of Fred Van Winkle. Brian VW request that Judge Thuma review his opinions, the BAP election opinions, and the State court ruling concerning this estate and its back ground.

The state court under Judge Counts has just recently allowed a Discharged debt set forth by this Banckruptcy court to be allowed in state court , in doing so , the state court has upset the balance provided by this court between Debtor and Creditor. This has also put Redemption funds deposited with the state court at risk . This ruling allows perpetual lien reattachment if left as is. As defendent in intervention, there are common issues shared between Brian V.W. and the existing parties involved, in particular, an eight acre parcel with Brian VWs homestead and shop. This acerage is a portion of the total acerage up for redemption and tied to the outcome of the complete estate closure. The issue of the Redemption process and allowing it to go forth as ruled by this court, the State ruling concerning lien reattachment and the closing (2017) of the Estate of Fred Van Winkle before the Estate itself has been closed, are grounds for Brian VW's request to be granted and to allow him to exercise his intervention of right. (There are still unsettled issue for this estate concerning the Condo in lincoln county and Sanctions set by this court.)

Brian Van Winkle is not attempting to inject new causes of action into a pending law suit.

Brian VW contacted, met with lenders in California and secured a loan for Fred Van Winkles' Estate litigation and for Redemption funds. The entire loan amount was deposited in an Estate Account for Fred Van Winkle. NM law requires an estate account to remain open until the entire estate is closed.

Brian VW secured this loan by providing his home for collateral.
The total loan amount of $147,000.00 was deposited into the estate account of Fred Van Winkle. The Redemption funds on deposit with the state court is in the amount of approx $78,000.00.
The balance of 78,000.00 - 147,000.00 = $69,000.00.
Therefore $69,000.00 was left over from Redemption deposit requirements and available for dispersment thru the Estate account for administration of assosiated cost such as legal fees, Taxes , Etc. and held secure for use in a specified account concerning estate needs until the time of the estates Finale closure.

An accurate balance of the Estate account can only be realized through the reconciling of the bank statements. However, the estate account has been closed and transparent access to the account has

Defendent In intervention

of redemption under protection of this court.

The Bap ruled the way they did because the redemption issue was stayed in state
court...Williams was not pursuing collections in personam. Since Judge Counts has ruled in
favor of lien reattachment he is now persuing and personam and has altered the equitable
balance between debtor and creditor and made this a "core issue" eligible for review by
the B.C.

Sanctions are called for in light of his relentless attempts in pursuit to collect a discharged
debt through under handed legal methods .

Despite the amount of time, money and attention dedicated to litigation in this case,
the estate heirs continue this fight for their Redemption and homestead rights in pursuit of
justice inspite of The hardships over the past 11 yrs and will continue as long as
Mr. Williams continues to relentlessly pursue and attack the Estate.

this he has done by hidding behind and weaponizing an obscure law that appears to be in
favor of lien perpetuality regardless of the envolvment of an original morgagor or not.

If allowed to prevail in this light as presented to the courts as justice, Tryranny evolves in our
judicial system. The BAP noted that Mr. Williams' continued litigation methods resembled
what is called " scorched earth" . The Brief Mr. Williams provided requesting Judge Counts
To allow the Discharged liens to re attach is self incriminating as to his real intentions to
persue the estate in Personam vr. In Rem.  Sanctions are Called for to prevent future litigators from
following the same or similar path under relative circumstances.

Thank You, Defendant In Intervention.
Brian Van Winkle , Monday June The 9th, 2019

—————————————      /  / 19

FILED
12th JUDICIAL DISTRICT COURT
Otero County
4/26/2019 11:18 AM
KATINA WATSON
CLERK OF THE COURT
Sven Michael Sears

TWELFTH JUDICIAL DISTRICT COURT
COUNTY OF OTERO
STATE OF NEW MEXICO

BELLEVIEW VALLEY LAND CO.,
A New Mexico corporation, and JOHN
H. WILLIAMS, and ELLEN B. WILLIAMS,
husband and wife,

In Re:
(APE No-13-11743-17
Case No 15 1047

Plaintiffs,

v.

Cause No. D-1215-CV-2010-1054
Division II

TAMMY SPRAUGE, Personal Representative
of the Estate of FRED VAN WINKLE, Deceased,

Defendants.

And

BRIAN VAN WINKLE and JUDITH A.
VAN WINKLE, husband and wife,

Defendants-in-Intervention.

