UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF NEW MEXICO

In re:

FRED DALE VAN WINKLE, and,                  Case No. 13-11743-t7

    Debtor.

## SUPPLEMENT TO MOTION TO REOPEN CASE

COMES NOW BRIAN VAN WINKLE ("**Van Winkle**") and TAMMY SPRAGUE ("**Sprague**" and, collectively with Van Winkle, "**Movants**"), by and through their undersigned counsel GAFFNEY LAW, PC (Joel Alan Gaffney, Esq.), for their Supplement to Motion to Reopen Case state as follows:

1. On January 13, 2020, the Court held a preliminary hearing on the Movants' Motion to Reopen Case. Document # 97. At the preliminary hearing, the Court directed the Movants to file their proposed adversary complaint after amending it in response to the Response to Motion to Reopen Case, Document # 99, filed by John Williams, Ellen B. Williams, and Belleview Valley Land Co., Inc.

2. Attached hereto as **Exhibit A** is the Movants' proposed Adversary Complaint. A redline document comparing Exhibit A to the adversary complaint that was attached to the initial Motion to Reopen Case is attached hereto as **Exhibit B**.

**WHEREFORE**, Plaintiffs respectfully request that this Court reopen this bankruptcy case.

                                             Respectfully submitted,
                                             GAFFNEY LAW, PC
                                             *s/ Joel Alan Gaffney*
                          By:    Joel Alan Gaffney, Esq
                                             6565 America's Parkway # 200
                                             Albuquerque, NM 87110
                                             (505) 563-5508
                                             joel@gaffneylaw.com
                                             *Attorneys for Movants*

# EXHIBIT A - 8 PAGES

UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF NEW MEXICO

In re:

FRED DALE VAN WINKLE, and,            Case No. 13-11743-t7

     Debtor.

---

BRIAN VAN WINKLE, not in his personal
capacity but solely as co-personal representative
of the estate of Fred Van Winkle, and
TAMMY SPRAGUE, not in her personal      Adv. No. 19-XXXXX-t
capacity but solely as co-personal representative
of the estate of Fred Van Winkle,
                 Plaintiffs,
   v.

BELLEVIEW VALLEY LAND CO., a New
Mexico corporation, JOHN H. WILLIAMS,
and ELLEN B. WILLIAMS,
                 Defendants.

## COMPLAINT FOR SANCTIONS FOR VIOLATION OF COURT ORDER

COMES NOW BRIAN VAN WINKLE ("**Van Winkle**"), not in his personal capacity but solely as co-personal representative of the estate of Fred Van Winkle ("**Debtor**") and TAMMY SPRAGUE ("**Sprague**" and, collectively with Van Winkle, "**Plaintiffs**"), not in her personal capacity but solely as co-personal representative of the estate of the Debtor, by and through their undersigned counsel GAFFNEY LAW, PC (Joel Alan Gaffney, Esq.), for their Complaint for Sanctions for Violation of Court Order ("**Complaint**") against Belleview Valley Land Co., a New Mexico corporation ("**Belleview**"), John H. Williams ("**Mr. Williams**"), and Ellen B. Williams ("**Mrs. Williams**," collectively with Mr. Williams, the "**Williamses**") (the Williams and Belleview are collectively referred to herein as "**Defendants**") state as follows:

## JURISDICTION AND VENUE

1. On May 21, 2013, Debtor commenced the above-captioned bankruptcy case ("**Bankruptcy Case**") by filing a voluntary petition under Chapter 7 of title 11 of the United States Code ("**Bankruptcy Code**") in the District of New Mexico.

2. This Court has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334.

3. Venue is proper in this Court under 28 U.S.C. § 1409.

4. This matter is a core proceeding under 28 U.S.C. § 157(b).

5. The statutory bases for this action are 11 U.S.C. §§ 105(a) and 522.

6. In the event that a court determines that the claims involved in this Complaint cannot be finally determined by this Court without the consent of the parties, the Plaintiffs give such consent.

