# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

**In Re Fred Dale Van Winkle,**
    **Debtor,**

**Tammy Sprague,** personal representative
of the estate of **Fred Dale Van Winkle,**
    **Plaintiff-Appellee,**

v.　　　　　　　　　　　　　　　　　　　　　　　Bankr. No. 13-11743
　　　　　　　　　　　　　　　　　　　　　　　　Adv. No 15-01047
**John Williams, Ellen B. Williams,** and　　　　Chapter 7
**Belleview Valley Land Co., Inc.**
    **Defendants-Appellants.**

## RESPONSE TO SUPPLEMENT TO REOPEN CASE

**COME NOW, John Williams, Ellen B. Williams and Belleview Valley Land Co., Inc.** *(collectively, "Defendants"),* and file this Response to the Supplement to Motion to Reopen Case filed by **Brian Van Winkle and Tammy Sprague** (*"Movants"*) on January 23, 2020 (the *"Supplement"*) and show:

### I.　　SUMMARY OF RESPONSE

This Court closed this case on June 18, 2019. Subsequently, Movants filed their Motion to Reopen Case. On January 13, 2020, this Court held a preliminary hearing on the Movants' Motion to Reopen Case, Document #97. The Court ruled during the hearing that it would allow Movants to amend their proposed adversary complaint to see if they could plead a claim in good faith that warranted re-opening of this case. Movants filed their Supplement on January 23, 2020, proposing an amended adversary complaint (the "Amended Complaint").

1

Movants proposed two new causes of action: (1) Alter Ego; and (2) Willful Refusal to Satisfy Judgment. However, Movants provided this Court with no explanation of how the new causes of action (if they exist), somehow invokes this Court's authority to re-open the closed bankruptcy file. In fact, the Amended Complaint fails for the same reasons the prior complaint failed – and a few additional reasons.

Most importantly, the new claims Movants seek to assert in the proposed adversary complaint not only may be pursued in state court, they are being pursued in state court. Movants filed transcripts of judgment in the counties where the parties are litigating the state court proceedings. (See Exhibits A, B and C). Movants do not even try to argue to this Court why their state court remedies are inadequate. Why? Because they cannot. Movants have offset, judgment lien and other rights they are pursuing in state court, and this Court should not allow Movants to wrestle jurisdiction away under the auspices of an adversary complaint.

## II. ARGUMENT AND AUTHORITIES

The Motion should be denied on many grounds.

### A. Incorporation of Prior Grounds for Denial.

Defendants will not re-plead all of the grounds asserted in their prior Response to the Motion to Re-open, Document #99, filed on December 5, 2019 ("*Response to Reopen*"). Instead, Movants refer the Court to that prior pleading, which is incorporated by reference. Specifically, the Motion should be denied, as stated in the Response to Reopen, because:

> A. **Movants Lack Standing to Re-Open this Case.**
>
> B. **This Court Lacks Jurisdiction Under the *Rooker-Feldman Doctrine* and/or Law of the Case.**
>
> C. **This Court Lacks Authority to Conduct the Requested Business.**

2

1. **The Discharge Injunction Does Not Protect Non-Debtors.**

2. **Movants Claims Are Barred by the Doctrines of Rule of the Case and *Res Judicata*.**

3. **Movants' Claims Are Patently Erroneous.**

    ii. **The August 12, 2019 Order Does Not Distribute the Funds to the "Plaintiffs."**

    iii. **The State Trial Court Properly Ruled the Purchasers Were Entitled to the Redemption Funds.**

    iv. **No Bankruptcy Assets Are Involved.**

    v. **The Debts and Causes of Action Accrued After Bankruptcy.**

    vi. **No Personal Liability Was Involved.**

D. **This Court Should Decline Jurisdiction Based on Comity and/or the Abstention Doctrine.**

Movants will provide additional briefing particular to the new allegations in the Amended Complaint.

B. **Movants Have Not Satisfied Their Burden of Proof.**

The moving party carries the burden of proof in establishing cause to reopen. *In re Arana*, 456 B.R. 161, 172 (Bankr.E.D.N.Y.2011); *In re Galloway-O'Connor*, 539 B.R. 404, 407 (Bankr. E.D.N.Y. 2015). A court should not reopen a bankruptcy case where it appears that to do so would be futile and a waste of judicial resources. *In re Carberry*, 186 B.R. 401, 402 (Bankr.E.D.Va.1995). In determining whether to grant a motion to re-open a closed bankruptcy case, "it is appropriate for the Court to review the legal merits of the relief sought upon reopening." *Id.*; *In re Smith*, 426 B.R. 435, 440 (E.D.N.Y.2010), *aff'd Smith v. Silverman*, 645 F.3d 186 (2d Cir.2011).

