# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

| | |
|---|---|
| IN RE FRED DALE VAN WINKLE, | )<br>) |
| Debtor, | )<br>) |
| TAMMY SPRAGUE, personal representative of the estate of FRED DALE VAN WINKLE and BRIAN VAN WINKLE | )<br>)  BAP NM 20-015<br>)<br>)<br>) |
| Plaintiffs–Appellees, | )  Bankr. No. 13–11743<br>)  Chapter 7<br>) |
| vs. | )<br>) |
| JOHN WILLIAMS, ELLEN B. WILLIAMS and BELLEVIEW VALLEY LAND CO., INC. | )<br>)<br>)<br>) |
| Defendants–Appellants. | ) |

## STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL

**PURSUAN To Rule 8009**, John Williams, Ellen B. Williams and Belleview Valley Land Co., Inc., Appellants, pursuant to Federal Rule of Bankruptcy Procedure 8009(a), hereby states the issue to be presented on appeal:

1. Whether the Bankruptcy Court committed reversible error when it re–opened the closed Chapter 7 proceeding in Bankr. No 134-11743 Chapter 7. The issues encompassed within the overall issue of whether the Bankruptcy Court committed reversable error when it re-opened the case are as follows:

   *The Subsequent Subparagraphs Apply to the First Issue of Re-opening the Closed Case as to the Alleged Violation of Bankruptcy Discharge Injunction in Relation to the State Court*

*Order in the Redemption in State Court*:

    A. Did the Bankruptcy Court fail to comply with and follow the Decision of the BAP in **In re Van Winkle, 583 B.R. 759 (B.A.P. 10th Cir. 2018)** when the BAP ruled "that Appellants did not, in trying to enforce the Deficiency Judgment against the Otero Land, commit any "act, to collect, recover or offset any such [discharged] debt *as a personal liability of the debtor*." under § 524(a)(2)."?

        1. Is the Decision in **In re Van Winkle** controlling in this matter?

        2. Should the Bankruptcy Court have denied re-opening of the closed case based upon **In re Van Winkle**?

        3. Based upon, **In re Van Winkle**, should the Fred Van Winkle Estate have been denied the right to proceed on the issue?

    B. Did the Bankruptcy Court commit reversible error in failing to treat the decision in **In re Van Winkle** are *res judicata* as to the issue?

        1. Was it error to fail to apply *res judicata* and re-open the closed case?

        2. Should the Bankruptcy Court have denied re-opening of the closed case based upon the *res judicata* effect of **In re Van Winkle**?

        3. Based upon, **In re Van Winkle**, should the Fred Van Winkle Estate have been denied the right to proceed on the issue?

    C. Did the Bankruptcy Court commit reversible error in failing to treat the decision in **In re Van Winkle** are as being the "law of the case" as to the issue?

        1. Should "law of the case" have been applied and re-opening of the closed case denied?

        2. Should the Bankruptcy Court have denied re-opening of the closed case based upon the "law of the case" from **In re Van Winkle**?

3. Based upon, **In re Van Winkle**, should the Fred Van Winkle Estate have been denied the right to proceed on the issue?

D. Did the Bankruptcy Court commit reversible error by failing to apply the *Rooker–Feldman* doctrine and deny re-opening of the closed case?

1. Does the decision in **In re Van Winkle** "that Appellants did not, in trying to enforce the Deficiency Judgment against the Otero Land, commit any "act, to collect, recover or offset any such [discharged] debt *as a personal liability of the debtor*." under § 524(a)(2)" have the effect of being a final judgment in relation to the issue in state court?

    1. Under the circumstances, is the *Rooker–Feldman* doctrine applicable?

    2. Did the Bankruptcy Court commit reversible error in failing to apply the *Rooker–Feldman* doctrine?

E. In re-opening the closed case, did the Bankruptcy Court commit reversible error by failing to apply **11 U.S.C. §524(f)**, which addresses the debtor's voluntarily paying a debt?

    1. Did the Bankruptcy Court commit reversible error by failing to consider Petitioning of redemption of the foreclosed property and the payment of redemption funds were voluntary acts in relation to the payment of debt?

    2. Should the Bankruptcy Court have denied re-opening of the closed case based upon the voluntary payment?

F. Based upon the Decision in **In re Van Winkle** and the fact state court had jurisdiction over the redemption matter, did the Bankruptcy Court commit reversible error by re-opening, when it should have accorded comity to the state

      court and abstained from taking the action of re-opening the closed case?

G. Is it reversible error to re-open a closed case for the purpose of allowing the Appellees to seek sanctions against the Appellants for the alleged violation of the bankruptcy discharge in Appellants' trying to enforce the Deficiency Judgment, which is exactly what the **In re Van Winkle** concerned?

    1. Did the Bankruptcy Court err by re-opening the case for the purpose of seeking sanctions when **In re Van Winkle** provided Appellants an objectively reasonable basis for them concluding that their conduct was lawful under the discharge order?

    2. Should the Bankruptcy Court have properly applied **Taggert v. Lorenzen, 139 S. Ct. 1795, 1801 (2019)** and denied the re-opening of the closed case?

*The Subsequent Subparagraph(s) Apply to the Second Issue of Re-opening the Closed Case for the Purpose of Allowing Movants to Seek Sanctions for Appellants' Failure to Pay a Money Judgment*:

H. Did the Bankruptcy Court commit reversible error in re-opening the closed case to allow the Movants to seek sanctions for Appellants' having not paid a money judgment?

    1. Did the Bankruptcy Court commit error by failing to apply the law that money judgments are collectible buy writ of execution, etc.? **Abbasid, Inc. v. First Nat'l Bank of Santa Fe**, No. CV-09-00354 JP/LFG, 2010 WL 11493333, at *3 (D.N.M. Sept. 9, 2010)

Date: April 9, 2020

                                                **Martin, Dugan & Martin**

By_____
          W. T. Martin, Jr.
          Kenneth D. Dugan
          509 W. Pierce St.
          P.O. Box 2168
          Carlsbad, NM 88221-2168
          (575) 887-3528
          Fax (575) 887-2136
          e-mail: martinlaw@zianet.com
          Attorney for Appellants

## CERTIFICATE OF SERVICE

      I, W. T. Martin, Jr., certify that on April 9, 2020, I served copies of the foregoing ***Statement of Issues to be Presented*** on the following counsel of record and the Chapter 7 Trustee by way of CM/ECF and e-mail:

Joel Alan Gaffney, 6565 Americas Pkwy, Suite 200, Albuquerque, NM 87110 – Phone: (505) 563-5508; e-mail is: joel@gaffneylaw.com

Clarke C. Coll, 408 West College Blvd., Roswell, NM 88202; Phone is: (575) 623-2288; e-mail is: clarkecoll@gmail.com

                                                **Martin, Dugan & Martin**

By_____
          W. T. Martin, Jr.