# UNITED STATES BANKRUPTCY APPELLATE PANEL
# OF THE TENTH CIRCUIT

_____

| | |
|---|---|
| IN RE FRED DALE VAN WINKLE, | BAP No. NM-20-015 |
| Debtor. | |
| JOHN WILLIAMS, ELLEN B. WILLIAMS, and BELLEVIEW VALLEY LAND CO. INC., | Bankr. No. 13-11743-t7<br>Chapter 7 |
| Appellants, | |
| v. | |
| TAMMY SPRAGUE & BRIAN VAN WINKLE, personal representatives of the estate of Fred Dale Van Winkle, and CLARKE C. COLL, Chapter 7 Trustee, | ORDER DISMISSING APPEAL |
| Appellees. | |

_____

Before **MICHAEL**, **ROMERO**, and **SOMERS**, Bankruptcy Judges.
_____

Appellants appeal from the Bankruptcy Court's *Order Granting Motion to Reopen Case* and *Opinion* (the "Order"). On March 27, 2020, this Court entered an order, requiring Appellants to show cause why the appeal should not be dismissed as interlocutory.[1] Appellants responded, arguing the Order is final, and also filed an *Alternative Motion to Allow an Interlocutory Appeal if the Bankruptcy Court's Order is not a Final Order* (the "Motion for Leave"). In the Motion for

---

[1] BAP ECF Dkt. 3.

Leave, Appellants contend that leave should be granted because "determination of whether the Bankruptcy Court's Order erred in re-opening the closed case will be determinative of, and control, the entire course of the litigation that follows from the Order."[2]

We have considered whether the Order is a final order. This Court has jurisdiction to hear timely-filed appeals from "final judgments, orders, and decrees" of bankruptcy courts within the Tenth Circuit, unless one of the parties elects to have the district court hear the appeal.[3] Here, the reopening of the case is a ministerial action that allows the Bankruptcy Court to hear and reach the merits of the dispute between the parties. Moreover, every argument advanced by Appellants in the appeal may be made in the adversary proceeding, and the Bankruptcy Court has not foreclosed any of those arguments by granting the motion to reopen. Thus, the Order is clearly interlocutory.

We have also considered whether leave to appeal the Order should be granted and conclude that leave to appeal is not warranted. Leave should be granted only in exceptional cases where the appealed order or judgment involves a controlling question of law for which there is substantial ground for difference of opinion, and where the immediate resolution of the issue will materially advance termination of the litigation.[4] Appellants have the burden to show that the Order meets these standards.[5]

We disagree with the conclusion that the issue on appeal is appropriate for review now. As we have noted, interlocutory review is reserved for those issues that present exceptional

---

[2] Motion for Leave at 5.
[3] 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1); Fed. R. Bankr. P. 8002, 8005; 10th Cir. BAP L.R. 8005-1.
[4] *Phosphorus Ltd. v. Fox (In re Fox)*, 241 B.R. 224, 232 (10th Cir. BAP 1999).
[5] *Id.*

circumstances.[6] Exceptional circumstances that warrant interlocutory review include cases where prohibiting review would force an appellant to irrevocably lose an important right, and cases where an appellant will effectively be denied review if the proceeding progresses to its natural end.[7] Appellants have not presented us with any exceptional factors that would warrant hearing this case prior to its ultimate resolution. We note that this issue is not unreviewable, nor will Appellants be deprived of important rights if we postpone its review until a final order in these proceedings.  Accordingly, we deny the Motion for Leave and dismiss the appeal.

For the reasons stated above, it is HEREBY ORDERED:

1. The motion for leave to appeal is DENIED.

2. This Appeal is DISMISSED.

3. All deadlines previously set in this appeal are VACATED.

For the Panel

Blaine F. Bates
Clerk of Court

---

[6] *See In re Denton*, 236 B.R. 418, 419 (10th Cir. BAP 1999).
[7] *Fox*, 241 B.R. at 233 (citing *Denton*, 236 B.R. at 419).