# UNITED STATES BANKRUPTCY COURT
# FOR THE
# DISTRICT OF NEW MEXICO

| | |
|---|---|
| In re: | ) |
| | ) |
| **Fred Dale Van Winkle**, | ) Case No. 13-11743-t7 |
| | ) |
| Debtor, | ) |
| | ) |
| and | ) |
| | ) |
| **Brian Van Winkle**, not in his personal capacity but solely as co-personal representative of the estate of Fred Van Winkle, and **Tammy Sprague**, not in her personal capacity but solely as co-personal representative of the estate of Fred Van Winkle, | ) Adv. No. 20-01022 |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| **Belleview Valley Land Co.**, a New Mexico corporation, **John H. Williams**, and **Ellen B. Williams**, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**COME NOW** Defendants, **Belleview Valley Land Co.,** a New Mexico corporation (*hereinafter referred to as "Belleview"*), **John H. Williams** and **Ellen B. Williams** (*the Williams are hereinafter jointly referred in the singular to as "Williams"*)(*Williams and Belleview are jointly referred to as "Defendants"*) by and through their attorney, W. T. Martin, Jr., of Martin, Dugan & Martin, and pursuant to **FRBP 7056** and **Local Rule 7056-1** move this Court to enter Summary Judgment in Defendants' favor and dismiss the above styled and number Adversary with prejudice. As grounds for this Motion, Defendants state:

1. This Motion relates to the Otero County Redemption issue, the Lincoln County Foreclosure Issue and the claim to impose sanctions for the failure to pay a money judgment. The material controlling facts are not in dispute and do not require an evidentiary hearing by the trier of fact.

2. As a matter of law, Defendants are entitled to Summary Judgment dismissing the adversary with prejudice.

3. The controlling undisputed material facts as to each are as follows:

<u>Otero County Redemption Issue</u>:

   a. On May 21 of 2013, Fred Van Winkle filed a Chapter 7 Petition in the Bankruptcy Court for the District of New Mexico. [*See*: **Exhibit 1**]

   b. On August 26, 2013, prior to his death, Fred Van Winkle obtained his bankruptcy discharge. [*See*: **Exhibit 2**]

   c. On December 4, 2013, the Bankruptcy Court entered its **Order Lifting Stay as to Debtor's Otero County Property**. [*See*: **Exhibit 3**]

   d. On March 20, 2015, the Debtor filed a **Motion to Compel Trustee's Abandonment of Assets Pursuant to 11 U.S.C. §554**. [*See*: **Exhibit 4**]

1

i.) Paragraph 4 of the *Motion to Compel Trustee's Abandonment of Assets Pursuant to 11 U.S.C. §554* states that: "The Debtor recently amended schedule B to include a right of redemption which arose post-petition on property foreclosed in Otero County. It is arguable the right of redemption is not property of the estate; ..." [*See*: **Exhibit 4**]

ii.) By filing the *Motion to Compel Trustee's Abandonment of Assets Pursuant to 11 U.S.C. §554* Debtor sought an Order abandoning the right of redemption to the property in Otero County. [*See*: **Exhibit 4**]

e. On April 15, 2015, the Bankruptcy Court entered its *Order Abandoning Assets Pursuant to 11 U.S.C. §554*, which included the abandoning of the right of redemption on the Otero County property. [*See*: **Exhibit 5**]

f. On April 20, 2015, Tammy Sprague, as Personal Representative of the Estate of Fred Van Winkle, filed a Petition for Redemption of the Otero County property in state court in Otero County Cause Number D-1215-CV-2010-01054. [*See*: **Exhibit 6**]

g. On April 21, 2015 the Otero County District Court entered its Order "accepting" the deposit of $73,200.94 into the Court Registry. [*See*: **Exhibit 7**]

h. On May 14, 2015, Belleview Valley Land Co., John Williams and Ellen B. Williams filed their *Response to Petition for Redemption* in the Otero County District Court case, Otero County Cause Number D-1215-CV-2010-01054. [*See*: **Exhibit 8**]

