# First 3 pages extracted from Petition

B1 (Official Form 1)(04/13)

**United States Bankruptcy Court**
**District of New Mexico**

**Voluntary Petition**

Name of Debtor (if individual, enter Last, First, Middle):
Van Winkle, Fred Dale

Name of Joint Debtor (Spouse) (Last, First, Middle):

All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names):

All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names):

Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all)
xxx-xx-9361

Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all)

Street Address of Debtor (No. and Street, City, and State):
702 White Mountain, #11
Ruidoso, NM
ZIP Code 88355

Street Address of Joint Debtor (No. and Street, City, and State):
ZIP Code

County of Residence or of the Principal Place of Business:
Lincoln

County of Residence or of the Principal Place of Business:

Mailing Address of Debtor (if different from street address):
PO Box 1691
Ruidoso, NM
ZIP Code 88355

Mailing Address of Joint Debtor (if different from street address):
ZIP Code

Location of Principal Assets of Business Debtor (if different from street address above):

**Type of Debtor** (Form of Organization) (Check one box)
- ■ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- ☐ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Chapter 15 Debtors**
Country of debtor's center of main interests:
Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Nature of Business** (Check one box)
- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ■ Other

**Tax-Exempt Entity** (Check box, if applicable)
- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)
- ■ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box)
- ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ■ Debts are primarily business debts.

**Filing Fee** (Check one box)
- ■ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*

Check all applicable boxes:
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**
- ■ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ■ 1-49 | ☐ 50-99 | ☐ 100-199 | ☐ 200-999 | ☐ 1,000-5,000 | ☐ 5,001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☐ OVER 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ■ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ■ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

EXHIBIT "1"

| **Voluntary Petition** *(This page must be completed and filed in every case)* | Name of Debtor(s): Van Winkle, Fred Dale | |
|---|---|---|
| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
| Location Where Filed: New Mexico | Case Number: 11-13861 | Date Filed: 8/29/11 |
| Location Where Filed: | Case Number: | Date Filed: |
| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
| Name of Debtor: - None - | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

**Exhibit A**

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)

☐ Exhibit A is attached and made a part of this petition.

**Exhibit B**

(To be completed if debtor is an individual whose debts are primarily consumer debts.)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).

**X** ______________________________
Signature of Attorney for Debtor(s) (Date)

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

______________________________
(Name of landlord that obtained judgment)

______________________________
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

# Voluntary Petition

*(This page must be completed and filed in every case)*

Name of Debtor(s):
Van Winkle, Fred Dale

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X /s/ Fred Dale Van Winkle
Signature of Debtor Fred Dale Van Winkle

X
Signature of Joint Debtor

Telephone Number (If not represented by attorney)

May 21, 2013
Date

### Signature of Attorney*

X /s/ R. "Trey" Arvizu, III
Signature of Attorney for Debtor(s)

R. "Trey" Arvizu, III 6959
Printed Name of Attorney for Debtor(s)

Arvizulaw.com, Ltd.
Firm Name
PO Box 1479
Las Cruces, NM 88004

Address

Email: trey@arvizulaw.com
(575) 527-8600 Fax: (575) 527-1199
Telephone Number

May 21, 2013
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X
Signature of Authorized Individual

Printed Name of Authorized Individual

Title of Authorized Individual

Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X
Signature of Foreign Representative

Printed Name of Foreign Representative

Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

Printed Name and title, if any, of Bankruptcy Petition Preparer

Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

Address

X

Date

Signature of bankruptcy petition preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.*

B18 (Official Form 18)(12/07)

# United States Bankruptcy Court

District of New Mexico
**Case No. 13–11743–j7**
**Chapter 7**

In re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
Fred Dale Van Winkle
PO Box 1691
Ruidoso, NM 88355

Last four digits of Social Security or other
Individual Taxpayer–Identification No(s)., (if any):
xxx–xx–9361

Employer's Tax–Identification No(s)., /Other No(s) (if any):

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11 United States Code (the Bankruptcy Code).

BY THE COURT

Dated: 8/26/13

Robert H. Jacobvitz
United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

EXHIBIT "2"

# EXPLANATION OF BANKRUPTCY DISCHARGE IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

## Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

## Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

## Debts That are Not Discharged.

Some of the common types of debts which are not discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes;

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**



**IT IS ORDERED**

**Date Entered on Docket: December 4, 2013**

**The Honorable Robert H Jacobvitz**
**United States Bankruptcy Judge**

---

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| **IN RE:** **FRED DALE VAN WINKLE,** Debtor. | ) ) ) ) | No. 13-11743-j7 |

## ORDER LIFTING STAY AS TO DEBTOR'S OTERO COUNTY PROPERTY

**SUBMITTED BY:**
**Martin, Dugan & Martin**
W. T. Martin, Jr.
509 W. Pierce St.
P.O. Box 2168
Carlsbad, NM 88221-2168
(575) 887-3528
Fax (575) 887-2136
e-mail: martinlaw@zianet.com

**EXHIBIT "3"**

**THIS MATTER** came before this Court on a telephonic hearing at 11:15 a.m. on November 25, 2013, upon the ***Motion to Lift Stay*** filed by **Belleview Valley Land Co., Inc., John H. Williams** and **Ellen B. Williams** (*hereinafter jointly referred to as "Williams"*). Williams appeared by and through Williams' attorney of record, W. T. Martin, Jr. The Debtor, **Fred Van Winkle**, appeared by and through his attorney, R. "Trey" Arvizu, III. **Brian Van Winkle,** who had filed an objection to the Motion did not appear. This Court heard argument of counsel and has determined that the Williams Motion should be granted and **Brian Van Winkle's** objection denied.

**IT IS THEREFORE ORDERED THAT:**

1. Williams' ***Motion to Lift Stay*** be, and it hereby is, granted.
2. The lifting of the stay only pertains to the Otero County property to which Williams' judgment lien has attached.
3. Williams may proceed with a foreclosure action to enforce the judgment lien as to the Debtor's Otero County property.
    a. Any surplus proceeds received from the Special Master's sale following a foreclosure judgment shall be paid to the Trustee.
4. **Brian Van Winkle's** objection is overruled and denied.

###END OF ORDER###

**SUBMITTED BY:**
**Martin, Dugan & Martin**

s/submitted electronically
By______________________________
W. T. Martin, Jr.
509 W. Pierce St.
P.O. Box 2168
Carlsbad, NM 88221-2168
(575) 887-3528
Fax (575) 887-2136
e-mail: martinlaw@zianet.com
Attorney for Williams

Approved by E-mail on December 2, 2103
R. "Trey" Arvizu, III
P.O. Box 1479
Las Cruces, NM 88004-1479
(575)-527-8600
Fax (575) 527-1199
Attorney for Debtor

Approved by E-mail on Nov. 26, 2103
Clarke Coll, Trustee

**SERVICE**

Martin, Dugan & Martin certifies that the following are entitled to service of the Order:

R. Trey Arvizu, III
P.O. Box 1479
Las Cruces, NM 88004

Clarke Coll
P.O. Box 2288
Roswell, NM 88202

**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW MEXICO**

**In re:**

**FRED DALE VAN WINKLE,**

**Debtor.** **No. 13-11743-j7**

**MOTION TO COMPEL TRUSTEE'S ABANDONMENT OF ASSETS PURSUANT TO 11 U.S.C. §554**

Debtor, a party in interest for purposes of this Motion, through undersigned counsel, files this Motion pursuant to 11 U.S.C. §554(b) and Bankruptcy Rule 6007(b) based on the following grounds:

1. Debtor filed for chapter 7 bankruptcy relief on May 21, 2013.
2. The Debtor disclosed his homestead on Schedule A of his schedules and statements.
3. The property is fully exempt and/or subject to liens. There is no equity in the property.
4. The Debtor recently amended schedule B to include a right of redemption which arose post-petition on property foreclosed in Otero County. It is arguable that the right of redemption is not property of the estate; however, Debtor requests that the trustee abandon the property that was subject to the liens including any redemption rights associated with the property. The right of redemption would require that the trustee redeem property with funds that he does not have available.
5. The Assets are burdensome and of no potential value to the estate.

EXHIBIT "4"

6.     The Trustee has been contacted and takes no position in regard to this

Motion.

WHEREFORE, Debtors respectfully request that the Court enter an Order

granting this Motion which would allow the Debtor to enter an Order abandoning the

assets.

Respectfully Submitted,

*S/electronically Filed 3.20.15*
R. "Trey" Arvizu, III
Attorney for Debtor
P.O. Box 1479
Las Cruces, NM 88004
(575)527-8600
(575)527-1199 (fax)
trey@arvizulaw.com

I CERTIFY that the foregoing was electronically filed with the Court via the CM/ECF
system. All attorneys and parties identified with the Court for electronic service on the
record in this case were served by electronic service in accordance with the CM/ECF
system on this 20th day of March, 2015,

and mailed via U.S. Mail to all parties listed in the bankruptcy court's mailing matrix.

