# UNITED STATES BANKRUPTCY COURT
# FOR THE
# DISTRICT OF NEW MEXICO

| | |
|---|---|
| IN RE: <br><br> FRED DALE VAN WINKLE, <br><br> Debtor, <br><br> and <br><br> BRIAN VAN WINKLE, not in his personal capacity but solely as co–personal representative of the estate of Fred Van Winkle, and TAMMY SPRAGUE, not in her personal capacity but solely as co–personal representative of the estate of Fred Van Winkle, <br><br> Plaintiffs, <br><br> vs. <br><br> BELLEVIEW VALLEY LAND CO., a New Mexico corporation, JOHN H. WILLIAMS, and ELLEN B. WILLIAMS, <br><br> Defendants. | Case No. 13-11743-t7 <br><br><br><br><br><br><br><br> Adv. No. 20-01022 |

**DEFENDANTS' RESPONSE IN OPPOSITION TO BRIAN VAN WINKLE'S ADDENDUM TO HIS OBJECTION TO SETTLEMENT AGREEMENT**

**COME NOW** Defendants, **Belleview Valley Land Co.,** a New Mexico corporation (*hereinafter referred to as "Belleview"*), **John H. Williams** and **Ellen B. Williams** (*the Williams are hereinafter jointly referred in the singular to as "Williams"*)(*Williams and Belleview are jointly referred to as "Defendants"*) by and through their attorney, W. T. Martin, Jr., of Martin, Dugan & Martin, and for their *Response in Opposition to Brian Van Winkle's Addendum to his Objection to Settlement Agreement* state:

1. Defendants incorporate by reference their initial response to Brian Van Winkle's objection to the negotiated settlement that he signed.

2. The Addendum really adds nothing new. There is an attempt to claim mutual mistake. The Defendants knew and understood the settlement terms. There was no mistake on the Defendants' part in understanding and agreeing to the settlement. A mistake must be mutual in order to furnish ground for equitable relief. **77 Am. Jur. 2d Vendor and Purchaser § 49**. There is no mutual mistake. If Brian Van Winkle made a mistake, it was unilateral. A unilateral mistake will not void a contract. **Jacobs v. Phillippi, 1985-NMSC-029, ¶ 7, 102 N.M. 449, 452, 697 P.2d 132, 135**. There was no mistake on Brian Van Winkle's part. It is clear he was fully advised by a competent attorney. He has decided after the fact, that he doesn't like the deal to which he agreed. If Brian Van Winkle is allowed to have the Settlement Agreement set aside on the grounds that he has presented, then such a precedent will open the door to the possibility of every negotiated settlement being set aside because the signing party doesn't like the deal to which he agreed or has had a change of heart. This cannot be sanctioned.

3. Brian Van Winkle's issue regarding the Roosevelt County judgment lien is moot. In the Settlement Agreement, the Defendants have agreed to release the judgment lien. Removal of the judgment lien is what Brian Van Winkle wanted in the first place. He gets that with the Settlement Agreement.

4. The remainder of the Addendum complains about the Williams exercising dominion and control over the Otero County property. The Williams own the Otero County property and have every right to exercise dominion and control over the real property, to convey it into their trust, and sell the property. The ownership of the Otero County property has been settled by litigation that is final. The ownership of the Otero County real property is not, and never has been, an issue in this adversary. The redemption funds, not the real property, were at issue. Under the Settlement Agreement, the Plaintiffs are to receive the majority of the redemption funds.

5. By his admitted actions, Brian Van Winkle has engaged in blatant tortious interference with contract.

    a. Brian Van Winkle has trespassed on the Williams Otero County real property.

    b. Brian Van Winkle has interfered with electricians Williams hired to repair the property. He has claimed ownership of the property and that the issue is still in litigation. That is not true factually or legally. He has attempted to run the electricians off the property.

    c. There is a contract to sell the Otero County real property to Mr. Joe Skaggs. Brian Van Winkle has attempted to interfere with the contract by claiming he has an ownership interest in the property and the issue is still in court. That is not true factually or legally. He has attempted to interefere with the contract. If Joe Skaggs backs out of the contract

because of Brian Van Winkle's actions, Brian Van Winkle is facing a substantial damage claim.

6. There is no issue regarding ownership of the Otero County real property. Brian Van Winkle's arguments regarding the Otero County real property provide no basis, factually or legally, supporting his objection to the Settlement Agreement.

7. The exhibits Brian Van Winkle has attached to the Addendum further support the reasons to approve the settlement.

8. Brian Van Winkle's Objection, Addendum and admitted actions abundantly show why the Settlement Agreement should be approved. Otherwise, there will be ongoing unending litigation and tremendous expense to all involved. The Settlement Agreement is fair and equitable and ends this protracted bitter litigation

**Martin, Dugan & Martin**

By_____
W. T. Martin, Jr.
509 W. Pierce St.
P.O. Box 2168
Carlsbad, NM 88221-2168
(575) 887-3528
Fax (575) 887-2136
e-mail: martinlaw@zianet.com
Attorney for Defendants

**CERTIFICATE OF SERVICE**

      On September 30, 2021, I served copies of the foregoing pleading parties entitled to notice by the electronic filing system through CM/ECF system which caused all parties requesting notice to be served by electronic means on the date of filing. I also served Brian Van Winkle by e-mail at his e-mail address of [brianvw62@gmail.com](mailto:brianvw62@gmail.com). I did not send Tammy Sprague a copy of this pleading because I have no address for her.

      **Martin, Dugan & Martin**

By_____
      W. T. Martin, Jr.