## MINUTE ORDER

THIS MATTER came before the Court on March 11, 2019 on Plaintiffs' Motion for

Summary Judgment. Plaintiffs appeared through counsel, Kenneth Dugan. Defendants appeared

through counsel, Kyle Moberly. The Court having heard arguments of counsel and being otherwise

fully advised in the premises, finds the following material facts are undisputed:

1.      The Court conducted a trial on the merits involving the same parties (Fred Van

Winkle and Brian Van Winkle) and real property involved herein on August 13, 2010, in Cause No.

D-1215-CV-200800076.

2.      Plaintiffs obtained judgement against Fred Van Winkle in the amount of $243,944.31.

FILED
U.S. Bankruptcy Appellate Panel
of the Tenth Circuit

April 3, 2018

Blaine F. Bates
Clerk

PUBLISH

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE TENTH CIRCUIT

---

IN RE FRED DALE VAN WINKLE,

Debtor.

|  |
|---|

BAP No. NM-17-031
BAP No. NM-17-032
BAP No. NM-17-033

---

TAMMY SPRAGUE, personal
representative of the estate of Fred Dale
Van Winkle,

Plaintiff – Appellee,

v.

JOHN WILLIAMS, ELLEN B.
WILLIAMS, and BELLEVIEW
VALLEY LAND CO., INC.,

Defendant – Appellants.

Bankr. No. 13-11743
Chapter 7

OPINION

---

Appeal from the United States Bankruptcy Court
for the District of New Mexico

---

W.T. Martin, Jr. (Jennie D. Behles, Albuquerque, New Mexico with him on the
brief) of Martin, Dugan & Martin, Carlsbad, New Mexico, Attorneys for
Defendant – Appellants.

R. "Trey" Arvizu, III Las Cruces, New Mexico, Attorney for Plaintiff – Appellee.

---

Before KARLIN, Chief Judge, NUGENT, and MOSIER, Bankruptcy Judges.

---

KARLIN, Chief Judge

John Williams, Ellen Williams, and Belleview Valley Land Co., Inc. (the

"Appellants") appeal three bankruptcy court rulings: (1) the *Order Denying*

property redeemed by the original debtor.

To rebut these holdings, Sprague relies on § 524(a)(2), which "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such [discharged] debt as a personal liability of the debtor."[40] Sprague argued, and the bankruptcy court concluded, that when the Debtor received his discharge, that discharge intervened to eliminate any part of the judgment that was not satisfied by the first sale of the property. The bankruptcy court noted that it would not make policy sense to allow the repeated foreclosure of property postredemption, and it ultimately held that once the Debtor redeemed the property from the sale, it became "after-acquired" property. As such, Appellants could not then seek to attach the Judgment Lien to the redeemed property since it was not property owned on the date of the bankruptcy petition. From that reasoning, the bankruptcy court held that Appellants' actions to pursue collection of its Deficiency Judgment against that "after-acquired" property violated the discharge injunction.

These conclusions misapply the New Mexico Supreme Court's holdings in *Construction Engineering* and *Les File Drywall* that redeemed real property "*once again* becomes part of the mortgagor's real estate subject to prior judgment liens."[41] In New Mexico, judgment liens attach to real property acquired by a judgment debtor after the date a transcript of judgment is filed, including property lost at foreclosure but reacquired through redemption.[42] However, nothing in the New Mexico Supreme Court's interpretation of the law indicates property redeemed is newly acquired property—rather, the property "again becomes part of

---

[40]     11 U.S.C. § 524(a)(2).

[41]     *Turner*, 868 P.2d at 653 (citing *Constr. Eng'g*, 572 P.2d at 1248) (emphasis added).

[42]     *Opinion* at 10, *in* Appellants' App. at 943. *See also Const. Eng'g*, 572 P.2d at 1248.

[a debtor's] real estate."[43] While this statutory scheme, which allows repeated foreclosures, appears to conflict with New Mexico's stated public policy behind redemptions,[44] it is nonetheless the law of New Mexico.