## PARTIES

7. Plaintiff Van Winkle is an individual who resides in New Mexico.

8. Plaintiff Sprague is an individual who resides in New Mexico.

9. The Debtor is deceased.

10. Plaintiffs are co-personal representatives of the estate of the Debtor under Letters of Administration issued by the Twelfth Judicial District Court of New Mexico, Lincoln County, on October 30, 2019 (Cause No: D-1226-CV-2019-00184).

11. On information and belief, Defendant Belleview was a Missouri corporation. It was dissolved for failure to file a registration report by the state of Missouri on or around November 8, 2007. It was formerly authorized to do business in New Mexico, but had its authority revoked by the state of New Mexico as a non-filer on or around March 3, 2008.

12. Defendant Mr. Williams is, on information and belief, an individual who resides in Missouri. He is or was the President of Defendant Belleview.

13. Defendant Mrs. Williams is, on information and belief, an individual who resides in Missouri. She is or was the Secretary of Defendant Belleview.

14. On information and belief, the Williamses are husband and wife and controlling shareholders of Belleview.

15. Defendant Belleview and the Williamses are plaintiffs in an action currently pending in the Twelfth Judicial District Court of New Mexico, Otero County ("**Otero Foreclosure**") (Cause No: D-1215-CV-2010-01054).

## THE BANKRUPTCY CASE

16. Belleview and the Williamses were creditors in the Bankruptcy Case, represented by the law firm Martin, Dugan & Martin.

17. On August 26, 2013, before the Debtor became deceased, this Court entered an order granting a discharge under 11 U.S.C § 727.

18. On January 27, 2015, the Court entered a Stipulated Order Resolving Motion to Avoid Judicial Lien of Belleview Valley Land Co., John Williams, and Ellen B. Williams ("**Avoidance Order**").

19. The Avoidance Order states: "The transcript of judgment lien of [Belleview and the Williamses] . . . is hereby partially avoided and attaches only to the extent of any value over and above the stipulated property value of the Property ($100,000) less the payoff of the First Mortgage less the Debtor's allowed Homestead Exemption ($60,000)."

20. The Avoidance Order further states: "When the amount of the payoff of the First Mortgage is known, the Court will enter a further order establishing the exact amount of [Belleview and the Williamses'] judicial lien that can be applied against the Property."

## THE FORECLOSURE ACTIONS

21. On April 20, 2015, Belleview and the Williamses commenced an action in the Twelfth Judicial District Court of New Mexico, Lincoln County (Cause No: D-1226-CV-2015-00065), by filing a Complaint for Judgment for Debt and Money Due on Promissory Note, to Foreclose Real Estate Mortgage and to Foreclose Judgment Lien ("**Lincoln County Complaint**"). The Lincoln County Complaint contained material misrepresentations about the Avoidance Order. On May 19, 2015, the Lincoln County Complaint was amended, but the amendments did not cure the material misrepresentations about the Avoidance Order.

22. On June 24, 2015, Sprague commenced an adversary proceeding in this Court (Adv. Pro. No: 15-01047), by filing a Complaint for Declaratory Judgment, Damages for Both Violation of Bankruptcy Court's Discharge Order and Violation of Stipulated Order Resolving Motion to Avoid Judicial Lien and for Emergency Order Enforcing the Discharge Injunction to Stay any Further State Court Proceedings Pending Resolution of These Matters ("**First Sanctions Complaint**"). On February 22, 2019, this Court entered a final judgment on the First Sanctions Complaint awarding Debtor's estate $39,241.46 as damages for their contempt of the Avoidance Order ("**Sanctions Judgment**").

23. To date Defendants have made no payments to satisfy the Sanctions Judgment.

24. On July 19, 2019, the Twelfth Judicial District Court of New Mexico entered an Order on Plaintiff's Motion for Summary Judgment to Foreclose Judgment Lien and Supporting

Brief in the Otero Foreclosure. That order states, "Plaintiffs have the right to seek satisfaction of their judgment, *in rem*, from the former defendant owner." Although the phrase "in rem" is included in this decretal paragraph, that gloss fails to disguise the clear intent to assess personal liability against the Debtor for a discharged obligation.