Movants apparently do not take their burden seriously. Every single new allegation of "alter ego" begins with the phrase, "On information and belief...." (See Amended Complaint, ¶ 27-32). Movants are simply making up the allegations, under the auspices of "information and belief." Because of the significance of re-opening a closed file, bankruptcy courts often require the movant submit a verified motion or affidavit justifying the re-opening. *In re Corbett*, 425 B.R. 51, 53 (Bankr.D.N.H.2010); *In re Dalezios*, 507 B.R. 54, 59 (Bankr. D. Mass. 2014).

This Court gave Movants a chance to re-plead and prove they have a valid claim under the bankruptcy laws. Movants failed to provide any further briefing, and instead pleaded a state-law "alter ego" claim based on "information and belief" and an invented "willful refusal to satisfy judgment" claim. That is not good faith. Movants are simply harassing Defendants and engaging in Rambo-litigation tactics. Enough is enough. This dispute should be decided in the state courts, where this Court sent the matter before it closed its file.

Notably, re-opening is inappropriate where a state court with concurrent jurisdiction could consider the matter. *In re Dalezios*, 507 B.R. 54, 59 (Bankr. D. Mass. 2014). Movants have not argued – and cannot prove – why Judge Counts cannot properly and legally decide all issues raised by Movants – including alter ego and enforcement of this court's judgment. Movants failed to satisfy their burden on re-opening, and the Motion should be denied.

C. **Movants' "New" Causes of Action Fail to State A Viable Claim.**

Movants seek to plead two new causes of action: (1) Alter Ego; and (2) Willful Refusal to Satisfy Judgment. Both of those claims are frivolous as a matter of law. Moreover, neither claim justifies re-opening this closed bankruptcy case to wrestle jurisdiction away from the state court.

1. **The "Alter Ego" Claim Does Not Justify Re-opening This Closed Case.**

As proven in the Response to Reopen, this Court's jurisdiction to re-open the file depends upon Movants proving that this Court has authority to conduct the business requested by the Movants. *Matter of Hanks*, 182 B.R. 930 (Bkrtcy.N.D.Ga. 1995). Movants propose adding an alter ego claim. However, Movants fail to prove how that claim somehow overcomes the infirmities in the original complaint. It does not.

Movants request that the Court declare under the alter ego doctrine that "all actions relevant to this action be attributed to all three Defendants as if they had personally taken such actions." (Amended Complaint, WHEREFORE clause following ¶ 32). Even if the Court were to make such a declaration, it would not invoke jurisdiction. Movants did not even try to explain to this Court how it would. To the contrary, the Response to Reopen proved conclusively that the claimed allegations in the original complaint were insufficient. Imposing liability on the Wiliamses for Belleview's conduct, or vice versa, will not somehow miraculously create jurisdiction where it otherwise did not exist.

The alter ego doctrine is simply a state common-law claim that will impose liability on the owners of an entity for the debts of the entity where certain facts are established. *Morrissey v. Krystopowicz*, 2016-NMCA-011, ¶ 13, 365 P.3d 20 (defining "alter ego" and stating the elements to impose liability on the individuals for the debts of the company); *Scott Graphics, Inc. v. Mahaney*, 1976-NMCA-038, ¶ 18, 89 N.M. 208, 211, 549 P.2d 623, 626 (describing "alter ego" and "the specific situation where the shareholders have so manipulated the corporation to further their own individual interests that the identity of the corporation has merged into its shareholders"). The doctrine cannot be used to impose liability on a company for the personal acts of its owners. The Williamses are live human beings, with their own existence. The alter ego doctrine cannot be

utilized to ignore their form and impose liability on a corporate shell. That makes no sense, and Movants did not even try to justify it.

Presumably, Movants are trying to overcome the fact that the Williamses purchased the foreclosed property with their own funds and in their own names. Movants pleaded that Belleview was dissolved in 2007 and is no longer in existence. (Amended Complaint, ¶¶ 11 and 32). The Williams purchased the property at the foreclosure sale in 2014. It is not possible for someone to serve as an alter ego for a dissolved company. That is nonsense. It certainly is not possible for that dissolved company to serve as the alter ego of a person after it was dissolved. Again, that is nonsense.