i. On May 14, 2015, Belleview Valley Land Co., John Williams and Ellen B. Williams filed their *Complaint to Foreclose Judgment Lien and/or Deficiency Judgment Lien*, in Otero County Cause Number D-1215-CV-2010-01054. [*See*: **Exhibit 9**]

j. On May 14, 2015, Belleview Valley Land Co., John Williams and Ellen B. Williams filed their *Motion for Summary Judgment to Foreclose Judgment Lien and Supporting Brief*, in Otero County Cause Number CV-1215-CV-2010-01054. [*See*: **Exhibit 10**]

k. On June 24, 2015, Tammy Sprague, as Personal Representative, filed an adversary proceeding in the Bankruptcy Court for the District of New Mexico, which was assigned Adversary Number 15-01047. [*See*: **Exhibit 11**]

   i.) Before the date of the filing of Adversary Number 15-01047, Tammy Sprague, as Personal Representative, had obtained the abandonment of the right of redemption and had chosen to file the Petition in the Otero County District Court seeking redemption of the Otero County property. Tammy Sprague had chosen to deposit redemption funds with the Otero County District Court and sought the Court's acceptance of the deposited redemption funds. [*See*: **Exhibits 4-9**]

l. Sprague, as Personal Representative of the Estate, then filed an adversary proceeding in this Court, Adversary Number 15-01047. Sprague alleged Defendants actions violated the discharge injunction. After a trial, this Court entered its *Opinion* in which it held Defendants had violated the discharge injunction by their actions in regard to the Otero County real property and the redemption. The Appellants appealed the *Opinion* to the BAP for the Tenth

Circuit. [The Court can take judicial notice of Adversary Number 15-01047 and its *Opinion*.] [See: **Exhibit 12**]

m. The BAP, <u>in re Van Winkle</u>, **583 B.R. 759 (2018)**, held that Belleview Valley Land Co., John Williams and Ellen B. Williams did not violate 11 U.S.C. §524(a)(2) "because, under New Mexico law, a deficiency judgment may become a post-redemption lien on the real property once properly transcribed." [*See*: **Exhibit 13**]

n. The issue in this Adversary No. 20-01022 arose after purchasers paid for the foreclosed real property at the 2014 foreclosure sale and the subsequent redemption of the foreclosed real property, both of which occurred post-petition. [*See previous Exhibits*]

o. At page 3 of her *Amended Reply to Plaintiffs' Response to Petitioner's Motion to Substitute Tammy Sprague, Brian Van Winkle and Haley Van Winkle as Petitioners* filed on September 28, 2018, Otero County Cause Number CV-1215-CV-2010–01054, Tammy Sprague, as Personal Representative, stated:

> **The heirs borrowed the funds necessary to redeem the Property and they are responsible for repaying that loan. See lines 6 through 9 on page 33 and lines 20 through 24 on page 35 of the transcript of Petitioner's deposition on April 10, 2017, a copy of the pages of that transcript that are cited herein is attach hereto as Exhibit A (the "Transcript of Petitioner's Deposition"). The Estate of Fred Van Winkle did not have sufficient funds to redeem the Property; Fred Van Winkle only had about $1,200 when he died. See lines 3 through 8 on page 27 of the Transcript of Petitioner's Deposition. The Heirs did not loan the funds to the estate of Fred Van Winkle. ... Therefore, it should be no surprise to Plaintiffs that the Heirs are the real owners of the Petition for Redemption and the funds deposited with the Court to redeem the Property (the "Funds").**

4

> Since the Heirs were the equitable owners of the Petition for Redemption and the Funds prior to the Assignment, the Assignment merely transferred Petitioner's bare legal title to the Petition for Redemption and the Funds to the Heirs. ...