*S/electronically submitted*



**IT IS ORDERED**

**Date Entered on Docket: April 15, 2015**

**The Honorable Robert H Jacobvitz**
**United States Bankruptcy Judge**

**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW MEXICO**

**In re:**

**FRED DALE VAN WINKLE,**

**Debtor.** **No. 13-11743-j7**

**ORDER ABANDONING ASSETS PURSUANT TO 11 U.S.C. §554**

This matter came before the Court on the Debtor's Motion to Compel Trustee's Abandonment of Assets Pursuant to 11 U.S.C. §554 filed March 20, 2015 as docket entry #64 (the "Motion"). An Order Granting the Debtors' Motion was submitted and entered by the Court contemporaneously herein. The Court being fully advised hereby:

ORDERS ADJUDGES AND DECREES that the Debtor's assets described as his personal residence located at 702 White Mountain, #11, Ruidoso, New Mexico and his right of redemption regarding property that was foreclosed post-petition in Otero County described in amended schedules filed on March 18, 2015 as docket entry #62 are hereby deemed abandoned and removed from the Debtor's bankruptcy estate.

**END OF ORDER**

EXHIBIT "5"

Respectfully Submitted,

*Via electronically 4.14.15*
R. "Trey" Arviza, III
Attorney for Debtor
P.O. Box 1479
Las Cruces, NM 88004
(575)527-8600
(575)527-1199 (fax)
trey@arvizulaw.com

FILED
12TH JUDICIAL DISTRICT COURT
OTERO COUNTY NM
4/20/2015 10:23:02 AM
KATINA WATSON
CLERK OF COURT
Angela Harris

STATE OF NEW MEXICO
COUNTY OF OTERO
TWELFTH JUDICIAL DISTRICT COURT

BELLEVIEW VALLEY LAND CO., a New Mexico corporation, and JOHN H. WILLIAMS and ELLEN B. WILLIAMS, husband and wife,

Plaintiffs,

v.

Cause No. CV-2010-01054
Judge James Waylon Counts

TAMMY SPRAGUE, Personal Representative of the Estate of FRED VAN WINKLE, Deceased,

Defendant,

And

BRIAN VAN WINKLE and JUDITH A. VAN WINKLE, husband and wife,

Defendants-in-Intervention.

**PETITION FOR REDEMPTION**

Defendant, Tammy Sprague, personal representative of the estate of Fred Van Winkle, deceased, by and through her counsel, Law Firm of Kyle H. Moberly, P.C., hereby petitions this Court, pursuant to § 39-5-18 NMSA 1978 (as amended), to redeem the real estate sold pursuant to the judgment entered by this Court in this action. As grounds for this petition, Defendant states:

1. On July 8, 2014, Special Master John R. Hakanson sold the following described real estate (the "**Property**") in Otero County, New Mexico, to Plaintiffs John H. Williams and Ellen B. Williams (collectively, the "**Purchasers**") for $67,000, pursuant to the Final Judgment Foreclosing Plaintiffs' Judgment Lien that this Court entered on May 22, 2014:

EXHIBIT "6"

A tract of land in the Northeast Quarter (NE ¼) of Section 24, T15S, R9E, NMPM, Otero County, New Mexico, described metes and bounds as follows:

Beginning at the East One—Quarter corner (E ¼) of Section 24 and going S 89°51'38" W along the East/West centerline of said Section 24, a distance of 1525.75 feet; Thence N 00°37'16" W, a distance of 858.92 feet; Thence S 89°50'08" E, a distance of 1531.80 feet; Thence S 00°13'11" E, a distance of 850.76 feet to the said place of beginning.

And

LOT 5, RANCH'S OF RIATA, OTERO COUNTY, NEW MEXICO, as shown on plat Book 65, Page 21, records of Otero County, New Mexico.

And

ANY ADDITIONAL LAND WITHIN THE RANCH'S OF RIATA LESS LOTS 1, 2, 3, 4, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16

including that certain well and all water rights appurtenant thereto which is located on the above-described property.

2.     Pursuant to paragraph (2) of subsection A of § 39-5-18 NMSA 1978 (as amended),

the Property may be redeemed by the former defendant owner of the Property by filing a petition for redemption in this action and by depositing in the office of the clerk of this Court the sum of the amount paid at the foreclosure sale by the Purchasers, with interest from the date of the sale at the rate of 10% a year, together with all taxes, interest and penalties thereon, and all payments made to satisfy in whole or in part any prior lien or mortgage not foreclosed, paid by the Purchasers after the date of the sale, with interest on the taxes, interest, penalties and payments made on liens or

mortgages at the rate of 10% a year from the date of payment, at any time within nine months from the date of the sale.

3. Subsection D of § 39-5-18 NMSA 1978 (as amended) provides, in pertinent part, that the term "owner" includes the former defendant owner's "personal representatives, heirs, successors and assigns." Therefore, the Property may be redeemed by Defendant.

4. On July 23, 2014, this Court entered an Order Approving Special Master's Report and Granting Deficiency Judgment. On July 28, 2014, this Court entered an Amended Order Approving Special Master's Report and Granting Deficiency Judgment. Subsection E of § 39-5-18 NMSA 1978 (as amended) provides that "For the purpose of this section, 'date of sale' means the date the district court order confirming the special master's report is filed in the office of the clerk of the court." Therefore, the nine-month period for redeeming the Property ends no earlier than April 23, 2015, and no later than April 28, 2015.

5. Upon information and belief, the Purchasers paid $311.29 on July 25, 2014, to satisfy the property taxes assessed against the Property for 2013, and the interest and penalties accrued thereon, and paid $595.48 on December 10, 2014, to satisfy the property taxes assessed against the Property for 2014. Upon information and belief, the Purchasers have not made any other payment since the date of the sale of property taxes assessed against the Property, or interest or penalties accrued thereon.

6. There is no prior lien or mortgage against the Property that was not foreclosed by the sale.

7. Upon information and belief, the amount of money necessary to redeem the Property as of April 20, 2015, is $73,200.94, which is calculated as follows:

| | |
|---|---|
| Purchase price | $67,000.00 |
| interest (286 days @ $18.35615/day) | 5,249.86 |
| 2013 property taxes, interest and penalties | 311.29 |
| interest (269 days @ $0.08528/day) | 22.94 |
| 2014 property taxes | 595.48 |
| interest (131 days @ $0.1631) | 21.37 |
| TOTAL | $73,200.94 |

WHEREFORE, Defendant respectfully requests that this Court grant the following described relief:

A. Enter an order forthwith, and by no later than April 23, 2015, that requires the clerk of this Court to accept Defendant's deposit of $73,200.94 into the Court's registry, which, upon information and belief, is the amount of money necessary to redeem the Property as of April 20, 2015;

B. At a hearing, determine the amount of money necessary to redeem the Property;

C. At the conclusion of the hearing, order the clerk of this Court to issue a certificate of redemption to Defendant upon such terms and conditions as this Court deems just; and

D. Grant such other and further relief as this Court deems just and proper.

Respectfully Submitted,

LAW OFFICE OF KYLE H. MOBERLY, P.C.

By: ______________________________
Kyle H. Moberly
Attorney for Defendant Tammy Sprague, Personal Representative of the Estate of Fred Van Winkle, Deceased
2460 S. Locust Street, Suite E
Las Cruces, NM 88001
(575) 541-1278

I HEREBY CERTIFY that a true and correct copy of the foregoing petition for certificate of redemption was mailed to Martin, Dugan & Martin, Attorneys for Plaintiffs, P.O. Box 2168, Carlsbad, New Mexico 88221, and mailed to Brian Van Winkle and Judith A. Van Winkle, P.O. Box this 20th day of April, 2015.

______________________________
KYLE H. MOBERLY

FILED
12TH JUDICIAL DISTRICT COURT
OTERO COUNTY NM
4/21/2015 1:24:15 PM
KATINA WATSON
CLERK OF COURT
Angela Harris

STATE OF NEW MEXICO
COUNTY OF OTERO
TWELFTH JUDICIAL DISTRICT COURT

BELLEVIEW VALLEY LAND CO., a New Mexico corporation, and JOHN H. WILLIAMS and ELLEN B. WILLIAMS, husband and wife,

Plaintiffs,

v.

Cause No. CV-2010-01054
Judge James Waylon Counts

TAMMY SPRAGUE, Personal Representative of the Estate of FRED VAN WINKLE, Deceased,

Defendant.

And

BRIAN VAN WINKLE and JUDITH A. VAN WINKLE, husband and wife,

Defendants-in-Intervention.

**ORDER AUTHORIZING DEPOSIT OF FUNDS IN CONNECTION WITH REDEMPTION OF REAL ESTATE**

THIS MATTER comes before the Court on the petition of the Defendant, Tammy Sprague, personal representative of the estate of Fred Van Winkle, deceased, pursuant to Section 39-5-18 NMSA 1978 (as amended), to redeem the real estate sold pursuant to the judgment entered by this Court in this action. Defendant seeks to deposit into the Court's registry the sum of $73,200.94, which, according to the petition, is the amount of money necessary to redeem that real estate as of April 20, 2015.

Order Authorizing Deposit of Funds in
Connection with Redemption of Real Estate
Belleview Valley Land Co. v. Sprague
Cause No. CV-2010-01054

Page 1 of 2

EXHIBIT "7"

The Court being sufficiently advised in the premises, hereby orders the clerk of this Court to accept Defendant's deposit of $73,200.94 into the Court's registry, said sum to be held in an interest-bearing account until the rights of all parties can be determined by further order of the Court.

JUDGE JAMES WAYLON COUNTS

Submitted by:

LAW OFFICE OF KYLE H. MOBERLY, P.C.