The *Special Master's Deed* indicates title to the Otero Land passed to Appellants on July 8, 2014.[45] Sprague timely filed a petition to redeem on April 20, 2015.[46] Appellants objected to Sprague's redemption in the state court and simultaneously filed another action to foreclose the Deficiency Judgment. While Appellants were admittedly procedurally premature in seeking to re-foreclose their Deficiency Judgment, as they still held title to the Otero Land because the state court redemption proceeding was stayed pending resolution of the bankruptcy issues, their complaint did not seek collection of the discharged debt *in personam*.[47] As a result, the filing of the postredemption foreclosure action was not in violation of § 524(a)(2) because, under New Mexico law, a deficiency judgment may become a postredemption lien on the real property once properly transcribed. So long as Appellants were not seeking to hold the Debtor personally liable for the deficiency judgment, and were instead merely pursuing any remaining value in the non-exempt real estate, their actions did not constitute a

---

[43]    *Const. Eng'g*, 572 P.2d at 1248.

[44]    *See Chase Manhattan Bank v. Candelaria*, 90 P.3d 985, 987 (N.M. 2004) ("One of the purposes of the redemption statute is to give the property owner . . . a reasonable opportunity to redeem the property.") (citing *W. Bank. of Las Cruces v. Malooly*, 895 P.2d 265, 271 (N.M. Ct. App. 1995); *see also Mortg. Elec. Registration Sys., Inc. v. Montoya*, 186 P.3d 256, 258 (N.M. Ct. App. 2008) (quoting *HSBC Bank USA v. Fenton*, 125 P.3d 644, 646 (N.M. Ct. App. 2005) *superseded by statute*, N.M. Stat. Ann. § 39-5-18 (2007)) ("[T]he commonly stated purposes of statutory redemption are to encourage full value bidding at foreclosure sales and to protect mortgagors.").

[45]    Appellants' App. at 450.

[46]    *Opinion* at 5, *in* Appellants' App. at 938.

[47]    *Id.* at 6, *in* Appellants' App. at 939.

-14-

discharge violation.[48]

Nothing in the record suggests Appellants sought *in personam* relief, and in fact, the Deficiency Judgment expressly indicated it was a lien on the Debtor's real estate and "no deficiency judgment [was] granted on an in personam basis against the Estate of Fred Van Winkle."[49] We thus find that Appellants did not, in trying to enforce the Deficiency Judgment against the Otero Land, commit any "act, to collect, recover or offset any such [discharged] debt *as a personal liability of the debtor,*" under § 524(a)(2). We therefore REVERSE the bankruptcy court's holding of a discharge violation. / But Now it wald not be Reversed.

### 4.    Violation of the Stipulated Order

Although we hold that Appellants did not violate the discharge injunction, we now review whether their actions taken in the Condo foreclosure violated the terms of the Stipulated Order. This question is quickly answered by a careful review of two documents: the Stipulated Order and the complaint Appellants filed in state court to foreclose Williams' first mortgage and Appellants' Judgment Lien on the Condo.[50]

The parties agreed by the terms of the Stipulated Order that the Judgment Lien was "partially avoided and attache[d] only to the extent of any value over and above the stipulated value of the [Condo] ($100,000) less the payoff of the First Mortgage less the Debtor's allowed Homestead Exemption ($60,000)."[51] In

---

[48]    *Turner,* 868 P.2d at 653; *Const. Eng'g,* 572 P.2d at 1248; *see also Dewsnup v. Timm,* 502 U.S. 410, 417-18 (1992) (explaining lien rights pass through bankruptcy unaffected).

[49]    *See Opinion* at 5, *in* Appellants' App. at 938 (quoting the *Amended Order Approving Special Master's Report & Granting Deficiency Judgment* at 3, *in* Appellants' App. at 448).

[50]    *First Amended Complaint for Judgment for Debt and Money Due on Promissory Note, to Foreclose on Real Estate Mortgage and to Foreclose Judgment Lien, in* Appellants' App. at 1521.

[51]    Stipulated Order at 2, *in* Appellants' App. at 121. The Order also provided
(continued...)

-15-

**Subject: Williams**
**Date:** Thursday, June 20, 2019 2:53 PM
**From:** Ken Dugan <kdugan@lawmdm.com>
**To:** Kyle Moberly <kyle@mobelaw.com>

See attached.


Kenneth D. Dugan

Martin, Dugan & Martin
509 W. Pierce St.
P.O. Box 2168
Carlsbad, NM 88221-2168
(575) 887-3528
(575) 887-2136 (fax)


This email transmission is covered by the Electronic Communications Privacy
Act, 18 U.S.C. sec. 2510-2521 and is legally privileged, confidential and
protected from disclosure. If you are not the intended recipient, any
dissemination, distribution, or copying is strictly prohibited. If you think
you have received this e-mail message in error, please e-mail the sender at kdugan@lawmdm.com and destroy
the original e-mail transmission. Thank
you.