25. This conclusion is further bolstered by an order, entered on August 12, 2019 titled Order on Plaintiff's Amended Motion to Distribute Redemption Sums and Enter Final Judgment. This order purports to deem the Debtor's estate's request to redeem property in Otero County withdrawn while simultaneously declaring that the funds paid into the court registry (which funds were acquired by the Debtor's estate after the Bankruptcy Case was filed) must be paid over to the Williamses.

## FIRST CLAIM FOR RELIEF – ALTER EGO

26. Plaintiffs incorporate by reference herein each preceding allegation as if fully set forth herein.

27. On information and belief, Defendants the Williamses own all or a majority of the ownership interest in Defendant Belleview.

28. On information and belief, Defendants the Williamses financed Defendant Belleview throughout its operation.

29. On information and belief, Defendants the Williamses caused Defendant Belleview to be incorporated.

30. On information and belief, at all relevant times, Defendant Belleview had grossly inadequate capital.

31. On information and belief, at all relevant times, Defendants the Williamses did not control Defendant Belleview independently in the best interests of Defendant Belleview, but rather for their own benefit.

32. On information and belief, at all relevant times, Defendant Belleview failed to observe one or more formal legal requirements regarding its existence separate from Defendants the Williamses. For example, it has not been authorized to conduct business in the state of New Mexico since at the latest March 3, 2008, yet Defendants the Williamses have conducted business in the state of New Mexico between that date and the present purportedly under the name of Defendant Belleview. In addition, Defendant Belleview was dissolved by its state of incorporation, Missouri, on or around November 8, 2007.

**WHEREFORE**, Plaintiffs respectfully demand judgment be entered against Defendant Belleview declaring that it is the alter ego of Defendants the Williamses, and against Defendats the Williamses declaring that they are the alter ego of Defendant Belleview, and that all actions relevant to this action be attributed to all three Defendants as if they had personally taken such actions.

### SECOND CLAIM FOR RELIEF – CONTEMPT OF DISCHARGE ORDER

33. Plaintiffs incorporate by reference herein each preceding allegation as if fully set forth herein.

34. Each of the Defendants actively participated in the Bankruptcy Case and was aware, or can be charged with awareness, of the Debtor's discharge. Even with that knowledge, the Defendants have continued to pursue frivolous litigation tactics designed to collect on a debt that was discharged in that order.

35. Defendants have sought authority to collect their discharged debt from money deposits provided to the Debtor's estate after the Bankruptcy Case was filed, even though the Bankruptcy Code plainly prohibits such acts.

36. This continued aggressive litigation has caused Plaintiffs and the Debtor's estate significant damages in the form of attorneys fees, the time value of money, and potential waste to the subject properties. Defendants should be held liable for these damages.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment against Defendants sanctioning them in an amount to be determined at trial for their contumacious violation of the discharge order.

### THIRD CLAIM FOR RELIEF – WILLFUL REFUSAL TO SATISFY JUDGMENT

37. Plaintiffs incorporate by reference herein each preceding allegation as if fully set forth herein.

38. As of the date of this Complaint, Defendants have made no efforts to satisfy the Sanctions Judgment.

39. Plaintiffs have offered to settle the Sanctions Judgment by applying it as a setoff against the amounts due in the Lincoln County Foreclosure, but the Defendants have refused to respond to those offers.

40. The Sanctions Judgment is a final judgment that is no longer subject to any appeal.

41. On information and belief, Defendants' refusal to satisfy the Sanctions Judgment or to apply it as a setoff against their claims is without justification.

42. Defendants' refusal to satisfy the Sanctions Judgment or to apply it as a setoff against their claims is causing damages to the Plaintiffs in the form of increased legal fees,

interest that continues to accrue on Defendants' claims, and other damages that cannot be estimated at this time.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment against Defendants sanctioning them in an amount to be determined at trial for their willful refusal to satisfy the Sanctions Judgment.