Moreover, even if an alter ego claim could be asserted, there simply is no explanation for why it was not asserted in state court – or could still not be asserted. The Lincoln County state court suit is proceeding. That is where Movants claim they made the settlement offer pleaded in the Amended Complaint. They clearly can assert their "alter ego" claim in that pending action.

In theory, if this Court opened up its doors again and permitted a suit against the entity Belleview under the Bankruptcy Code, and found Belleview liable, the alter ego doctrine might impose liability against the Williamses for Belleview's conduct. But, so what? Movants still failed to identify any conduct by Belleview or the Williamses that violated the Bankruptcy Code or justifies re-opening this file. The alter ego doctrine is a frivolous red herring, which simply does not justify re-opening this closed bankruptcy case.

2. **The "Willful Refusal to Satisfy Judgment" Claim Does Not Invoke Jurisdiction to Re-Open.**

Movants' proposed "willful refusal to satisfy judgment" claim also does not justify re-opening this closed file for several independent reasons.

### a. *Such a Cause of Action Does Not Exist and Is Frivolous.*

Movants merely made-up the cause of action for "willful refusal to satisfy judgment." There is no such viable claim. There is no independent duty to pay a judgment, for which recovery for breach may be sought. That would result in never-ending litigation, chasing windmills. Movants must pursue their legal remedies to enforce a judgment in state court.

### b. *Movants Lack Standing to Re-Open to Enforce the Judgment.*

As noted in the Response to Re-Open, Movants seek to file their complaint on the basis of their appointment under state law to represent the probate estate, not as the bankruptcy estate representative. The Fred Van Winkle probate estate does not own nor represent the Bankruptcy Estate. The Bankruptcy Estate was owned by, administered by and closed by the Chapter 7 Trustee, Clarke Coll. *In re Poppleton*, 382 B.R. 455 (Bankr. D. Idaho 2008) (holding co-personal representatives of probate estate of Chapter 7 debtor's deceased former husband lacked standing to pursue adversary proceeding for determination that non-support divorce debts owed by debtor to former husband were excepted from discharge). "If a cause of action is part of the estate of the bankrupt then the trustee alone has standing to bring that claim." *Nat'l Am. Ins. Co. v. Ruppert Landscaping Co.*, 187 F.3d 439, 441 (4th Cir.1999); *Wilson v. Dollar General Corp.*, 717 F.3d 337, 342 (4th Cir.2013). Thus, "[u]ntil the trustee has abandoned ... [the] action, the [debtor] cannot proceed with their claims in district court." *Nat'l Am. Ins. Co.*, 187 F.3d at 441; *Vinal v. Fed. Nat. Mortg. Ass'n*, 131 F. Supp. 3d 529, 537 (E.D.N.C. 2015)

This Court awarded judgment to Tammy Sprague, as personal representative of the Probate Estate of Fred Van Winkle, deceased. Movants are not a creditor of the debtor, they are not the debtor, nor are they the Trustee. Movants are a creditor of Williams and/or Belleview.

That is fatal to their claim to re-open this bankruptcy file. Federal law provides that enforcement of the judgment is under New Mexico law. Movants have exercised their rights to enforce the judgment under New Mexico law. They have obtained a *Transcript of Judgment* and recorded it in Otero, Lincoln and Roosevelt Counties of New Mexico. Under New Mexico law, this establishes a judgment lien that attaches against interests of the Williams or Belleview in those counties. (*Copies of the recorded Transcript of Judgment* are attached to this Response as **Exhibits "A," "B," and "C."**). Movants already have collection efforts underway pursuant to New Mexico law.

That is fatal to the attempt herein to re-open based on that judgment. The bankruptcy court can re-open a closed bankruptcy file under 11 U.S.C.A. §350. However, the Tenth Circuit has expressly limited standing to request re-opening of a bankruptcy case to the debtor, a creditor of the debtor, or the trustee. *In re Alpex Computer Corp.*, 71 F.3d 353, 354 (10th Cir. 1995). Only those parties "have a particular and direct stake in reopening cognizable under the Bankruptcy Code." Id., at 356. In *Alpex*, the Court held a defendant in an infringement suit brought by the debtor lacked standing to reopen the bankruptcy case because it was not the debtor, creditor or trustee of the bankrupt estate. Accordingly, the court ordered dismissal.