that the redemption funds were provided by Tammy Sprague, Brian Van Winkle and Haley Van Winkle. Sprague further stated [*See*: **Exhibit 14**]

p. In her deposition in the adversary proceeding, Adversary Number 15-01047, Tammy Sprague testified the source of the redemption funds were from a loan by a third party. [*See*: **Exhibit 15**]

    i.) In her deposition in the adversary proceeding, Adversary Number 15-01047, Tammy Sprague refused to disclose who loaned the money.

    ii.) Then, in Tammy Sprague's deposition in the adversary, Adversary Number 15-01047, she testified that the loan came from a holding company.

    iii.) In Tammy Sprague's deposition in the adversary, Adversary Number 15-01047, she testified that the $73,200.94 deposited into the court registry came from the $147,000.00 loan.

    iv.) In Tammy Sprague's deposition in the adversary, Adversary Number 15-01047, she testified that she received the loan check on approximately August 22, 2014 but did not attempt to exercise the redemption until April 2015.

    v.) The loan was after Fred Van Winkle filed his Chapter 7 Petition.

    vi.) The loan was after Fred Van Winkle received his Chapter 7 discharge.

    vii.) The loan was after the abandonment of the Otero County property.

5

q. Brian Van Winkle filed an Intervention in Bankruptcy case # 13-11743 on June 18, 2019. [*See*: **Exhibit 16**]

r. Brian Van Winkle in his Intervention states that he met with lenders in California to secure a loan for the redemption and was individually the source for the funds. Brian Van Winkle in his Intervention states he used his home for collateral for the loan. [*See*: **Exhibit 16**]

s. On August 27, 2018, Sprague filed a Motion in the Otero County District Court to substitute parties. In Paragraph 1 of that Motion, Sprague states that Tammy Sprague, Brian Van Winkle and Haley Van Winkle provided the redemption funds and that they are the real parties in interest. (*See*: **Exhibit 17**]

t. The Fred Van Winkle Estate, through Tammy Sprague, the Personal Representative, voluntarily filed the Redemption Petition in the Otero County District Court. There is no Order compelling the filing of the Redemption Petition or depositing redemption funds. The Estate was not forced to redeem the real property.

u. On July 19, 2019, the Otero County District Court entered its ***Order on Plaintiffs' Motion for Summary Judgment to Foreclose Judgment Lien and Supporting Brief.*** [*See*: **Exhibit 18**]

v. On August 12, 2019, The Otero County District Court entered its ***Order on Plaintiffs' Amended Motion to Distribute Redemption Sums and Enter Final Judgment.*** [*See*: **Exhibit 19**]

w. The Estate has filed its ***Notice of Appeal*** from the Otero County District Court's Orders, Otero County Cause Number D-1215-CV-2010-01054, in the New Mexico

Court of Appeals on July 29, 2019. The Estate filed an *Amended Notice of Appeal* on August 12, 2019. It filed its *Docketing Statement* in the Court of Appeals on September 11, 2019. [*See*: **Exhibits 20, 21 & 22**]

    i.) The Estate's appeal to New Mexico Court of Appeals includes the appeal from District Court's ***Order on Plaintiffs' Motion for Summary Judgment to Foreclose Judgment Lien and Supporting Brief*** entered July 19, 2019 and ***Order on Plaintiffs' Amended Motion to Distribute Redemption Sums and Enter Final Judgment***, entered August 12, 2019. [*See*: **Exhibit 20, 21 & 22**]

*Lincoln County Suit*:

x. In Lincoln County Cause Number D-1226-CV-2015-00065, Belleview Valley Land Co., John Williams and Ellen B. Williams filed their ***Motion to File Second Amended Complaint***. [*See*: **Exhibit 23**]

y. Counsel for the Van Winkle Estate consented to Belleview Valley Land Co., John Williams and Ellen B. Williams filing of a revised version of their ***Second Amended Complaint for Judgment for Debt and Money Due on Promissory Note, to Foreclose Real Estate Mortgage and to Foreclose Judgment Lien***. [*See*: **Exhibit 24**]

z. On April 29, 2019, the Lincoln County District Court entered an Order that allowed Belleview Valley Land Co., John Williams and Ellen B. Williams to file a revised version of their ***Second Amended Complaint for Judgment for Debt and Money Due on Promissory Note, to Foreclose Real Estate Mortgage and to Foreclose Judgment Lien***.