By: ______________________
Kyle H. Moberly
Attorney for Defendant Tammy Sprague
Personal Representative of the Estate of
Fred Van Winkle, Deceased
2460 S. Locust Street, Suite E
Las Cruces, NM 88001
(575) 541-1278

Order Authorizing Deposit of Funds in
Connection with Redemption of Real Estate
Belleview Valley Land Co. v. Sprague
Cause No. CV-2010-01054

[illegible]

Page 2 of 2

FILED
12TH JUDICIAL DISTRICT COURT
OTERO COUNTY NM
5/14/2015 2:07:58 PM
KATINA WATSON
CLERK OF COURT
Angela Harris

# TWELFTH JUDICIAL DISTRICT COURT
# COUNTY OF OTERO
# STATE OF NEW MEXICO

**Belleview Valley Land Co**, a New Mexico corporation, and **John Williams** and **Ellen B. Williams**, husband and wife,

Plaintiffs,

vs.

**Tammy Sprague**, Personal Representative of the Estate of Fred Van Winkle, Deceased,

Defendants/Petitioner,

and

**Brian Van Winkle** and **Judith Van Winkle,**

Defendants-in-Intervention.

No. CV-2010-01054

Judge James Waylon Counts

## PLAINTIFFS' RESPONSE TO PETITION FOR REDEMPTION

**Martin, Dugan & Martin**
W. T. Martin, Jr.
Kenneth D. Dugan
509 W. Pierce St.
P.O. Box 2168
Carlsbad, NM 88221-2168
(575) 887-3528
Fax (575) 887-2136
e-mail: martinlaw@zianet.com

EXHIBIT "8"

**COME NOW Belleview Valley Land Co.** ("BVL"), **John Williams** and **Ellen B. Williams** (*collectively referred to as "Plaintiffs"*) by and through their attorney, W. T. Martin, Jr., of Martin, Dugan & Martin, and for their Response to Petition for Redemption filed by **Tammy Sprague**, Personal Representative of the Estate of **Fred Van Winkle**, Deceased (collectively referred to herein as "*Petitioner*" or "*Defendant*") would show:

1. Simultaneous with the filing of this Response, Plaintiffs are filing the following pleadings herein:

   a. Plaintiffs' Complaint to Foreclose Judgment Lien and/or Deficiency Judgment Lien ("*Plaintiff's Complaint*"); and

   b. Plaintiffs' Motion for Summary Judgment to Foreclose Judgment Lien and Supporting Brief ("*Plaintiffs' MSJ*").

2. Those pleadings – Plaintiff's Complaint and Plaintiffs' MSJ and their attached exhibits -- set forth the factual and legal bases to support Plaintiffs' response and/or objections to the Petition for Redemption.

3. Accordingly, in lieu of repeating those matters herein, Plaintiffs incorporate by reference their Complaint and MSJ, and attached exhibits, as if set forth herein *verbatim*.

4. Based on the facts and legal arguments presented in Plaintiffs' MSJ, Plaintiffs request that the Court find and order (as requested and proven in Plaintiffs' MSJ):

   **A. <u>The Redemption Revives the Original Judgment Lien, Which Should Then Be Foreclosed as a Matter of Law Simultaneously With the Redemption</u>. (MSJ, p. 8)**

1. The New Mexico Redemption Statute, NMSA § 39-5-18, Only Permits a Certificate of Redemption Upon "Such Terms and Conditions As the Court Deems Just." (MSJ, p. 8)

2. Redemption Restores the Parties to Their Pre-Sale Positions and Revives the Prior Judgment Lien. (MSJ, p. 9)

3. This Court Has Foreclosure Authority. (MSJ, p. 11)

4. This Court Should Order Re-Foreclosure and Re-Sale Simultaneously With the Redemption. (MSJ, p. 12)

B. Alternatively, This Court Should Rule Issuance of Petitioner's Certificate of Redemption Is Subject to Prior, Complete Payment By Petitioner of the Deficiency Judgment Lien. (MSJ, p. 12)

1. This Court Previously Recognized the Deficiency Judgment Is an Existing Lien on the Property. (MSJ, p. 12)

2. Petitioner Waived Objection to the Deficiency Judgment Lien By Failing to Object to and/or Appeal the Prior Order Granting Deficiency Judgment. (MSJ, p. 13)

3. Petitioner Also Waived Objection to and/or Estopped Themselves from Contesting the Prior Order Granting the Williams Complete Title to the Property. (MSJ, p. 14)

4. This Court Should Order Petitioner to Pay the Deficiency Judgment as a "Condition" to Issuance of the Certificate of Redemption.

C. Alternatively, This Court Should Exercise Its Equitable Powers Pursuant to Statute to Compel Payment of the Deficiency Amount and/or Re-Foreclosure. (MSJ, p. 15)

1. NMSA § 39-5-18(C) Mandates the Certificate of Redemption Include "Just" Terms and Conditions. (MSJ, p. 15).

2. **<u>Redemption Does Not Guarantee Clear Title.</u> (MSJ, p. 16)**

3. **<u>Petitioner Should Be Required to Satisfy the Deficiency Judgment.</u> (MSJ, p. 16)**

4. **<u>Alternatively, the Original Judgment Lien Should Be "Re-Foreclosed" As a Matter of Law and The Property "Re-Sold".</u> (MSJ, p. 16)**

**WHEREFORE**, Plaintiffs request that the Court rule:

1. The Petitioner's right to redemption herein is subject to the prior judgment(s), lien(s) and/or rights of Plaintiffs arising under the law, including but not limited to:

   a. The rights granted pursuant to the Court orders and judgments noted above;

   b. The rights granted by statute, including but not limited to N.M.S.A. § 39-5-18(C);

   c. The rights granted by judicial law. <u>See, e.g.</u>, <u>Chapel v. Nevitt</u>, 2009-NMCA-017; <u>Construction Engineering & Mfg. Co. v. Don Adams Mining Co., Inc.</u>, 91 N.M. 238, 572 P.2d 1246 (N.M. 1977); and

   d. Application of the doctrines of *res judicata*, law of the case, waiver, estoppel, failure to timely appeal, and other applicable legal doctrines.

2. Petitioner may only redeem the Property if, prior to redemption,

   a. The Williams receive the purchase price and other amounts owing under the statute as provided for in NMSA § 39-5-18(A), as purchasers of the Property, including the amounts in the registry of the Court ($73,200.94 as of April 23, 2015);

   b. Petitioner pays Plaintiffs the Deficiency Judgment, including accrued attorneys' fees, interest and costs;

3. Alternatively, if Petitioner is permitted to redeem herein prior to payment of the Deficiency Judgment, the Court order that it will only issue the

Certificate of Redemption "upon such terms and conditions as it deems just," including but not limited to:

i. Ordering Petitioner to pay the Williams the (1) purchase amount and interest ($73,200.94 as of April 23, 2015); and

ii. Ordering either:

a. Petitioner pay Plaintiffs the deficiency amount and interest ($271,905.61 as of July 28, 2014); or, alternatively,

b. Ordering the Original Judgment and/or Deficiency Judgment are first, priority liens on the Property and the Certificate of Redemption, ordering the Property is foreclosed (again), and requiring the Property to be resold and the proceeds distributed to the Plaintiffs and issuance of a new deficiency judgment in favor of the Plaintiffs; and

iii. Ordering Petitioner to pay the Plaintiffs' additional attorneys' fees, interest and costs.

4. Petitioner may not redeem until and unless Plaintiffs' deficiency judgment and liens are satisfied in full, and Plaintiffs are repaid for all costs incurred in repairing the Property from the vandalism which occurred prior to transfer of the property through the foreclosure sale and/or for improvements on the property.

Plaintiffs request judgment as requested above and such other orders as assure that the Property is utilized to the fullest extent possible to reduce such debts.

Martin, Dugan & Martin

By______________________________

W.T. Martin, Jr.
Kenneth D. Dugan
P.O. Box 2168
Carlsbad, NM 88221-2168
575-887-3528
575-887-2136 (facsimile)
e-mail: martinlaw@zianet.com
*Attorney for BVL and the Williams*

Martin, Dugan & Martin certifies on the 14th day of May 2015, it filed the foregoing Response electronically through the State of New Mexico's Odyssey File & Serve system, requesting that opposing counsel of record be served by electronic means, and faxed a copy of the Response to opposing counsel of record. A copy of the Response was also mailed U.S. First Class Mail to Brian & Judith Van Winkle, P.O. Box 141, La Luz, NM 88337.

______________________

W.T. Martin, Jr.

FILED
12TH JUDICIAL DISTRICT COURT
OTERO COUNTY NM
5/14/2015 2:07:58 PM
KATINA WATSON
CLERK OF COURT
Angela Harris

# TWELFTH JUDICIAL DISTRICT COURT
# COUNTY OF OTERO
# STATE OF NEW MEXICO

**BELLEVIEW VALLEY LAND CO**, a New Mexico corporation, and **John Williams** and **ELLEN B. WILLIAMS**, husband and wife,

Plaintiffs,

vs.

**Tammy Sprague**, Personal Representative of the Estate of Fred Van Winkle, Deceased,

Defendants,

No. CV-2010-01054

Judge James Waylon Counts

and

**Brian Van Winkle** and **Judith Van Winkle,**

Defendants-in-Intervention.