PLAINTIFF'S EXHIBIT

THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:
FRED DALE E VAN WINKLE

    Debtor

TAMMY SPRAGUE, personal representative
of the estate of FRED DALE VAN WINKLE,

and

BRIAN VAN WINKLE, defendant-in-intervention

v.

JOHN H. WILLIAMS, and
ELLEN B WILLIAMS,
BELLEVIEW VALLEY LAND CO, INC.

Cause No 5-13-11743-17

Jorge James Patron Courts
FILED
Division II

Cause No D-1215-CV-2010-1054

01345____ o'clock ___ M

JUN 18 2019

United States Bankruptcy Court
Albuquerque, New Mexico

MOTION REQUEST FOR RECOGNIZING BRIAN VAN WINKLE'S RIGHT OF INTERVENTION
AS ESTATE PERSONAL REPRESENTATIVE and ____
REQUEST FOR REMOVAL OF A STATE COURT RULING ACTION

The Debtors Estate of FRED VAN WINKLE, respectfully moves that the court grant an order removing Tammy Sprague personal representative, and recognizing Defendant-in-Intervention BRIAN VAN WINKLE as the trustee representative of FRED VAN WINKLE and, upon doing so, the Debtors Estate of FRED VAN WINKLE, respectfully moves that the court grant an order of Removal to the twelfth Judicial District court, county of Otero, State of New Mexico ruling Cause No D-1215-CV-2010-1054, Division II.

Upon Appointment as Personal Representative, Brian Van Winkle request that this court waive normal Motion and Court proceedings and allow This court to act in its full capacity to remove the order ruling as soon as possible, if a removal request increases is filed and the income does not have the funds in the Account. The judge can defer the fee until funds become available. This After Ego Ruling of this Court has been caused and it is now as Alter Ego of the Estate of Fred Van Winkle has been applied to ruling of Desired State Court wresting the regularis balance between Debtor and Creditor as has been determined.

FILED
12TH JUDICIAL DISTRICT COURT
OTERO COUNTY NM
6/1/2015 8:37:44 PM
KATINA WATSON
CLERK OF COURT
Angela Harris

STATE OF NEW MEXICO
COUNTY OF OTERO
TWELFTH JUDICIAL DISTRICT COURT

BELLEVIEW VALLEY LAND CO., a New
Mexico corporation, and JOHN H. WILLIAMS
and ELLEN B. WILLIAMS, husband and wife,

     Plaintiffs,

v.

TAMMY SPRAGUE, Personal Representative
of the Estate of FRED VAN WINKLE, Deceased,

     Defendant.

And

BRIAN VAN WINKLE and JUDITH A.
VAN WINKLE, husband and wife,

     Defendants-in-Intervention.

Cause No. CV-2010-01054
Judge James Waylon Counts

### ESTATE OF FRED VAN WINKLE'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT TO FORECLOSE JUDGMENT LIEN AND SUPPORTING BRIEF

Defendant, Tammy Sprague, personal representative of the estate of Fred Van Winkle,

deceased (the "**Estate**"), by and through her attorney of record, Law Office of Kyle H. Moberly,

P.C., hereby submits, in accordance with Subparagraph (2) of Paragraph D of Rule 1-056 NMRA,

the Estate's memorandum in opposition to the Plaintiffs' Motion for Summary Judgment to

Foreclose Judgment Lien and Supporting Brief (the "**Plaintiffs' Motion**").

Estate of Fred Van Winkle's Memorandum in Opposition to
Plaintiffs' Motion for Summary Judgment to Foreclose Judgment Lien
Belleview Valley Land Co. v. Sprague
CV-2010-01054

E:\Dox\CLIENT\0639-001-0000919\*.WPD

Page 1 of 17



PLAINTIFF'S
EXHIBIT
9

Case 13-11743-t7   Doc 99-2   Filed 12/05/19   Entered 12/05/19 09:14:56 Page 38 of 49

whether the proof is sufficient to prove the particular fact. <u>Linton v. Mauer-Neuer Meat Packers</u>, 71 N.M. 305, 378 P.2d 126 (1963). The Estate should be entitled to a reasonable opportunity for discovery prior to any consideration of the Plaintiffs' Motion.