    Respectfully submitted,

    GAFFNEY LAW, PC

    <u>*s/ Joel Alan Gaffney*</u>
By:    Joel Alan Gaffney, Esq
    6565 America's Parkway # 200
    Albuquerque, NM 87110
    (505) 563-5508
    joel@gaffneylaw.com
    *Attorneys for Plaintiffs*

# EXHIBIT B - 8 PAGES

UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF NEW MEXICO

In re:

FRED DALE VAN WINKLE, and,

    Debtor.

Case No. 13-11743-t7

BRIAN VAN WINKLE, not in his personal capacity but solely as co-personal representative of the estate of Fred Van Winkle, and TAMMY SPRAGUE, not in ~~the~~ir personal capacit~~yies~~ but solely as co-personal representative~~s~~ of the estate of Fred Van Winkle,
    Plaintiffs,

v.

BELLEVIEW VALLEY LAND CO., a New Mexico corporation, JOHN H. WILLIAMS, and ELLEN B. WILLIAMS, ~~and KENNETH D. DUGAN,~~
    Defendants.

Adv. No. 19-XXXXX-t

**Formatted:** Right: 3.25"

**Formatted:** Right: 3.19"

## COMPLAINT FOR SANCTIONS FOR VIOLATION OF COURT ORDER

COMES NOW BRIAN VAN WINKLE ("**Van Winkle**"), not in his personal capacity but solely as co-personal representative of the estate of Fred Van Winkle ("**Debtor**") and TAMMY SPRAGUE ("**Sprague**" and, collectively with Van Winkle, "**Plaintiffs**"), not in her personal capacity but solely as co-personal representative of the estate of the Debtor, by and through their undersigned counsel GAFFNEY LAW, PC (Joel Alan Gaffney, Esq.), for their Complaint for Sanctions for Violation of Court Order ("**Complaint**") against Belleview Valley Land Co., a New Mexico corporation ("**Belleview**"), John H. Williams ("**Mr. Williams**"), and Ellen B.

Williams ("**Mrs. Williams**," collectively with Mr. Williams, the "**Williamses**") (the Williams and Belleview are collectively referred to herein as "**Defendants**") state as follows:

### JURISDICTION AND VENUE

1. On May 21, 2013, Debtor commenced the above-captioned bankruptcy case ("**Bankruptcy Case**") by filing a voluntary petition under Chapter 7 of title 11 of the United States Code ("**Bankruptcy Code**") in the District of New Mexico.

2. This Court has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334.

3. Venue is proper in this Court under 28 U.S.C. § 1409.

4. This matter is a core proceeding under 28 U.S.C. § 157(b).

5. The statutory bases for this action are 11 U.S.C. §§ 105(a) and 522.

6. In the event that a court determines that the claims involved in this Complaint cannot be finally determined by this Court without the consent of the parties, the Plaintiffs give such consent.

### PARTIES

7. Plaintiff Van Winkle is an individual who resides in New Mexico.

8. Plaintiff Sprague is an individual who resides in New Mexico.

9. The Debtor is deceased.

10. Plaintiffs are co-personal representatives of the estate of the Debtor under Letters of Administration issued by the Twelfth Judicial District Court of New Mexico, Lincoln County, on October 30, 2019 (Cause No: D-1226-CV-2019-00184).

11. On information and belief, Defendant Belleview was a Missouri corporation. It was dissolved for failure to file a registration report by the state of Missouri on or around November 8, 2007. It was formerly authorized to do business in New Mexico, but had its authority revoked by the state of New Mexico as a non-filer on or around March 3, 2008.

12. Defendant Mr. Williams is, on information and belief, an individual who resides in Missouri. He is or was the President of Defendant Belleview.

13. Defendant Mrs. Williams is, on information and belief, an individual who resides in Missouri. She is or was the Secretary of Defendant Belleview.