Movants are creditors of Defendants, not creditors of the estate. Movants simply cannot justify re-opening of this case based on a debt owed to Movants by Defendants – this Court's judgment. That judgment is final and was not appealed. It cannot serve as the basis to re-open the closed bankruptcy estate.

    c. *Movants Must Pursue Their Ordinary Judgment Remedies.*

Even if Movants have standing to enforce the Judgment herein, they fail to identify why their ordinary remedies for collection of a judgment are insufficient – e.g., execution or offset.

The Amended Complaint claims generically that Defendants have refused their "settlement" offers to apply a set-off. (Amended Complaint, ¶ 39). That contention violates Rule 408 in the New Mexico and Federal Rules of Evidence. Regardless, it is clearly untenable to place Defendants at the mercy of Movants to accept their "settlement" offer, or face contempt charges in bankruptcy court. Movants have their ordinary remedy under New Mexico law to plead setoff in the state court. N.M.R.A. Rules 1-008(C) and 1-013. Movants can seek to enforce their judgment by filing judgment liens, attaching bank accounts, or whatever legal means they so desire. In fact, Movants, through Tammy Sprague, have started pursuing enforcement of the judgement by means of establishing judgment liens against the Williams and Belleview in Otero, Lincoln and Roosevelt Counties.

Rather than plead that they have actually attempted any such measures, Movants contend Defendants "have not made efforts to satisfy the Sanctions Judgment." (Amended Complaint, ¶ 38). The fact that Movants called it a "Sanctions" Judgment, shows conclusively they know the law cited below that money judgments are not enforceable through contempt proceedings. Regardless, the fact is that Movants failed to plead that ordinary collection remedies (like offset or execution) will not be sufficient. In fact, to the contrary, the pleading that Defendants allegedly refused the settlement offer of an offset impliedly suggests such a remedy would be adequate. Clearly, Movants have adequate state-law remedies of collection and offset, and this Court's equity jurisdiction is not needed (or proper) to enforce the judgment.

Also, without citation or authority, Movants apparently contend that the Defendants must treat this Court's prior money judgment as some "super-judgment" that they must voluntarily step forward and pay, whether they have funds or not. That simply is not the law. This Court's

9

judgment is enforceable under New Mexico state law. Fed. R. Civ. P. 69. Until and unless the Movants plead why their state-court remedies are inadequate, this Court lacks any basis to even consider re-opening the case. In fact, enforcement of that judgment would not be a legal basis to re-open.

### d. *This Court Lacks Authority to Enforce Its Money Judgment Through Contempt Proceedings.*

Movants fail to explain why this Court has authority to re-open to enforce its prior money judgment. The judgment had nothing to do with the bankruptcy discharge. The judgment concerned only a money judgment for violation of a stipulated order. In fact, there is no statutory or other authority to re-open this case under the auspices of enforcing this Court's prior money judgment.

The Bankruptcy Appellate Panel Opinion expressly ruled this court had authority under 11 U.S.C. § 105 to enter a monetary judgment for civil contempt to "compensate ... for losses" for violation of the stipulated order. *In re Van Winkle*, 583 B.R. 759, 772 (B.A.P. 10th Cir. 2018) (citing *In re Skinner*, 917 F.2d 444, 448 (10th Cir. 1990)). This Court subsequently issued its "final judgment" on February 24, 2019. (See Order #148). That Order #148 indicates expressly it is a "money judgment" and even provides for interest at the federal judgment rate. There would be no basis to award interest if it was not a money judgment. It is simply indisputable the judgment at issue was a "money judgment."

"[W]hen a party fails to satisfy a court-imposed money judgment the appropriate remedy is a writ of execution, not a finding of contempt." *Combs v. Ryan's Coal Co.*, 785 F.2d 970, 980 (11th Cir. 1986). Pursuant to Fed. R. Civ. P. 69(a), "Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise." "The 'otherwise' clause

is read narrowly. *Id*. at 980 (citing 7 J. Moore, *Moore's Federal Practice* ¶ 69.02[2] at 69–10 to –10.1 (2d ed. 1985) ("[A] federal court should not ... enforce a money judgment by contempt or methods other [sic] than a writ of execution, except in cases where established principles so warrant."); *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1147–48 (9th Cir.1983)(construing Rule 69(a) narrowly to preclude use of the contempt power to coerce payment of a monetary judgment); *Gabovitch v. Lundy*, 584 F.2d 559, 560–61 (1st Cir.1978) ("[T]he legislative history and judicial application of Rule 69(a) make clear that the first sentence of the Rule expresses a limitation on the means of enforcement of money judgments and does not create a general power to issue writs of execution in disregard of the state law incorporated by the rest of the Rule").