7

aa. The April 29, 2019, Order specifically found that "Defendant's counsel consented to Plaintiff's filing of the revised Second Amended Complaint." [*See*: **Exhibit 25**]

bb. The filed *Second Amended Complaint for Judgment for Debt and Money Due on Promissory Note, to Foreclose Real Estate Mortgage and to Foreclose Judgment Lien* contains the following language:

> **CAVEAT TO ENTIRE PLEADING:** Before Plaintiffs provide their requested relief in the prayer, Plaintiffs hereby condition and caveat every allegation in this pleading, including the prayer. The bankruptcy court through various orders has placed certain limitations on Plaintiffs regarding the available relief herein. For instance, any recovery is limited to merely *in rem*. Also, the bankruptcy court has placed monetary limits on the judicial lien. This Complaint and every allegation herein should be construed expressly and only as permitted under the applicable bankruptcy orders and laws. Plaintiffs merely seek to recover what they are due and owed under the applicable law. Any allegation herein that could be construed as seeking recovery in violation of those bankruptcy court orders, rules or any laws is not intended and should be stricken and/or ignored. Plaintiffs seek only *in rem* recovery and as limited under applicable orders, rules and laws.

*Sanctions Issue*:

cc. Plaintiff has sought enforcement of the money judgment by filing Transcripts of Judgment in Otero, Lincoln and Roosevelt Counties. [*See*: **Exhibit 26**]

4. Defendants served **Requests for Admissions on Brian Van Winkle and Tammy Sprague.** They were never answered. All the Requests are deemed admitted. These are made a part of the undisputed material facts. [A copy of the **Requests for Admissions** and the Certificate of Service is attached as **Exhibits 27** and **28**.)

5. A *Memorandum Brief* in support of this Motion is submitted that addresses:

   a. The redemption funds not being bankruptcy estate funds.

   b. The redemption and depositing of redemption funds were post–petition, post–discharge and after abandonment of the Otero County real property.

8

c. The redemption and depositing of redemption funds were all voluntary.

   d. **In re Van Winkle, 583 B.R. 759 (B.A.P. 10th Cir. 2018)** being the "law of the case" and *res judicata* regarding the issue of alleged violation of the discharge injunction.

   e. Under the doctrines of Concurrent Jurisdiction and Comity, the Otero County District Court should not be impeded in its actions relating to the redemption of the Otero County District real property.

   f. The *Rooker–Feldman* Doctrine is applicable to the situation in this case.

   g. Defendants' have not violated the Stipulated Order regarding the Lincoln County Condo. Defendants' ***Second Amended Complaint for Judgment for Debt and Money Due on Promissory Note, to Foreclose Real Estate Mortgage and to Foreclose Judgment Lien*** that approved by counsel does not violate the Stipulated Order.

   h. A money judgment was entered by this Court against the Defendants. A money judgment can only be collected by a writ of execution. Use of contempt of power is improper. Sanctions should not be awarded.

6. By the nature of this Motion, it is deemed opposed.

Martin, Dugan & Martin

By_____
W. T. Martin, Jr.
509 W. Pierce St.
P.O. Box 2168
Carlsbad, NM 88221-2168
(575) 887-3528
Fax (575) 887-2136
e-mail: martinlaw@zianet.com
Attorney for Defendants

## CERTIFICATE OF SERVICE

I certify that on **October 29, 2020**, I filed the forgoing Motion for Summary Judgment electronically through the CM/ECF system, which caused all parties or counsel requesting notice to be served by electronic means on the date of filing. I further certify that the foregoing Motion for Summary Judgment was served via email to the following:

Joel Gaffney
joel@gaffneylaw.com

Martin, Dugan & Martin

By_____
W. T. Martin, Jr.

10