**COMPLAINT TO FORECLOSE JUDGMENT LIEN AND/OR DEFICIENCY JUDGMENT LIEN**

**Martin, Dugan & Martin**
W. T. Martin, Jr.
Kenneth D. Dugan
509 W. Pierce St.
P.O. Box 2168
Carlsbad, NM 88221-2168
(575) 887-3528
Fax (575) 887-2136
e-mail: martinlaw@zianet.com

EXHIBIT "9"

**CONE NOW Belleview Valley Land Co.** ("BVL"), **John Williams** and **Ellen B. Williams** (collectively *referred to as "Plaintiffs"*) by and through their attorney, W. T. Martin, Jr., of Martin, Dugan & Martin and for their ***Complaint to Foreclose Judgment Lien and/or Deficiency Judgment Lien*** state:

1. BVL is a Missouri corporation authorized to conduct business in New Mexico.

2. John Williams and Ellen B. Williams (jointly, *the "Williams*) are now residents of the State of Missouri.

3. **Defendant Tammy Sprague**, is the personal representative of the estate of **Fred Van Winkle**, deceased ("Fred") (collectively, "Defendant"), and submitted herself to jurisdiction herein by filing the Petition for Redemption on or about April 20, 2015.

4. This case has a "storied" past.

5. This Complaint to Foreclose Judgment Lien seeks foreclosure upon or in conjunction with exercise of the right of redemption filed by Defendant.

6. On August 13, 2010, BVL and the Williams obtained judgment against Fred in the amount of $243,944.31 in Otero County Cause Number CV-2008-76-Div. II. (A copy of the ***Final Judgment*** is attached to the Motion for Summary Judgment[1] filed herewith as ***Exhibit "A"*** *and incorporated by reference*).

7. On August 17, 2010, BVL and Williams recorded a ***Transcript of Judgment*** reflecting the judgment with the Otero County Clerk of Otero County, New Mexico. (*A copy of the* ***Original Transcript of Judgment*** *is attached as* ***Exhibit "B"*** *and is incorporated herein as if fully set forth.*)

[1] Simultaneously with this filing, Plaintiffs are filing their Motion for Summary Judgment. Both pleadings rely on the same exhibits. In lieu of attaching these same exhibits twice, the reference herein to Exhibits shall mean the exhibits attached to the Motion for Summary Judgment, which Motion and exhibits are hereby incorporated by reference.

8. The filing of the ***Original Transcript of Judgment*** created a lien (the "***Original Judgment Lien***") against any real property in Otero County, New Mexico in which Fred owned an interest.

9. On December 16, 2010, Plaintiffs filed their Complaint to Foreclose Judgment Lien, seeking to foreclose on the ***Original Judgment Lien.***

10. On or about September 1, 2011, the foreclosure action was stayed due to Fred filing for relief under Chapter 13 of the Bankruptcy Code.

11. In April of 2013, the Bankruptcy Court dismissed Fred's Chapter 13 because he had failed to perform under the Chapter 13 Plan.

12. Plaintiffs then requested a trial on the merits to complete the foreclosure.

13. Meanwhile, Fred again filed for Bankruptcy, this time under Chapter 7. That filing again resulted in the imposition of the automatic stay.

14. Accordingly, Plaintiffs filed a **Motion to Lift Stay** in the bankruptcy court.

15. On December 4, 2013, the Bankruptcy Judge, Honorable Robert H. Jacobvitz, entered the ***Order Lifting Stay as to Debtor's Otero County Property***, granting Plaintiffs' ***Motion to Lift Stay***. (*A copy of that Order is attached hereto as* **Exhibit "C"** *and incorporated herein as if fully set forth.*)

    a. The Federal Bankruptcy Court lifted the bankruptcy stay as to Fred's Otero County property and ordered the "Williams may proceed with a foreclosure action to enforce the judgment lien as to the Debtor's Otero County property." (Ex. "C").

16. Accordingly, Plaintiffs proceeded with foreclosure herein.

17. On May 22, 2014, this Court granted foreclosure, entering its ***Final Judgment Foreclosing Plaintiffs' Judgment*** **Lien**. (*A copy of the* ***Final Judgment Foreclosing***

***Plaintiffs' Judgment* Lien** *is attached as* ***Exhibit "D"*** *and is incorporated herein as if fully set forth.)* Among other findings, this Court ordered:

a. "The Plaintiffs' judgment lien as reflect[ed] by the Transcript of Judgment filed August 17, 2010 with this Court and recorded on August 17, 2010 as Instrument # 201007605 of the records of Otero County, New Mexico, be and it hereby is foreclosed on all real property owned by Fred Van Winkle in Otero County, New Mexico, as of August 17, 2010, all of which is more particularly described in Exhibit "A" attached to this Final Judgment." (Judgment, ¶ 3).

b. "The foreclosed real property shall be sold at public auction by a Special Master appointed by this court after publication of notice of sale as required by New Mexico law." (Judgment, ¶ 5).

c. The judgment amount was $333,817.73. (Judgment ¶ 5f).

d. Interest continued to accrue from the date of the judgment at 8.75% interest. (Judgment ¶ 5f).

e. This Court retained the right to award Plaintiffs additional attorney fees incurred since February 11, 2011. (Judgment, ¶ 5g).

f. The Court approved John Hakanson as Special Master to sell the property and report back. (Judgment, ¶ 6)

18. On July 8, 2014, John Hakanson conducted the Special Master's Sale and prepared the Special Master's Report. *(A copy of the* ***Special Master's Report*** *is attached as* ***Exhibit "E"*** *and is incorporated herein as if fully set forth.)*

a. The highest bidders and purchasers were the Williams, for $67,000.00.

Case 13-11743-t7 Doc 122-1 Filed 10/29/20 Entered 10/29/20 17:03:37 Page 29 of 53

19. The Special Master's Sale was insufficient to satisfy the entire ***Final Judgment Foreclosing Plaintiffs' Judgment Lien***, as shown by the Special Master's Report (Exhibit "E"):

a. The total amount owed as of July 8, 2014 was $338,905.61.

b. The property was struck off and sold to John H. Williams and Ellen B. Williams for the price of $67,000.

c. Fees were deducted for the special master ($200.00), Publication Costs ($698.01) and Attorneys' Fees and Costs ($23,758.48).

d. After payment of fees and costs, the Plaintiffs received $42,343.51.

e. Accordingly, Deficiency remained in the amount of $271,905.61, plus accruing interest. (Exhibit "E").

20. On July 23, 2014, this Court entered its ***Order Approving Special Master's Report & Granting Deficiency Judgment***. Subsequently, on July 28, 2014, this Court entered its ***Amended Order Approving Special Master's Report & Granting Deficiency Judgment***. The *Amended Order* merely corrected a typographical error in the amount of the deficiency. (*A copy of the* ***Amended Order Approving Special Master's Report & Granting Deficiency Judgment*** *is attached as* **Exhibit "F"** *and is incorporated herein as if fully set forth.*) That Amended Order provides in relevant part that:

a. The Special Master's Report, acts and sale were ratified, confirmed and approved. (Ex. F, p. 3, ¶ 1-3).

b. The Special Master was ordered to deliver to John H. Williams and Ellen B. Williams a Special Master's Deed. (Ex. F, p. 3, ¶ 4).

c. "[U]pon delivery of the Special Master's Deed, John H. Williams and Ellen B. Williams [were] confirmed as the owners of all the real property described in the Special Master's Deed, free and clear of any and all claims." (Ex. F, p. 3, ¶5).

d. "Plaintiffs were granted a Deficiency Judgment in the amount of $271,1905.61, which shall continue to accrue interest at the rate of 8.75% per annum as previously authorized in the Final Judgment Foreclosing Plaintiffs' Judgment Lien." (Ex. F, p. 3, ¶6).

e. The Deficiency Judgment carried "with it the *in rem* authority to enforce that the Plaintiffs held at the time of granting of the Foreclosure Judgment and the sale of the subject real property. Plaintiffs are also entitled to the rights of the holder of a deficiency judgment as contained in Chapel v. Nevitt, 145 N.M. 674, 685, 203 P.3d 889, 900, 2009-NMCA-017." (Ex. F, p. 2, ¶5).

f. The "deficiency is a lien on the debtor's [the Defendant's] real estate. While no deficiency judgment is granted on an in personam basis against the Estate of Fred Van Winkle, deceased, the lien created by the deficiency is collectable as provided in Chapel v. Nevitt, 145 N.M. 674, 685, 203 P.3d 889, 900, 2009-NMCA-017. " (Ex. F, p. 3, ¶6a).

21. Chapel, 2009-NMCA-017, expressly permits enforcement of a deficiency judgment, in the fact of a redemption, by transcription of the judgment and foreclosure on the property.

22. Defendant did not object to nor appeal the ***Amended Order Approving Special Master's Report & Granting Deficiency Judgment*** within the proscribed times.

23. On July 8, 2014, John Hakanson, Special Master, executed the ***Special Master's Deed***, conveying the Property to John H. Williams and Ellen B. Williams. (*A copy of the **Special Master's Deed** is attached as **Exhibit "G"** and is incorporated herein as if fully set forth.*)

a. Pursuant to this Court's ***Amended Order Approving Special Master's Report & Granting Deficiency Judgment***, the Property was conveyed to the Williams "free and clear of any and all claims." (Exhibit "F").