## ARGUMENT

### A.  PLAINTIFFS ARE NOT ENTITLED TO A JUDGMENT AS A MATTER OF LAW.

1.  **Introduction.** The Plaintiffs have asked this Court to either -

    (a)    declare that the Plaintiffs will have a lien against the Property if it is redeemed by the Estate that they can foreclose immediately after the redemption, or

    (b)    order the Estate to pay all of the debt that was owed by Fred Van Winkle to the Plaintiffs and evidenced by the original judgment and the deficiency judgment as a condition to redeeming the Property.

2.  **Plaintiffs Will Not Have a Lien Against the Property.**

    (a)    **Introduction.** The Plaintiffs make the following arguments as to why they will have a lien against the Property if it is redeemed by the Estate:

        (1)    First, the redemption will revive the original judgment lien;

        (2)    Second, the recording of the transcript of deficiency judgment created a new, additional lien that will attach to the Property if it is redeemed by the Estate.

    (b)    **No Revival of Original Judgment Lien.** The debt that was evidenced by the judgment the Plaintiffs obtained against Fred Van Winkle on August 13, 2010 (the "**Original Judgment**"), was discharged by the United States Bankruptcy Court for the District of New Mexico

Estate of Fred Van Winkle's Memorandum in Opposition to
Plaintiffs' Motion for Summary Judgment to Foreclose Judgment Lien
Belleview Valley Land Co. v. Sprague
CV-2010-01054

E:\Dox\CLIENT\0649.001\00009197.WPD

Page 7 of 17

Case 13-11743-t7    Doc 99-2    Filed 12/05/19    Entered 12/05/19 09:14:56    Page 39 of 49

on August 26, 2013. A copy of the Discharge of Debtor entered by the United States Bankruptcy Court for the District of New Mexico in the case of In re Fred Dale Van Winkle, Case No. 13-11743-j7, is attached hereto as **Exhibit A**. Section 524(a)(1) of the Bankruptcy Code provides that "A discharge in a case under this title . . . voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727 . . . ." Accordingly, when Mr. Van Winkle's discharge was granted, the Original Judgment immediately became void as to the personal liability of Mr. Van Winkle. New Mexico law is very clear that a "judgment lien expires with the judgment upon which it is founded." Western States Collection Co. v. Shain, 83 N.M. 203, 205, 490 P.2d 461 (1971). Therefore, when the Original Judgment was voided under Bankruptcy Code Section 524, the judgment lien that was created when the Plaintiffs' recorded a transcript of the Original Judgment in the real property records of Otero County, New Mexico (the "**Original Judgment Lien**") expired. The Original Judgment Lien could not, and cannot, thereafter attach to any property subsequently acquired by Mr. Van Winkle or his estate. *See, e.g.*, In re Serrano, No. 7-08-12723 MA (Bankr. N.M. 2009) (the judgment lien that secured a discharged judgment "does not attach to any property the Debtors may acquire . . . in the future."); Birney v. Smith (In re Birney), 200 F.3d 225, 228 (4th Cir. 1999) (judgment "could not ripen into a lien following Birney's discharge because the discharge extinguished his liability for the underlying debt."); In re Rourke, 288 B.R. 50, 52 (Bankr. E.D.N.Y. 2003) ("As a result of the Debtor's discharge, the Real Property purchased by the Debtor thereafter was not encumbered by the Judgments, which are deemed void."); In re Norvell, 198 B.R. 697, 699

Estate of Fred Van Winkle's Memorandum in Opposition to
Plaintiffs' Motion for Summary Judgment to Foreclose Judgment Lien
Belleview Valley Land Co. v. Sprague
CV-2010-01054

E:\Doc\CLIENT\66-19-001\00006197.WPD

Page 8 of 17

Case 13-11743-t7    Doc 99-2    Filed 12/05/19    Entered 12/05/19 09:14:56    Page 40 of 49

(Bankr. W.D. Ky. 1996) ("A judgment lien will not attach to any real estate acquired by the debtor after the filing of a Chapter 7 bankruptcy proceeding in which the debtor received a discharge."); In re Ogburn, 212 B.R. 984, 987 (Bankr. M.D. Ala. 1995) ("upon discharge of the *in personam* liability, there is no basis for the lien to attach to property acquired postpetition") under §524(a)(1), an unattached judgment was voided by the debtors' discharge and thus no lien attached to debtors' after-acquired property); In re Thomas, 102 B.R. 199, 201 (Bankr. E.D. Cal. 1989) ("no judgment lien could have been created post-discharge even though the Debtors had acquired attachable property because the underlying judgment was previously discharged and rendered void."); In re Yates, 47 B.R. 460, 462 (D. Colo. 1985) (when underlying judgment is discharged before "res" exists upon which the "lien" could attach, no subsequent basis for a lien exists).