14. On information and belief, the Williamses are husband and wife and controlling shareholders of Belleview.

15. ~~On information and belief, Defendant Dugan is an attorney licensed to practice law in New Mexico, is associated with the law firm Martin, Dugan & Martin, and is the attorney of record for Belleview and/or the Williamses in~~<ins>Defendant Belleview and the Williamses are plaintiffs in</ins> an action currently pending in the Twelfth Judicial District Court of New Mexico, Otero County ("**Otero Foreclosure**") (Cause No: D-1215-CV-2010-01054).

## THE BANKRUPTCY CASE

16. Belleview and the Williamses were creditors in the Bankruptcy Case, represented by the law firm Martin, Dugan & Martin.

17. On August 26, 2013, before the Debtor became deceased, this Court entered an order granting a discharge under 11 U.S.C § 727.
18. On January 27, 2015, the Court entered a Stipulated Order Resolving Motion to Avoid Judicial Lien of Belleview Valley Land Co., John Williams, and Ellen B. Williams ("**Avoidance Order**").
19. The Avoidance Order states: "The transcript of judgment lien of [Belleview and the Williamses] . . . is hereby partially avoided and attaches only to the extent of any value over and above the stipulated property value of the Property ($100,000) less the payoff of the First Mortgage less the Debtor's allowed Homestead Exemption ($60,000)."
20. The Avoidance Order further states: "When the amount of the payoff of the First Mortgage is known, the Court will enter a further order establishing the exact amount of [Belleview and the Williamses'] judicial lien that can be applied against the Property."

**THE FORECLOSURE ACTIONS**

21. On April 20, 2015, Belleview and the Williamses commenced an action in the Twelfth Judicial District Court of New Mexico, Lincoln County (Cause No: D-1226-CV-2015-00065), by filing a Complaint for Judgment for Debt and Money Due on Promissory Note, to Foreclose Real Estate Mortgage and to Foreclose Judgment Lien ("**Lincoln County Complaint**"). The Lincoln County Complaint contained material misrepresentations about the Avoidance Order. On May 19, 2015, the Lincoln County Complaint was amended, but the amendments did not cure the material misrepresentations about the Avoidance Order.

22. On June 24, 2015, Sprague commenced an adversary proceeding in this Court (Adv. Pro. No: 15-01047), by filing a Complaint for Declaratory Judgment, Damages for Both Violation of Bankruptcy Court's Discharge Order and Violation of Stipulated Order Resolving Motion to Avoid Judicial Lien and for Emergency Order Enforcing the Discharge Injunction to Stay any Further State Court Proceedings Pending Resolution of These Matters ("**First Sanctions Complaint**"). On February 22, 2019, this Court entered a final judgment on the First Sanctions Complaint awarding Debtor's estate $39,241.46 as damages for their contempt of the Avoidance Order ("**Sanctions Judgment**").

23. To date Defendants have made no payments to satisfy the Sanctions Judgment.

24. On July 19, 2019, the Twelfth Judicial District Court of New Mexico, ~~in a form of order that on information and belief was prepared by Defendant Dugan on behalf of Belleview and the Williamses,~~ entered an Order on Plaintiff's Motion for Summary Judgment to Foreclose Judgment Lien and Supporting Brief in the Otero Foreclosure. That order states, "Plaintiffs have the right to seek satisfaction of their judgment, *in rem*, from the former defendant owner." Although the phrase "in rem" is included in this decretal paragraph, that gloss fails to disguise the clear intent to assess personal liability against the Debtor for a discharged obligation.

25. This conclusion is further bolstered by an order, entered on August 12, 2019, ~~which, on information and belief, was prepared by Defendant Dugan on behalf of Belleview and the Williamses,~~ titled Order on Plaintiff's Amended Motion to Distribute Redemption Sums and Enter Final Judgment. This order purports to deem the Debtor's estate's request to redeem property in Otero County withdrawn while simultaneously declaring that the

funds paid into the court registry (which funds were acquired by the Debtor's estate after the Bankruptcy Case was filed) must be paid over to ~~Belleview and~~ the Williamses.