Recently, the Eleventh Circuit Court of Appeals reaffirmed that a federal court's money judgment may not be enforced by the contempt power. *U.S. Commodity Futures Trading Comm'n v. Escobio*, No. 19-11027, 2020 WL 57331, at *7 (11th Cir. Jan. 6, 2020). The court noted a court in equity may enforce its injunctions and other coercive equitable remedies through its contempt powers. However, money judgments are only enforceable by execution, not the contempt power. *Id.* The Court held the restitution award was a money judgment and had to be enforced as all other money judgments – not through exercise of the contempt power. Id. The Court ruled it is simply illegal for a federal court to "use its contempt power to coerce the appellants into paying the money judgment."

That is the rule in the Tenth Circuit. *See Abbasid, Inc. v. First Nat'l Bank of Santa Fe*, No. CV-09-00354 JP/LFG, 2010 WL 11493333, at *3 (D.N.M. Sept. 9, 2010). In *Abbasid*, Senior Judge Parker analyzed the 10th Circuit opinions on whether the contempt power may be used to enforce a monetary judgment and concluded:

> Thus, the Tenth Circuit has made clear that contempt is an appropriate remedy to enforce a judgment where a debtor engages in wrongful conduct by hiding assets that a judgment creditor attempts to collect under a writ of execution and where a judgment debtor fails to turnover specific assets that the debtor has been ordered to pay in execution proceedings. Notably, contempt is only an appropriate remedy in both of these situations after a judgment creditor has already initiated other lawful processes to collect the money judgment. The contempt is thus not for refusing to pay a money judgment, but for refusing to comply with court orders designed to satisfy the money judgment. See in re Steele Cattle, Inc., 39 F.3d 1192 (10th Cir. 1994) (unpublished) (explaining that debtors who failed to make escrow payments after a bankruptcy court specifically identified assets that the debtors could use to make the payments "confuse the ideas of being imprisoned because they cannot pay their debts with being imprisoned because they refuse to pay their debts" when arguing that the court could not hold them in contempt). **These opinions are therefore fully consistent with the general rule that a money judgment can only be collected by a writ of execution and do not indicate that the Tenth Circuit would depart from the general rule.**

*Abbasid*, at *3.

Moreover, under Rule 69(a), the "enforcement of a federal judgment must comply with the substantive and procedural safeguards found in state law where the federal court is located." *Amron Int'l Diving Supply, Inc. v. Hydrolinx Diving Commc'n, Inc.*, No. 5:12-CV-1189-DAE, 2014 WL 1652600, at *4 (W.D. Tex. Apr. 24, 2014); *Lewis v. United Joint Venture*, 691 F.3d 835, 839–40 (6th Cir.2012). Therefore, as this Court sits in New Mexico, in the absence of any applicable federal law to the contrary, Movants' post-judgment enforcement proceedings must comply with New Mexico law. *Id.*; *Andrews v. Broadway, Exp. Inc.*, 473 F.3d 565, 568 (5th Cir.2006).

In fact, "under New Mexico law, a district court cannot use its civil contempt power to enforce a civil money judgment." *Abbasid*, 2010 WL 11493333, at *3 (citing *Papatheofanis v. Allen*, 2009-NMCA-084, ¶ 13, 146 N.M. 840). Because holding a party in contempt carries with it a threat of incarceration, holding a party in contempt for a failure to satisfy a money judgment risks violating a provision in New Mexico's Constitution providing that "[n]o person shall be imprisoned for debt in any civil action." N.M. Const. Art. 2 § 21. Based on that constitutional provision, Senior

12

Judge Parker concluded in *Abbasid*: "[U]nder New Mexico law, which the Court must look to under Rule 69(a), the Court's contempt power cannot be used to compel the payment of a money judgment." Id. at *3; *United States ex rel. Shaw v. AAA Eng'g & Drafting, Inc.*, No. CIV-95-950-M, 2005 WL 8157918, at *2 (W.D. Okla. Apr. 14, 2005)(reaching same conclusion under Oklahoma law).

Accordingly, the purported claim of "willful refusal to satisfy judgment" simply will not justify re-opening of this closed bankruptcy case.