24. On August 8, 2014, the Williams recorded a ***Transcript of Deficiency Judgment*** reflecting the deficiency judgment of $271,905.61 with the Otero County Clerk of Otero County, New Mexico. (*A copy of the* ***Transcript of Deficiency Judgment*** *is attached as* ***Exhibit "H"*** *and is incorporated herein as if fully set forth.*)

25. The filing of the ***Transcript of Deficiency Judgment*** placed a lien on the mortgagor/Defendant's right of redemption and/or created an additional lien on the Property (**the "Deficiency Judgment Lien"**) in accordance with the language of this Court's Order cited above and the applicable law.

26. Thereafter, the Williams spent approximately $29,000 in addressing damage intentionally done to the property and some improving of the Property on the presumption that their Special Master's Deed was binding and final.

27. On or about April 20, 2015, Defendant filed her ***Petition for Redemption*** herein.

    a. The Petition seeks to redeem the Property by payment of $73,200.94.

    b. The Petition requests that this Court "issue a certificate of redemption to Defendant upon such terms and conditions as this Court deems just." (Petition, p. 4, ¶D).

28. Defendant's right to a certificate of redemption is subject to "such terms and conditions as this Court deems just." N.M.S.A. § 39-5-18(C).

29. Plaintiffs request that the Court grant Plaintiffs foreclosure and order:

    A. The Defendant's right to redemption herein is subject to the prior judgment(s), lien(s) and/or rights of Plaintiffs arising under the law, including but not limited to:

1. The rights granted pursuant to the Court orders and judgments noted above;

2. The rights granted by statute, including but not limited to N.M.S.A. § 39-5-18(C);

3. The rights granted by judicial law. See, e.g., Chapel v. Nevitt, 2009-NMCA-017; Construction Engineering & Mfg. Co. v. Don Adams Mining Co., Inc., 91 N.M. 238, 572 P.2d 1246 (N.M. 1977); and

4. Application of the doctrines of *res judicata*, law of the case, waiver, estoppel, failure to timely appeal, and other applicable legal doctrines.

B. Defendant may only redeem the Property if, prior to redemption,

1. The Williams receive the purchase price and other amounts owing under the statute as provided for in NMSA § 39-5-18(A), as purchasers of the Property, including the amounts in the registry of the Court ($73,200.94 as of April 23, 2015);

2. Defendant pays Plaintiffs the Deficiency Judgment, including accrued attorneys' fees, interest and costs;

C. Alternatively, if Defendant is permitted to redeem herein prior to payment of the Deficiency Judgment, the Court order that it will only issue the Certificate of Redemption "upon such terms and conditions as it deems just," including but not limited to:

1. Ordering Defendant to pay the Williams the (1) purchase amount and interest ($73,200.94 as of April 23, 2015); and

2. Ordering either:

   a. Defendant pay Plaintiffs the deficiency amount and interest ($271,905.61 as of July 28, 2014); or, alternatively,

   b. Ordering the Original Judgment and/or Deficiency Judgment are first, priority liens on the Property and the Certificate of Redemption, ordering the Property is foreclosed (again), and requiring the Property to be resold and the proceeds distributed to the Plaintiffs and issuance of a new deficiency judgment in favor of the Plaintiffs; and

3. Ordering Defendant to pay the Plaintiffs' additional attorneys' fees, interest and costs.

D. Defendant may not redeem until and unless Plaintiff's deficiency judgment and liens are satisfied in full, and Plaintiffs are repaid for all costs incurred in repairing the Property from the vandalism which occurred prior to transfer of the property through the foreclosure sale

**WHEREFORE**, BVL and Williams pray that they recover the relief requested above and further that they be awarded their costs and attorney fees and such other relief as they are due and owing.

**Martin, Dugan & Martin**

By______________________________

W.T. Martin, Jr.
Kenneth D. Dugan
P.O. Box 2168
Carlsbad, NM 88221-2168
575-887-3528; 575-887-2136 (facsimile)
*Attorney for BVL and the Williams*

Martin, Dugan & Martin certifies on the 14th day of May 2015, it filed the foregoing Response electronically through the State of New Mexico's Odyssey File & Serve system, requesting that opposing counsel of record be served by electronic means, and faxed a copy of the Response to opposing counsel of record. A copy of the Response was also mailed U.S. First Class Mail to Brian & Judith Van Winkle, P.O. Box 141, La Luz, NM 88337.

______________________

W.T. Martin, Jr.
Kenneth D. Dugan

FILED
12TH JUDICIAL DISTRICT COURT
OTERO COUNTY NM
5/14/2015 2:07:58 PM
KATINA WATSON
CLERK OF COURT
Angela Harris

**TWELFTH JUDICIAL DISTRICT COURT**
**COUNTY OF OTERO**
**STATE OF NEW MEXICO**

**BELLEVIEW VALLEY LAND CO**, a New Mexico corporation, and **John Williams** and **ELLEN B. WILLIAMS**, husband and wife,

Plaintiffs,

vs.

**Tammy Sprague**, Personal Representative of the Estate of Fred Van Winkle, Deceased,

Defendants,

No. CV-2010-01054

Judge James Waylon Counts

and

**Brian Van Winkle** and **Judith Van Winkle**,

Defendants-in-Intervention.

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT TO FORECLOSE JUDGMENT LIEN AND SUPPORTING BRIEF**

**Martin, Dugan & Martin**
W. T. Martin, Jr.
Kenneth D. Dugan
509 W. Pierce St.
P.O. Box 2168
Carlsbad, NM 88221-2168
(575) 887-3528
Fax (575) 887-2136
e-mail: martinlaw@zianet.com

EXHIBIT "10"

**COME NOW Belleview Valley Land Co.** ("BVL"), **John Williams and Ellen B. Williams** (collectively *referred to as "Plaintiffs"*) by and through their attorney, W. T. Martin, Jr., of Martin, Dugan & Martin, and for their Motion for Summary Judgment to Foreclose Judgment Lien and Supporting Brief, under Rule 1-056 NMRA, would show that no material issues of fact remain and Plaintiffs are entitled to judgment as a matter of law as follows:

## I. SUMMARY OF MOTION

Plaintiffs seek a ruling herein requiring either that Defendant must pay the Plaintiffs' Deficiency Judgment prior to redemption and/or that the property is foreclosed and re-sold prior to or simultaneous with issuance of the Certificate of Redemption. Plaintiffs present three alternative, but related, theories to support these alternative outcomes. The bottom line is that New Mexico law does not permit a debtor, through exercise of a redemption right, to avoid payment of the underlying judgment and lien. Whichever method this Court adopts, this Court's ruling should (and likely must) assure complete payment to Plaintiffs of their prior judgments and liens.

## II. UNDISPUTED FACTS

The following facts are taken primarily from the orders of this Court and are undisputed:

1. BVL is a Missouri corporation. **John Williams and Ellen B. Williams** (jointly, *the "Williams)* are individuals. Collectively, BVL and the Williams are the *"Plaintiffs."*
2. **Defendant Tammy Sprague**, is the personal representative of the estate of **Fred Van Winkle**, deceased ("Fred") (collectively, *"Defendant" or "Petitioner"*).
3. On August 13, 2010, BVL and the Williams obtained judgment against Fred in the amount of $243,944.31 in Otero County Cause Number CV-2008-76-Div. II. (A copy of the ***Final Judgment*** is attached as ***Exhibit "A"***).

Case 13-11743-t7 Doc 122-1 Filed 10/29/20 Entered 10/29/20 17:03:37 Page 36 of 53

4. On August 17, 2010, BVL and Williams recorded a ***Transcript of Judgment*** reflecting the judgment with the Otero County Clerk of Otero County, New Mexico. (*A copy of the **Original Transcript of Judgment** is attached as **Exhibit "B"** and is incorporated herein as if fully set forth.*)

5. The filing of the ***Original Transcript of Judgment*** created a lien (*the "**Original Judgment Lien**"*) against any real property in Otero County, New Mexico in which Fred owned an interest.

6. On December 16, 2010, Plaintiffs filed their Complaint to Foreclose Judgment Lien, seeking to foreclose on the ***Original Judgment Lien***.

7. On or about September 1, 2011, the foreclosure action was stayed due to Fred filing for relief under Chapter 13 of the Bankruptcy Code.

8. In April of 2013, the Bankruptcy Court dismissed Fred's Chapter 13 bankruptcy because he had failed to perform under the Chapter 13 Plan.

9. Plaintiffs then requested a trial on the merits in this case to complete the foreclosure.

10. Meanwhile, Fred again filed for Bankruptcy, this time under Chapter 7. That filing again resulted in the imposition of the automatic stay.

11. Accordingly, Plaintiffs filed a **Motion to Lift Stay** in the bankruptcy court.

12. On December 4, 2013, the Bankruptcy Judge, Honorable Robert H. Jacobvitz, entered the ***Order Lifting Stay as to Debtor's Otero County Property***, granting Plaintiffs' ***Motion to Lift Stay***. (*A copy of that Order is attached hereto as **Exhibit "C"** and incorporated herein as if fully set forth.*)

    a. The Federal Bankruptcy Court lifted the bankruptcy stay as to Fred's Otero County property and ordered the "Williams may proceed with a foreclosure action to enforce the judgment lien as to the Debtor's Otero County property." (Ex. "C").