The Plaintiffs state that Section 39-5-18 NMSA 1978 does not specify what the effect of a redemption is "on third parties, including prior lien holders, subsequent lien holders, the foreclosing party, or the purchase." They claim that it restores the parties to the position they were in prior to the foreclosure sale. They base their claim on two New Mexico cases and several cases from other jurisdictions.

Both of the New Mexico cases concerned the effect of a redemption of property sold at a tax sale, not at a foreclosure sale. Langhurst v. Langhurst, 49 N.M. 329, 164 P.2d 204 (1945), which is one of cases the Plaintiffs cite, merely addressed the issue of whether separate property repurchased by a spouse after a tax sale is still the separate property of that spouse. The court concluded that it is. The other New Mexico case that Plaintiffs cite in their motion is Chavez v.

Estate of Fred Van Winkle's Memorandum in Opposition to
Plaintiffs' Motion for Summary Judgment to Foreclose Judgment Lien
Belleview Valley Land Co. v. Sprague
CV-2010-01054

E:\Dat\CLIENT\0649\001\00\00919? WPD

Case 13-11743-t7    Doc 99-2    Filed 12/05/19    Entered 12/05/19 09:14:56    Page 41 of 49

Chavez, 56. N.M. 393, 244 P.2d 781 (1952). That case addressed the issue of whether a redemption from a tax sale by one co-tenant operates as a redemption of the property for all of the co-tenants, which the court concluded it did, and that, as a result, a previous judgment lien against one of the co-tenants attached to that co-tenant's interest in the property.

The Plaintiffs cite cases from other jurisdictions to support their claim that a "redemption merely annuls the sale, and leaves the property subject to all liens which would have been barred <u>if the sale had ripened into title</u> (emphasis added)" Counsel for the Estate has not had sufficient time to review all of those cases, but he has found other cases that are probably more applicable to New Mexico where <u>title actually passes to the purchaser after the foreclosure sale</u> and the purchaser has the right to possess the property and enjoy all of the benefits of ownership unless and until the right of redemption is exercised. *See, e.g.*, 47 Am. Jur. 2d Judicial Sales §348 ("the owner's exercise of his right of redemption has been held to vest in him a title freed from all claims of lienors whose claims were subsequent to those for which the property was sold"); 55 Am. Jur. 2d Mortgages §902 ("the lien for the unpaid balance of the mortgage debt is not restored upon a redemption by the mortgagor by repaying the amount for which the property was sold at the trustee's sale, although that amount is less than the face of the mortgage"). In New Mexico, a redemption should give the party exercising the right of redemption the same rights to the property that the person who purchased the property at the foreclosure sale, subject to any floating liens against the redeemer, such as a judgment lien. Thus, upon redemption, the Estate will acquire the Property free and clear of all liens and other interests that were foreclosed as a result of the foreclosure sale.

Estate of Fred Van Winkle's Memorandum in Opposition to
Plaintiffs' Motion for Summary Judgment to Foreclose Judgment Lien
Belleview Valley Land Co. v. Sprague
CV-2010-01054

E:\Doc\CLIENT-06-I9\001-00\00919Z WPD

Page 10 of 17

Case 13-11743-t7    Doc 99-2    Filed 12/05/19    Entered 12/05/19 09:14:56    Page 42 of 49

including the Original Judgment Lien. The Plaintiffs' claim that their judgment lien would reattach to the Property upon redemption would probably be true if Fred Van Winkle's personal liability for the debt had not been discharged in bankruptcy. But, it was. As a result, if the Estate redeems the Property it will not be subject to the Original Judgment Lien or any other lien or other interest that was foreclosed by the foreclosure sale.