### FIRST CLAIM FOR RELIEF – ALTER EGO

26. Plaintiffs incorporate by reference herein each preceding allegation as if fully set forth herein.

27. On information and belief, Defendants the Williamses own all or a majority of the ownership interest in Defendant Belleview.

28. On information and belief, Defendants the Williamses financed Defendant Belleview throughout its operation.

29. On information and belief, Defendants the Williamses caused Defendant Belleview to be incorporated.

30. On information and belief, at all relevant times, Defendant Belleview had grossly inadequate capital.

31. On information and belief, at all relevant times, Defendants the Williamses did not control Defendant Belleview independently in the best interests of Defendant Belleview, but rather for their own benefit.

32. On information and belief, at all relevant times, Defendant Belleview failed to observe one or more formal legal requirements regarding its existence separate from Defendants the Williamses. For example, it has not been authorized to conduct business in the state of New Mexico since at the latest March 3, 2008, yet Defendants the Williamses have conducted business in the state of New Mexico between that date and the present purportedly under the name of Defendant Belleview. In addition, Defendant Belleview was dissolved by its state of incorporation, Missouri, on or around November 8, 2007.

24. **WHEREFORE**, Plaintiffs respectfully demand judgment be entered against Defendant Belleview declaring that it is the alter ego of Defendants the Williamses, and against Defendats the Williamses declaring that they are the alter ego of Defendant Belleview, and that all actions relevant to this action be attributed to all three Defendants as if they had personally taken such actions.

## SECOND
## CLAIM FOR RELIEF – CONTEMPT OF DISCHARGE ORDER

25.33. Plaintiffs incorporate by reference herein each preceding allegation as if fully set forth herein.

26.34. Each of the Defendants actively participated in the Bankruptcy Case and was aware, or can be charged with awareness, of the Debtor's discharge. Even with that knowledge, the Defendants have continued to pursue frivolous litigation tactics designed to collect on a debt that was discharged in that order.

27.35. Defendants have sought authority to collect their discharged debt from money deposits provided to the Debtor's estate after the Bankruptcy Case was filed, even though the Bankruptcy Code plainly prohibits such acts.

36. This continued aggressive litigation has caused Plaintiffs and the Debtor's estate significant damages in the form of attorneys fees, the time value of money, and potential waste to the subject properties. Defendants should be held liable for these damages.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment against Defendants sanctioning them in an amount to be determined at trial for their contumacious violation of the discharge order.

## THIRD CLAIM FOR RELIEF – WILLFUL REFUSAL TO SATISFY JUDGMENT

37. Plaintiffs incorporate by reference herein each preceding allegation as if fully set forth herein.

38. As of the date of this Complaint, Defendants have made no efforts to satisfy the Sanctions Judgment.

39. Plaintiffs have offered to settle the Sanctions Judgment by applying it as a setoff against the amounts due in the Lincoln County Foreclosure, but the Defendants have refused to respond to those offers.

40. The Sanctions Judgment is a final judgment that is no longer subject to any appeal.

41. On information and belief, Defendants' refusal to satisfy the Sanctions Judgment or to apply it as a setoff against their claims is without justification.

~~28.~~42.     Defendants' refusal to satisfy the Sanctions Judgment or to apply it as a setoff against their claims is causing damages to the Plaintiffs in the form of increased legal fees, interest that continues to accrue on Defendants' claims, and other damages that cannot be estimated at this time.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment against Defendants sanctioning them in an amount to be determined at trial for their ~~contumacious violation of the discharge order~~willful refusal to satisfy the Sanctions Judgment.

Respectfully submitted,

GAFFNEY LAW, PC

By:     *s/ Joel Alan Gaffney*
        Joel Alan Gaffney, Esq
        6565 America's Parkway # 200
        Albuquerque, NM 87110
        (505) 563-5508
        joel@gaffneylaw.com
        *Attorneys for Plaintiffs*