D. **The New Discharge Injunction Violation Standard Applies.**

Movants would also refer the court to a new U.S. Supreme Court case. In 2019, our Supreme Court in *Taggart v. Lorenzen*, 139 S. Ct. 1795, 204 L. Ed. 2d 129 (2019), held that, in order for a bankruptcy court to impose civil contempt sanctions for a discharge injunction violation, there must be "no objectively reasonable basis for concluding that the creditor's conduct might be lawful under the discharge order." Id. at 1801. The court noted civil contempt may not be imposed where there is "a fair ground of doubt as the wrongfulness of the defendant's conduct." *Id*. (quoting *California Artificial Stone Paving Co. v. Molitor*, 113 U.S. 609, 618, 5 S.Ct. 618, 28 L.Ed. 1106 (1885)). This standard reflects that civil contempt is a "severe remedy ... and that principles of fairness require that those enjoined receive explicit notice of what conduct is outlawed before being held in civil contempt." Id. (citations and internal quotation omitted). This standard assures that "those who must obey an order will know what the court intends to require and what it means to forbid." Id. (citations and internal quotations omitted).

Movants' allegations of violation of the discharge injunction concern alleged conduct in state court in proceeding with the foreclosure action. One cannot even tell from the proposed

Amended Complaint what "objective standard" was violated. Defendants merely proceeded with the litigation as ordered by this Court when it lifted the automatic stay for that purpose. Accordingly, under *Taggart*, re-opening would be improper.

In fact, Movants are likely violating this Court's stipulated order now. By stipulated order dated August 8, 2018, the parties agreed to termination of the automatic bankruptcy stay "to complete the state court litigation and have a final determination of the rights of the parties vis-à-vis each other therein." Re-opening this case based on alleged violations of the bankruptcy discharge in that state court litigation would seem to be a direct violation of the stipulated order. That is what this Court sanctioned Defendants for doing – i.e., violating a stipulated order. "What is good for the goose is good for the gander." Surely, this Court will hold the estate to its stipulation that the parties will have "a final determination of the rights of the parties" in the state court proceedings.

E. **Acceptance of Voluntary Payments Cannot Violate the Discharge Injunction.**

The real issue in this case is whether the Williamses violated the bankruptcy discharge injunction by procuring the monies voluntarily deposited into the State Court's registry by the Debtor Estate. In their Response to Reopen, Movants previously pleaded all of the reasons that is not a ground for re-opening. However, counsel recently discovered one more.

State Judge Counts found those payments were voluntarily made and were required to be paid over to the Williamses. In fact, it simply cannot be disputed those payments were voluntary. The Van Winkle Probate Estate acquired the redemption right from the Trustee and then voluntarily exercised the right of redemption, including paying the funds into the Court's registry. Section 524(f) expressly provides that a debtor may voluntarily repay any debt. 11 U.S.C. § 524(f).
14

Even if a bankruptcy debt and/or asset was involved (which it was not), therefore, there simply cannot be a violation of the discharge injunction for accepting the voluntary payments. The Court in *DuBois v. Ford Motor Credit Co.*, No. 96-314116(GFK), 2001 WL 290353, at *3 (D. Minn. Jan. 19, 2001), *aff'd*, 276 F.3d 1019 (8th Cir. 2002) explained the rule well:

> Section 524(f) provides that a debtor may voluntarily repay any debt. 11 U.S.C. § 524(f). … The Bankruptcy Code allows debtors to dispose of their post-petition earnings in whatever manner they choose, including voluntary payments of debts otherwise dischargeable in bankruptcy. In re Hellums, 772 F.2d 379, 381 (7th Cir.1985).

Accordingly, in addition to all reasons previously pleaded, the Court should not re-open because the concerned payments were "voluntary."

**WHEREFORE**, the Motion should be denied and Defendants should receive such other relief to which they are entitled.

**Martin, Dugan & Martin**

By_____
W. T. Martin, Jr.
Kenneth D. Dugan
509 W. Pierce St.
P.O. Box 2168
Carlsbad, NM 88221-2168
(575) 887-3528
Fax (575) 887-2136
e-mail: martinlaw@zianet.com
Attorneys for BVL & Williams

# CERTIFICATE OF SERVICE

On January 31, 2020, opposing counsel was served by electronic filing.

Martin, Dugan & Martin

By_____
W. T. Martin, Jr.