13. Accordingly, Plaintiffs proceeded with foreclosure herein.

14. On May 22, 2014, this Court granted foreclosure, entering its ***Final Judgment Foreclosing Plaintiffs' Judgment Lien***. (*A copy of the **Final Judgment Foreclosing Plaintiffs' Judgment Lien** is attached as **Exhibit "D"** and is incorporated herein as if fully set forth.*) Among other findings, this Court ordered:

a. "The Plaintiffs' judgment lien as reflect[ed] by the Transcript of Judgment filed August 17, 2010 with this Court and recorded on August 17, 2010 as Instrument # 201007605 of the records of Otero County, New Mexico, be and it hereby is foreclosed on all real property owned by Fred Van Winkle in Otero County, New Mexico, as of August 17, 2010, all of which is more particularly described in Exhibit "A" attached to this Final Judgment." (Judgment, ¶ 3).

b. "The foreclosed real property shall be sold at public auction by a Special Master appointed by this court after publication of notice of sale as required by New Mexico law." (Judgment, ¶ 5).

c. The judgment amount was $333,817.73. (Judgment ¶ 5f).

d. Interest continued to accrue from the date of the judgment at 8.75% interest. (Judgment ¶ 5f).

e. This Court retained the right to award Plaintiffs additional attorney fees incurred since February 11, 2011. (Judgment, ¶ 5g).

f. The Court approved John Hakanson as Special Master to sell the property and report back. (Judgment, ¶ 8)

15. On July 8, 2014, John Hakanson conducted the Special Master's Sale and prepared the Special Master's Report. (*A copy of the **Special Master's Report** is attached as **Exhibit "E"** and is incorporated herein as if fully set forth.*)

a. The highest bidders and purchasers were the Williams, for $67,000.00.

16. The Special Master's Sale was insufficient to satisfy the entire ***Final Judgment Foreclosing Plaintiffs' Judgment Lien***, as shown by the Special Master's Report (Exhibit "E"):

a. The total amount owed as of July 8, 2014 was $338,905.61.

b. The property was struck off and sold to John H. Williams and Ellen B. Williams for the price of $67,000.

c. Fees were deducted for the special master ($200.00), Publication Costs ($698.01) and Attorneys' Fees and Costs ($23,758.48).

d. After payment of fees and costs, the Plaintiffs received $42,343.51.

e. Accordingly, Deficiency remained in the amount of $271,905.61, plus accruing interest. (Exhibit "E").

17. On July 23, 2014, this Court entered its ***Order Approving Special Master's Report & Granting Deficiency Judgment***. Subsequently, on July 28, 2014, this Court entered its ***Amended Order Approving Special Master's Report & Granting Deficiency Judgment***. The *Amended Order* merely corrected a typographical error in the amount of the deficiency. (*A copy of the **Amended Order Approving Special Master's Report & Granting Deficiency Judgment** is attached as **Exhibit "F"** and is incorporated herein as if fully set forth.*) That Amended Order provides in relevant part that:

a. The Special Master's Report, acts and sale were ratified, confirmed and approved. (Ex. F, p. 3, ¶ 1-3).

b. The Special Master was ordered to deliver to John H. Williams and Ellen B. Williams a Special Master's Deed. (Ex. F, p. 3, ¶ 4).

c. "[U]pon delivery of the Special Master's Deed, John H. Williams and Ellen B. Williams [were] confirmed as the owners of all the real property described in the Special Master's Deed, free and clear of any and all claims." (Ex. F, p. 3, ¶ 5).

d. "Plaintiffs were granted a Deficiency Judgment in the amount of $271,1905.61, which shall continue to accrue interest at the rate of 8.75% per annum as previously authorized in the Final Judgment Foreclosing Plaintiffs' Judgment Lien." (Ex. F, p. 3, ¶ 6).

e. The Deficiency Judgment carried "with it the *in rem* authority to enforce that the Plaintiffs held at the time of granting of the Foreclosure Judgment and the sale of the subject real property. Plaintiffs are also entitled to the rights of the holder of a deficiency judgment as contained in Chapel v. Nevitt, 145 N.M. 674, 685, 203 P.3d 889, 900, 2009-NMCA-017." (Ex. F, p. 2, ¶ 5).

f. The "deficiency is a lien on the debtor's [the Defendant's] real estate. While no deficiency judgment is granted on an in personam basis against the Estate of Fred Van Winkle, deceased, the lien created by the deficiency is collectable as provided in Chapel v. Nevitt, 145 N.M. 674, 685, 203 P.3d 889, 900, 2009-NMCA-017. " (Ex. F, p. 3, ¶ 6a).

18. Chapel, 2009-NMCA-017, expressly permits enforcement of a deficiency judgment, in the fact of a redemption, by transcription of the judgment and foreclosure on the property.

19. Defendant did not object to nor appeal the ***Amended Order Approving Special Master's Report & Granting Deficiency Judgment*** within the proscribed times.

20. On July 8, 2014, John Hakanson, Special Master, executed the ***Special Master's Deed***, conveying the Property to John H. Williams and Ellen B. Williams. *(A copy of the* ***Special Master's Deed*** *is attached as* ***Exhibit "G"*** *and is incorporated herein as if fully set forth.)*

     a. Pursuant to this Court's ***Amended Order Approving Special Master's Report & Granting Deficiency Judgment***, the Property was conveyed to the Williams "free and clear of any and all claims." (Exhibit "F").

21. On August 8, 2014, the Williams recorded a ***Transcript of Deficiency Judgment*** reflecting the deficiency judgment of $271,905.61 with the Otero County Clerk of Otero County, New Mexico. (*A copy of the **Transcript of Deficiency Judgment** is attached as **Exhibit "H"** and is incorporated herein as if fully set forth.*)

22. The filing of the ***Transcript of Deficiency Judgment*** created an additional lien on the Property (***the "Deficiency Judgment Lien"***) in accordance with the language of this Court's Order above and the applicable law.

23. Thereafter, the Williams spent over $25,000 improving the Property on the presumption that their Special Master's Deed was binding and final.

24. On or about April 20, 2015, Defendant filed her ***Petition for Redemption*** herein.

   a. The Petition seeks to redeem the Property by payment of $73,200.94.

   b. The Petition requests that this Court "issue a certificate of redemption to Defendant upon such terms and conditions as this Court deems just." (Petition, p. 4, ¶ D).

25. Defendant's right to a certificate of redemption is subject to "such terms and conditions as this Court deems just." N.M.S.A. § 39-5-18(C).

## III. ARGUMENT AND AUTHORITIES

This Court may and should grant summary judgment on three different, alternative theories.

A. The Redemption Revives the Original Judgment Lien, Which Should Then Be Foreclosed as a Matter of Law Simultaneously With the Redemption.

In the first instance, this Court may and should grant summary judgment re-foreclosing the Original Judgment Lien, ordering re-sale of the Property, and ordering payment of all unpaid amounts to Plaintiff.[1]

1. The New Mexico Redemption Statute, NMSA § 39-5-18, Only Permits a Certificate of Redemption Upon "Such Terms and Conditions As the Court Deems Just."

"Redemption is a statutory right that our courts construe narrowly." Brown v. Trujillo, 135 N.M. 365, 88 P.3d 881, ¶ 14 (N.M.App.2004)(citing Union Esperanza Mining Co. v. Shandon Mining Co., 18 N.M. 153, 165, 135 P. 78, 80 (1913) (characterizing redemption as "a statutory right that is not to be enlarged by judicial interpretation")). "[T]he right of redemption is created by statute, and the beneficiary of such legislation must take the privilege burdened with all its restrictions." Union Esperanza Min. Co. v. Shandon Min. Co., 18 N.M. 153, 135 P. 78, ¶ 18-20 (N.M. 1913).

The New Mexico Redemption Statute, NMSA § 39-5-18A, provides in relevant part,

> A. After sale of real estate pursuant to the order, judgment or decree of foreclosure in the district court, the real estate may be redeemed by the former defendant owner of the real estate ...
>
> (2) by filing a petition for redemption in the pending foreclosure case in the district court in which the order, judgment or decree of foreclosure was entered and by making a deposit of the amount set forth in Paragraph (1) of this subsection in cash in the office of the clerk of that district court, at any time within nine months from the date of sale.

[1] This is the procedure expressly authorized in Chapel, 2009-NMCA-017.

Case 13-11743-t7 Doc 122-1 Filed 10/29/20 Entered 10/29/20 17:03:37 Page 42 of 53

Accordingly, the former owner (mortgagor or judgment lien debtor) may redeem by filing a Petition and depositing the proper sums in the registry of the Court within 9 months from the date of the sale. The statute fails, however, to identify the effect of such "redemption" on third parties, including prior lien holders, subsequent lien holders, the foreclosing party, or the purchaser. Instead, the statute provides for a hearing and states, "At the conclusion of the hearing, the district court may order the clerk of the court to issue the certificate of redemption upon such terms and conditions as it deems just." NMSA § 39-5-18C.

Notably, the redeeming mortgagor or judgment lien debtor cannot demand a "deed" or "release[] of all demands against it." Union Esperanza Min. Co. v. Shandon Min. Co., 18 N.M. 153, 135 P. 78, ¶ 18-20 (N.M. 1913). All the redeeming mortgagor or judgment lien debtor receives is a certificate of redemption upon "such terms and conditions as the court deems just." NMSA § 39-5-18C.