     (c)    **Deficiency Judgment Lien Will Not Attach to the Property Upon Redemption.** The deficiency judgment that this Court entered on July 23, 2014, and amended on July 28, 2014 (that judgment, as amended, is hereinafter referred to as the "**Deficiency Judgment**"), did not make Mr. Van Winkle's estate personally liable for the debt. It specifically states that "no deficiency judgment is granted on an *in personam* basis against the Estate . . . ."[2] If it did, it would have violated the discharge injunction of Section 524(a)(2) of the Bankruptcy Code. That statute provides that "A discharge in a case under this title . . . operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor . . . ." Therefore, the Deficiency Judgment only confirmed that the Plaintiffs' still had an *in rem* claim that was secured by the existing lien against the real estate that was owned by Mr. Van Winkle when he filed bankruptcy

---

[2] The statement in the Deficiency Judgment, which was prepared by Plaintiffs' counsel, that "the lien created by the deficiency is collectable as provided in Chapel v. Nevitt, 145 N.M. 674, 685, 203 P.3d 889, 900, 2009-NMCA-017" is so vague that the Estate's counsel was not sure what was meant by it until he read the Plaintiffs' Motion. Chapel addressed the court's equitable power to allow an extension to the redemption period. To expect Ms. Sprague, who was pro se at the time, to understand it is unrealistic. Furthermore, the Estate did not approve the form of the Deficiency Judgment and may not have been given the opportunity to do so before it was entered.

Estate of Fred Van Winkle's Memorandum in Opposition to
Plaintiffs' Motion for Summary Judgment to Foreclose Judgment Lien
Belleview Valley Land Co. v. Sprague
CV-2010-01054

E:\Dat\CLIENT\06-89-001\0006197 WPD

Page 11 of 17

Case 13-11743-t7    Doc 99-2    Filed 12/05/19    Entered 12/05/19 09:14:56 Page 43 of 49

and that was still owned by his estate. In other words, the Deficiency Judgment merely confirmed that the Plaintiffs had a lien against the Estate's real estate in Ruidoso, New Mexico, that secured the balance of the Original Judgment against Mr. Van Winkle, which as the Deficiency Judgment states "remains collectable by the Plaintiffs through legal actions, or actions to enforce judgment liens as they may exist in other New Mexico counties."

To the extent that the Deficiency Judgment can be interpreted as making Mr. Van Winkle's estate personally liable for the debt and, therefore, supporting the Plaintiffs' claim of an additional lien that will attach to the Property if it is redeemed by the Estate, Section 524(a)(1) of the Bankruptcy Code (as quoted above) makes it void. As stated in Pavelich v. McCormick, Barstow, Sheppard, Wayte & Carruth LLP (In re Pavelich), 229 B.R. 777, 782 (B.A.P. 9th Cir. 1999), "all judgments purporting to establish personal liability of a debtor on a discharged debt, including judgments obtained after bankruptcy, are void to that extent. They are not voidable, they are void ab initio as a matter of federal statute." A judgment lien can only secure a valid judgment. Western States Collection Co., at 83 N.M. 204 ("The existence of a valid judgment is a prerequisite to the existence of the lien."). Thus, the transcript of the Deficiency Judgment that the Plaintiffs recorded in the real property records of Otero County, New Mexico on August 14, 2014, cannot attach to any property that the Estate acquires.

The Plaintiffs claim that the Estate is barred by "the doctrines of res judicata, law of the case, waiver, estoppel, failure to timely appeal, and other applicable doctrines" from asserting now that the Deficiency Judgment is void. That is not true. As the United States Supreme Court

Estate of Fred Van Winkle's Memorandum in Opposition to
Plaintiffs' Motion for Summary Judgment to Foreclose Judgment Lien
Belleview Valley Land Co. v. Sprague
CV-2010-01054

E:\Dox\CLIENT\0649-001\00000197.WPD

Page 12 of 17

has explained, "Congress, because its power over the subject of bankruptcy is plenary, may by specific bankruptcy legislation create an exception to that principle res judicata and render judicial acts taken with respect to the person or property of a debtor whom the bankruptcy law protects nullities and vulnerable collaterally." Kalb v. Feuerstein, 308 U.S. 433, 438-39, 60 S.Ct. 343, 84 L.Ed. 370 (1940). As stated before, Section 524(a)(1) voids the Deficiency Judgment and "void judgments cannot be the basis for res judicata" or any other preclusion doctrine. In re Cruz, 254 B.R. 801, 811 (Bankr. S.D.N.Y. 2000) (court set aside a default judgment entered against debtor and the settlement agreement that he subsequently entered into with the holder of the default judgment).