2. **Redemption Restores the Parties to Their Pre-Sale Positions and Revives the Prior Judgment Lien.**

This case involves a redemption by the judgment lien debtor, whose status us analogous to a mortgagor. Our New Mexico Supreme Court has expressly considered and ruled on the effect of a redemption by the mortgagor on prior lien holders. In Turner v. Les File Drywall, Inc. 117 N.M. 7, 868 P.2d 652, 653 (N.M. 1994), our Supreme Court said,

> It is clear in New Mexico that once a mortgagor redeems his foreclosed property, the property once again becomes part of the mortgagor's real estate subject to prior judgment liens on the mortgagor's property. Construction Eng'g & Mfg. Co. v. Don Adams Mining Co., 91 N.M. 238, 240, 572 P.2d 1246, 1248 (1977).

Id. See also Velasquez v. Mascarenas, 71 N.M. 133, 376 P.2d 311 (N.M. 1962) ("Thus, the redemption and payment of the taxes restores the title of the property to its status prior to the tax sale.").

Notably, in Langhurst v. Langhurst, 49 N.M. 329, 164 P.2d 204 (N.M. 1945), our Supreme Court had previously defined the effect of a "redemption." The Court cited numerous cases and other authority to define redemption as "buying back" or "repurchasing." The Court concluded that a redemption, "leave[s] the title and right to possession of the land where it would have been had no sale... ever been made." Id at ¶ 8-10. Subsequently, in Chavez v. Chavez, 56 N.M. 393, 244 P.2d 781, ¶ 7 (N.M. 1952), our Supreme Court interpreted Langston to hold valid liens existing against the real property at the time of its sale "survive" where the former owner redeems.

It is undisputed Plaintiffs held an enforceable judgment lien and transcript of judgment prior to the foreclosure sale. Accordingly, under Turner, Langston, and the other cited authority,[2] redemption by Defendant restores Plaintiffs' pre-foreclosure judgment lien.

In Brown v. Trujillo, 135 N.M. 365, 88 P.3d 881 (N.M.App., 2004), our Court of Appeals discussed the purposes of a redemption statute. First, it provides the debtor time to secure financing. Id. at ¶ 25. Second, it prevents a lender from gaining a windfall by purchasing the

---

[2] Notably, most jurisdictions agree redemption merely annuls the sale, and leaves the property subject to all liens which would have been barred if the sale had ripened into title, including junior liens and any balance on the lien under which the sale was made. See, e.g., 33 C.J.S. Executions § 447 (stating, "If a lien of judgment has not been paid, redemption by the judgment debtor or successor in interest generally restores the lien of judgment in the amount of the nonpayment"); Franklin v. Spencer, 309 Or. 476, 789 P.2d 643 (1990); Holta v. Certified Financial Services, Inc., 49 P.3d 1104 (Alaska 2002); Water Pollution Control Authority of City of New Haven v. OTP Realty, LLC, 76 Conn.App. 711, 822 A.2d 257 (2003); Associates Home Equity Services Co., Inc. v. Hunt, 151 S.W.3d 559 (Tex.App.—Beaumont 2004).

Plaintiffs refer this Court particularly to two case in Oregon, White v. Simpson, 140 Or.App. 147, 915 P.2d 1004 (Or.App.,1996) and Franklin v. Spencer, 309 Or. 476, 789 P.2d 643 (Or. 1990). In Franklin, the Oregon Supreme Court held that in a foreclosure sale, the mortgagor/debtor holds "legal title" during the redemption period, and the purchaser only acquires equitable title. If the mortgagor/debtor redeems, the title is returned to the mortgagor/debtor, but all prior liens attach to the property. Id. The Oregon Court of Appeals in White, 915 P.2d 1004, subsequently construed Franklin to stand for the proposition, "[R]edemption by a judgment debtor ... restored the lien of the judgment to full effectiveness to the extent that it had not been paid." Id. Those holdings accord with New Mexico law and support Plaintiffs herein.

property at foreclosure at well below the mortgage price. Id. at ¶ 27. It is this second purpose, precluding inordinately low sales prices, that presumably is at issue in this case.

Plaintiffs do not begrudge Defendant for seeking to use the redemption statute for this second purpose – it is permissible. However, the Brown court expressly noted that the redemption remedy may not "prevent[] full payment." Id. at ¶ 27. The Court said, "If a foreclosure price is inordinately low, the debtor can redeem and prevent the lender from gaining an unjust windfall, while still remaining obligated to pay the balance of his or her debt." This last clause is the key: Defendant "remain[s] obligated to pay the balance of his or her debt." Id. Redemption may not be used a shield to avoid the debt. Instead, redemption merely restores the parties to their pre-foreclosure positions.

3. **This Court Has Foreclosure Authority.**

It is undisputed that Plaintiffs have a valid and enforceable judgment, which was properly transcripted under the law. (See Exs. B and H). N.M.S.A. 1978, § 39-1-6 provides:

> Any money judgment rendered in the Supreme Court, court of appeals, district court or metropolitan court shall be docketed by the clerk of the court and a transcript or abstract of judgment may be issued by the clerk upon request of the parties. The judgment shall be a lien on the real estate of the judgment debtor from the date of the filing of the transcript of the judgment in the office of the county clerk of the county in which the real estate is situate. ...

Id. Accordingly, Plaintiffs have a valid and enforceable lien on Defendant's Property.

N.M.S.A. 1978, § 39-4-13, provides the right to foreclose a judgment lien:

> Any person holding a judgment lien on any real estate situated in this state may subject said real estate to the payment of his judgment by a foreclosure suit in any court of competent jurisdiction, such suit to be instituted and prosecuted in the same manner as ordinary suits for the foreclosure of mortgages, and the sale thereunder to be held in the same manner and subject to the same rights of redemption as in sales held under mortgage foreclosure decrees.

Id. This Court clearly has authority to grant foreclosure. Armstrong v. Csurilla, 112 N.M. 579, 817 P.2d 1221, 1227 (N.M.,1991). New Mexico Courts have noted that a judgment lien is properly foreclosed through a summary judgment proceeding. Id.

4. **This Court Should Order Re-Foreclosure and Re-Sale Simultaneous With the Redemption.**

There are no issues of material fact, and Plaintiffs are entitled to foreclose on the Property as a matter of law. Accordingly, summary judgment granting foreclosure is appropriate.

This Court has previously ruled as a matter of law that Plaintiffs' judgment lien was valid and foreclosure was proper. Accordingly, to the extent that redemption is permitted, this Court may and should simultaneously order foreclosure and re-sale of the property under the same terms and conditions previously imposed.

B. **Alternatively, This Court Should Rule Issuance of Defendant's Certificate of Redemption Is Subject to Prior, Complete Payment by Defendant of the Deficiency Judgment Lien.**

In addition to ordering re-foreclosure of the Original Judgment Lien, this Court can and should order foreclosure of the Deficiency Judgment Lien, prior to issuance of the Certificate of Redemption, based on the doctrines of *res judicata*, waiver, estoppel, law of the case, and/or failure of Defendant to timely appeal the prior order of this Court.

1. **This Court Previously Recognized the Deficiency Judgment Is an Existing Lien on the Property.**

On July 28, 2014, this Court approved the sale to the Williams, executing the *Amended Order Approving Special Master's Report & Granting Deficiency Judgment*. (Ex. F). That Order provides, in relevant part,

> Plaintiffs are entitled to a deficiency judgment carrying with it the *in rem* authority to enforce that the Plaintiffs held at the time of granting of the Foreclosure Judgment and the sale of the subject real property.

(Ex. F, p. 2, ¶ 5). The Court granted a Deficiency Judgment in the amount of $271,905.61. The Court further ordered, "The deficiency is a lien on the debtor's [the Defendant's] real estate." (Ex. F, p. 3, ¶ 6a).

The effect of that order is to attach with the deficiency judgment a lien that was equivalent to the *in rem* lien that existed "at the time of granting of the Foreclosure Judgment and the sale of the subject real property." (Ex. F, p. 2, ¶ 5). That lien was a first, priority lien on the Property at issue. Moreover, the lien constitutes a lien on Defendant's right of redemption, which is a real property interest. See fn. 1, supra.

2. <u>Defendant Waived Objection to the Deficiency Judgment Lien By Failing to Object to and/or Appeal the Prior Order Granting Deficiency Judgment.</u>

Defendant had 30 days to appeal the order granting the deficiency judgment lien. Rule 12–201(A)(2) NMRA (requiring appeals to be filed "within thirty ... days after the judgment or order appealed from is filed" in the district court); <u>Santa Fe Pacific Trust, Inc. v. City of Albuquerque</u>, 2012–NMSC–028, ¶¶ 18–19, 285 P.3d 595 (explaining that unless the district court explicitly provides, pursuant to Rule 1–054, that the granting of summary judgment was not final, the party opposing the ruling had to file notice of appeal within thirty days). Defendant did not appeal that Order within the required appellate timetable. Accordingly, any objection to that Order is waived, and the Order becomes the law of the case and/or *res judicata*. That Order justifies this Court ruling the deficiency amount should be paid prior to issuance of a Certificate of Redemption.

In <u>Chapel v. Nevitt</u>, 2009-NMCA-017, 203 P.3d 889, our Court of Appeals ruled the proper procedure in that particular redemption case was not "to include the deficiency in the redemption amount," but rather to allow a second foreclosure following the redemption. Id. at ¶ 35. The Court in <u>Chapel</u>, however, was not faced with the same facts as presented in this case. In <u>Chapel</u>, the order foreclosing the lien did not discuss the effect of any deficiency judgment. Because there

Case 13-11743-t7 Doc 122-1 Filed 10/29/20 Entered 10/29/20 17:03:37 Page 47 of 53

was no order granting a lien on the deficiency judgment, the Court felt compelled to order a new foreclosure action.