3.      **The Estate Should Not be Ordered to Pay More to Redeem the Property than Section 39-5-18 NMSA 1978 Specifically Requires.** If this Court determines that the Plaintiffs do not have a judgment lien that will attach, or reattach, to the Property if it is redeemed by the Estate, then the Plaintiffs have asked this Court to order the Estate to pay the remainder of the debt that was owed by Fred Van Winkle to the Plaintiffs as a condition to redeeming the Property.

As the Court of Appeals stated in Brown v. Trujillo, 135 N.M. 365, 88 P.3d 881, 887 (Ct. App. 2004), one of the ways a redemption statute protects debtors is to discourage lenders from purchasing "a property at a foreclosure sale for considerably less than the amount of the debt, thereby receiving the property for a minimal price while retaining the right to recover the full amount of the debt." That is exactly what the Plaintiffs tried to do in this case, but they should fail and this Court should not bail them out. If the Williams had purchased the Property for the amount of Mr. Van Winkle's debt to the Plaintiffs, the Estate would not redeem the Property. But, instead,

Estate of Fred Van Winkle's Memorandum in Opposition to
Plaintiffs' Motion for Summary Judgment to Foreclose Judgment Lien
Belleview Valley Land Co. v. Sprague
CV-2010-01054

E:\Dox\CLIENT\6619.001\00009197.WPD

counsel should have warned the Williams that the Estate might exercise its right of redemption. If they failed to do so, that is a matter to be resolved between them and the Williams. In any event, the Williams are not entitled to be reimbursed for any improvements they have made to the Property. Chase Manhattan Bank v. Candelaria (denying purchaser's request to be reimbursed for improvements he made to the property).

## B.     GENUINE ISSUES AS TO MATERIAL FACTS.

The Plaintiffs' Motion states that "no material issues of fact remain." As stated above, whether Williams made any improvements to the Property after the transcript of the Deficiency Judgment was recorded and, if so, how much they spent on those improvements are genuine issues of material fact that remain to be determined by the Court.

## CONCLUSION

The Plaintiffs' Motion should be denied because there are genuine issues as to the material facts and the Plaintiffs are not entitled to a judgment as a matter of law.

Respectfully submitted,

LAW OFFICE OF KYLE H. MOBERLY, P.C.

By:     _/s/ Kyle H. Moberly_
Kyle H. Moberly
Attorney for Tammy Sprague as personal representative of the estate of Fred Van Winkle, deceased
2460 S. Locust Street, Suite E
Las Cruces, New Mexico 88001
(575) 541-1278

Estate of Fred Van Winkle's Memorandum in Opposition to
Plaintiffs' Motion for Summary Judgment to Foreclose Judgment Lien
Belleview Valley Land Co. v. Sprague
CV-2010-01054

E:\Docs\CLIENT\0649-001-00\00919.WPD

Page 16 of 17

I HEREBY CERTIFY that a true and correct copy of the foregoing memorandum in opposition to the Plaintiffs' Motion for Summary Judgment to Foreclose Judgment Lien and Supporting Brief was mailed to Martin, Dugan & Martin, Attorneys for Plaintiffs, P.O. Box 2168, Carlsbad, New Mexico 88221, this 1st day of June, 2015.

_s/ Kyle H. Moberly_
KYLE H. MOBERLY

Estate of Fred Van Winkle's Memorandum in Opposition to
Plaintiffs' Motion for Summary Judgment to Foreclose Judgment Lien
Belleview Valley Land Co. v. Sprague
CV-2010-01054

E:\Doc\CLIENT\06-49-001\00\09197 WPD

B18 (Official Form 18)(12/07)

# United States Bankruptcy Court

District of New Mexico
## Case No. 13–11743–j7
### Chapter 7

In re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
Fred Dale Van Winkle
PO Box 1691
Ruidoso, NM 88355

Last four digits of Social Security or other
Individual Taxpayer–Identification No(s)., (if any):
xxx–xx–9361

Employer's Tax–Identification No(s)., /Other No(s) (if any):


## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11 United States Code (the Bankruptcy Code).


BY THE COURT

Dated: 8/26/13

Robert H. Jacobvitz
United States Bankruptcy Judge


**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**



## EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

### Debts That are Not Discharged.

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes;

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**