To the contrary, in this case, this Court found in its *Amended Order Approving Special Master's Report & Granting Deficiency Judgment*, "Plaintiffs are entitled to a deficiency judgment carrying with it the *in rem* authority to enforce that the Plaintiffs held at the time of granting of the Foreclosure Judgment and the sale of the subject real property." (Ex. F, p. 2, ¶ 5). That is conclusive. And, the failure of Defendant to appeal that Order waives any objection.

3. **Defendant Also Waived Objection to and/or Estopped Themselves from Contesting the Prior Order Granting the Williams Complete Title to the Property.**

To support this ruling, it is important to note that, in the *Amended Order Approving Special Master's Report & Granting Deficiency Judgment* (Exhibit "F"), this Court ordered the Special Master to deliver to John H. Williams and Ellen B. Williams a Special Master's Deed. (Ex. F, p. 3, ¶ 4). This Court further ruled that, "upon delivery of the Special Master's Deed, John H. Williams and Ellen B. Williams are confirmed as the owners of all the real property described in the Special Master's Deed, free and clear of any and all claims." (Ex. F, p. 3, ¶ 5). That Order conspicuously fails to reserve any right of redemption to the judgment lien debtor or Defendant. Instead, it grants indivisible title to the Williams.

Defendant did not appeal that Order. Accordingly, it is binding herein. Defendant waived, estopped herself, and/or forfeited the right of redemption. Certainly, this Court would be within its power herein to rule that, if Defendant intended upon exercising the right of redemption, it was incumbent upon Defendant to come forward and object to the Special Master's Deed and Order granting title free of "all claims." The Special Master subsequently issued an unconditional deed. (Ex. G). Thereafter, the Williams spent approximately $29,000 fixing damage that had been done to the property and some improving of the Property on the presumption that their Special Master's

Deed was binding and final. If Defendant is permitted to exercise the right of redemption and overturn the clear language of the unconditional Special Master's Deed, Defendant should first be required to pay Plaintiffs the full Deficiency Judgment, and all accrued attorneys' fees and interest.

4. **This Court Should Order Petitioner to Pay the Deficiency Judgment as a "Condition" to Issuance of the Certificate of Redemption.**

Accordingly, this Court may enter an order ruling the Deficiency Judgment is a lien on the Property and Defendant's redemption right, and that, prior to issuance of a Certificate of Redemption, Defendant must pay the full Deficiency Judgment.

C. **Alternatively, This Court Should Exercise Its Equitable Powers Pursuant to Statute to Compel Payment of the Deficiency Amount and/or Re-Foreclosure.**

Alternatively, and as a third basis for summary judgment, this Court has authority under NMSA § 39-5-18(C) to only permit redemption upon "just" terms and conditions. Those just terms and conditions should include re-foreclosure of the Original Judgment Lien, foreclosure of the Deficiency Judgment Lien, and/or complete payment of all amounts owing under the Original Judgment and Deficiency Judgment, together with accruing attorneys' fees and interest.

1. **NMSA § 39-5-18(C) Mandates the Certificate of Redemption Include "Just" Terms and Conditions.**

As noted earlier, NMSA § 39-5-18(C) specifically requires the district court to include in any certificate of redemption "such terms and conditions as it deems just." Our Supreme Court has noted those words vest the trial court with considerable discretion. Federal Land Bank of Wichita v. Burgett, 97 N.M. 519, 641 P.2d 1066, ¶ 10-11 (N.M. 1982) (holding words "upon such terms and conditions as (he) deems just" in § 39-5-18(D) vested district court with "discretion as to the method in which he chooses to apply the insurance proceeds"). Plaintiffs request this Court follow that statutory guideline, and only enter a Certificate of Redemption upon terms that assure Plaintiffs receive their just compensation and complete payment of this Court's prior judgments.

2. <u>Redemption Does Not Guarantee Clear Title.</u>

In <u>Chapel</u>, 2009-NMCA-017, ¶ 41, our Court of Appeals noted redemption does not guarantee clear title. Instead, redemption simply provides the debtor time to procure financing to pay his debts in full and try to regain possession of his property. The Court said,

> Contrary to Derringer's assertions, redemption of property does not ensure that the title to that property is clear of all liens and encumbrances... In fact, nothing in the redemption statute guarantees that there will be clear title to the property after redemption, nor does the redemption statute require the court to determine the extent of all judgments and liens against a debtor. <u>Instead, the right to redeem foreclosed property merely protects a debtor's right to try to obtain financing during the nine-month statutory period so that the debtor can regain possession of the property.</u> See Brown, 2004-NMCA-040, ¶ 32, 135 N.M. 365, 88 P.3d 881. We have consistently rejected attempted redemptions in which debtors make their tender of funds contingent on a clear title....

Id. See also <u>Union Esperanza Mining Co. v. Shandon Mining Co.</u>, 18 N.M. 153, 135 P. 78 (N.M. 1913 (holding a debtor cannot impose a condition of clear title upon his tender of money pursuant to the redemption statute). In fact, the <u>Chapel</u> Court noted, "**[T]he district court was not required or even able to assure that Derringer's property would have clear title after he redeemed it.**" 2009-NMCA-017, ¶ 44.

3. <u>Defendant Should Be Required to Satisfy the Deficiency Judgment.</u>

Our Legislature included the language conditioning issuance of a certificate of redemption on "such terms and conditions as it deems just" to assure the trial court had adequate authority to balance all of the equities. In this case, the redemption power should *not* be permitted to avoid payment of the just, secured debts. The best, "equitable" solution would be to order that the Certificate of Redemption will only be issued upon payment of the full Deficiency Judgment (including interest and attorneys' fees).

4. <u>Alternatively, the Original Judgment Lien Should Be "Re-Foreclosed" As a Matter of Law and The Property "Re-Sold".</u>

Alternatively, and as requested above, this Court should exercise its equitable discretion to order, simultaneous with the redemption, that the Original Judgment Lien be re-foreclosed, the Deficiency Judgment Lien be foreclosed, the property sold, and the proceeds be distributed to Plaintiffs (with any surplus after full payment going to the Defendant). This was the procedure proposed in Chapel. Plaintiffs request it as a last resort, due to the increased expense. However, it is a legal, viable alternative.

WHEREFORE, Plaintiffs request that the Court rule as a matter of law:

1. The Defendant's right to redemption herein is subject to the prior judgment(s), lien(s) and/or rights of Plaintiffs arising under the law, including but not limited to:

   a. The rights granted pursuant to the Court orders and judgments noted above;

   b. The rights granted by statute, including but not limited to N.M.S.A. § 39-5-18(C);

   c. The rights granted by judicial law. See, e.g., Chapel v. Nevitt, 2009-NMCA-017; Construction Engineering & Mfg. Co. v. Don Adams Mining Co., Inc., 91 N.M. 238, 572 P.2d 1246 (N.M. 1977); and

   d. Application of the doctrines of res judicata, law of the case, waiver, estoppel, failure to timely appeal, and other applicable legal doctrines.

2. Defendant may only redeem the Property if, prior to redemption,

   a. The Williams receive the purchase price and other amounts owing under the statute as provided for in NMSA § 39-5-18(A), as purchasers of the Property, including the amounts in the registry of the Court ($73,200.94 as of April 23, 2015);

   b. Defendant pays Plaintiffs the Deficiency Judgment, including accrued attorneys' fees, interest and costs;

3. Alternatively, if Defendant is permitted to redeem herein prior to payment of the Deficiency Judgment, the Court order that it will only issue the Certificate of Redemption "upon such terms and conditions as it deems just," including but not limited to:

      i. Ordering Defendant to pay the Williams the (1) purchase amount and interest ($73,200.94 as of April 23, 2015); and

ii. Ordering either:

a. Defendant pay Plaintiffs the deficiency amount and interest ($271,905.61 as of July 28, 2014); or, alternatively,

b. Ordering the Original Judgment and/or Deficiency Judgment are first, priority liens on the Property and the Certificate of Redemption, ordering the Property is foreclosed (again), and requiring the Property to be resold and the proceeds distributed to the Plaintiffs and issuance of a new deficiency judgment in favor of the Plaintiffs; and

iii. Ordering Defendant to pay the Plaintiffs' additional attorneys' fees, interest and costs.

4. Defendant may not redeem until and unless Plaintiffs' deficiency judgment and liens are satisfied in full, and Plaintiffs are repaid for all costs incurred in repairing the Property from the vandalism which occurred prior to transfer of the property through the foreclosure sale

Plaintiffs request summary judgment as requested above and such other orders as assure that the Property is utilized to the fullest extent possible to reduce such debts.

**Martin, Dugan & Martin**

By______________________________

W.T. Martin, Jr.
Kenneth D. Dugan
P.O. Box 2168
Carlsbad, NM 88221-2168
575-887-3528
575-887-2136 (facsimile)
e-mail: martinlaw@zianet.com
*Attorney for BVL and the Williams*

May 2015, it filed the foregoing MSJ electronically through the State of New Mexico's Odyssey File & Serve system, requesting that opposing counsel of record be served by electronic means, and faxed a copy of the MSJ to opposing counsel of record. A copy of the MSJ was also mailed U.S. First Class Mail to Brian & Judith Van Winkle, P.O. Box 141, La Luz, NM 88337.

W.T. Martin, Jr.
Kenneth D. Dugan